IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV-01796 (JGP) |
| ) | |
| JONATHAN W. DUDAS, ) | |
| ) | |
| Under Secretary of Commerce ) | |
| for Intellectual Property and ) | |
| Director of the United States ) | |
| Patent and Trademark Office, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S MOTION TO STAY DISCOVERY
PENDING DETERMINATION OF ITS DISPOSITIVE MOTION**

Defendant hereby moves the Court for an order staying all discovery pending determination of their Motion to Exclude, Or in the Alternative, Dismiss and Remand. Defendant's counsel has discussed this motion with plaintiff's counsel and determined that it is opposed. In support of this motion, Defendant relies on the accompanying memorandum.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

|  |  |
|---|---|
| Of Counsel: | BENTON G. PETERSON, WI Bar # 1029849<br>Assistant United States Attorney<br>Judiciary Center Building<br>555 4th Street, N.W. – Civil Division<br>Washington, D.C. 20530 |
| JOHN M. WHEALAN<br>Solicitor<br>HEATHER F. AUYANG<br>WILLIAM LAMARCA<br>Associate Solicitors<br>U.S. Patent and Trademark Office<br>P.O. Box 15667<br>Arlington, VA  22215<br>(571) 272-9035 | (202) 514-7238; (202) 514-8780 (facsimile)<br>Benton.Peterson@usdoj.gov |

March 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:05CV-01796 (JGP) |
| JONATHAN W. DUDAS, | ) |
| Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IS SUPPORT OF ITS MOTION TO STAY DISCOVERY UNTIL AFTER A DECISION ON IT'S MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, DISMISS AND REMAND**

Defendant, Jonathan W. Dudas, Director of the United States Patent and Trademark Office ("PTO" or "Office") moves this Court to stay discovery until after the Court decides Defendant's Motion To Exclude, Or In The Alternative, Dismiss and Remand ("Dispositive Motion").

A status conference was held on December 20, 2005 where this Court addressed the issues of discovery and the PTO's intent to file a motion to exclude or dismiss and remand. During the status conference, this Court recognized that the parties "won't engage . . . in discovery until the Court has ruled on the issue of remand." See Ex. 1 at 31 (Hearing Transcript, Dec. 20, 2005). The PTO agreed that if this case were dismissed and remanded to the PTO, there

3

would be no need for discovery and therefore it should be stayed until after this Court has ruled on the issue of remand. Id.

Subsequent to the status conference, this Court issued an Order setting a deadline for the PTO to file its Dispositive Motion, i.e., to exclude or dismiss and remand. See Order (dated January 19, 2006). Consistent with this Court's Order, the PTO filed its Dispositive Motion on or before March 15, 2006. Rather than allowing briefing on this dispositive motion to proceed as planned, on January 24, 2006, Putman propounded discovery requests upon the PTO, including a First Request for Documents, First Set of Interrogatories and a Rule 30(b)(6) Deposition Notice. (Responses to Plaintiff's Discovery Requests have been extended by agreement among the parties.)

The PTO respectfully moves this Court to stay any discovery (including any need to respond to Putman's pending discovery requests) until after the PTO's Dispositive Motion is decided.

## ARGUMENT

This Court has broad authority to regulate discovery and "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26(c). It is particularly appropriate to stay discovery pending the outcome of dispositive motions. See Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Further, it "is settled that an entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 2 (D.D.C. 2001). See also O'Brien v. Avco Corp., 309 F.

Supp. 703, 705 (S.D.N.Y. 1969) (When "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions."). Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979), citing Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521 (D.C. Cir. 1970). In this case, the PTO has filed a potentially dispositive motion. Thus, if the PTO's motion is granted, and this case is dismissed and remanded back to the Office for further proceedings, discovery will no longer be necessary.

Further, many portions of Putman's discovery requests are not available in this proceeding, and the PTO intends to object. For example, Putman's Rule 30(b)(6) deposition notice seeks to depose and probe the mental processes of PTO quasi-judicial officials, which is strictly prohibited. See Western Electric v. Piezo Technology, 860 F.2d 428, 431 (Fed. Cir. 1988) ("a patent examiner cannot be compelled to testify regarding his "mental processes" in reaching a decision on a patent application"). Even to the limited extent that Putman's discovery requests are proper, they should be deferred until after the PTO's pending Dispositive Motion is ruled upon. Becoming embroiled in a discovery dispute at this premature stage in the proceedings would not promote judicial efficiency when it is entirely possible that a ruling on the PTO's Dispositive Motion could eliminate the need for any discovery. Therefore, delving into a discovery dispute at this point in the proceeding would be premature and a waste of this Court's and the parties' resources.

Moreover, Putman has not demonstrated, nor did he contend at this Court's December 20,

2005 status hearing, that discovery at this premature point in the proceedings is necessary in order to respond to the PTO's Dispositive Motion. See Ex. 1 (Hearing Transcript). See also Chavous, 201 F.R.D. at 3 ("Plaintiffs do not content - - nor did they at the . . . hearing - - that they would be unable to file their oppositions to defendants' motions to dismiss in the absence of such discovery."). In fact, Putman propounded his discovery request prior to the filing of the PTO's Dispositive Motion, which makes clear his discovery is not necessary to adequately address the issues raised in the PTO's motion.

Finally, Putman has not presented any reason why discovery should proceed at this very early stage. Staying discovery until this Court rules on the PTO's pending Dispositive Motion would not harm Putman in light of the agreed discovery completion date of March 2007. See Ex. 1 at 28-29 (Putman proposed, and PTO agreed to March 2007 discovery completion). That being so, Putman has not demonstrated any need to proceed with discovery now, and the Court should exercise its authority to stay any discovery until after a ruling on the PTO's pending Dispositive Motion.

## CONCLUSION

Consistent with this Court's statement during the December 20, 2005 Status Conference, the parties' should not "engage in any discovery until the Court has ruled on the issue of remand." Accordingly, the PTO respectfully moves this Court to enter an Order staying discovery until after the PTO's pending Dispositive Motion is decided.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI Bar # 1029849
Assistant United States Attorney
Judiciary Center Building

Of Counsel:                        555 4th Street, N.W. – Civil Division
                                   Washington, D.C. 20530
JOHN M. WHEALAN                    (202) 514-7238; (202) 514-8780 (facsimile)
Solicitor                          Benton.Peterson@usdoj.gov
HEATHER F. AUYANG
WILLIAM LAMARCA
Associate Solicitors
U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
(571) 272-9035

March 14, 2006