# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HAROLD V. PUTMAN                    )
                                   )
                                   )
        Plaintiff,                 )
                                   )
        v.                          )      Civil Action No. 1:05CV-01796 (JGP)
                                   )
JONATHAN W. DUDAS,                  )
                                   )
        Under Secretary of Commerce )
        for Intellectual Property and )
        Director of the United States )
        Patent and Trademark Office,  )
                                   )
        Defendant.                  )
_____)

## DEFENDANT'S MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, DISMISS AND REMAND

Defendant, Jonathan W. Dudas, Director of the United States Patent and Trademark Office ("PTO" or "Office") respectfully moves this Court to exclude plaintiff's arguments and evidence that were not considered by the Agency below, or in the alternative, to dismiss without prejudice and remand this case to the PTO so plaintiff's arguments and evidence can be considered in the first instance.

As set forth in the accompanying Memorandum, plaintiff should not be permitted to present new arguments and evidence to this Court that he was expressly ordered to present, but failed to properly raise, during the administrative proceeding below. Because plaintiff did not properly raise certain arguments, the PTO Board of Patent Appeals and Interferences ("Board") did not have the opportunity to consider such arguments. The law is clear that arguments - and evidence supporting those arguments - which were not properly raised before the PTO may not

be introduced for the first time in this Court during an action under 35 U.S.C. § 145. If this Court were to consider plaintiff's new arguments and evidence, it would essentially allow plaintiff to circumvent the Agency and improperly use this Court to consider arguments in the first instance. The law is well settled that such circumvention of the PTO, the Agency with special expertise regarding patentability determinations, is not permitted via 35 U.S.C. § 145. Accordingly, plaintiff's arguments that were not properly submitted to the Board should be excluded.

Alternatively, this case should be dismissed without prejudice and remanded to the PTO for consideration of plaintiff's new arguments and evidence in the first instance. Because the PTO is the expert agency charged with examining patent applications, it is more appropriate for the PTO to consider arguments and evidence in the first instance, rather than this Court acting as a "super patent examiner." Allowing the PTO to consider plaintiff's arguments and evidence first will promote "sound judicial administration, since the application of Patent Office expertise in the first instance may either obviate the need for judicial consideration, or illuminate the issues and facilitate the court's disposition." DeSeversky v. Brenner, 424 F.2d 857, 859 (D.C. Cir. 1970).

Finally, after the filing of the complaint in this case, initial investigation by the PTO has uncovered additional evidence that may be relevant to the unpatentability of all of plaintiff's pending claims. Therefore, even if this Court went through the arduous exercise of reviewing and reversing the existing rejections of plaintiff's claims, the PTO would be obligated to reopen prosecution to consider new evidence never applied earlier. These potential new issues of patentability provides an additional reason why this case should be dismissed and remanded for further action before the Agency. Since plaintiff's will have the opportunity to again appeal any

decision of the PTO after a remand, there is no need for this Court to retain jurisdiction. Dismissal will not prejudice plaintiff.

Accordingly, to allow the PTO to consider plaintiff's new arguments and evidence in the first instance and avoid piecemeal litigation, the PTO moves to exclude plaintiff's new arguments, or to dismiss and remand this case so that the Office may consider plaintiff's new arguments and any additional evidence relevant to the patentability of his claims.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI Bar # 1029849
Assistant United States Attorney
Judiciary Center Building
Of Counsel:                                   555 4th Street, N.W. – Civil Division
                                              Washington, D.C.  20530
JOHN M. WHEALAN                               (202) 514-7238; (202) 514-8780 (facsimile)
Solicitor                                     Benton.Peterson@usdoj.gov
HEATHER F. AUYANG
WILLIAM LAMARCA
Associate Solicitors
U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA  22215
(571) 272-9035

March 14, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

3

HAROLD V. PUTMAN                     )
                                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Civil Action No. 1:05CV-01796 (JGP)
                                    )
JONATHAN W. DUDAS,                  )
                                    )
        Under Secretary of Commerce )
        for Intellectual Property and )
        Director of the United States )
        Patent and Trademark Office, )
                                    )
                Defendant.          )
_____    )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, DISMISS AND REMAND

