The opinion in support of the remand being entered today was *not* written for publication and is *not* binding precedent of the Board.

Paper No. 17

## UNITED STATES PATENT AND TRADEMARK OFFICE

### BEFORE THE BOARD OF PATENT APPEALS AND INTERFERENCES

*Ex parte* HAROLD V. PUTMAN

Appeal No. 2003-1703
Application No. 09/233,249

MAILED
OCT 21 2004
U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

ON BRIEF

Before HAIRSTON, FLEMING, and BARRY, *Administrative Patent Judges*.
BARRY, *Administrative Patent Judge*.

### REMAND OF APPEAL

A patent examiner objected to an amendment and rejected the pending claims over prior art. The appellant appeal therefrom under 35 U.S.C. § 134(a). We remand.

In an *ex parte* appeal, "the Board is basically a board of review — we review . . . rejections made by patent examiners." *Ex parte Gambogi*, 62 USPQ2d 1209, 1211 (Bd.Pat.App. & Int. 2001). Here, after considering the record, we are persuaded that "[t]he appeal is manifestly not ready for a decision on the merits." *Ex parte Braeken*, 54 USPQ2d 1110, 1112 (Bd.Pat.App. & Int. 1999).

Appeal No. 2003-1703  
Application No. 09/233,249

Page 2

"Lack of written description is an issue that generally arises with respect to the subject matter of a claim." M.P.E.P. § 2163.06 (8th ed., 2d rev., May 2004). "Claims [that] are amended with limitations unsupported by the original disclosure are rejected under 35 U.S.C. § 112 (first paragraph) as lacking support in the specification, while such amendments to the abstract, specification, and drawings are objected to as being drawn to new matter." *Pennwalt Corp. v. Akzona Inc.*, 740 F.2d 1573, 1578 n.11, 222 USPQ 833, 836 n.11 (Fed. Cir. 1984) (citing *In re Rasmussen*, 650 F.2d 1212, 1214, 211 USPQ 323, 325 (CCPA 1981)). "If the new matter has been entered into the claims or affects the scope of the claims, the claims affected should be rejected under 35 U.S.C. 112, first paragraph, because the new matter is not described in the application as originally filed." M.P.E.P. § 608.04.

Here, "[t]he amendment filed 8/7/01 is objected to under 35 U.S.C. 132 because it introduces new matter into the disclosure." (Examiner's Answer at 3.) The examiner explains that he "cannot locate original disclosure supporting the features of [certain] claims . . . whereby a computer provides two different screen elements that are selectable with two different input devices." (*Id.* at 4.) Because the examiner asserts that claims have been amended with limitations unsupported by the original disclosure, it seems that the proper basis for the rejection is "§ 112, first paragraph, not § 132." *Rasmussen*, 650 F.2d at 1214, 211 USPQ at 325.

Appeal No. 2003-1703  
Application No. 09/233,249

Page 3

In explaining himself, moreover, the examiner refers to lack of an "original disclosure supporting the features of claims 45 of 47. . . ." (*Id.* at 4 (emphasis added).) We do not understand the use of the preposition "of" regarding claim 45 and claim 47. Although claim 46 depends from claim 45, and claims 48-51 depend from claim 47, furthermore, none of these dependent claims are mentioned in the examiner's explanation. Accordingly, we are uncertain about claims 46 and 48-51 *vis-à-vis* the lack of support in the original disclosure.

We "decline to substitute speculation as to the rejection for the greater certainty which should come from the [examiner] in a more definite [explanation] of the grounds of rejections." *Gambogi*, 62 USPQ2d at 1212. Instead, we remand the application to the examiner for further action not inconsistent with the views expressed herein. Any subsequent examiner's answer submitted by the examiner should be self-contained with respect to all rejections and arguments; no prior answer or Office actions should be referenced or incorporated therein. Similarly, any subsequent brief submitted by the appellants should be self-contained with respect to all arguments. No prior briefs should be referenced or incorporated therein.

**Upon return from remand, we will consider the examiner's rejections based on prior art.** (Examiner's Answer at 4-10.)

Appeal No. 2003-1703  
Application No. 09/233,249

Page 4

Because it is being remanded for further action, the application is a "special" application. M.P.E.P. § 708.01(D). Accordingly, it requires immediate action. Furthermore, the Board should be informed promptly of any action affecting status of the appeal (e.g., abandonment, issue, reopening prosecution).

Case 1:05-cv-01796-LFO   Document 11-8   Filed 03/14/2006   Page 4 of 6

Appeal No. 2003-1703  
Application No. 09/233,249

Page 5

REMANDED

KENNETH W. HAIRSTON  
Administrative Patent Judge

MICHAEL R. FLEMING  
Administrative Patent Judge

LANCE LEONARD BARRY  
Administrative Patent Judge

) BOARD OF PATENT  
) APPEALS  
) AND  
) INTERFERENCES

Appeal No. 2003-1703
Application No. 09/233,249

Page 6

RALPH E. JOCKE
231 SOUTH BROADWAY
MEDINA, OH  44256