# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD V. PUTMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:05CV-01796 (JGP)** |
| ) | |
| **JONATHAN W. DUDAS,** ) | |
| ) | |
| **Under Secretary of Commerce** ) | |
| **for Intellectual Property and** ) | |
| **Director of the United States** ) | |
| **Patent and Trademark Office,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Federal Civil Procedure Rule 26(c), Defendant Jonathan W. Dudas (PTO or

Office), through counsel, moves this Court for an order protecting Defendant from premature and

improper discovery propounded by Plaintiff in this 35 U.S.C. § 145 action.  Specifically,

Defendant respectfully requests that the Court enter a protective order providing that Plaintiff is

not currently entitled to any discovery, including the discovery sought in Plaintiff's

Interrogatories, Request For Documents, and Rule 30(b)(6) Notice of Deposition, until this Court

decides the Defendant's Motion to Exclude or, In the Alternative, Dismissal and Remand

(dispositive motion).[1]  In support of this Motion, Defendant respectfully refers the Court to the

---

[1] Defendant's responses to the discovery requests already served are presently due on
March 27, 2006 with respect to the requests for interrogatories and documents, and April 21,
2006 with respect to the Rule 30(b)(6) deposition notice.  It is Defendant's understanding that the
filing of the present motion tolls these deadlines.  To the extent filing such a motion is not
considered sufficient to toll the deadlines, then this motion should also be construed as
defendant's objections to all the discovery requests in their entirety, and thus no further response
is required.  See Rules 30, 33, and 34.

accompanying Memorandum in Support of Defendant's Motion for a Protective Order.  A

proposed Order consistent with this Motion is attached.  Defendant filed concurrently with its

dispositive motion a Motion to Stay Discovery Pending Determination of Its Dispositive Motion,

but files this motion in an abundance of caution.  Defendant's counsel conferred with Plaintiff's

counsel before filing this motion, but was unable to resolve the dispute.

Dated: March 24, 2006.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____

RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____

BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov


OF COUNSEL:
JOHN M. WHEALAN
Solicitor

HEATHER F. AUYANG
WILLIAM LAMARCA
Associate Solicitors
United States Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
(571) 272-9035

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD V. PUTMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:05CV-01796 (JGP)** |
| | ) |
| **JONATHAN W. DUDAS,** | ) |
| | ) |
| **Under Secretary of Commerce** | ) |
| **for Intellectual Property and** | ) |
| **Director of the United States** | ) |
| **Patent and Trademark Office,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF IT'S MOTION FOR PROTECTIVE ORDER

On or around January 24, 2006, Plaintiff Harold V. Putman propounded requests for discovery – First Set of Interrogatories, First Request For Documents, and a Rule 30(b) Deposition Notice – to which he should not be permitted at this time. Therefore, Defendant, pursuant to Federal Civil Procedure Rule 26(c), now moves for a protective order to avoid having to respond to Plaintiff's requests until further order of the Court. A copy of Plaintiff's discovery requests are attached as Exhibit A.

Rule 26(c) provides that a court may grant a motion for protective order upon a showing of good cause. The Court should find that good cause exists here. First, the Court recognized during the December 20, 2005 Status Hearing that the parties "won't engage . . . in discovery until the Court has ruled on the issue of remand." See Ex. B at 31 (Hearing Transcript, Dec. 20,

2005).  On March 14, 2006, Defendant filed a Motion to Exclude or, In the Alternative, Dismiss

and Remand (dispositive motion) and a Motion to Stay Discovery Pending Determination of Its

Dispositive Motion.  Second, the discovery requested by Plaintiff is not necessary to respond to

Defendant's dispositive motion, and in fact, generally not permitted under the applicable case

law.

## ARGUMENT

This Court has broad authority to regulate discovery and "should not hesitate to exercise

appropriate control over the discovery process."  Herbert v. Lando, 441 U.S. 153, 177 (1979); see

Fed. R. Civ. P. 26(c).  It is particularly appropriate to stay discovery pending the outcome of

dispositive motions.  See Brennan v. Local Union No. 639, International Brotherhood of

Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974).  Further, it "is settled that an entry of an order

staying discovery pending determination of dispositive motions is an appropriate exercise of the

court's discretion."  Chavous v. District of Columbia Financial Responsibility and Management

Assistance Authority, 201 F.R.D. 1, 2 (D.D.C. 2001).  See also O'Brien v. Avco Corp., 309 F.

Supp. 703, 705 (S.D.N.Y. 1969) (When "the determination of a preliminary question may

dispose of the entire suit, applications for discovery may properly be deferred until the

determination of such questions.").  Indeed, staying discovery pending resolution of a potentially

dispositive motion "is an eminently logical means to prevent wasting the time and effort of all

concerned, and to make the most efficient use of judicial resources."  Coastal States Gas Corp. v.

Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979), citing Westminster Investing Corp. v.

G.C. Murphy Co., 434 F.2d 521 (D.C. Cir. 1970).

