IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn<br><br>PLAINTIFF REQUESTS AN<br>ORAL HEARING |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING
DETERMINATION OF DEFENDANT'S DISPOSITIVE MOTION**

Plaintiff, Harold V. Putman (the "**Inventor**"), opposes Defendant's Motion to Stay Discovery Pending Determination of Defendant's Dispositive Motion, also known as Defendant's Motion to Stay Discovery Until After a Decision on Its Motion to Exclude, Or in the Alternative, Dismiss and Remand ("**Motion to Stay**").

Discovery is usually presumed to be necessary in a civil case, and is necessary in this lawsuit. Discovery is necessary to determine what Inventor's evidence and arguments that Defendant, Jonathan W. Dudas, Director of the United States Patent and Trademark Office (the

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

"**Agency**") contends should be excluded from the trial of this lawsuit and why. Defendant's Motion to Exclude, Or In The Alternative, Dismiss and Remand ("**Motion to Exclude**") contends that arguments of the Inventor should be excluded from being presented in the present case, but fails to specify what those arguments are or the factual basis upon which the Agency contends those arguments should be excluded.

In addition, the Agency claims it "may" have new evidence that it wishes to present as a basis for denying a patent to the Inventor. Motion to Exclude, p. 17-18. It is not clear if the Agency actually has any such new evidence, and if so, what new evidence and grounds the Agency wants to present in order to further reject the claims in Inventor's patent application[1].

Discovery is a valuable exercise that will shorten the legal proceedings in the long run. In addition, the Agency has engaged in tactics which should now cause it to be estopped from asking to stay discovery.

## DISCOVERY IS AUTHORIZED

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Federal Rule of Civil Procedure 26(b)(1). Opposition to Stay Exhibit 1 (**OTS Exhibit 1**). The parties in this lawsuit anticipated discovery before filing any dispositive motions. Mr. Peterson, an attorney for the Agency, stated at the Initial Status Conference, "I think as we contemplated in our joint statement, we had

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

---

[1]   The claims delineate the invention sought to be patented in the patent application. The scope of the patent protection in an issued patent is determined by the claims.

2

envisioned a certain amount of discovery before we would file our dispositive motions to clarify some issues through interrogatories and depositions." **OTS Exhibit 2**. Further, in the Joint Statement of the Parties (Meet and Confer Statement) filed on December 13, 2005 the parties agreed that dispositive motions would be due sixty days after the completion of discovery. **OTS Exhibit 3, p. 6**. The Federal Rules of Civil Procedure allow discovery prior to a motion for summary judgment. Federal Rule of Civil Procedure 56(f). **OTS Exhibit 4**. The Joint Statement of the Parties filed on December 13, 2005 indicated that all forms of discovery were available to be used in this lawsuit. **OTS Exhibit 3, p. 7**.

The Inventor served discovery on the Agency on January 20, 2006. **OTS Exhibit 5**. On February 7, 2006 the Agency requested and was granted 30 additional days to respond. **OTS Exhibit 6**. A revised Notice of Deposition was served to allow the Agency additional time before the deposition. **OTS Exhibit 7**. Instead of responding to the discovery, the Agency filed its Motion to Stay on March 14, 2006.

After the Agency made unsupported and non-specific contentions in the Motion to Exclude, the Inventor supplemented his discovery requests. **OTS Exhibit 8**. The Inventor has requested that the Agency disclose the evidence and arguments that the Agency wants to exclude as well as the new evidence the Agency "may" have to reject the Inventor's patent application as stated in the Motion to Exclude. A Notice of Deposition for an April 21, 2006 deposition of the Agency has been served. *Id*. The Inventor requests that the discovery proceed in accordance with the Federal Rules and the Meet and Confer Statement. **OTS Exhibit 3**.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

3

**IMMEDIATE DISCOVERY IS NECESSARY**

The Agency does not clearly state what evidence and arguments of the Inventor the Agency seeks to exclude. Starting on page 13 of the Motion to Exclude the Agency states that it wants to exclude arguments related to the Inventor's claims 45-56 in his patent application. However, the proposed Order presented to the Court by the Agency requests the Court to exclude "Plaintiff's arguments and evidence that were not properly submitted to the PTO Board." The Inventor cannot adequately defend against the Motion to Exclude if he does not know what evidence is sought to be excluded. Discovery is necessary to determine the specific evidence and arguments that the Agency contends this Court should not consider.

