IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING
DETERMINATION OF DEFENDANT'S DISPOSITIVE MOTION**

**OTS EXHIBIT 9**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

**(Emphasis Added)**

|    |                                                                                     |
|----|-------------------------------------------------------------------------------------|
| 1  | THE COURT:  Why would a party not present its entire case                           |
| 2  | before the -- if it has the evidence?  Why wouldn't they have                       |
| 3  | presented the entire case before the Board?                                         |
| 4  | MS. AUYANG:  Your Honor, that's a good question.  And in                            |
| 5  | this case, the plaintiff was specifically told to present all of                    |
| 6  | its evidence and he chose not to do so.  And so the Patent Office                   |
| 7  | is looking to either exclude that evidence or remand the case                       |
| 8  | back to the PTO so that they can consider the entire record.                        |
| 9  | In addition, the office does contend that all the claims                            |
| 10 | in this patent, this patent application, are unpatentable under                     |
| 11 | certain statutory provisions.  *And we have additional rejections*                  |
| 12 | *that were not made in this record that we would also consider.*                    |
| 13 | And so we may seek to file a motion to remand on that basis so                      |
| 14 | that the agency can take a fresh look at and it complete the                        |
| 15 | record for Your Honor.                                                              |
| 16 | THE COURT:  What does the record, as you refer to it,                               |
| 17 | consist of?                                                                         |
| 18 | MS. AUYANG:  The record essentially consists of -- when a                           |
| 19 | patent applicant comes into the office, he files an application.                    |
| 20 | It's what's called a "specification" and it contains the claims                     |
| 21 | that this applicant thinks he's entitled to as his invention.                       |
| 22 | And as the office examines the application, it goes through sort                    |
| 23 | of a back and forth between the applicant and the patent                            |
| 24 | examiner, so we issue what's called an "office action."  The                        |
| 25 | applicant responds.  And so there's this back and forth type of                     |

**(Emphasis Added)**

1    Thank you.

2    THE COURT:  All right.

3    MS. AUYANG:  Your Honor, may I just please say a couple of
4    points?

5    I don't know if Your Honor has ever had a patent case, but
6    just -- what I wanted to tell the Court was that the Patent
7    Office is divided into different sections, so I'm with the
8    General Counsel's Office, there's an Examining Corps and then
9    there's the Board.  The Examining Corps and the Board are
10   separate divisions.

11   And in fact -- so my point is that when the Board says
12   that certain claims seem patentable or they reverse the
13   examiner's rejection, it ultimately has to go back to the
14   Examining Corps and the Examining Corps is the corps that has the
15   ultimate authority to determine whether something's patentable.

16   So for example, even if Your Honor decided that it -- you
17   didn't agree with the Board decision and reversed those
18   rejections, it would still have to go back to the Patent Corps
19   for the Patent Corps to decide if there are in fact any new
20   rejections that can be made because we have an obligation, a
21   statutory obligation to only issue patentable subject matter.

22   **And in fact in this case, we're seeking a remand because**
23   **we do have additional rejections that haven't been considered.**
24   And as plaintiff's counsel pointed out, he's saying that it seems
25   unfair in this case to bring up additional rejections.  And

(Emphasis Added)

there is discovery?

2   MS. AUYANG: Right. (And in fact, Your Honor, as I mentioned before, we plan on filing a motion to remand back to the Patent Office to consider all of these different new rejections that the office should have a first look at.)

6   THE COURT: And when are you going to file that motion?

    MS. AUYANG: We'd like to file it in the earlier part of next year.

9   THE COURT: Because you're sort of -- it sounds to me like you're saying that you don't need anything else except that motion to remand it back. Is that what you're really saying?

12   MS. AUYANG: That's what we would like for Your Honor to also agree with, yes, that if, in fact, the Patent Office should look at these rejections in the first instance and have the opportunity, with the applicant, to have a back and forth and complete the record for Your Honor, I think that would be the more appropriate course.

18   THE COURT: That goes back to, I guess, the original question I raised. When would you expect to file that motion?

20   MS. AUYANG: Hopefully by February.

21   THE COURT: And that would be the motion to remand you're referring to?

23   MS. AUYANG: Yes, Your Honor.

24   THE COURT: All right. I note that, I believe, the parties have agreed to a dispositive motion; I guess this is in