IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

        Plaintiff

     v.

JONATHAN W. DUDAS

        Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

PLAINTIFF REQUESTS AN
ORAL HEARING

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

Plaintiff, Harold V. Putman (the **"Inventor"**) opposes Defendant's Motion to Exclude or,

in the Alternative, to Dismiss and Remand (**"Motion to Exclude"** or **"Motion"**).  This is a civil

action to obtain a patent pursuant to 35 U.S.C. § 145.  Defendant, Jonathan W. Dudas, Director

of the United States Patent and Trademark Office (the **"Agency"**) is seeking to exclude the

Inventor's relevant evidence and arguments in this action concerning claims 45-56 of the

Inventor's patent application.[1]  The evidence and arguments are in the record of the Agency and

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

---

1     The claims delineate the invention sought to be patented in the patent application.  The
    scope of the patent protection in an issued patent is determined by the claims.

were previously considered by the Agency. Such evidence and arguments (along with new evidence) can be presented to the District Court in this action even if they were not already a part of the administrative record.

In its Motion to Exclude the Agency uses a violation by the Agency of its own rules to concoct an argument that the Inventor did not properly present his evidence and arguments to the Agency. Based on the Agency's false premise, the Agency contends evidence and arguments should be excluded from consideration in this action. However, given the twisted arguments in the Motion to Exclude, it is not clear that the Agency is only asking to exclude the Inventor's evidence and arguments supporting claims 45-56 in his patent application. Discovery from the Agency is necessary for the Inventor to fully respond to the Motion to Exclude. The Inventor requests the opportunity to supplement his Memorandum in Opposition after he receives discovery from the Agency identifying the Inventor's evidence and the arguments that the Agency seeks to exclude.

In addition, the Agency wants to eliminate the Inventor's right to have the Agency's action reviewed by this Court. The Agency is requesting that the Court dismiss this properly commenced civil action, remand this matter to the Agency, and substitute a review of the Agency's prior decision by the Agency.

If the Court remands this matter to the Agency, whether or not this lawsuit is dismissed beforehand, the Inventor loses the right to have the claims that the Agency rejected overturned. The Board of Patent Appeals and Interferences (**"Agency's Board"**), the entity in the Agency that handles appeals from the initial level of Patent Examiners, reversed some of the Patent Examiner's rejections of claims in the patent application (meaning that those claims are

2

patentable) and other of the Patent Examiner's rejections were sustained (meaning that those claims were not patentable in the view of the Agency's Board). The Agency's Rules do not allow the Agency to review and reverse rejections of claims that have been held not to be patentable in a final decision by the Agency's Board. Under the Agency's Rules only the Inventor's claims in his patent application that were found to be patentable by the Agency's Board can again be reviewed and rejected. The Inventor can only lose or stay the same in an Agency remand. The Inventor's due process rights will be violated if he does not receive an independent review of the Agency's decision. If there would be a remand to the Agency the Inventor would be prevented by the Agency Rules from having any chance of being granted a patent that includes his currently rejected patent claims.

The Agency also wants to add evidence to the administrative record after this matter is remanded to the Agency. The Agency wants to do this so that the numerous claims in the Inventor's patent application that the Agency's Board found to meet all the requirements for patentability, can be rejected. In this litigation the Agency is hiding the alleged new evidence that it claims is a basis for denying the Inventor the patent rights the Agency's Board already found he is entitled to receive. Discovery is necessary to identify the new evidence (and to determine if such evidence even exists, as the Agency's position is now only that such evidence "may" exist). The Inventor requests the opportunity to supplement this Memorandum in Opposition after he receives discovery from the Agency identifying the new evidence that the Agency wants to introduce into the Agency's record if this matter is remanded to the Agency.

There is nothing that prevents the Agency from introducing new evidence at the trial in this Court. However, the Agency probably wants to have the evidence entered into the Agency's

record instead of the Court's record, as decisions of the Agency based on evidence in the administrative record are entitled to greater deference when Agency decisions are appealed to the Court of Appeals for the Federal Circuit. The Agency is planning to ask Congress to take away the right of patent applicants to appeal to District Court, such as in this action.

There is no basis to exclude any of the Inventor's evidence. The Inventor also objects to a dismissal of this lawsuit and a remand to the Agency. The Inventor asks that the Agency's Motion to Exclude be denied.

**BACKGROUND**

The Inventor filed a patent application with the Agency on January 19, 1999. After an Agency Patent Examiner rejected all the claims in Inventor's patent application, the Agency's Board reversed the rejections of 20 claims (meaning those claims are patentable) and sustained the rejection of 36 claims. Opposition to Exclude Exhibit 1 (**OTE Exhibit 1**). The Inventor appealed the decision of the Agency's Board to this Court. This is a civil action for a patent pursuant to 35 U.S.C. § 145.[2]

---

2    Text of 35 U.S.C. § 145:  An applicant dissatisfied with the decision of the Board of Patent Appeals and Interferences in an appeal under section 134(a) of this title may, unless appeal has been taken to the United States Court of Appeals for the Federal Circuit, have remedy by civil action against the Director in the United States District Court for the District of Columbia if commenced within such time after such decision, not less than sixty days, as the Director appoints. The court may adjudge that such applicant is entitled to receive a patent for his invention, as specified in any of his claims involved in the decision of the Board of Patent Appeals and Interferences, as the facts in the case may appear and such adjudication shall authorize the Director to issue such patent on compliance with the requirements of law. All the expenses of the proceedings shall be paid by the applicant.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

4

## NO LEGAL BASIS FOR THE AGENCY'S MOTION TO DISMISS

This is a civil action. Federal Rule of Civil Procedure 12 governs defenses and motions to dismiss. **OTE Exhibit 2**. According to Federal Rule of Civil Procedure Rule 12(b), defenses to a lawsuit can be presented in a responsive pleading or by motion. *Id.* The Agency has stated its defenses in its Answer (**OTE Exhibit 3**) <u>and</u> by the present Motion (which requests dismissal of the action). Defenses are only to be set forth in the answer <u>or</u> in a motion. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1347 (2004). More importantly, the Motion filed by the Agency does not state any grounds for dismissal under Federal Rule of Civil Procedure 12, the only Federal Rule concerning motions to dismiss. **OTE Exhibit 2**. The Motion should be denied as procedurally improper.[3]

The Agency also attached matters outside of the pleadings to its Motion. The Agency may contend that it filed a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In that case the Federal Rule provides that such a motion with documents attached "shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." **OTE Exhibit 2**. If the Court considers any of the documents attached to the Agency's Motion, the Motion must be considered a motion for summary judgment and the Inventor is entitled to the opportunity to present all rebuttal evidence that is pertinent.

