IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 3

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HAROLD V. PUTMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05CV-01796 (JGP) |
| | ) | |
| JONATHAN W. DUDAS, | ) | |
| | ) | |
| Under Secretary of Commerce | ) | |
| for Intellectual Property and | ) | |
| Director of the United States | ) | |
| Patent and Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant hereby answers the complaint as follows. Defendant denies each and every allegation of the complaint not expressly admitted in this answer.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

All pending claims of the '249 application are unpatentable.

#### Second Affirmative Defense

Pursuant to 35 U.S.C. § 145, plaintiff is required to pay all of defendant's expenses, including, but not limited to, expert fees, copies, travel expenses, and deposition fees.

#### Third Affirmative Defense

Plaintiff waived the presentation of any new evidence relating to issues not presented to the Board, waived the presentation of any new evidence that was not presented to the Board because of lack of diligence by the plaintiff, and waived the presentation of evidence

or arguments relating to issues that plaintiff voluntarily, negligently, or intentionally chose not to present to the Board.

## Fourth Affirmative Defense

Defendant reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

In response to the specific allegations of the complaint, Defendant states as follows:

1. Defendant admits that this action was brought pursuant to 35 U.S.C. § 145, but notes that the allegations contained in paragraph 1 constitute plaintiff's characterization of this civil action and legal conclusions regarding jurisdictional arguments to which no response is required. To the extent that an answer is deemed required, Defendant denies the remaining allegations in paragraph 1.

2. Defendant admits that venue is proper in the U.S. District Court for the District of Columbia for actions brought pursuant to 35 U.S.C. § 145.

3. Defendant admits that this civil action involves U.S. patent application No. 09/233,249 (the '249 application), and is entitled "Automated Transaction Machine and Method," and that Plaintiff, Harold V. Putnam, is the named inventor. Defendant denies that any of the claimed subject matter alleged to be "invented" by Plaintiff is patentable and denies the remainder of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Defendant admits that Jonathan W. Dudas is the Director of the United States Patent and Trademark Office (USPTO) and the remaining allegations contained in paragraph 4 constitute plaintiff's characterization of this civil action and legal conclusions regarding

jurisdictional to which no response is required. To the extent that an answer is deemed required, Defendant denies the remaining allegations in paragraph 4.

5. Defendant admits that this is a civil action pursuant to 35 U.S.C. § 145, but avers that the allegations contained in paragraph 5 constitute plaintiff's characterization of this civil action and legal conclusions regarding jurisdictional to which no response is required. To the extent that an answer is deemed required, Defendant denies the remaining allegations in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute plaintiff's characterization of this civil action to which no response is required. To the extent that an answer is deemed required, Defendant denies the remaining allegations in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and so denies.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and so denies. The allegations contained in paragraph 8 also constitute plaintiff's characterization of this civil action and legal conclusions regarding jurisdiction to which no response is required. To the extent that an answer is deemed required, Defendant denies the allegations in paragraph 9.

10. Paragraph 10 contains legal conclusions, not allegations of fact to which an answer is required. To the extent an answer is required, Defendant denies the remaining allegations in paragraph 10.

The sub-paragraphs following paragraph 10 (i.e., A, B, C and D) of the complaint constitute a prayer for relief to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

WHEREFORE, Defendant requests the Court to enter a judgment:

1. Dismissing the complaint against defendant with prejudice;

a. Awarding defendant compensation pursuant to 35 U.S.C. § 145 for expenses incurred in defending this action; and

b. Awarding defendant such other and further relief as the Court deems just, equitable and proper.

**Dated: November 18, 2005**

_____
KENNETH L. WAINSTEIN, D.C.Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.-Civil Division
Washington, D.C. 20530
(202)514-7238;(202)514-8780(Facsimile) _____
Benton.Peterson@usdoj.gov

Of Counsel:

John M. Whealan
Solicitor

Heather F. Auyang
William LaMarca
Associate Solicitors

U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
571-272-9035