IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

    Plaintiff

v.

JONATHAN W. DUDAS

    Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 6

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

# LCvR 7

## MOTIONS

(a) **STATEMENT OF POINTS AND AUTHORITIES.**

Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts. If a table of cases is provided, counsel shall place asterisks in the margin to the left of those cases or authorities on which counsel chiefly relies.

(b) **OPPOSING POINTS AND AUTHORITIES.**

Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

(c) **PROPOSED ORDER.**

Each motion and opposition shall be accompanied by a proposed order.

(d) **REPLY MEMORANDUM.**

Within five days after service of the memorandum in opposition the moving party may serve and file a reply memorandum.

(e) **PAGE LIMITATIONS.**

A memorandum of points and authorities in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, without prior

approval of the court. Documents that fail to comply with this provision shall not be filed by the Clerk.

(f) **ORAL HEARINGS.**

A party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the court. If at the time of the hearing the moving party fails to appear, the court may treat the motion as withdrawn; if the opposing party fails to appear, the court may treat the motion as conceded.

(g) **MOTIONS TO VACATE DEFAULT; VERIFIED ANSWER.**

A motion to vacate an entry of default, or a judgment by default, or both, shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part.

(h) **MOTIONS FOR SUMMARY JUDGMENT.**

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. Each such motion and opposition must also contain or be accompanied by a memorandum of points and authorities required by sections (a) and (b) of this Rule. In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

(i) **MOTIONS TO AMEND PLEADINGS.**

A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended. The amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered.

(j) **MOTION TO INTERVENE.**

A motion to intervene as a party pursuant to Rule 24(c), Federal Rules of Civil Procedure, shall be accompanied by an original of the pleading setting forth the claim or defense for which intervention is sought. The pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered.