IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

Plaintiff

v.

JONATHAN W. DUDAS

Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 8

Requests for extension of time to seek judicial review under 37 CFR 1.304 should be addressed as follows:

\*\*>Mail Stop 8
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450<

Requests may also be hand-carried to the Office of the Solicitor.
>

### VI.   < APPLICATION UNDER JUDICIAL REVIEW

The administrative file of an application under judicial review, even though carried to a court, will not be opened to the public by the U.S. Patent and Trademark Office, unless it is otherwise available to the public under 37 CFR 1.11.

During judicial review, the involved application or reexamination is not under the jurisdiction of the examiner or the Board, unless remanded to the U.S. Patent and Trademark Office by the court. Any amendment \*\* can be admitted only under the provisions of 37 CFR 1.198. See MPEP § 1214.07.
>

### VII.   < SERVICE OF COURT PAPERS ON THE \*>DIRECTOR<

Rule 5(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney . . . shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address . . . .

Similarly, Rule 25(b) of the Federal Rules of Appellate Procedure provides that "[s]ervice on a party represented by counsel must be made on the party's counsel."

Accordingly, all service copies of papers filed in court proceedings in which the \*\*>Director< is a party must be served on the Solicitor of the Patent and Trademark Office. Service on the Solicitor may be effected in either of the following ways:

(A) By hand between 8:30 A.M. and 5:00 P.M. EST \*>to< the Office of the Solicitor >at 600 Dulany Street, Madison West Building, Room 8C43, Alexandria, VA 22314.<
(B) By mail in an envelope addressed as follows:

Office of the Solicitor
P.O. Box 15667
Arlington, VA 22215

While the above mail service address may be supplemented to include the name of the particular attorney assigned to the court case, it must not be supplemented to refer to either the \*\*>Director< or the U.S. Patent and Trademark Office.

Any court papers mailed to an address other than the above mail service address or delivered by hand to the U.S. Patent and Trademark Office are deemed to have been served on the \*>Director< when actually received in the Office of the Solicitor.

The above mail service address should not be used for filing a notice of appeal to the Federal Circuit. See MPEP § 1216.01. Nor should the above mail service address be used for noncourt papers, i.e., papers which are intended to be filed in the U.S. Patent and Trademark Office in connection with an application or other proceeding pending in the U.S. Patent and Trademark Office. ANY NONCOURT PAPERS WHICH ARE MAILED TO THE ABOVE MAIL SERVICE ADDRESS WILL BE RETURNED TO THE SENDER. NO EXCEPTIONS WILL BE MADE TO THIS POLICY.

### 1216.01   Appeals to the Federal Circuit [R-3]

*35 U.S.C. 142. Notice of appeal.*
When an appeal is taken to the United States Court of Appeals for the Federal Circuit, the appellant shall file in the Patent and Trademark Office a written notice of appeal directed to the Director, within such time after the date of the decision from which the appeal is taken as the Director prescribes, but in no case less than 60 days after that date.

*35 U.S.C. 143. Proceedings on appeal.*
\*\*>With respect to an appeal described in section 142 of this title, the Director shall transmit to the United States Court of Appeals for the Federal Circuit a certified list of the documents comprising the record in the Patent and Trademark Office. The court may request that the Director forward the original or certified copies of such documents during the pendency of the appeal. In an ex parte case or any reexamination case, the Director shall

submit to the court in writing the grounds for the decision of the Patent and Trademark Office, addressing all the issues involved in the appeal. The court shall, before hearing an appeal, give notice of the time and place of the hearing to the Director and the parties in the appeal.<

*35 U.S.C. 144. Decision on appeal.*

The United States Court of Appeals for the Federal Circuit shall review the decision from which an appeal is taken on the record before the Patent and Trademark Office. Upon its determination the court shall issue to the Director its mandate and opinion, which shall be entered of record in the Patent and Trademark Office and shall govern the further proceedings in the case.

*37 CFR 1.302. Notice of appeal.*
**>
   (a)   When an appeal is taken to the U.S. Court of Appeals for the Federal Circuit, the appellant shall give notice thereof to the Director within the time specified in § 1.304.
   (b) In interferences, the notice must be served as provided in § 41.106(e) of this title.
   (c) In *ex parte* reexamination proceedings, the notice must be served as provided in § 1.550(f).
   (d) In *inter partes* reexamination proceedings, the notice must be served as provided in § 1.903.
   (e) Notices of appeal directed to the Director shall be mailed to or served by hand on the General Counsel as provided in § 104.2.<

Filing an appeal to the Federal Circuit requires that the applicant, the owner of a patent involved in a reexamination proceeding, or a party to an interference proceeding: (A) file in the U.S. Patent and Trademark Office a written notice of appeal (35 U.S.C. 142) directed to the *>Director< and (B) file with the Clerk of the Federal Circuit a copy of the notice of appeal and pay the docket fee for the appeal, as provided by Federal Circuit Rule 52. 37 CFR 1.301.

