IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

Plaintiff

v.

JONATHAN W. DUDAS

Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 10

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

EL9187474l6US

# Walker & Jocke

### a legal professional association

Ralph E. Jocke
Patent
&
Trademark Law

August 6, 2001

Commissioner for Patents
Washington, D.C. 20231

Attn:  Art Unit 2162
Patent Examiner Jeffrey D. Carlson

Re:  **Application Serial No.:**   **09/233,249**
     **Applicants:**              **Harold V. Putman**
     **Title:**                   **Automated Transaction Machine And Method**
     **Docket No.:**              **D-1086**

Sir:

Please find enclosed Applicants' Response to the Office Action dated May 23, 2001.

Three additional independent claims and sixteen additional total claims are presented herein. Please charge the fees associated with these claims ($528) and any other fee due to Deposit Account 09-0428 (InterBold).

Any deficiency or overpayment should be charged or credited to the above numbered deposit account.

Very truly yours,

Ralph E. Jocke

## CERTIFICATE OF MAILING BY EXPRESS MAIL

I hereby certify that this document and the documents indicated as enclosed herewith are being deposited with the U.S. Postal Service as Express Mail Post Office to addressee in an envelope addressed to Commissioner for Patents, Washington, D.C. 20231 this 7th day of August 2001

EL918747416US
Express Mail Label No.

Ralph E. Jocke

330 • 721 • 0000       330 • 225 • 1669       ■       330 • 722 • 6446       rej@walkerandjocke.com
    MEDINA            CLEVELAND                     FACSIMILE              E MAIL

231  South  Broadway,  Medina,  Ohio  U.S.A.  44256-2601

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Application of | ) | |
|     Harold V. Putman | ) | Art Unit: 2162 |
| | ) | |
| Serial No.:   09/233,249 | ) | Patent Examiner |
| | ) |     Jeffrey D. Carlson |
| Filed:     January 19, 1999 | ) | |
| | ) | |
| For:     Automated Transaction Machine | ) | |
|     And Method | | |

Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

    In response to the Office Action dated May 23, 2001 kindly amend the above identified

Application without prejudice as follows:

**In the Claims**

Kindly substitute the following amended claim 13, for claim 13 currently pending.

    13.    (Once amended) The apparatus including the first automated transaction machine

according to claim 12, and further comprising:

1

a second automated transaction machine including:

a second computer of a second type different from the first type, and wherein the second computer includes at least one second output device, wherein the second output device is operative to provide at least one output to users of the second machine, and at least one second input device, wherein the second input device is operative to receive at least one input from users of the machine;

a second transaction function device in operative connection with the second computer, wherein the second transaction function device is operative to carry out the transaction function;

second transaction machine interface software in operative connection with the second computer;

a second instruction document substantially identical to the first instruction document, in operative connection with the second computer;

wherein the second computer is operative responsive to at least one second input to the second input device to cause the second transaction function device to carry out the transaction function, and wherein the second computer is further operative to generate a second output through the second output device responsive to the

2

second input, the second transaction machine interface software and at least one

command instruction in the second instruction document.

Kindly substitute the following amended claim 20, for claim 20 currently pending.

    20.    (Once amended) The apparatus according to claim 12 and further comprising:

event processor software in operative connection with the first computer, wherein

the event processor software is operative to cause the first transaction function

device to carry out the transaction function responsive to an event, wherein the

first transaction machine interface software is operative to generate the event

responsive to the first input.

Kindly substitute the following amended claim 21, for claim 21 currently pending.

    21.    (Once amended) The apparatus according to claim 20 wherein the first transaction

machine interface software includes at least one output indicative function, wherein when the

first input is entered, the output indicative function is operative to indicate a value associated

with at least one element included in an initial output through the first output device, wherein the

event processor software is operative to call the output indicative function and is operative to

cause the first transaction function device to operate responsive to the event and the value

indicated by the output indicative function.

3

Kindly substitute the following amended claim 22, for claim 22 currently pending.

22.    (Once amended) The apparatus according to claim 21 wherein the event processor software responsive to the event and the output indicative function is operative to cause the first computer to generate an event response, wherein the first transaction machine software is operative to cause the computer to generate the first output responsive to the event response.

Kindly substitute the following amended claim 24, for claim 24 currently pending.

24.    (Once amended) The method according to claim 24, wherein the TMI software component comprises at least one subroutine operative to provide information indicative of at least one user interface output, and further comprising calling the subroutine through operation of the event processor responsive to the event.

Kindly substitute the following amended claim 25, for claim 25 currently pending.