## I.  INTRODUCTION

The United States Patent and Trademark Office ("PTO" or "Office") examines patent applications and is charged with determining when patents should issue.  See e.g., Blacklight Power, Inc. v. Rogan, 295 F.3d 1269, 1274 (Fed. Cir. 2002) ("The PTO's responsibility for issuing sound and reliable patents is critical to the nation."); In re Alappat, 33 F.3d 1526, 1535 (Fed. Cir. 1994) (en banc) ("The Commissioner has an obligation to refuse to grant a patent if he believes that doing so would be contrary to law."); In re Berg, 320 F.3d 1310, 1315 (Fed. Cir. 2003) (Examiners and administrative patent judges are "persons of scientific competence in the fields in which they work").  In order for the PTO to issue a patent, certain statutory requirements must be satisfied, inter alia, 35 U.S.C. §§ 102, 103, and 112; § 102 requires the invention be new; § 103 requires the invention also be nonobvious; and § 112 requires that the inventor properly describe the invention claimed.

Putman filed a patent application that was rejected for various reasons first by a patent Examiner and then by a unanimous panel of three administrative patent judges ("APJs") from the PTO Board of Patent Appeals and Interferences ("Board").  Most applicants like Putman, if dissatisfied with a Board decision take a direct appeal to the Court of Appeals for the Federal Circuit.  However, a second avenue is available pursuant to 35 U.S.C. § 145, first to this Court and then to the Federal Circuit.  See e.g., Fregeau v. Mossinghoff, 776 F.2d 1034 (Fed. Cir. 1985); see also 28 U.S.C. § 1295(a)(4)(C).  Putman has chosen this latter course.

However, Putman now wishes to make arguments to this Court that were not properly presented and thus not considered by the Board.  Not surprisingly, case law precludes Putman from doing so.  Thus, following well-established policy that encourages full disclosure to administrative tribunals, MacKay v. Quigg, 641 F.Supp. 567, 570 (D.D.C. 1986), the PTO seeks to: (i) exclude Putman's new arguments to this Court, or in the alternative, (ii) dismiss this case without prejudice and remand to the PTO for consideration of these arguments in the first instance.  In addition, preliminary investigation by the PTO has revealed additional evidence that may be relevant to the patentability of all of Putman's claims, thus providing an additional reason favoring remand.

Accordingly, in order to allow the PTO to consider Putman's arguments in the first instance and avoid piecemeal litigation, the PTO moves to exclude Putman's new arguments, or to dismiss and remand this case so that the Office may consider Putman's new arguments and any additional evidence relevant to the patentability of Putman's claims.

## II.    BACKGROUND

### A.    Proceedings Before The PTO

5

## 1.    Patent Prosecution Generally

The patent application file, referred to as the "file wrapper" or "file history," usually contains a series of back-and-forth written communications between the patent Examiner and the applicant.  The first document filed and included in the file history is typically the patent application.  The application comprises a specification, which typically includes a set of claims and drawings.  Once checked for formalities, the application is forwarded to an Examiner who has the necessary scientific or technical competence in the technology to which the application is directed.  See Berg, 320 F.3d at 1315.  After initial examination, the Examiner sends the applicant an "Office Action," which may allow or reject the claims.  If the claims are rejected, the applicant may respond with amendments, evidence of patentability, arguments in favor of patentability, or some combination thereof.  The goal of this back-and-forth communication is to either reach an agreement on allowable claims, or have the Examiner and the applicant set forth their positions in the administrative record for appeal to the Board.  35 U.S.C. § 134 ("Applicant . . . any of whose claims has been twice rejected, may appeal from the decision of the primary examiner.").  The Board panel usually consists of three APJs, which review the record and determine whether to affirm or reverse the Examiner's rejections.  If an applicant is dissatisfied with the Board's decision, the applicant may move for reconsideration under 37 CFR § 41.52, or petition under 37 CFR §§ 1.182, 1.183, or 41.3 to the Director or Chief APJ, respectively.