2

In this case, the Court has already recognized that discovery should not commence until after the Court has ruled on Defendant's dispositive motion. <u>See</u> Ex. B at 31 (Hearing Transcript, Dec. 20, 2005) (where this Court acknowledged that the parties "won't engage . . . in discovery until the Court has ruled on the issue of remand."). The PTO agreed that if this case were dismissed and remanded to the PTO, discovery would be moot and therefore it should be stayed until after this Court has ruled on the motion. <u>Id</u>.

Consistent with this Court's Order, the PTO filed its dispositive motion on March 14, 2006. <u>See</u> Order (dated January 19, 2006). Rather than allowing briefing on this dispositive motion to proceed as planned, on or around January 24, 2006, Putman propounded discovery requests upon the PTO. However, if the PTO's motion is granted, either the scope of discovery will substantially change, or this case will be dismissed and remanded back to the PTO thereby mooting discovery.

Importantly, Plaintiff's requested discovery is not necessary to respond to the dispositive motion. Defendant's motion exposes Plaintiff's disregard for the administrative process and accordingly seeks to exclude a majority of Plaintiff's arguments and evidence, or to dismiss the case and remand to the PTO so that the Office may consider such arguments and evidence in the first instance. The dispositive motion does not address the merits of the case and is based on documents present in the administrative record, which was served on Plaintiff on or around February 7, 2006. However, Plaintiff's Interrogatories and Request For Documents seeks information that is unrelated to the motion and premature, <u>see</u> <u>e.g.</u>, Interrogatories Nos. 5 and 6 and Document Requests Nos. 2, 3, 4, and 5, which concern trial witnesses. Ex. A. Clearly, such requests are not necessary and premature at this stage.

3

In fact, Plaintiff propounded his discovery requests <u>prior</u> to the filing of the PTO's dispositive motion, which makes clear his discovery requests are neither tailored nor necessary to adequately address the issues raised in the PTO's motion. And, both Plaintiff's Opposition to Defendant's Dispositive Motion and Defendant's response to the document and interrogatory requests are presently due on the <u>same</u> day, March 27, 2006, and the 30(b)(6) deposition is scheduled for April 21, 2006. Again showing that this discovery is not necessary for Plaintiff to respond to the dispositive motion. Moreover, Plaintiff never contended at this Court's December 20, 2005 Status Hearing that discovery at this premature point in the proceedings is necessary in order to respond to the PTO's dispositive motion. <u>See</u> Ex. B (Hearing Transcript). <u>See</u> <u>also</u> <u>Chavous</u>, 201 F.R.D. at 3 ("Plaintiffs do not consent - - nor did they at the . . . hearing - - that they would be unable to file their oppositions to defendants' motions to dismiss in the absence of such discovery.").

Further, many portions of Plaintiff's discovery requests are not available in this proceeding, and the PTO intends to object. For example, Plaintiff's Rule 30(b)(6) deposition notice seeks to depose and probe the mental processes of quasi-judicial officials at PTO, which is strictly prohibited. <u>See</u> <u>Western Electric v. Piezo Technology</u>, 860 F.2d 428, 431 (Fed. Cir. 1988) ("a patent examiner cannot be compelled to testify regarding his "mental processes" in reaching a decision on a patent application"). Even to the limited extent that Plaintiff's discovery requests are proper, they should be deferred until after the PTO's pending dispositive motion is ruled upon. Becoming embroiled in a discovery dispute at this premature stage in the proceedings would not promote judicial efficiency when it is entirely possible that a ruling on the PTO's dispositive motion could eliminate the need for any discovery. Therefore, delving into a

discovery dispute at this point in the proceeding would be premature and a waste of this Court's and the parties' resources.

Finally, Plaintiff has not presented any reason why discovery should proceed at this very early stage. Staying discovery until this Court rules on the PTO's pending dispositive motion would not harm Plaintiff in light of the agreed discovery completion date of March 2007. See Ex. B at 28-29 (Plaintiff's proposed, and PTO agreed to March 2007 discovery completion). That being so, Plaintiff has not demonstrated any need to proceed with discovery now, and the Court should exercise its authority to stay any discovery until after a ruling on the PTO's pending dispositive motion.

Accordingly, the Court should enter a protective order, pursuant to Fed. R. Civ. P. 26(c), barring and tolling any response to discovery in this case until after this Court rules on the dispositive motion.

**CONCLUSION**

For the reasons set forth above and consistent with this Court's statement during the December 20, 2005 Status Hearing, Defendant respectfully submits that discovery at this time would be inappropriate and that the Court should grant Defendant's request for a protective order until the Court rules on the dispositive motion filed by the Defendant.

Dated: March ___, 2006.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

5

_____

RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____

BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**




OF COUNSEL:
JOHN M. WHEALAN
Solicitor

HEATHER F. AUYANG
WILLIAM LAMARCA
Associate Solicitors
United States Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
(571) 272-9035

6