Further it is respectfully submitted that the Court should not consider entering the Order proposed by the Agency, because this will lead to uncertainty and disputes about what legal arguments and evidence were "properly submitted to the PTO Board." This is particularly true given that the Agency's Board is supposed to base its decision on the entire administrative record related to the patent application in the Agency[2]. The proposed Order suggested by the Agency is improper and ambiguous.

The Inventor's right to present evidence and arguments in support of his cause is essential to providing due process and a fair trial. To exclude evidence and arguments without giving the

---

2   Evidence cannot be directly submitted to the Agency's Board (aka PTO Board). Rather evidence must be submitted prior to the appeal to the Board. 37 C.F.R. § 41.37(c)(2). Therefore the Order proposed by the Agency will cause confusion because evidence is not <u>submitted</u> to the Board. Further, the Agency's Rules explicitly prohibit the inclusion of any new evidence in the briefs submitted to the Agency's Board. As all evidence in the Agency record was before the Board, the Agency's proposed Order would exclude unspecified portions of the administrative record.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

4

Inventor a fair chance to understand and contest the Agency's assertions, and to specifically rebut them, would be fundamentally unfair.

Discovery is also necessary to determine the Agency's alleged new grounds for the rejection of claims in the Inventor's patent application. On pages 15, 20, and 30 of the Transcript of the Initial Status Conference, the Agency indicated that it wanted to enter new rejections to claims in the patent application of the Inventor. **OTS Exhibit 9.** The Agency wants to reject claims that the Agency's Board has held satisfy the requirements for patentability. No specific information has been revealed concerning the new rejections of the Inventor's claims. In order to combat those rejections, the Inventor needs information as to why the Agency contends the claims previously held to be patentable are now to be rejected. Despite the Agency stating in the Joint Statement of the Parties that it has additional rejections, it has not presented that information to the Inventor. **OTS Exhibit 3, p. 3 and Exhibit 10**. The Inventor's attorney requested the information on the alleged additional rejections on February 13, 2006. **OTS Exhibit 7**. The Agency has not replied to that request. **OTS Exhibit 10**. The Agency is sandbagging discovery. This is not the first time the Agency has tried to stop discovery in a lawsuit. See *Hyatt v. Dudas*, No. 1:04-CV-01802-HHK (D.D.C. filed Oct. 15, 2004).

The Agency cites as a reason for remand to the Agency that there "may be relevant" new evidence to reject additional claims in the Inventor's patent application. Motion to Exclude, p. 17-18. Despite asserting that one of the grounds for remand is the additional evidence, the Agency does not describe the additional evidence nor make even a solid assertion that it in fact actually has such additional evidence. In an amended Notice of Deposition, the Inventor has requested the information concerning the "may be relevant" new evidence. **OTS Exhibit 8**.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

5

Discovery is needed to determine if the Agency has any actual new evidence and the asserted basis as to why there should be a remand. The Inventor should not be forced to defend his right to pursue his cause on the basis of vague assertions and unsupported weasel-worded contentions by the Agency.

Discovery is needed to determine what Inventor evidence and arguments the Agency contends should be excluded, and what (if any) actual evidence the Agency has to try to reject the claims in the Inventor's patent application that the Agency's Board indicated should be patentable.

**DISCOVERY IS WORTHWHILE**

The Inventor has no patent rights until his patent is issued. Patent protection for an issued patent filed after June 8, 1995 and before May 29, 2000 generally lasts twenty (20) years from the date of the filing of the patent application.[3] 35 U.S.C. § 154. Over seven years of possible patent protection for this Inventor has potentially disappeared due to Agency delay. Discovery at this time would speed up the process by clarifying the issues. It would also speed the process of issuing a patent to the Inventor that has the scope to which he is legally entitled. The Agency is secretive about its additional rejections and its "may be relevant" evidence referred to in its Motion to Exclude, which is its basis to urge the Court to return the matter to the Agency. The Agency has already had more than seven years to present rejections against the Inventor's patent application. How much more time do they need? A remand to the Agency may also have the effect of denying the Inventor any rights. The invention relates to fast moving automated teller

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

---

3    The Inventor's patent application was filed on January 19, 1999.

machine (ATM) technology. With a few more years of Agency delay the invention will be obsolete before the patent issues. It is a matter of due process that the Inventor receive the information necessary to rebut the arguments of the Agency so the present court action may proceed.