---

[3]    In the Order Scheduling Discovery and Motions dated January 19, 2006, the Court indicated that the Agency may file a motion to exclude evidence and remand. **OTE Exhibit 4**. The Court Order contemplated a motion to exclude evidence and a motion to remand to the Agency; however, the Court Order did not address or authorize the Agency to file a motion to dismiss the Court action.

The Agency's Motion should be properly considered a Rule 56 motion under the Federal Rules of Civil Procedure.  As such, the Agency failed to comply with Rule 56(e), as the documents it presented in support of its Motion were not supported by affidavits or declarations as the Rule specifically requires.  **OTE Exhibit 5**.  The Agency also failed to comply with Local Rule 7(h), which requires a statement of material facts to be included in any motion for summary judgment.  **OTE Exhibit 6**.  The Inventor requests denial of the Agency's Motion.

The Inventor requests the opportunity to obtain discovery from the Agency and to supplement this response to the Agency's Motion before the Court rules.  Discovery is necessary before the Inventor can adequately respond to the Motion.  The Inventor does not know the exact nature of the evidence that the Agency seeks to exclude.  The Inventor also does not know the nature of the additional evidence that the Agency alluded to on pages 17-18 of the Motion, or if such evidence even exists.  (The Agency only says that such evidence "may" exist, but has refused to provide it as part of its Rule 26 initial disclosures or in response to the Inventor's discovery requests).  Federal Rule of Civil Procedure 56(f) allows for discovery if it is needed to respond to a motion for summary judgment.  **OTE Exhibit 5**.  Discovery is needed.

The Inventor has served a Notice of Deposition on the Agency for April 21, 2006.  The Inventor seeks to obtain information concerning the Agency's "additional rejections" of claims in the Inventor's patents, identification of the evidence that the Agency wants to exclude from consideration in this lawsuit, the evidence that the Agency characterizes as "not properly submitted to the PTO Board," and the additional evidence that the Agency states "may be relevant" to the validity of all the claims in the Inventor's patent application.  The discovery is necessary to allow the Inventor to fully respond to the Agency's Motion.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

6

The Inventor requests the Court to deny the Agency's Motion as the Agency did not comply with the Federal Rules of Civil Procedure, and no grounds for dismissal have been alleged or proven. Alternatively, the Inventor requests the opportunity to obtain discovery on those topics covered by the discovery requests he has already served on the Agency, so he may have the evidence needed to rebut the Agency's unsupported assertions made in the Motion.

## NATURE OF A 35 U.S.C. § 145 PROCEEDING

The Congress has provided and the United States Supreme Court has held that there are two ways for a patent applicant who is denied a patent by the Agency to seek review.[4] The Court stated in *Dickinson v. Zurko*:

> An applicant denied a patent can seek review either directly in the Federal Circuit, see 35 U.S.C. § 141, or indirectly by first obtaining direct review in federal District Court, see § 145. The first path will now bring about Federal Circuit court/agency review; the second path might well lead to Federal Circuit court/court review, for the Circuit now reviews Federal District Court factfinding using a "clearly erroneous" standard. *Gould v. Quigg*, 822 F.2d 1074, 1077 (1987). 527 U.S. 150, 164 (1999).

---

4    In its Motion the Agency criticizes the inventor for not taking other routes for relief, such as filing a request for rehearing before the Agency's Board pursuant to 37 C.F.R. § 41.52. A request for rehearing is not a prerequisite to an appeal to this Court. Further, the request for rehearing can only concern issues misapprehended by the Board. If the Board does not believe that the issues were overlooked or misapprehended, the appeal time to the Federal Circuit or to the U.S. District Court for the District of Columbia could be delayed for many months. Further, the Agency contends that the Inventor could file a petition with the Director of the U.S. Patent and Trademark Office pursuant to 37 C.F.R. §§ 1.182 and 1.183. However, 37 CFR § 181 controls both of these sections and states that if the matter is one an inventor can appeal to court, then the matter is not petitionable. Therefore, the petitions under 37 CFR §§ 1.182 and 1.183 were not available to the Inventor.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

The Agency does not like 35 U.S.C. § 145 actions. In a speech to the Case Western Reserve University Law School, Solicitor John M. Whealan of the United States Patent and Trademark Office stated, "You can sue us in District Court as well. Most people don't do that. It's under a section called 145. You . . . It's not certain why people do it." John Whealan, *The Role of the Solicitor's Office in Shaping Patent Policy*, Case School of Law, Distinguished Intellectual Property Lecture Presented by the Center for Law, Technology and the Arts. (Feb. 1, 2006), available at http://www.law.case.edu/lectures/index.asp?lec_id=110. Further, the Agency has publicly stated that it wants to study the elimination of 35 U.S.C. § 145 actions. **OTE Exhibit 7**. Meanwhile, the Agency is trying to mold the § 145 proceeding into an appeal instead of a *de novo* court action. Consistent with its position in past cases, the Agency is asking the Court to cut off the Inventor's appeal rights, as the dismissal of this lawsuit would leave the Inventor with no way to appeal his claims that were rejected by the Agency's Board. MPEP 1216.01(B) [concerning Federal Circuit Court appeals] as incorporated by MPEP 1216.02 [concerning District Court appeals].[5] **OTE Exhibit 8.**