For a notice of appeal to be considered timely filed in the U.S. Patent and Trademark Office, it must: (A) actually reach the U.S. Patent and Trademark Office within the time specified in 37 CFR 1.304 (including any extensions) or (B) be mailed within the time specified in 37 CFR 1.304 (including any extensions) by "Express Mail" in accordance with 37 CFR 1.10.

A Notice of Appeal to the Federal Circuit should not be mailed to the *>Director<, the Board or the examiner. Nor should it be mailed to the Solicitor's mail service address for court papers given in MPEP § 1216. Instead, it should be filed in the U.S. Patent and Trademark Office in any one of the following ways:

   (A) By mail addressed as follows, in which case the notice of appeal must actually reach the U.S. Patent and Trademark Office by the due date:

**>Mail Stop 8
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450<

   (B) By "Express Mail" (U.S. Postal Service only) under 37 CFR 1.10 addressed as follows, in which case the notice of appeal is deemed filed on the "date-in" on the "Express Mail" mailing label:

**>Mail Stop 8
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450<

   (C) By hand to the Office of the Solicitor, **>at 600 Dulany Street, Madison West Building, Room 8C43, Alexandria, VA 22314<.

A copy of the notice of appeal and the docket fee should be filed with the Clerk of the Federal Circuit, whose mailing and actual address is:

U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The Solicitor, prior to a decision by the Federal Circuit, may request that the case be remanded to the U.S. Patent and Trademark Office and prosecution reopened. See MPEP § 1214.07.
**
>

**I.   < OFFICE PROCEDURE FOLLOWING DECISION BY THE FEDERAL CIRCUIT**

After the Federal Circuit has heard and decided the appeal, an uncertified copy of the decision is sent to the U.S. Patent and Trademark Office and to the appellant and appellee (if any).

In due course, the Clerk of the Federal Circuit forwards to the U.S. Patent and Trademark Office a certified copy of the court's decision. This certified copy is known as the "mandate." The mandate is entered in the file of the application, reexamination or interference which was the subject of the appeal. The date **

the mandate **>was issued by the Federal Circuit< marks the conclusion of the appeal, i.e., the termination of proceedings as that term is used in 35 U.S.C. 120. See 37 CFR 1.197(*>b<), or "termination of the interference" as that term is used in 35 U.S.C. 135(c).

The Federal Circuit's opinion may or may not be precedential. Whether or not the opinion is precedential, the U.S. Patent and Trademark Office will not give the public access to the administrative record of an involved application, or to the file of an interference, unless it is otherwise available to the public under 37 CFR 1.11. However, since the court record in a 35 U.S.C. 141 appeal generally includes a copy of at least part of the application, such may be inspected at the Federal Circuit. *In re Mosher*, 248 F.2d 956, 115 USPQ 140 (CCPA 1957).

In an *ex parte* appeal, after the mandate is **>issued,< the application or reexamination file ** is then returned to the appropriate U.S. Patent and Trademark Office official for further proceedings consistent with the mandate. See MPEP § 1214.06 for handling of claims dependent on rejected claims.

### A. All Claims Rejected

If all claims in the case stand rejected, proceedings in the case are considered terminated on the >issue< date ** of the Federal Circuit's mandate. Because the case is no longer considered pending, it is ordinarily not open to subsequent amendment and prosecution by the applicant. *Continental Can Company v. Schuyler*, 326 F. Supp. 283, 168 USPQ 625 (D.D.C. 1970). However, exceptions may occur where the mandate clearly indicates that further action in the U.S. Patent and Trademark Office is to be taken in accordance with the Federal Circuit's opinion.

### B. Some Claims Allowed

Where the case includes one or more allowed claims, including claims allowed by the examiner prior to appeal and claims whose rejections were reversed by either the Board or the court, the proceedings are considered terminated only as to any claims which still stand rejected. It is not necessary for the applicant or patent owner to cancel the rejected claims, since they may be canceled by the examiner in an examiner's amendment **. Thus, if no formal matters remain to be attended to, the examiner will pass the application to issue forthwith on the allowed claims or, in the case of a reexamination, will issue a "Notice of Intent to Issue a Reexamination Certificate and/or Examiner's Amendment." See MPEP § 2287. The examiner should set forth the reasons for allowance, referring to and incorporating a copy of the appellate brief and the court decision. See MPEP § 1302.14.

If formal matters remain to be attended to, the examiner promptly should take appropriate action on such matters, such as by an examiner's amendment or by an Office action setting a 1-month (but not less than 30-day) shortened statutory period for reply. However, the application or reexamination proceeding is considered closed to further prosecution except as to such matters.