25.    (Once amended) The method according to claim 25 wherein the TMI software component comprises at least one subroutine that is operative to enable at least one element included in the user interface output, and further comprising calling the subroutine responsive to operation of the event processor.

Kindly substitute the following amended claim 26, for claim 26 currently pending.

26.    (Once amended) The method according to claim 23 and further comprising: operating a transaction function device in operative connection with the computer responsive to

4

the event processor, wherein the transaction function device is operated responsive to the event being directed to the event processor.

Kindly substitute the following amended claim 27, for claim 27 currently pending.

    27.  (Once amended) Computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 23.

Kindly substitute the following amended claim 32, for claim 32 currently pending.

    32.     (Once amended) Computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 31.

Kindly substitute the following amended claim 40, for claim 40 currently pending.

    40.     (Once amended) Computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 33.

Kindly add the following new claims:

41.    (Newly added) The apparatus according to claim 21 wherein the event processor software is operative to specify the at least one element when calling the output indicative function of the first transaction machine interface software.

42.    (Newly added) The automated transaction machine according to claim 30, further comprising a cash dispenser in operative connection with the computer, wherein the cash dispenser is operative to perform a function responsive to the event processor.

43.    (Newly added) The method according to claim 31, further comprising:

d)    receiving at least one input through at least one input device on the machine, wherein the input is associated with the at least one component of the output;

e)    performing a transaction with at least one transaction function device on the machine responsive to the input and the document.

44.  (Newly added) The method according to claim 43, wherein the at least one transaction function device includes a cash dispenser, wherein step (e) includes dispensing cash from the cash dispenser.

45.  (Newly added) An ATM comprising:

6

a computer;

a first input device of a first type in operative connection with the computer;

a second input device of a second type in operative connection with the computer, wherein the first type and the second type are different types of input devices.

at least one output device in operative connection with the computer;

at least one transaction function device in operative connection with the computer;

transaction machine interface software in operative connection with the computer, wherein the interface software is operative to cause the computer to access an instruction document which includes a set of command instructions that define features of a single user interface, wherein the interface software is further operative to cause the computer to output through the at least one output device a first user interface responsive to the set of command instructions when the first input device is enabled, wherein the transaction machine interface software is further operative to cause the computer to output through the at least one output device a second user interface responsive to the set of command instructions when the second input device is enabled, and wherein the transaction machine interface software is operative to cause the computer to operate the transaction function device responsive to a first input through the first input device when the first

7

user interface is being output, and wherein the transaction machine interface software is operative to cause the computer to operate the transaction function device responsive to a second input through the second input device when the second user interface is being output.

46.  (Newly added) The ATM according to claim 45, wherein the transaction function device includes a cash dispenser.

47.  A method comprising:

a)    accessing an instruction document with at least one ATM, wherein the instruction document includes a set of command instructions that define features of a single user interface screen;

b)    presenting through at least one display device on the at least one ATM responsive to the set of command instructions a first view of the user interface screen including at least one first visual element adapted for selection using a first type of input device;

c)    receiving at least one first input through a first input device on the at least one ATM that is of the first type;

d)    operating at least one transaction function device on the at least one ATM responsive to receipt of the at least one first input while the first view is being presented;

8

e)     presenting through the at least one display device on the at least one ATM responsive to the set of command instructions a second view of the user interface screen including at least one second visual element different from the at least one first visual element and adapted for selection using a second type of input device;

f)     receiving at least one second input through a second input device on the at least one ATM that is of the second type; and

g)     operating the at least one transaction function device on the at least one ATM responsive to receipt of the at least one second input while the second view is being presented.

48.  (Newly added) The method according to claim 47, wherein in steps (d) and (g), the at least one transaction function device operated includes a cash dispenser.

49.  (Newly added) The method according to claim 48, wherein in step (d) the first input device includes a key, and where in step (f), the second input device includes a touch screen.

50.  (Newly added) The method according to claim 49, wherein in step (a) the instruction document includes XML tags.

51.  (Newly added) Computer readable media bearing instructions which are operative to cause at least one computer in the ATM to cause the ATM to carry out the method steps recited in claim 47.

9

52. A method comprising:

    a)      accessing an instruction document with an ATM, wherein the instruction document includes at least two sets of XML tags, which correspond to user interface elements for constructing at least two different user interface screens, wherein each set of XML tags is delineated by page tags which segregate and identify the sets of XML tags;

    b)      presenting a first user interface screen through at least one output device on the ATM responsive to a first set of XML tags in the instruction document, wherein the first set of XML tags is delineated by a first set of page tags;

    c)      receiving at least one first input through at least one input device on the ATM;

    d)      presenting a second user interface screen through at least one output device on the ATM responsive to a second set of XML tags in the instruction document, wherein the second set of XML tags is delineated by a second set of page tags.