## 2.    Putman's Proceedings Before The PTO

Putman's application relates to "automatic transaction machines," such as automated teller machines ("ATMs"), Exh. A at 1, and has 56 pending claims, Exh. B.  Each of Putman's claims basically describes the functions of an automated transaction machine wherein a user

inputs information, the machine processes the information, and the machine generates a result, *e.g.*, a user requests a certain amount of cash and after entering information into the machine, the machine dispenses the cash.

The Examiner rejected Putman's application based on 35 U.S.C. §§ 102, 103, and 112. Exh. C. Putman appealed those rejections to the Board. In typical course, Putman filed an Opening Brief, Exh. D, the Examiner filed an Answer, Exh. E, and Putman filed a Reply Brief, Exh. F. However, after review of these pleadings, the Board issued a Remand Order requiring the Examiner to take further action. Exh. G. In addition, the Remand Order also expressly stated that any subsequent briefs filed should contain <u>all</u> arguments, as opposed to referencing earlier arguments:

> Any subsequent examiner's answer submitted by the examiner should be self-contained with respect to all rejections and arguments; no prior answer or Office actions should be referenced or incorporated therein. Similarly, any subsequent briefs submitted by the appellants should be self-contained with respect to <u>all</u> arguments. <u>No</u> prior briefs should be referenced or incorporated therein.

<u>Id</u>. at 3.

The Examiner readily complied with the Remand Order and filed a second Examiner Answer, which contained all rejections and arguments at issue. Exh. H. In contrast, Putman did <u>not</u> comply with the Remand Order, and instead filed a short second Reply Brief that mainly addressed only the new arguments made by the Examiner. Exh. I. Thus, instead of putting <u>all</u> of his arguments in this pleading, as the Order required, for most of his arguments Putman simply referenced his earlier briefs in direct contradiction of the Order.

Pursuant to the Remand Order, the Board considered only those arguments made in the later pleadings and did not consider arguments merely referenced. Exh. J at 9, n.3; 28. The

7

Board affirmed the rejections for 36 of 56 pending claims, including the rejection of claims 45-56. <u>Id</u>. at 28.  The Board determined that Putman failed to assert arguments regarding claims 45-56 in his later pleading.  <u>Id</u>.  Putman did not move for reconsideration under 37 CFR § 41.52, or petition under 37 CFR §§ 1.182, 1.183, or 41.3, <u>i.e.</u>, ask the Board, Director or Chief APJ to consider arguments he referenced from earlier pleadings.  Instead, Putman filed a complaint with this Court.

**B.      Proceedings Before This Court**

**1.      § 145 Actions Generally**

A § 145 action "is conducted as a trial; however, it is in essence a suit *to set aside* the

final decision of the [B]oard, like the bill in equity from which it was derived." Fregeau v.

Mossinghoff, 776 F.2d at 1037 (emphasis in original).  As such, Putman carries the burden of

showing that the Board committed reversible error.  Id. at 1038 ("the applicant has the laboring

oar to establish error by the [B]oard . . . . ").

The underlying issue is whether Putman's claims comply with the patentability

requirements of 35 U.S.C. §§ 102, 103, and 112.  These requirements involve questions of fact.

Where no new evidence is permitted, just as in a direct appeal to the Federal Circuit under 35

U.S.C. § 141, the Board's factual findings are reviewed for substantial evidence.  Mazzari v.

Rogan, 323 F.3d 1000, 1005 (Fed. Cir. 2003).  Substantial evidence "is something less than the

weight of the evidence but more than a mere scintilla of evidence," In re Kotzab, 217 F.3d 1365,

1369 (Fed. Cir. 2000) (citations omitted), and "means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion," Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229-30 (1938).  As the Federal Circuit recently stated, "where two different,

inconsistent conclusions may reasonably be drawn from the evidence in record, an agency's

decision to favor one conclusion over the other is the epitome of a decision that must be

sustained upon review for substantial evidence." In re Jolley, 308 F.3d 1317, 1329 (Fed. Cir.