Even if the Court ultimately grants a remand to the Agency, discovery before the remand would clarify the issues for the Agency and decrease the lengthy time that the patent application will be pending again in the Agency. If the Court denies the Agency's request for remand, immediate discovery would move the case along to its conclusion. The Court has already set the timetable for discovery to conclude. Discovery is a useful tool to narrow and clarify the contested issues so the matter can be finally resolved at a trial.

**LIMITED REQUEST FOR DISCOVERY IS PROPER**

The Agency cites *Western Electric Co.. v. Piezo Tech.* for the proposition that the Inventor cannot obtain a deposition from an officer, director, managing agent or other person on behalf of the Agency concerning the reasons for rejection of claims in a patent application. 860 F.2d 428 (Fed. Cir. 1988). Motion to Stay, p. 5. However, that case actually supports the Inventor's request to take a deposition under Federal Rules of Civil Procedure 30(b)(6). *Id.*, p. 432. The Federal Circuit Court of Appeals states, "The courts have held, however, that patent examiners may be deposed if the questions are limited to factual matters." *Id.* The Inventor is trying to obtain information concerning the evidence that the Agency has found or wants to exclude. This is a factual inquiry. The Inventor has not asked to depose a patent examiner, only a person who can speak for the Agency.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

This lawsuit also can be distinguished from *Western Electric* and most of the cases cited by the Agency, as the Agency is a party to this case and no specific person was asked to be deposed. The Agency can choose the person with knowledge to speak for the Agency. The Agency cannot assert facts and make contentions in litigation and then refuse to provide the discoverable evidence that allegedly supports those facts and contentions. The Agency is not above the law.

The Inventor asks for discovery directly relevant to matters at issue. It is appropriate and proper that the Inventor learn the evidence that the Agency wants to exclude, the "may be relevant" new evidence that supports the request for remand, and the evidence and arguments for additional rejections of claims in the patent application. The limited discovery of only one deposition, six (6) interrogatories and six (6) requests for production of documents is targeted to obtain the necessary information without any extraneous requests or undue burden to the Agency. **OTS Exhibits 5 and 8**.

## AGENCY IS ESTOPPED FROM DENYING DISCOVERY

The Inventor served the discovery on January 20, 2006. **OTS Exhibit 5**. The attorney for the Agency requested that the Agency receive an additional thirty (30) days to respond to the discovery. **OTS Exhibit 10**. No mention was made of a stay. *Id*. The first mention of a stay came about an hour before the Agency filed its Motion to Stay and 53 days after the discovery had been served. *Id*. The attorney for the Inventor indicated that he could not agree to a stay until he found out the basis for the motion for remand. *Id*. The attorney for the Agency declined

to discuss the matter further. *Id.* The Agency should be estopped from requesting a stay of discovery. The Agency should have requested a stay when discovery was served or at least should have raised the issue in the telephone call in which the Agency requested additional time to respond to the discovery. Had the Agency done so the Inventor could have brought the matter to the attention of the Court immediately by way of a motion to compel.

The Agency should not be allowed to engage in representations that they will provide discovery, and then ambush the Inventor with contentions and assertions that the Inventor has had no opportunity to understand or challenge. For these reasons the Agency should be held to be estopped from seeking to stay the Inventor's pending discovery.

**CONCLUSION**

The Inventor requests the Court to allow immediate discovery so that the Inventor may learn the identity of the evidence and arguments that the Agency wishes to exclude in this lawsuit, the identity of the "may be relevant" new evidence (if it exists) that allegedly supports the Agency's request for a remand, and the basis for new rejections of claims in the patent application. It is important for the Inventor to have this information to be able to oppose the Motion to Exclude. The Inventor respectfully requests the Court to deny Defendant's Motion to Stay Discovery Pending Determination of Defendant's Dispositive Motion.

PLAINTIFF RESPECTFULLY REQUESTS AN ORAL HEARING.

Respectfully submitted,

/s  Ralph E. Jocke
Ralph E. Jocke  DC Bar No. OH0013
Patricia A. Walker  DC Bar No. OH0012
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone: 330.721.0000
Facsimile: 330.722.6446
iplaw@walkerandjocke.com

Attorneys for Plaintiff
Harold V. Putman

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March 2006, I electronically filed the foregoing, a proposed order and incorporated exhibits with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Benton G. Peterson
Assistant United States Attorney
Email Benton.Peterson@usdoj.gov

/s Ralph E. Jocke
Ralph E. Jocke
Walker & Jocke