The Inventor respectfully requests the Court to give effect to the intent of Congress as expressed in 35 U.S.C. § 145 and not consider what the Agency would like the law to be. An independent review of governmental agency action is necessary. *Universal Camera v. NLRB*, 340 U.S. 474, 490 (1951) [referring to National Labor Relations Board]. The law does not favor the elimination of an independent review of the Agency's actions as expressly provided for by Congress. The Agency is requesting the Court to dismiss the Inventor's properly pending action

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

---

5    The "MPEP" is the Manual of Patent Examining Procedure that governs the conduct of the Agency. The rules apply to patent examiners, inventors, and inventors' attorneys. INTRODUCTION TO MANUAL OF PATENT EXAMINING PROCEDURE, 1.

for independent judicial review and allow an Agency review of its own decisions. It is respectfully submitted that this is contrary to what Congress provided in the statute and will deny the Inventor due process.

## NEW ARGUMENTS AND EVIDENCE ARE ALLOWED

The Inventor and the Agency are allowed to put in new evidence and new arguments in this civil action in the District Court. John Whealan, *The Role of the Solicitor's Office in Shaping Patent Policy*, Case School of Law, Distinguished Intellectual Property Lecture Presented by the Center for Law, Technology and the Arts. (Feb. 1, 2006), available at http://www.law.case.edu/lectures/index.asp?lec_id=110. [as to the ability of the Agency to put in evidence]. The United States Supreme Court has also stated, "[T]he second path [35 U.S.C. § 145] permits the disappointed applicant to present to the court evidence that the applicant did not present to the PTO." *Dickinson v. Zurko,* at 164. The United States Supreme Court continued, "The presence of such new or different evidence makes a factfinder of the district judge." *Id.*

The line of cases cited by the Agency in its Motion that hold that only limited new evidence can be introduced into the trial court, has been superceded by the United States Supreme Court. The Agency has cited the old cases in a number of other lawsuits, and has developed a line of cases that fall like a stack of cards when they are critically reviewed. For instance, the Agency leans heavily on the case of *DeSeversky v. Brenner.* 424 F.2d 857 (D.C. Cir. 1970). However, the Agency never mentions the later United States Supreme Court case, which impliedly discredited the holding of the earlier case. *Zurko,* at 164.

The Agency has admitted previously that new evidence can be offered in a trial in District Court under 35 U.S.C. § 145. The Agency admitted to the United States Supreme Court during oral argument that new evidence is properly admitted in a § 145 action. *Dickinson v. Zurko*, 527 U.S. 150 (1999), Oral Arguments, http://www.oyez.org/oyez/resource/case/784/argument/transcript.

The Agency further states that patent applications cannot be re-prosecuted in Court, and therefore the introduction of new evidence in this civil action is not appropriate. The Agency improperly cites the *Star Fruits* case for this proposition. *Star Fruits* v. *U.S.*, 280 F. Supp. 2d 512 (E.D.Va. 2003), *aff'd.* 393 F.3d 1277 (Fed. Cir. 2005). The *Star Fruits* case does not involve an appeal under 35 U.S.C. § 145. 35 U.S.C. § 145 cases inherently involve the determination of whether a patent must be granted by the Agency.

In the present action, the Agency does not want to proceed with discovery, have the Court consider new evidence, or have a trial before the Court as the statute provides. The Agency admits that it frequently objects to evidence. Motion to Exclude, p. 10. The Agency states, "The Government will often seek to preclude new arguments or evidence a plaintiff could have, but did not, present to the Agency below." *Id.* Solicitor Whealan further agreed with those comments in his statement to the Case Western Reserve University, "People try to put in new evidence. There are rules as to what you can and can't put in, so sometimes that's a bit of a fight. I think people sometimes do it when they haven't prosecuted the case quite as well as they want to. That's the good news for you, but the bad news is we get to put in new evidence too." John Whealan, *The Role of the Solicitor's Office in Shaping Patent Policy*, Case School of Law, Distinguished Intellectual Property Lecture Presented by the Center for Law, Technology and the Arts. (Feb. 1, 2006), available at http://www.law.case.edu/lectures/index.asp?lec_id=110. The

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

point is that the Supreme Court and even the Agency recognize that new evidence is permitted to be introduced in a District Court action such as this one. However, in this action the Agency is trying to gain advantage by presenting its new evidence at the agency level on remand, and not at the District Court level where the Inventor has a chance to challenge the evidence through discovery and rebuttal before an unbiased Federal Judge as Congress has provided.

The Inventor intends to present new evidence at the trial of this lawsuit. This evidence is likely to include rebuttal of any new evidence from the Agency, the Inventor's live testimony and maybe expert witness testimony. Even the Agency concedes putting in live evidence is allowed under 35 U.S.C. § 145, which is not possible in Agency proceedings. Motion to Exclude p. 11. There may also be new evidence that the Inventor will want to introduce to counter the new claim rejection arguments that were mentioned by the Agency in the Initial Status Hearing and that were referred to in pages 17-18 of the Agency's Motion to Exclude. It is too early in the Court process for the Inventor to have determined all the evidence and arguments that it will present to the District Court in this matter.

**EVIDENCE IS IN THE AGENCY RECORD**

The Agency moves to exclude evidence and arguments concerning claims 45-56 in the Inventor's patent application. However, the Agency also seeks the exclusion of "Plaintiff's arguments in evidence that were not properly submitted to the PTO Board" in the Agency's proposed Order that it is asking the Court to enter. The Inventor does not know the scope of the evidence and arguments that the Agency is seeking to exclude and the factual basis for such

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

11

contentions.  The Inventor has requested the Agency to clarify this matter in a deposition on

April 21, 2006.  The deposition date was set prior to the filing of the Agency's Motion.