### C. Remand

Where the decision of the court brings up for action on the merits claims which were not previously considered on the merits (such as a decision reversing a rejection of generic claims in an application containing claims to nonelected species), the examiner will take the case up for appropriate action on the matters thus brought up.

### D. Reopening of Prosecution

In rare situations it may be necessary to reopen prosecution of an application after a decision by the Federal Circuit. Any Office action proposing to reopen prosecution after a decision by the Federal Circuit must be forwarded to the Office of the Deputy Commissioner for Patent Examination Policy for written approval, which will be indicated on the Office action.
>

## II. < DISMISSAL OF APPEAL

After an appeal is docketed in the Federal Circuit, failure to prosecute the appeal, such as by appellant's failure to file a brief, may result in dismissal of the appeal by the court. Under particular circumstances, the appeal also may be dismissed by the court on motion of the appellant and/or the *>Director<.

The court proceedings are considered terminated as of the date of the mandate. After dismissal, the action taken by the examiner will be the same as set forth above under the heading "Office Procedure Following Decision by the Federal Circuit."

In the event of a dismissal for a reason other than failure to prosecute the appeal, the status of the application, reexamination proceeding or interference must be determined according to the circumstances leading to the dismissal.

### 1216.02   Civil Suits Under 35 U.S.C. 145 [R-3]

A 35 U.S.C. 145 civil action is commenced by filing a complaint in the U.S. District Court for the District of Columbia within the time specified in 37 CFR 1.304 (see MPEP § 1216). Furthermore, copies of the complaint and summons must be served in a timely manner on the Solicitor, the U.S. Attorney for the District of Columbia, and the Attorney General in the manner set forth in Rule 4(i) of the Federal Rules of Civil Procedure. Regarding timely service, see *Walsdorf v. Comm'r*, 229 USPQ 559 (D.D.C. 1986) and *Hodge v. Rostker*, 501 F. Supp. 332 (D.D.C. 1980). When a 35 U.S.C. 145 civil action is filed, a notice thereof is placed in the application or reexamination file, which ordinarily will be kept in the Solicitor's Office pending termination of the civil action. >All the expenses of the proceedings shall be paid by the applicant (see 35 U.S.C. 145).<

In an action under 35 U.S.C. 145, the plaintiff may introduce evidence not previously presented to the U.S. Patent and Trademark Office. However, plaintiff will be precluded from presenting new issues, at least in the absence of some reason of justice put forward for failure to present the issue to the U.S. Patent and Trademark Office. *DeSeversky v. Brenner*, 424 F.2d 857, 858, 164 USPQ 495, 496 (D.C. Cir. 1970); *MacKay v. Quigg*, 641 F. Supp. 567, 570, 231 USPQ 907, 908 (D.D.C. 1986). Furthermore, new evidence is not admissible in district court where it was available to the parties but was withheld from the U.S. Patent and Trademark Office as a result of fraud, bad faith, or gross negligence. *DeSeversky*, 424 F.2d at 858 n.5, 164 USPQ at 496 n.5; *California Research Corp. v. Ladd*, 356 F.2d 813, 821 n.18, 148 USPQ 404, 473 n.18 (D.C. Cir. 1966); *MacKay*, 641 F. Supp. at 570, 231 USPQ at 908; *Monsanto Company v. Kamp*, 269 F. Supp. 818, 822, 154 USPQ 259, 260 (D.D.C. 1967); *Killian v. Watson*, 121 USPQ 507, 507 (D.D.C. 1958).

Upon termination of the civil action, a statement of the court's final disposition of the case is placed in the application or reexamination file, which is then returned to the examiner for action in accordance with the same procedures as follow termination of a 35 U.S.C. 141 appeal. See MPEP § 1216.01. 37 CFR 1.197(*>b<) provides that a civil action is terminated when the time to appeal the judgment expires. Where the exact date when the civil action was terminated is material, the date may be ascertained from the Solicitor's Office.

The procedures to be followed in the U.S. Patent and Trademark Office after a decision, remand, or dismissal of the case by the district court are the same as the procedures followed with respect to 35 U.S.C. 141 appeals. See MPEP § 1216.01.

Where a civil action involving an application has been dismissed before coming to trial, the application will not be opened to the public unless it is otherwise available to the public under 37 CFR 1.11. However, the complaint and any other court papers not under a protective order are open to the public and may be inspected at the Office of the Clerk for the U.S. District Court for the District of Columbia, located in the U.S. Courthouse, 333 Constitution Avenue, N.W., Washington, DC 20001. The court papers in the Office of the Solicitor are not generally made available for public inspection.

Any subpoena by the district court for an application or reexamination file should be hand-carried to the Office of the Solicitor.

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●