53. (Newly added) The method according to claim 52, wherein in step (b) the first set of XML tags specifies a first event processor, and further comprising:

    e)      calling the first event processor responsive to the at least one first input, the first user interface screen, and the first set of XML tags; and

10

f)    operating a first transaction function device on the ATM responsive to the event

processor.

54.  (Newly added) The method according to claim 53, wherein the first transaction

function device includes a cash dispenser.

55.  (Newly added) The method according to claim 53, wherein the second set of XML

tags specifies a second event processor, and further comprising:

g)    receiving at least one second input from the at least one input device of the ATM;

h)    calling the second event processor responsive to the second input, the second user

interface screen and the second set of XML tags; and

i)    operating a second transaction function device on the ATM responsive to the

second event processor.

56.    ( Newly added ) Computer readable media bearing instructions which are

operative to cause at least one computer in the machine to cause the machine to carry out the

method steps recited in claim 52.

**Remarks**

Claims 13, 20-22, 24-27, 32, and 40 have been amended. Claims 41-56 have been added. Claims 1-56 are pending in the Application. No new matter has been added. Entry of these amendments is respectfully requested. Reconsideration is respectfully requested.

Claims 13, and 24-26 have been amended to correct typographical errors and remove the phrases "the step of". Dependent claims 20, 21, 22, 27, 32, and 40 have been amended to further clarify the subject matter of the claims.

The basis for the new claims 41-56 may be found in the Specification and original claims.

**35 U.S.C. § 112, Second Paragraph, Rejection**

In the Action, claims 21, 22, 27, 32, and 40 were rejected pursuant to 35 U.S.C. § 112, second paragraph. This rejection is respectfully traversed. It is respectfully submitted that each of these claims particularly points out and distinctly claims the subject matter which Applicant regards as the invention. However to further clarify the subject matter of these claims, claims 21, 22, 27, 32, 40 and have been amended herein.

Amended claim 21 recites that the first transaction machine interface software includes at least one output indicative function. When the first input is entered, the output indicative function is operative to indicate a value associated with at least one element included in an initial output through the first output device. The event processor software is operative to call the output indicative function and is operative to cause the first transaction function device to operate responsive to the event and the value indicated by the output indicative function. Support for this

12

claim is found for example in the Specification (page 17, line 22 to page 18, line 8). Claim 22 depends from claim 21 and has been amended to correspond to amended claim 21.

Amended claims 27, 32, and 40 recite computer readable media. The media bears instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 23, 31, and 33 respectively. The Action asserts that Applicant should not present an article claim which depends from a method claim. However, Applicant is not aware of any statute or rule which indicates that this form of claim is not proper. In addition, similar claims are found in numerous granted patents such as claim 17 of U.S. Patent No. 6,039,245. As such claim construction is sufficiently definite and particularly points out and distinctly claims the subject matter which Applicant regards as the invention, it is respectfully submitted that the 35 U.S.C. § 112, second paragraph, rejections have been overcome.

### The Pending Claims Are Not Anticipated or Obvious in View of the Applied Art

Claims 31-34 were rejected under 35 U.S.C. § 102(b) as being anticipated by Bosak. Claims 12-22 and 28-30 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Bosak.

Claims 1-11, 23-27, and 33-40 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Rivett-Carnac in view of Bosak.

These rejections are respectfully traversed.

### Bosak Reference Is Not Prior Art

The Bosak reference cited in the Action appears to be an electronic or Internet publication retrieved from http://ibiblio.org/pub/sun-info/standards/xml/why/xmlapps.htm. Prior art disclosure on the Internet or on an on-line database can only be considered to be publicly available as of the date the item was publicly posted. As indicated in MPEP § 2128, "If the publication does not include a publication date (or retrieval date), it cannot be relied upon as prior art under 35 U.S.C. 102(a) or (b)."

The Bosak reference includes a "Last revised" date of "1997.03.10." The Bosak reference does not indicate that this date is a publication date or a retrieval date. As a result the Office has failed to show that the Bosak reference was "publicly available" as of this date. The "last revised" date is not capable of corroboration and cannot be used to establish prior art status. At best it is an assertion that the document was revised by the author on this date. Nothing of record indicates or in any manner establishes that the Bosak document was posted on the Internet and publicly available as of the purported revision date.