2002).

If new evidence is properly admitted in a proceeding like this one under § 145, the record

before the PTO is still the "evidentiary nucleus" of this case.  Fregeau, 776 F.2d at 1037.  While

9

this Court may allow testimony to explain <u>existing</u> issues and arguments raised below, Putman is not allowed to "start over [prosecution of] his application before the district court unfettered by what happened" below. <u>Id</u>. at 1038. Regarding issues where the parties are permitted to introduce additional evidence, the Court considers that evidence together with the record before the Board to make *de novo* findings. <u>Id</u>. But the Court must accept the Board's ultimate decision as controlling unless Putman presents sufficient argument and evidence to overcome the deferential "substantial evidence" standard applied to the Board's findings. <u>Mazzari</u>, 323 F.3d at 1005.

A plaintiff's ability to introduce arguments or issues and evidence in a § 145 action is limited and is often an issue that arises early in such a proceeding. The government will often seek to preclude new arguments or evidence a plaintiff could have, but did not, present to the agency below. Otherwise, plaintiffs would simply save their best arguments and evidence for proceedings before the Court such that the agency is circumvented and could not disagree, let alone consider them. <u>MacKay</u>, 641 F.Supp. at 570 (emphasis in original) ("the need to promote full disclosure before administrative tribunals requires that even a sub-issue be fully explored by the PTO before allowing new evidence in support of the sub-issue to be admitted for the first time in district court"); <u>DeSeversky v. Brenner</u>, 424 F.2d 857, 859 (D.C. Cir. 1970) (declining to consider a patentability argument not presented to the PTO below); <u>Dotolo v. Quigg</u>, 12 USPQ.2d 1032, 1035, 1989 WL 78137, *2 (D.D.C. 1989) ("[A] party is precluded from injecting new legal issues or arguments not presented to the Board unless he demonstrates 'some reason for justice' for failing to do so." (quoting <u>DeSeversky</u>, 424 F.2d at 858)); <u>DeSeversky</u>, 424 F.2d

at 858-59, n.5 ("the District Court proceeding may not be conducted in disregard of the general policy of encouraging full disclosure to administrative tribunals.").

However, plaintiffs are permitted to introduce evidence relating to arguments and issues properly raised before the PTO that they could not have introduced earlier, e.g., live testimony from an expert witness. Fregeau, 776 F.2d 1034. It is important to note, however, that even if evidence submitted relates to issues properly submitted below, it can be excluded if it was negligently or intentionally withheld. Holloway v. Quigg, 9 USPQ.2d 1751, 1752, 1988 WL 141046, *1 (D.D.C. 1988) (even if evidence is submitted regarding issues that were properly raised before the Office, that evidence may be excluded by this Court if it "was available to the plaintiff during the PTO proceeding but was either intentionally or negligently withheld."); California Research Corp. v. Ladd, 356 F.2d 813, 821 (D.C. Cir. 1966) ("Although each side 'may strengthen its case with additional material' the plaintiff may not submit for the first time evidence he was negligent in failing to submit to the Patent Office."); Monsanto v. Kamp, 269 F. Supp. 818, 822 (D.D.C. 1967); see also Killian v. Watson, 121 USPQ 507, 509 (D.D.C. 1958) ('Where a plaintiff in an action under Section 145 . . . offers no explanation for his failure to submit to the Patent Office, during the prosecution of his application for patent . . . such evidence is not properly admissible.').

This debate has resulted in several decisions by this Court, as cited above, on what arguments and evidence are proper in a given § 145 action. In a recent unpublished opinion by the Honorable Judge Henry H. Kennedy, Jr., Exh. K, cited to this Court during the December 20, 2005 status conference, Exh. L at 12-13, the court recognized that "courts in the District of Columbia have established a doctrine limiting" the admission of arguments and evidence offered

11

by the plaintiff in § 145 actions, Exh. K at 9.  Specifically, courts have refused to admit any new

arguments – and evidence supporting such arguments – which were *not* properly raised before

the Examiner or Board.  Exh. K at 9.  Additionally, the court correctly determined that, even if

related to an existing issue, "courts have excluded new evidence in Section 145 actions if it was

'available to the parties, but was withheld from the Patent Office as a result of fraud, bad faith,

or gross negligence,'" citing to the case law set forth above.  Id.  The court found that "[b]oth

doctrines support 'the general policy of encouraging full disclosure to administrative tribunals.'"