**OTE Exhibits 9 and 30.**

  The only information about Inventor evidence and arguments that the Agency wants to

exclude from Court consideration that the Inventor is able to glean from the Agency's Motion, is

that the Agency contends that evidence and arguments concerning the Inventor's claims 45-56

were not properly before the Agency.  Those contentions are contradicted by the administrative

record before the Agency.  Claims 45-56 were argued and evidence was presented concerning

those claims in the Inventor's First Response filed on August 7, 2001.  **OTE Exhibit 10.**  All the

claims in the Inventor's patent application were argued and evidence discussed in the Inventor's

Appeal Brief that was submitted to the Agency's Board and was filed on February 27, 2002.

**OTE Exhibit 11.**  In addition, many of those claims were discussed in the Inventor's First Reply

Brief of May 20, 2002 and the Inventor's Second Reply Brief of March 17, 2005.  **OTE Exhibits**

**12 and 13**.  All of those documents are in the record that the Agency referred to on page 6 of the

Agency's Motion.  **OTE Exhibits 14 and 15.**  The Inventor properly introduced evidence and

stated his arguments before the Agency.  However, as previously discussed, what evidence was

before the Agency should not be an issue as the U.S. Supreme Court in *Dickinson v. Zurko*

indicated that any evidence, whether new or old, can be introduced in a 35 U.S.C. § 145

proceeding.  527 U.S. 150, 164.

  Even if the standard alleged by the Agency is used, evidence and arguments concerning

Inventor's claims 45-56 are in the record of the Agency and should not be excluded from being

presented at trial in this civil action.  The Agency even admits that it has such evidence and

arguments in the Agency record, as it has attached the Inventor's Appeal Brief to its Motion as Exhibit D. The Inventor presented the arguments and evidence and the Agency had the opportunity to consider the arguments and evidence. The evidence and arguments were not hidden from the Agency. How could they be "hidden" if the evidence and arguments concerning claims 45-56 in the Inventor's patent application are included in the attachment to the Agency's Motion?

If the standard for introduction of evidence in a 35 U.S.C. § 145 action is what the Agency incorrectly alleges, the Agency would have the burden of proving that the evidence should be excluded for the fraud, gross negligence or willfulness of the inventor. Usually the person wanting to exclude evidence must prove the basis for such exclusion. The Agency has not met that burden.

Claims 45-56 were presented and argued by the Inventor before the Agency in the First Response of August 7, 2001, the Appeal Brief dated February 27, 2002, the First Reply Brief dated May 20, 2002 and the Second Reply Brief dated March 17, 2005. **OTE Exhibits 10-15.** The evidence and arguments concerning claims 45-56 that the Agency does not want the Court to consider are in the administrative record of the Agency. **OTE Exhibits 10-15.** Claims 45-56 were considered by the Agency's Board. **OTE Exhibit 1.** The Agency record shows that evidence and arguments related to Inventor's claims 45-56 were considered by the Agency. Although the Supreme Court in *Zurko* made clear that presentation of evidence in the District Court does not depend on whether the evidence was presented to the Agency, the Agency's contentions that the Inventor's evidence and arguments about these claims were "hidden" through fraud, gross negligence or willfulness, are baseless. **OTE Exhibit 30.**

## THE AGENCY VIOLATED ITS RULES

The Agency's Board violated the Inventor's due process rights, as it did not follow its own Rules. The Agency's Board alleged that the Second Reply Brief filed by the Inventor on March 17, 2005 **(OTE Exhibit 13)** did not comply with the Rules; therefore the Agency's Board only considered the Second Reply Brief **(OTE Exhibit 13)** and ignored the Inventor's Appeal Brief **(OTE Exhibit 11)** and the Inventor's First Reply Brief **(OTE Exhibit 12)**. **OTE Exhibit 1, p. 9, fn 3.** This was contrary to a number of Agency Rules.

In order to show how the Agency violated its Rules, it is necessary to review the history of the Inventor's patent application in the Agency. The patent application was filed on January 19, 1999. The invention is a novel Automated Teller Machine, called the "Saddle ATM."

There were a number of communications between the Agency and the Inventor concerning the patent application. The Inventor's First Response dated August 7, 2001 properly included claims 45-56 and arguments and evidence in support of those claims (that the Agency seeks to exclude in this Action). **OTE Exhibit 10.** After all the Inventor's claims were rejected, a Notice of Appeal to the Agency's Board was filed by the Inventor. The Inventor filed an Appeal Brief on February 27, 2002. **OTE Exhibit 11.** Under the applicable Agency Rule in effect at the time, 37 C.F.R. 1.192, the Inventor's Appeal Brief included citation to all the legal authorities and arguments on which the Inventor relied in the appeal. **OTE Exhibits 11 and 21.** Even though the Appeal Brief complied with the Rules, the Agency's Board ignored the Rules and did not consider the Appeal Brief. This is admitted by the Agency's Board in its Decision of July 25, 2005. **OTE Exhibit 2, p. 9, fn 3.**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

Returning to the history before the Agency, after the Appeal Brief was filed by the Inventor, the Patent Examiner filed for the Agency the Examiner's Answer to Appeal Brief **(OTE Exhibit 16)**. In reply the Inventor filed his First Reply Brief on May 20, 2002 **(OTE Exhibit 12)**.