The other date associated with the document is found in the footer. The footer date appears to indicate that the web page was retrieved and printed on "5/17/2001." This retrieval date is well after Applicant's priority date of October 19, 1998 and filing date of January 19, 1999. As a result, the Bosak reference is not prior art and the rejections based on the Bosak reference are not proper. As all of the rejections in the Action were based fully or in part on the Bosak reference, it is respectfully requested that the rejections of claims 1-40 be withdrawn on this basis.

14

## The Applied References Do Not Disclose or Suggest
## the Features and Relationships Recited in Applicant's Claims

Anticipation pursuant to 35 U.S.C. § 102(b) requires that a single prior art reference contain all the elements of the claimed invention arranged in the manner recited in the claim. *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548, 220 USPQ 193, 198 (Fed. Cir. 1983).

Anticipation under 35 U.S.C. § 102(b) requires in a single prior art disclosure, each and every element of the claimed invention be arranged in a manner such that the reference would literally infringe the claims at issue if made later in time. *Lewmar Marine, Inc. v. Barient, Inc.*, 822 F.2d 744, 747, 3 USPQ2d 1766, 1768 (Fed. Cir. 1987).

Before a claim may be rejected on the basis of obviousness pursuant to 35 U.S.C. § 103, the Patent Office bears the burden of establishing that all the recited features of the claim are known in the prior art. This is known as *prima facie obviousness*. To establish prima facie obviousness, it must be shown that all the elements and relationships recited in the claim are known in the prior art. MPEP § 2142.

Absent a showing of a teaching, suggestion or motivation to produce a claimed combination, an obviousness rejection is not proper even if all the recited features are known in the prior art. *Panduit Corp. v. Denison Mfg. Co.*, 810 F.2d 1561, 1568, 1 USPQ2d 1593 (Fed. Cir. 1987). *In re Newell*, 891 F.2d 899, 901, 902, 13 USPQ2d 1248, 1250 (Fed. Cir. 1989).

The teaching, suggestion or motivation to combine the features in prior art references must be clearly and particularly identified in such prior art to support a rejection on the basis of obviousness. It is not sufficient to offer a broad range of sources and make conclusory statements. *In re Dembiczak*, 50 USPQ2d 1614, 1617 (Fed. Cir. 1999).

15

It is respectfully submitted that the Action does not meet these burdens.

**The Features Recited in Applicant's Claims**
**Patentably Distinguish Over Bosak**

In the Action claims 31-34 were rejected under 35 U.S.C. § 102(b) as being anticipated by Bosak. These rejections are respectfully traversed. Applicant's response to these rejections is based on the Office's referenced interpretations of Bosak. Thus, any change in the Office's interpretation of this reference shall constitute a new ground of rejection.

As indicated previously, Applicant traverses these rejections on the grounds that Bosak is not prior art. In addition Applicant traverses these rejections on the grounds that the Bosak reference does not contain all the elements of the claimed invention arranged in the manner recited in the claims. The features recited in Applicant's claims patentably distinguish over the Bosak reference.

**Claim 31**

Claim 31 is an independent claim directed to a method of operating an automated transaction machine. The claim recites: a) operating a computer in the machine to receive at least one document; b) operating the computer to receive data in at least one style sheet; and c) providing an output through at least one visual output device on the machine responsive to operation of the computer. Claim 31 further recites that the at least one component of the output is produced responsive to the document and at least one visual attribute of the component is produced responsive to the style sheet.

16

The Action alleges that Bosak teaches the basics of XML and style sheets. However, the Action does not show where Bosak discloses the elements and steps specifically recited in claim 31. For example claim 1 recites operating a computer in an ATM. Bosak does not disclose or suggest an ATM. Claim 31 recites operating the computer in the ATM to receive a document. Bosak does not disclose or suggest a computer in an ATM that receives a document. Claim 31 also recites operating the computer in the ATM to receive a style sheet. Bosak does not disclose or suggest a computer in an ATM that receives a style sheet. Claim 31 further recites providing an output through a visual output device on the ATM where at least one component of the output is produced responsive to the document and at least one visual attribute of the component is produced responsive to the style sheet. Bosak does not disclose or suggest providing an output on an ATM with components and visual attributes that are produced response to a document and a style sheet.