 Id. at 10 (citations omitted).

     Accordingly, the court concluded that "these doctrines limit [the plaintiff's] entitlement

to submit new evidence under Section 145," id., and denied the plaintiff's request to admit

evidence finding that "the district court need not consider evidence negligently submitted after

the end of administrative proceedings," Id. at 15.

### 2.    Many Of Putman's Arguments Were Not Considered By The Board

     Putman's complaint raises new arguments not considered by the Board, as Putman now

seeks reversal of the Board's decision affirming the rejection of 36 of the total 56 claims.  Exh.

M.  As discussed, the Board issued a Remand Order that specifically directed both the Examiner

and Putman to file *one* "self-contained" brief "with respect to all arguments.  No prior briefs

should be referenced or incorporated therein."  Exh. G at 3.

     The Examiner complied, Exh. H; Putman did not, Exh. I.  Specifically, Putman's

subsequent pleading did not address the rejection of 12 claims (claims 45-56), but merely

referenced earlier arguments in direct defiance of the Board's Remand Order.  Exh. I.  The

Board's Remand Order was neither burdensome nor unreasonable, but a practical request to

ensure that the Board could comprehensively review the arguments and evidence given that there were now numerous pleadings.  Such pleadings could easily be consolidated by the Examiner (who in fact did so) and Putman into one brief, respectively.  Putman <u>never</u> offered any explanation why he decided not to comply with the Board's Order, nor ever asked that his referenced arguments be considered by the Office.

Putman's complaint to this Court now makes arguments regarding 12 rejected claims that were never considered by the Board.  Such arguments should be excluded or at a minimum this case should be remanded for consideration by the Office in the first instance.

### III.     ARGUMENT

**A.     Putman's Arguments Regarding Claims 45-56 That Were Never Considered By The Board Should Be Excluded**

Putman's complaint contains arguments never considered by the Board, as Putman now seeks reversal of the Board decision affirming the rejection of 36 Putman claims, including claims 45-56.  Putman never expressly made any argument concerning these 12 claims (claims 45-56) in his brief to the Board following the Remand Order.  Hence, the Board did not consider them and this Court should exclude them.

Putman should not now be allowed to introduce any arguments or evidence with respect to claims 45-56.  The law is clear that arguments – and evidence supporting those arguments – which were not properly raised before the PTO may not be introduced for the *first* time in this Court.  <u>MacKay</u>, 641 F.Supp. at 570; <u>DeSeversky</u>, 424 F.2d at 859; <u>Dotolo</u>, 12 USPQ.2d at 1035, 1989 WL 78137, *2.  If this Court were to now consider Putman's new arguments and evidence, it would essentially allow Putnam to circumvent the Office and improperly use this Court to consider arguments in the first instance.  <u>DeSeversky</u>, 424 F.2d at 859 (in a civil action

13

under § 145, the doctrine of exhaustion "requires courts to abstain from consideration of an issue that has not been presented to the Patent Office . . ."). In essence, Putnam should not be permitted to start over and re-prosecute its patent application before the district court. <u>See</u> <u>Fregeau</u>, 776 F.2d at 1037-38; <u>Star Fruits S.N.C. v. U.S.</u>, 280 F.Supp.2d 512, 516 (E.D. Va. 2003), <u>aff'd</u> 393 F.3d 1277 (Fed. Cir. 2005) (finding that a federal court acting as a "super patent examiner" would be "a role far beyond its proper judicial authority.").