Upon review of the Examiner's first Answer, the Agency's Board found the Examiner's Answer included numerous legal errors and deficiencies. **OTE Exhibit 17**. These errors included citation to an incorrect statute (e.g. 35 U.S.C. § 132) to support the rejections of claims 45-47. *Id*. at p. 2, l. 16-19. The errors also included a failure to clearly explain the basis for the rejection of many of the claims (e.g. claims 46 and 48 through 51) *Id*. at p. 3, l. 1-7. The Examiner's Answer also inaccurately referred to itself as an "Office Action" and included statements regarding the canceling of claims which would only have been allowed in a true Office Action. **OTE Exhibit 16, p. 11, l. 8.**

Rather than deciding the matter in the Inventor's favor based on the errors and deficiencies in the Examiner's Answer, which would have been proper under the Agency Rules, the Board gave the Examiner a second bite at the apple. The Agency's Board stated that it would not speculate as to the grounds of rejection the Examiner *intended* to present in his Answer, and issued a Remand of Appeal dated October 21, 2004 **(OTE Exhibit 17)**. The Agency's Board remanded the case back to the Examiner for further action not consistent with the views presented in the Remand. In explaining the reasons for the remand, the Agency's Board stated that, "Any subsequent examiner's answer submitted by the examiner should be self-contained with respect to all rejections and arguments; no prior answer or Office actions should be referenced or incorporated therein." *Id*. at p. 3, l. 11-14. This statement in the Remand

15

corresponded to the Agency's new Rule MPEP § 1207.02. **OTE Exhibit 18.** That Rule states

that, "An examiner's answer should not refer, either directly or indirectly, to any prior Office

action without fully restating the point relied on in the answer." **OTE Exhibit 18.**

 The original Examiner's Answer was filed under the old Rule, MPEP § 1208(a), which

allowed the Examiner's answer to refer to one prior office action. The Agency's Board was

attempting to remind the Examiner of the new Rule for Examiner's answers.

 Immediately following that apparent reminder about the new Rule regarding the form of

an Examiner's Answer, the Agency's Board included the following,  "And similarly, any

subsequent brief submitted by the Appellants should be self-contained with respect to all

arguments. No prior briefs should be referenced or incorporated therein." **OTE Exhibit 17, p. 3.**

A reasonable interpretation is that the Agency's Board was requesting that any new arguments

made by the Inventor in a second reply brief which replies to any new issues raised in the

Examiner's second answer, should be self-contained and should not reference the First Reply

Brief that had already been filed by the Inventor.

 The Examiner filed a new Answer on January 27, 2005. **OTE Exhibit 19.** In response

the Inventor filed the Second Reply Brief on March 17, 2005. **OTE Exhibit 13.** All arguments

made in the Second Reply Brief were directed to the new issues presented in the second

Examiner's Answer, and these arguments were self-contained. **OTE Exhibit 13.** The arguments

presented in the Second Reply Brief did not reference any arguments in the previous reply brief.

The Second Reply Brief fully complied with the Agency Board's Remand. **OTE Exhibits 17**

**and 30**.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

The Second Reply Brief did mention the Appeal Brief. However, the references to the Appeal Brief were necessary to counter improper characterizations made about the Appeal Brief by the Examiner in his second Answer. **OTE Exhibit 13**, **p. 2** and **OTE Exhibit 19**. Further references to the Appeal Brief clarified which new issues the Inventor was responding to in the Second Reply Brief as opposed to the issues previously addressed in the Appeal Brief. **OTE Exhibit 13**, **p. 5, l. 2-9**. There is no Agency Rule which prohibits a patent applicant from mentioning his Appeal Brief in his Reply. In addition, there is no Agency Rule which requires a patent applicant to restate in his reply brief every argument previously presented in the appeal brief. **OTE Exhibit 20**. The Agency's Rules only require a reply brief to address the new issues raised in an Examiner's answer.

On July 25, 2005 the Agency's Board decided the Inventor's administrative appeal. Despite the Examiner having rejected all the claims in the Inventor's patent application, the Agency's Board reversed the Examiner in part. The Agency's Board found that 20 claims of the Inventor's patent application should not have been rejected.[6] **OTE Exhibit 1.**

The Agency's Board decision also held that the Inventor did not file an appropriate Second Reply Brief, as the Inventor had not stated all his arguments in the Second Reply Brief. **OTE Exhibit 1, p. 9.** Therefore, the Agency's Board failed to consider the Inventor's Appeal Brief filed on February 27, 2002 **(OTE Exhibit 11)** and the Inventor's First Reply Brief filed on

---

[6]    The Board affirmed the Examiner on the rejection of all of the other claims in the patent application. If any claims in a patent application are not rejected, a patent should issue which includes those claims that were not rejected. The claims that the Agency's Board found should not be rejected, and therefore are patentable, were claims 12-22, 28-32 and 41-44. **OTE Exhibit 1**.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

17

May 20, 2002 **(OTE Exhibit 12)**. The Agency's Board based its decision only on the Second

Reply Brief filed on March 17, 2005 **(OTE Exhibit 13)**. The Board ignored the Inventor's other

briefs. **OTE Exhibit 1, p. 28.** Strangely the Agency's Board considered only the Inventor's

brief they alleged did not comply with the Rules. They refused to consider the Inventor's two

briefs that were accepted by the Agency and were never determined to be deficient [Appeal Brief

of February 27, 2002 **(OTE Exhibit 11)** and First Reply Brief of May 20, 2002 **(OTE Exhibit**

**12)**]. **OTE Exhibits 14 and 15.**

The Board specifically affirmed the rejection of claims 45-56. **OTE Exhibit 1, p. 28.**

Those are the claims in which the Agency is now contending the Inventor had "hidden" his

arguments and evidence in support.

The Board's decision cited 37 C.F.R. § 1.192 (a) for the authority that arguments not

included in the Second Reply Brief were refused consideration. **OTE Exhibit 21.** However,

37 C.F.R. § 1.192(a) only applies to appeal briefs, *not reply briefs*. **OTE Exhibit 21.** The

Inventor's Appeal Brief contained the arguments of the Inventor and cited to the evidence that

had been presented to the Agency by the Inventor. The Appeal Brief included arguments

concerning claims 45-56, the claims that the Agency wants to exclude from evidence in this case.