Bosak does not disclose each and every element of the claimed invention arranged in the manner recited in the claim, as is required to sustain the rejection. Hence, Applicant's claim 31 patentably distinguishes over the Bosak reference. Therefore, it is respectfully submitted that the 35 U.S.C. § 102(b) rejection has been overcome. It follows that claim 32 and new claims 43 and 44 which depend from claim 31 are likewise allowable.

## The Pending Claims Are Not Obvious Over Bosak

In the Action claims 12-22 and 28-30 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Bosak. These rejections are respectfully traversed. Applicant's response to

17

these rejections is based on the Office's referenced interpretation of Bosak. Thus, any change in the Office's interpretation of this reference shall constitute a new ground of rejection.

As indicated previously, Applicant traverses these rejections on the grounds that Bosak is not prior art. In addition Applicant traverses these rejections on the grounds that Applicant's claims recite features and relationships which are neither disclosed nor suggested in the prior art, and because there is no teaching, suggestion or motivation cited so as to produce Applicant's invention. The features recited in Applicant's claims patentably distinguish over the applied references.

## Claim 12

Claim 12 is an independent claim directed to an automated transaction machine apparatus. Claim 12 recites that the automated transaction machine apparatus includes a first computer of a first type. The first computer includes at least one first output device that is operative to provide at least one output to users of the first machine. The first computer further includes at least one first input device that is operative to receive at least one input from users of the machine. Claim 12 further recites that the apparatus includes a first transaction function device, a first transaction machine interface software and a first instruction document in operative connection with the first computer. The first transaction function device is operative to carry out a transaction function. The first instruction document includes at least one command instruction. Claim 12 also recites that the first computer is operative responsive to at least one first input to the first input device, to cause the first transaction function device to carry out the transaction function. The first computer is further operative to generate a first output through the

18

first output device responsive to the first input, the first transaction machine interface software and at least one command instruction in the first instruction document.

The Action alleges that it would have been obvious to one of ordinary skill at the time of the invention to have provided standard printers and driver software with the types of computers described by Bosak so that users could make printouts of various screens. The Action further alleges that a standard printer is taken to meet Applicant's transaction function device. Applicant disagrees.

As discussed previously, Bosak does not disclose or suggest an ATM. Further Bosak does not disclose or suggest an ATM with a transaction function device that is operative to carry out a transaction function.

Claim 12 recites that the first computer of the ATM apparatus is operative to both operate the first transaction function device and generate a first output through the first output device responsive to a first input to the first input device. Bosak does not disclose or suggest operating both a transaction function device and generating a first output through an output device responsive to an input to an input device.

In addition claim 12 recites that the first output is also generated responsive to the first transaction machine interface software and at least one command instruction in the first instruction document. Bosak does not disclose or suggest operating a transaction function device responsive to a first input and generating an output responsive to the same first input and command instructions in a first instruction document.

The Action alleges that it is known that "on-screen indicators" are presented to a user indicating a print job has started. However, the Action has failed to show that such hypothetical

19

"on-screen indicators" are generated responsive to both an input to an input device and a first instruction document. In addition the Action does not cite a single prior art reference which both shows this functionality and includes a suggestion, teaching, or motivation to combine such a feature with Bosak. It is respectfully submitted that a claim may not be rejected based on the assertion that a feature specifically recited in the claim is "well known" absent a showing that all of the elements claimed are specifically disclosed in prior art references MPEP §2144.03.

It is respectfully submitted that Bosak does not disclose or suggest the features and relationships that are specifically recited in claim 12. As nothing in the cited art discloses or suggests the features and relationships that are specifically recited in the claim, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Applicant's invention, it is respectfully submitted that claim 12 is allowable for these reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection should be withdrawn. It follows that claims 13-22 and new claim 41 which depend from claim 12 are likewise allowable.


**Claim 28**

Claim 28 is an independent claim directed to an automated transaction machine. Claim 28 recites that the automated transaction machine comprises at least one computer and at least one visual output device in operative connection with the computer in the automated transaction machine. The visual output device is operative to provide outputs to users of the machine. Claim 28 further recites that the automated transaction machine comprises a plurality of documents and at least one style sheet in operative connection with the computer. The computer

is operative responsive to at least one of the documents to cause at least one visual output to be produced by the visual output device. Claim 28 also recites that at least one visual feature of the at least one visual output is produced responsive to the at least one style sheet.

As discussed previously, Bosak does not disclose or suggest an ATM. Further Bosak does not disclose or suggest an ATM which includes a style sheet. In addition Bosak does not disclose or suggest an ATM which is operative to cause a visual output to be produced by a visual output device of the ATM responsive to a document. Bosak also does not disclose an ATM with a visual feature of a visual output that is produced responsive to a style sheet.