Putman may argue that he made these arguments in a brief filed <u>before</u> the Board issued the Remand Order and referenced them in the brief filed <u>after</u> the Remand Order. However, doing so was in direct defiance of the Board's Remand Order, which stated that the brief filed after the Order should: (i) contain "<u>all</u>" arguments with respect to every claim; and (ii) <u>not</u> reference previously filed briefs. Thus, the correct inquiry is what arguments did Putman make in compliance with the Board's Remand Order. Otherwise, the Board's authority to set reasonable procedures that the parties must comply with becomes meaningless. Putman's actions are analogous to when a court issues an order and a party fails to comply.

In such cases, sanctions can include, but are not limited to, an order striking out pleadings or parts thereof, or dismissing the action. <u>See</u> Federal Rules of Civil Procedure, Rule 16(f); 37(b)(2)(C); <u>Baker v. Ace Advertisers' Service</u>, Inc., 153 F.R.D. 38, 40 (S.D.N.Y. 1992); <u>The Synanon Church v. U.S.</u>, 579 F.Supp. 967, 976 (D.D.C. 1984) ("a litigant has no discretion to ignore court orders it considers improvident") (emphasis in original); <u>Flynn v. Thibodeaux Masonry, Inc.</u>, 311 F.Supp.2d 30, 36 (D.D.C. 2004) ("Under the Federal Rules of Civil Procedure, a court may impose sanctions for failure to comply with various court orders . . . . Sanctions are integral to the operation of the judicial system . . . . As the D.C. Circuit has stated,

14

sanctions 'have been entrusted to the district courts to enable district judges to discharge efficiently their front-line responsibility for operating the judicial system.'").

Finally, this is not a question of form over substance. The Board, which hears over 2,900 appeals per year, see Exh. N, made a simple reasonable requirement in its Remand Order. Putman could have easily complied given the technology of today – simply using word processing – where all Putman had to do was update an earlier brief and add any additional arguments. The Examiner did so, whereas Putman flatly refused for no stated reason, which placed claims 45-56 in jeopardy. Putman should not be rewarded by asking this Court to consider arguments that were not considered by the Board and hence the Board did not provide any discussion regarding these claims in its decision. Moreover, in an attempt to resolve this dispute and avoid wasting this Court's resources, during a scheduling conference between the parties, the government offered Putman the opportunity to bring his application back to the Office so that the Board could consider Putman's new arguments concerning claims 45-56. Despite the government's explanation of the case law concerning § 145 actions and the risk his client ran of having these arguments excluded, Putman refused the PTO's offer. Putman should not now be allowed to submit arguments and evidence that were not considered by the Board. Accordingly, the PTO respectfully submits that the Court exclude arguments and evidence relating to claims 45-56.

**B.    Alternatively, This Court Should Dismiss This Case Without Prejudice And Remand To The PTO So The Office May Consider Putman's New Arguments In The First Instance**

Rather than excluding Putman's arguments concerning claims 45-56, the Court may dismiss and remand this case to the PTO. Because the PTO is the expert agency charged with

examining patent applications, it is more appropriate for the PTO to consider arguments and evidence in the first instance, rather than the court acting as a "super patent examiner."  <u>See</u> <u>Star Fruits</u>, 280 F.Supp.2d at 516; <u>see also</u> <u>McKart v. U.S.</u>, 395 U.S. 185, 194 (1969) ("courts ordinarily should not interfere with an agency until it has completed its action . . . . This reason is particularly pertinent where the function of the agency and the particular decision sought to be reviewed . . . require application of special expertise.").  Allowing the PTO to consider Putman's arguments in the first instance would promote "sound judicial administration, since the application of Patent Office expertise in the first instance may either obviate the need for judicial consideration, or illuminate the issues and facilitate the court's disposition."  <u>DeSeversky</u>, 424 F.2d at 859.  In the past, this Court has remanded cases to consider arguments and evidence in the first instance.  <u>See</u>, <u>e.g.</u>, <u>Pavel v. Lehman</u>, Civ. Action No. 96-CV-00238 at 5-6 (D.D.C. August 17, 1998) (§ 145 case dismissed and remanded to address prior art references not previously considered because "courts should not be deprived of any assistance which might be gained from the expertise of the of the . . . patent office") (quoting <u>Montecatini Edison, SPA v. Ziegler</u>, 486 F.2d 1279, 1283 (D.C. Cir. 1973) (quoting <u>Radio Corp. of Am. v. Philco Corp.</u>, 201 F.Supp. 135 (E.D. Pa. 1961), <u>aff'd</u> 309 F.2d 397 (3d Cir. 1962)).