The Appeal Brief also mentioned the evidence in support of claims 45-56. **OTE Exhibit 11, p.**

**7-12; 50-63.**

The refusal to consider the Inventor's Appeal Brief makes no sense, in that the Agency's

Board found the Inventor's Second Reply Brief defective. More significantly, the Rules of the

Agency explicitly require that if there is any problem with a patent applicant's appeal brief, the

applicant is to be given notice and thirty days to remedy any defects in the appeal brief.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

18

MPEP § 1205.03. **OTE Exhibit 22.** The Inventor was given no such chance, even though the Agency Rules say he should have been.

The Examiner was given a second chance when his Answer was found defective. **OTE Exhibit 17**. Due process requires that if the Examiner is given a second chance to correct any defect in a document before the Agency's Board, the Inventor should be given the same right. In fact, the Agency's Rule requires the Agency's Board to give the Inventor another chance to get it right. **OTE Exhibit 22.** Contrary to the Agency Rule, the Board threw out Inventor's Appeal Brief **(OTE Exhibit 11)**, and did not give the Inventor 30 days to revise his Appeal Brief as required by MPEP § 1205.03. **OTE Exhibit 22.** The Inventor contends that his Appeal Brief, First Reply Brief and the Second Reply Brief all complied with the Rules. The first Examiner's Answer did not follow the Agency's Rules, but all of the Inventor's briefs complied with the Rules.

There is also a Rule concerning reply briefs that requires the Agency to notify the Inventor if it believes that a reply brief does not comply with the Rules. MPEP § 1208. **OTE Exhibit 23**. The Agency's Rules say that if a reply brief does not comply with its Rules (and the patent applicant does not make it compliant in accordance with the Rules, after being notified that it is noncompliant) the reply brief is not considered. No Rule allows the Agency to ignore a compliant appeal brief due to the later filing of a noncompliant reply brief. If the Agency's Board had followed the Rules that it is required to follow, it would have notified the Inventor that the Second Reply Brief was defective. *Id.* If the Inventor had been notified, the Inventor could have addressed the issue or dismissed his appeal and requested continued prosecution of the patent application in the Agency. MPEP § 1207.05 II. **OTE Exhibit 24.**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

19

Additionally, the Agency's Board can order the Inventor to file another brief on any issue that the Agency's Board considers to be of assistance.[7]   MPEP § 1212.  **OTE Exhibit 25.**

One of the key points is that the Inventor's Second Reply Brief, which the Agency's Board decided was defective, complied with all the Rules of the Agency.  In addition, the evidence and arguments concerning claims 45-56 had been presented in the Inventor's First Response **(OTE Exhibit 10)** prior to the appeal to the Agency's Board.  The First Response is in the record of the Agency.

The Inventor's Second Reply Brief, the brief that the Agency's Board allegedly found defective, complied with all the Agency's Rules for reply briefs.  **OTE Exhibit 23**.  The new Rule clarifies that a reply brief is complete as to its arguments when it only contains arguments that are responsive to the Examiner's answer.  A reply brief need not contain every argument in front of the Agency's Board.  *Id.*

The Agency cites the Remand Order of October 21, 2004 as the reason for the finding that the Second Reply Brief is defective.  However, the Inventor complied with the Remand Order.  **OTE Exhibits 17 and 30.**  The Remand Order stated that, "Similarly, any subsequent brief submitted by the appellants should be self-contained with respect to all arguments." **OTE Exhibit 17, p. 3.**  From a review of the Rules on reply briefs it was clear to the Inventor's attorney that this meant that all arguments required to be stated in a reply brief must be stated in full and not refer to prior reply briefs for the complete explanation of the particular argument.

---

7  The request to the Inventor made in the Remand Order did not correspond to such an order.  **OTE Exhibit 17.**  The request was not in a separate paper directed to the Inventor; rather it was in an order to the Examiner, and the request did not set a non-extendable time period within which the Inventor was to respond pursuant to MPEP § 1212.  **OTE Exhibit 25.**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

**OTE Exhibit 30.**  This did not mean that all arguments before the Agency's Board in the appeal needed to be restated.  The brief was to be self-contained as to each argument presented in the reply brief.  This is consistent with the general rule on reply briefs in a court setting.  Courts do not want to see all the arguments that are in the case in a reply brief; only arguments addressing issues raised by the opposing brief.

Secondly, the Agency uses "should" as permissive and "shall" or "must" as mandatory.  The Remand only stated that the briefs "should" be self-contained; not "shall" be self-contained.  **OTE Exhibit 17.**  Attached as **OTE Exhibit 26** are several examples in the Manual of Patent Examining Procedure and the Code of Federal Regulations in which the word "should" is used.  The Agency's Regulations make it clear that when the Agency uses "should" it means "preferable."  The examples concern the order of elements in a patent application and the Agency's guidelines for patent drawings. *Id.*  In each case the word "should" is used as "permissive" or "preferable" but not as "mandatory."  Noncompliance with the suggestions in those examples does not carry any sanction.

The noncompliance with the "should" statement in the Remand should not have as a sanction the disregard of two of the Inventor's briefs that are not defective. The Inventor contends that all his briefs filed with the Agency complied with the Rules.  **OTE Exhibit 30.**  However, if the Court finds that any of the briefs did not comply with the Rules, the Inventor requests that the Court find that the noncompliance should be overlooked as the Agency did not comply with its own Rules.

The Agency urges the Court to find that the Inventor's evidence and arguments properly before the Agency should be excluded because they were not restated in a reply brief.  Motion to

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

21

Exclude, page 14. However, the Agency violated its own Rules by not allowing the Inventor the opportunity to file a new brief or notifying the Inventor that the brief was defective. The Inventor did not have the opportunity to restate the arguments. The Inventor did not get the opportunity the Agency Rules require, let alone the second bite at the apple that the Agency's Board gave the Patent Examiner to file another Answer with arguments to reject the Inventor's claims.

The Agency is requesting that the Court exclude arguments that were made at least four times in the record of the Agency. The Agency's contentions are wrong with regard to both the facts and the law. The Agency must follow its Rules and give due process to the Inventor. Even if the Court finds that the evidence and arguments were not before the Agency, new evidence and new arguments can be presented in a 35 U.S.C. § 145 proceeding. *Dickinson v. Zurko*, p. 164.