As nothing in the cited art discloses or suggests the features and relationships that are specifically recited in the claim, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Applicant's invention, it is respectfully submitted that claim 28 is allowable for these reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection has been overcome. It follows that claims 29-30 and new claim 42 which depend from claim 28 are likewise allowable.

## The Dependent Claims

Each of the dependent claims depends directly or indirectly from an independent claim, and it is asserted that these dependent claims are allowable on the same basis. Furthermore, each of the dependent claims additionally recites specific features and relationships that patentably distinguish the claimed invention over the applied art. The applied references do not disclose or suggest the recited features and relationships of the dependent claims. There is no teaching, suggestion, or motivation to combine features of the applied references so as to produce the

21

claimed invention. Thus, it is respectfully submitted that these dependent claims are further allowable.

## Claim 13

Amended claim 13 depends from claim 12 and recites that the apparatus further comprises a second automated transaction machine. The second automated transaction machine includes a second computer of a second type different from the first type. The second computer includes at least one second output device that is operative to provide at least one output to users of the second machine, and at least one second input device that is operative to receive at least one input from users of the machine. The second automated transaction machine further includes a second transaction function device, second transaction machine interface software, and a second instruction document in operative connection with the second computer. The second transaction function device is operative to carry out the transaction function. The second instruction document is substantially identical to the first instruction document. Claim 13 further recites that the second computer is operative responsive to at least one second input to the second input device to cause the second transaction function device to carry out the transaction function. The second computer is further operative to generate a second output through the second output device responsive to the second input, the second transaction machine interface software and at least one command instruction in the second instruction document.

As discussed previously, Bosak does not disclose or suggest an ATM. In addition Bosak does not disclose or suggest apparatus including both a first and a second ATM. Further Bosak does not disclose or suggest a second ATM which both operates a transaction function device

22

and generates an output through an output device responsive to a common input. In addition Bosak also does not disclose or suggest a second ATMs which both operates a transaction function device and generates an output through an output device responsive to an input, where the output is further generated responsive to command instructions in a first instruction document and transaction machine interface software. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 13 is further allowable on this basis.

## Claim 14

Claim 14 depends from claim 13 and further recites that the first machine of the first type differs from the second machine of the second type in that the first output device comprises a different type of output device than the second output device. Bosak does not disclose or suggest an apparatus with two ATMs which include different types of output devices. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 14 is further allowable on this basis.

## Claim 15

Claim 15 depends from claim 13 and further recites that the first computer of the first type differs from the second computer of the second type in that the first computer includes a different type of operating system than the second computer. Bosak does not disclose or suggest an apparatus with two automated transaction machines which include computers with different types of operating systems. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that the claim is further allowable on this basis.

23

**Claim 16**

Claim 16 depends from claim 13 and further recites that the first computer of the first type differs from the second computer of the second type in that the first computer is operative to cause the first transaction function device to carry out the transaction function responsive to a first input that is different than the second input that is operative to cause the second computer to cause the second transaction function device to carry out the transaction function.

Bosak does not disclose or suggest an apparatus with two ATMs which carry out the same transaction function with transaction function devices responsive to different inputs. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 16 is further allowable on this basis.

**Claim 17**

Claim 17 depends from claim 13 and further recites that the first computer of the first type differs from the second computer of the second type in that the first input device comprises a different type of input device than the second input device. Bosak does not disclose or suggest an apparatus with two automated transaction machines which carry out a transaction function with transaction function devices responsive to inputs from different types of input devices. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 17 is further allowable on this basis.

24

**Claim 18**

Claim 18 depends from claim 14 and further recites that the first output device includes a character based display device and the second output device includes a graphical display device. Bosak does not disclose or suggest an apparatus with two automated transaction machines, wherein one has a character based display device and the second output device includes a graphical display device. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 18 is further allowable on this basis.

**Claim 19**

Claim 19 depends from claim 17 and further recites that the first input device includes a key and the second input device includes a touch screen. As discussed previously, Bosak does not disclose or suggest an apparatus with two automated transaction machines which carry out a transaction function with transaction function devices responsive to inputs from different types of input devices. Bosak further does not disclose or suggest that the different types of input devices correspond to a key and a touch screen. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that the claim is further allowable on this basis.

**Claim 20**

Amended claim 20 depends from claim 12 and recites that the apparatus further comprises event processor software in operative connection with the first computer, wherein the event processor software is operative to cause the first transaction function device to carry out the

25