Moreover, if the PTO finds Putman's new arguments with respect to claims 45-56 persuasive, it might resolve any need for review by this Court as to those claims.  <u>See</u> <u>Dietary Supplemental Coalition, Inc. v. Sullivan</u>, 978 F.2d 560, 562 (9th Cir. 1992) (the finality requirement is important in that it (1) seeks to preserve scarce judicial resources and (2) ensures that judicial review does not interfere with the agency's decision making process.); <u>see also</u> <u>Federal Trade Comm'n v. Standard Oil Co.</u>, 449 U.S. 232, 242 (1980) (waiting for an

16

administrative proceeding to finish before intervening to avoid piecemeal review which "at the least is inefficient and upon completion of the agency process might prove to have been unnecessary."). Here, any judicial consideration of the unpatentability of Putman's claims 45-56 should await the PTO's analysis in the first instance, so at the very least, this Court will have an adequate factual context that would "significantly advance [the Court's] ability to deal with the legal issues presented." Ohio Forestry Association, Inc. v. Sierra Club, 523 U.S. 726, 737 (1998) (citations omitted).

**C.    The PTO Has Uncovered Additional Evidence That May Be Relevant To The Validity Of All Of Putman's Claims**

After the complaint was filed, the PTO's initial investigation discovered new evidence that could effect the patentability of all 56 of Putman's claims. Accordingly, even if this Court went through the arduous exercise of reviewing and reversing the existing rejections of Putnam's claims, the PTO would be obligated to reopen prosecution to consider new evidence never applied earlier. See Blacklight, 295 F.3d at 1274; In re Gould, 673 F.2d 1385, 1386 (CCPA 1982) (the PTO can always reopen prosecution in an application under an *ex parte* court appeal once it regains jurisdiction over the application); In re Arkley, 455 F.2d 586, 589 (CCPA 1972) (the PTO is free to make such other rejections as it considers appropriate subsequent to a court decision reversing a rejection); In re Citron, 326 F.2d 418 (CCPA 1964); In re Ruschig, 379 F.2d 990, 993 (CCPA 1967).

In fact, the Federal Circuit, the court that will review any appeal of a decision in this case, has recognized that if a new rejection of the claims is probable, remand promotes judicial economy because to take up the current rejections at this point "can only delay the ultimate disposition of this case." Gould, 673 F.2d at 1387. During prosecution, Putman would have the

17

opportunity to respond and submit new arguments, evidence, and/or amendments. Accordingly, this provides an additional reason why this case should be dismissed and remanded for further action before the PTO.

## IV.    CONCLUSION

The Defendant seeks to exclude Putman's arguments relating to claims 45-56, or in the alternative, dismiss without prejudice and remand so that the PTO may properly consider such arguments and evidence in the first instance. Moreover, remand will allow the PTO to consider newly discovered evidence that appears to relate to all of Putman's claims. Accordingly, in order to avoid wasting the Court's and parties' resources, this Court should either exclude arguments relating to claims 45-56, or remand the case to the PTO.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI Bar # 1029849
Assistant United States Attorney
Judiciary Center Building
Of Counsel:                                  555 4th Street, N.W. – Civil Division
                                             Washington, D.C.  20530
JOHN M. WHEALAN                              (202) 514-7238; (202) 514-8780 (facsimile)

18

Solicitor                                   Benton.Peterson@usdoj.gov
HEATHER F. AUYANG
WILLIAM LAMARCA
Associate Solicitors
U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA  22215
(571) 272-9035

March 14, 2006