The Agency wants to benefit from the fact that the Agency's Board improperly only looked at one of the Inventor's briefs, the brief that was allegedly defective. The Agency also ignores the arguments concerning the disputed claims 45-51 that were discussed in the only brief considered by the Agency's Board. **OTE Exhibit 13, p. 5-10**. The Agency wants to exclude relevant evidence from being considered by the Court by ignoring that the evidence and arguments are in the Agency's records and hiding behind the Agency's own violation of its Rules. The Inventor asks this Court to reject the Agency's tactics.

The Inventor complied with all the Rules; the Agency did not. After violating the Rules the Agency wants to deny due process to the Inventor. The Agency has distorted the facts and cited discredited legal precedent to try to exclude evidence that may be presented to this Court. The Inventor urges this Court to allow any evidence or arguments that are relevant to be presented to this Court at trial.

## NO REMAND TO THE AGENCY

The Agency is asking that it be allowed to look at the Inventor's patent application again, which some courts have held to be contrary to 35 U.S.C. § 145. In addition, if the matter is remanded to the Agency the Inventor would be harmed. The harm would include cutting off his appeal rights, giving greater weight to new evidence the Agency wants to introduce at the Agency level, allowing the Agency to change the record that the Court can consider, and delaying resolution of this matter beyond the seven years that the Agency has already delayed the Inventor's grant of a patent. The Agency is in effect asking the Court to deny the Inventor the right of a timely independent judicial review of the Agency's actions.

The Inventor has a remedy for the denial of the claims in his patent application "by civil action against the Director in the United States District Court for the District of Columbia." 35 U.S.C. § 145. The remedy is not another Agency review. The U.S. District Court for the District of Columbia declared that 35 U.S.C. § 145 does not provide for a remand to the Agency. *Jennings v. Brenner*, 255 F. Supp. 410, 412 (D.D.C. 1966) and *General Tire and Rubber Co. v. Watson*, 184 F. Supp. 344, 351 (D.D.C. 1960). The statute provides an independent judicial review of the actions of the Agency, not another review of the actions of the Agency by the Agency. Exhibit N in the Agency's Motion to Exclude points out that over fifty percent (50%) of the time the Agency's Board finds that the Agency's Examiners did not correctly assess the patentability of claims in patent applications subject to appeal. This highlights that errors are made at the Agency and there is a need for independent judicial review of the Agency's decisions.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

23

The Agency is concerned that leaving this matter to the Court will result in piecemeal litigation.  However, there is only piecemeal litigation if the case is remanded to the Agency.  The Court can decide all of the issues.  District Courts handle patent infringement cases.  28 U.S.C. § 1338.  In patent infringement cases the District Courts decide patentability issues.  *J.E.M. Ag Supply* v. *Pioneer Hi-Bred International*, 534 U.S. 124, 130.  This includes making an independent determination of whether the patented invention meets the requirements for patentability and whether the patent the Agency granted is valid.  The Agency does not have a monopoly on the ability to decide patentability issues.

**A REMAND WOULD HARM THE INVENTOR**

A remand to the Agency would harm the Inventor and deny the Inventor his appeal rights.  If the matter is remanded the Agency can only deny more claims in the patent application.  The Agency Rules state that it will not overturn the rejections of claims that were affirmed by the Agency's Board.  The Agency also wants to change the record of the Agency.  The Agency wants its new evidence to have greater weight than if it was presented to the Court.  The Agency has now had more than seven years to reject the Inventor's patent application.  There needs to be judicial review.

On remand the Agency can only deny more of the Inventor's claims, not allow the currently rejected claims in the patent application. MPEP 1214.04.  **OTE Exhibit 27.**  The final findings of the Agency's Board cannot be overturned by the further proceedings of the Agency.  MPEP 1214.06.  **OTE Exhibit 28.**  The Agency cannot review the rejections of 36 claims in the Inventor's patent application sustained by the Agency's Board.  But the Agency could review,

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

24

and possibly reject, the 20 claims in the Inventor's patent application that were indicated as patentable by the Agency's Board. **OTE Exhibits 27 and 28.** The Agency has stated its desire to reject all claims in the Inventor's patent application. **OTE Exhibit 29.** The Agency is asking the Court to order further proceedings at the Agency in which the Agency can only win and the Inventor can only stay the same or lose. Heads the Agency wins, tails the Inventor loses. This does not comply with due process.

It is important to have an effective court review in this matter. If this lawsuit is dismissed the Inventor's rejected claims will never be reviewed again, let alone be allowed by the Agency. **OTE Exhibits 27 and 28.** The Agency is trying to do what was found to be improper by the Supreme Court in *Southern Pacific Terminal Co. v. ICC*, which was directed to governmental agency actions which were continually modified to avoid judicial review. 219 U.S. 498 (1911). *Southern Pacific Terminal Co. v. ICC* held that short term agency actions regarded as moot but capable of repetition cannot be used by an administrative agency to evade review and a chance of redress. *Id.* at 514. Similarly, the Agency in this case should not be permitted to endlessly present different rejections against the Inventor's claims and avoid the effective review by a court.

On page 15 of the Motion to Exclude, the Agency improperly mentions settlement discussions that are covered by Evidence Rule 408. The Inventor asks that these be stricken from the Motion to Exclude. However, the Inventor wants to point out that one of the reasons the Inventor did not agree to a remand to the Agency is that the Agency Rules do not allow further Agency review of claims which have been rejected in a final decision by the Agency's Board. **OTE Exhibits 27 and 28.** Further Agency review would not benefit the Inventor. The

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

25

settlement proposal of the Agency was to have the Agency's Board again review the patent

claims. There is no Agency Rule that allows the Board to change a decision which is final. If a

patent would issue to the Inventor after such a review that is improper under the Agency Rules,

the patent may be subject to attack as invalid in court. This would not benefit the Inventor.

Not only would the Inventor be harmed in a remand to the Agency by the inability of the

Agency to allow additional claims in his patent, but the Inventor would also be harmed by the

greater weight that can be given to evidence that is introduced by the Agency at the agency level.

The Agency prefers to introduce evidence in the Agency instead of producing evidence

before the Court. This is because the Agency seeks to have its decisions based on such evidence

be accorded greater deference on appeal than decisions by the Court. Upon appeal to the Court

of Appeals for the Federal Circuit, Agency decisions based on evidence considered by the

Agency are subject to a court/agency standard of review. *Zurko*, p. 490. Under the court/agency

standard of review, decisions of the Agency are harder to overturn on appeal than District Court

decisions based on evidence presented at trial. District Court decisions are reviewed under a

court/court standard. *Id*. If the evidence is put in at the agency level, any Agency decision based

thereon is given greater deference than a decision of the court based on the same evidence

introduced at trial. Therefore, the Agency wants to introduce all its new evidence that it alludes

to on pages 17-18 of the Motion to Exclude at the Agency level and make Agency decisions

based thereon, even though the Agency can introduce the same evidence at trial before this Court.

The tactic is that the Agency prefers its own administrative appeals and appeals directly to the

Federal Circuit in which Agency decisions are accorded greater deference than in the District

Court.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

The Agency wants to change the administrative record after the Inventor has properly invoked his right to judicial review. **OTE Exhibit 29, p. 15.** The record is the record. The Agency had its opportunity for almost seven years to introduce whatever it wanted to into the record at the agency level. They also have the opportunity to introduce new evidence before this Court. The Agency's request is similar to a trial court wanting to change the trial transcript after an appeal is filed.

Another harm that a remand would cause the Inventor is the delay associated with further Agency review before a patent is granted. The Inventor's patent application was filed on January 19, 1999. The Inventor has no rights or recourse against infringers before his patent application is issued as a patent. When a patent is issued, a patent grants patent coverage that extends from the issue date, and generally expires twenty years from the date of filing. 35 U.S.C. § 154. The Inventor has potentially already lost one third of his possible patent coverage. If this matter is remanded to the Agency it is possible that the Inventor will lose another seven or more years of the possible patent coverage. The Inventor's technology will no longer be state of the art after the long delay. The delay does not hurt the Agency, but does hurt the Inventor. This loss is likely to be irreparable.

If this matter is again submerged in the Agency long enough, the Inventor may also lose the right to judicial review under 35 U.S.C. § 145. The Agency is lobbying for a study to eliminate this statute. **OTE Exhibit 7.** The Agency is trying all the angles to eliminate effective review of its actions in District Court.

A remand to the Agency would harm the Inventor. The Inventor's patentable claims can be denied, but his rejected claims cannot be allowed; the Agency's evidence can be given more

weight than it would be if it were introduced at trial; the record of the Agency can be changed; the Inventor can be effectively denied the right of an appeal; and there can be additional delay. The Inventor respectfully requests the Court to deny the request for a remand to the Agency.

**CONCLUSION**

The Agency wants to deny the Inventor his right to appeal.  First, the Agency wants to exclude the Inventor's evidence, even though the Supreme Court has said that any relevant evidence can be presented to the Court at trial.  Even if the Court accepts the Agency's arguments on exclusion of evidence, the Inventor's evidence and arguments were properly presented to the Agency, are of record and should be considered by the Court.  The Agency violated its own Rules trying to exclude the Inventor's evidence at the agency level.  The evidence and arguments were presented in the Inventor's First Response dated August 7, 2001 **(OTE Exhibit 10)** that was in the Agency's record prior to the appeal to the Agency's Board. Further the Inventor's briefs discussed the arguments the Agency wants to exclude. **OTE Exhibits 11-13.**

Discovery is necessary to fully respond to the Motion to Exclude as the Inventor has not been apprised of all the evidence that the Agency wants excluded or the Agency wants to add to the record.

A remand to the Agency would harm the Inventor.  The Agency can only deny claims currently indicated as patentable in the patent application.  The Agency cannot reverse the Agency's Board decision on rejected claims to benefit the Inventor.  A remand would solely benefit the Agency.

If the Agency puts in additional evidence at the agency level, any decisions based on that evidence would be given greater deference on appeal than it would if the evidence were presented at trial. Additionally, it is a due process violation that the Agency wants to change the administrative record that this Court can consider. After seven years of Agency rejections, the Inventor has the right to an effective appellate review.

The Inventor further would be harmed by the delay in the resolution to this matter. The Agency has held this patent application for almost seven years, while seven years of the possible patent coverage has evaporated. The technology will not be state of the art by the time a patent eventually issues. If a patent does not issue after an Agency remand, the 35 U.S.C. § 145 action may not still be available.

The Inventor respectfully requests the Court to allow new evidence at trial and not exclude evidence as suggested by the Agency. Further the Inventor requests that the Court continue to adjudicate this matter and not remand this matter to the Agency. Alternatively, the Inventor asks the Court to defer ruling on the Agency's Motion until the Agency complies with the Inventor's pending discovery requests and the Inventor can supplement his arguments in this Memorandum in Opposition based on the information disclosed by the Agency in response to discovery.

PLAINTIFF RESPECTFULLY REQUESTS AN ORAL HEARING.

Respectfully submitted,


 /s  Ralph E. Jocke
Ralph E. Jocke  DC Bar No. OH0013
Patricia A. Walker  DC Bar No.OH0012
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone:  330.721.0000
Facsimile:  330.722.6446
iplaw@walkerandjocke.com
Attorneys for Plaintiff
Harold V. Putman


## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2006, I electronically filed the foregoing, a proposed order and incorporated exhibits, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Benton G. Peterson
Assistant United States Attorney
Email Benton.Peterson@usdoj.gov


/s Ralph E. Jocke
Ralph E. Jocke
Walker & Jocke