transaction function responsive to an event, wherein the first transaction machine interface software is operative to generate the event responsive to the first input.

Bosak does not disclose or suggest an automated transaction machine apparatus with an event processor software. In addition Bosak does not disclose or suggest event processor software that is operative to cause a transaction function device to carry out a transaction function responsive to an event. Further, Bosak does not disclose or suggest transaction machine interface software that is operative to generate the event responsive to an input. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that the claim is further allowable on this basis.

**Claim 21**

Amended claim 21 depends from claim 20 and further recites that the first transaction machine interface software includes at least one output indicative function, wherein when the first input is entered, the output indicative function is operative to indicate a value associated with at least one element included in an initial output through the first output device, wherein the event processor software is operative to call the output indicative function and is operative to cause the first transaction function device to operate responsive to the event and the value indicated by the output indicative function.

Bosak does not disclose or suggest transaction machine interface software that includes an output indicative function that is operative to indicate a value associated with an element included in an output presented by the automated transaction machine. Bosak further does not disclose or suggest an ATM which includes an event processor that is operative to call an output

26

indicative function of transaction machine interface software. Further Bosak does not disclose or suggest that such an event processor is operative to cause a transaction function device to operate responsive to an event and a value indicated by the output indicative function. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 21 is further allowable on this basis.

**Claim 22**

Claim 22 depends from claim 21 and further recites that the event processor software responsive to the event and the output indicative function, is operative to cause the first computer to generate an event response, wherein the first transaction machine software is operative to cause the computer to generate the first output responsive to the event response.

Bosak does not disclose or suggest an automated transaction machine that includes event processor software that is operative to cause a computer to generate an event response, responsive to an event and an output indicative function. In addition Bosak does not disclose or suggest an automated transaction machine that includes transaction machine software that is operative to cause a computer to generate an output responsive to the event response. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 22 is further allowable on this basis.

**Claim 29**

Claim 29 depends from claim 28 and recites that the automated transaction machine further comprises at least one input device in operative connection with the computer, wherein

27

the at least one visual feature of the at least one visual output is further produced responsive to the visual output device and the input device.

As discussed previously, Bosak also does not disclose or suggest an automated transaction machine with a visual feature of a visual output that is produced responsive to a styles sheet. In addition Bosak does not disclose or suggest that such a visual feature is produced responsive to a visual output device and an input device. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 29 is further allowable on this basis.

**Claim 30**

Claim 30 depends from claim 29 and recites that automated transaction machine further comprises at least one event processor. The at least one visual feature of the at least one visual output is further produced responsive to the event processor.

As discussed previously Bosak does not disclose or suggest an automated transaction machine with an event processor. Bosak does not disclose or suggest that the visual feature is further produced responsive to the event processor. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 30 is further allowable on this basis.

**The Pending Claims Are Not Obvious Over Rivett-Carnac In View Of Bosak**

In the Action claims 1-11, 23-27 and 33-40 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Rivett-Carnac in view of Bosak. These rejections are respectfully traversed. Applicant's response to these rejections is based on the Office's referenced

28

interpretation of Rivett-Carnac and Bosak. Thus, any change in the Office's interpretation of these references shall constitute a new ground of rejection.

As indicated previously, Applicant traverses these rejections on the grounds that Bosak is not prior art. In addition Applicant traverses these rejections on the grounds that Applicant's claims recite features and relationships which are neither disclosed nor suggested in the cited art, and because there is no teaching, suggestion or motivation cited so as to produce Applicant's invention. The features recited in Applicant's claims patentably distinguish over the applied references.

**Claim 1**

Claim 1 is an independent claim directed to an automated transaction machine. Claim 1 recites that the automated transaction machine comprises a computer operative to generate a user interface output and to receive a plurality of input signals. Claim 1 further recites that the machine includes at least one event processor software component, a transaction machine interface (TMI) and a document in operative connection with the computer. The document includes a plurality of command instructions. The TMI is operative responsive to the command instructions in the document to cause the computer to generate a user interface output. The TMI is further operative responsive to the user interface output and at least one input signal received by the computer, to cause an event to be generated. In addition the TMI is further operative responsive to at least one of the command instructions to cause the event to be directed to an event processor. Claim 1 further recites that the event processor is operative responsive to the

29

event to selectively cause the TMI to cause a change in the user interface output generated by the computer.

The Action alleges that Rivett-Carnac teaches a framework for transaction processing systems for a bank where the user interface is decoupled from the business logic. The Action further alleges that it would have been obvious to one of ordinary skill at the time of the invention to have provided such a banking transaction system with XML and style sheets as described by Bosak so that the data handling and transaction logic can be constructed without regard to output/interface, relying on style sheets to define the arrangement of the XML content.

Applicant disagrees. As discussed previously, Bosak is not prior art. Also, Bosak does not disclose or suggest an automated transaction machine. In addition Rivett-Carnac also does not disclose an automated transaction machine. Rather Bosak is directed to a discussion of the XML language and Rivett-Carnac is directed to a set of library components for programming a "dealing room system" (Page 126). Neither Rivett-Carnac nor Bosak discloses or suggests an automated transaction machine with the specific elements and features recited in claim 1.

In addition the Action shows no teaching, suggestion or motivation in the prior art to combine Rivett-Carnac and Bosak. Although Bosak discloses the XML language, Bosak does not include any teaching, suggestion, or motivation to create an ATM with both a transaction machine interface (TMI) software component and an event processor. Although Rivett-Carnac is directed to a programming architecture which separates the GUI interface (presentation layer) and business rules (page 126), Rivett-Carnac does not include any teaching, suggestion or motivation to create an automated transaction machine with a document that includes command

30

instructions for generating both a user interface output and for directing an event to an event processor.

Even if it were possible to combine Bosak with Rivett-Carnac, such a theoretical combination would still not include all the elements and features recited in claim 1. For example neither reference discloses a TMI that is operative to cause an event to be directed to an event processor responsive to a command instruction in a document. In addition neither reference discloses a TMI that is operative to both direct an event to an event processor and generate a user interface output responsive to command instructions in a document. Further, neither reference discloses an event processor that is operative responsive to an event, which is directed to it by a TMI responsive to a command instruction in a document.

It is respectfully submitted that Rivett-Carnac and Bosak do not disclose or suggest the features and relationships that are specifically recited in claim 1. As nothing in the cited art discloses or suggests the features and relationships that are specifically recited, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Applicant's invention, it is respectfully submitted that claim 1 is allowable for these reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection should be withdrawn. It follows that claims 2-11 which depend from claim 1 are likewise allowable.

**Claim 23**

Claim 23 is an independent claim directed to a method for operating an automated transaction machine. The method comprises: (a) reading an instruction document accessible to a computer with a TMI software component in operative connection with the computer, wherein

31

the instruction document includes a plurality of command instructions; (b) controlling a user interface output from the computer through operation of the TMI software component responsive to the command instructions;  (c) receiving an input through an input device operatively connected with the computer; and (d) generating an event through operation of the TMI software component responsive to the input to the input device and the user interface being output from the computer.  In addition claim 23 recites that the method comprises: (e) selectively directing the event through operation of the TMI software component to an event processor in operative connection with the computer, responsive to the command instructions; (f) generating an event response through operation of the event processor responsive to the event; and (g) modifying the user interface output from the computer through operation of the TMI software component responsive to the event response.

Bosak does not constitute prior art.  Neither Rivett-Carnac nor Bosak discloses or suggests these features.  As discussed previously neither reference is directed to the operation of an ATM. Further, neither reference discloses or suggests operating an ATM by selectively directing an event through operation of a TMI software component to an event processor responsive to command instructions in an instruction document.

Neither reference discloses or suggests operating the ATM by generating an event response with the event processor, responsive to the event generated and directed by the TMI software component.  Further, neither reference discloses  or suggests operating an ATM by modifying a user interface output with the TMI software responsive to the event response generated by the event processor.

32

It is respectfully submitted that Rivett-Carnac and Bosak do not disclose or suggest the features and relationships that are specifically recited in claim 23. As nothing in the cited art discloses or suggests the features and relationships that are specifically recited in the claim, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Applicant's invention, it is respectfully submitted that claim 23 is allowable for these reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection should be withdrawn. It follows that claims 24-26 which depend from claim 23 are likewise allowable.

**Claim 33**

Claim 33 is an independent claim directed to a method for operating an automated transaction machine. The method comprises: a) generating a user interface responsive to at least one document, at least one input device, and at least one output device; b) outputting the user interface through the output device; c) receiving an input from the input device; d) generating an event responsive to the input and the user interface; e) sending the event to a first event processor responsive to the document; f) modifying the user interface responsive to the event processor; and g) outputting the modified user interface through the output device.

Neither Rivett-Carnac nor Bosak discloses or suggests these features. As discussed previously neither reference is directed to the operation of an ATM. In addition neither reference discloses or suggests generating a user interface responsive to: 1) a document; 2) an input device; and 3) an output device. Further neither reference discloses sending an event to a first event processor responsive to the document. Also, Bosak is not prior art.

33

It is respectfully submitted that Rivett-Carnac and Bosak do not disclose or suggest the features and relationships that are specifically recited in claim 33. As nothing in the cited art discloses or suggests the features and relationships that are specifically recited in the claim, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Applicant's invention, it is respectfully submitted that claim 33 is allowable for these reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection should be withdrawn. It follows that claims 34-40 which depend from claim 33 are likewise allowable.

## The Dependent Claims

### Claim 2

Claim 2 depends from claim 1 and further recites that the event processor is operative responsive to the event, to generate an event response. The TMI is operative responsive to the event response to cause the change in the user interface output generated by the computer. As discussed previously, neither Rivett-Carnac nor Bosak discloses or suggests an ATM which includes an event processor that is operative to generate an event response responsive to an event, where the event is directed to the event processor responsive to command instructions in a document. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 2 is further allowable on this basis.

34

**Claim 3**

Claim 3 depends from claim 1 and further recites that the TMI includes a plurality of subroutines which are operative to modify the user interface output. The event processor is operative to selectively call at least one of the subroutines responsive to the event. Neither Rivett-Carnac nor Bosak discloses or suggests an ATM with an event processor that is operative to selectively call subroutines of a TMI responsive to an event. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 3 is further allowable on this basis.

**Claim 4**

Claim 4 depends from claim 1 and recites that the machine further comprises a style sheet in operative connection with the computer, wherein the TMI is further operative to cause the computer to generate the user interface output responsive to the style sheet. As discussed previously, neither reference discloses or suggests that an ATM include a style sheet. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 4 is further allowable on this basis.

**Claim 5**

Claim 5 depends from claim 1 and further recites that the command instructions include an XML instruction. Neither Rivett-Carnac nor Bosak discloses or suggests an automated transaction machine with a TMI that is operative to direct an event to an event processor responsive to command instructions in a document that includes XML instructions. As nothing

35

in the applied art discloses or suggests this feature, it is respectfully submitted that claim 5 is further allowable on this basis.

## Claim 6

Claim 6 depends from claim 1 and recites that the machine further comprises an output device in operative connection with the user interface output, and wherein the command instructions include an action menu command instruction, and wherein the TMI is further operative responsive to the action menu command instruction to cause the user interface output generated by the computer to produce a visual representation of an action menu on the output device.

The Action asserts that it would have been obvious to one of ordinary skill at the time of the invention to have included operable action menus as part of the interfaces, as these are well known GUI techniques that end users would be comfortable with. However, it is respectfully submitted that a claim may not be rejected based on the assertion that a feature specifically recited in the claim is "well known" absent a showing that all of the elements claimed are specifically disclosed in prior art references MPEP §2144.03. The Action has not shown that an action menu command instruction in a document is known in the prior art as required by MPEP §2144.03. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 6 is further allowable on this basis.

## Claim 7

Claim 7 depends from claim 1 and further recites that the event processor includes a DLL.

36

Although Rivett-Carnac discloses that business logic rules may be implemented as library functions, neither Rivett-Carnac nor Bosak discloses or suggests an ATM with an event processor that includes the specific element of a DLL. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 7 is further allowable on this basis.

**Claim 8**

Claim 8 depends from claim 1 and recites that the machine further comprises at least one transaction function device in operative connection with the computer. The transaction function device is selectively operative to carry out a transaction function. The event processor is further operative responsive to the event, to cause the computer to operate the transaction function device.

It is respectfully submitted that neither Rivett-Carnac nor Bosak discloses or suggests an ATM with a transaction function device. Further neither reference discloses or suggests an ATM which includes an event processor that is operative responsive to an event, to both cause a TMI to change a user interface output and to cause a transaction function device to operate. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 8 is further allowable on this basis.

**Claim 9**

Claim 9 depends from claim 1 and further recites that the instruction document includes a plurality of instruction pages. Each instruction page includes a corresponding set including at least one command instruction. The TMI is further operative responsive to at least one command

37

instruction in the instruction document to select a first one of the instruction pages. The TMI is operative to cause the computer to generate a user interface output responsive to a first set included in the first instruction page. Claim 9 further recites that the TMI is further operative to cause the event to be directed to the event processor, responsive to the first set included in the instruction page.

Neither Rivett-Carnac nor Bosak discloses or suggests an ATM with a document that includes a plurality of instruction pages. In addition neither reference discloses a TMI that is responsive to a command instruction in the document to select one of the instruction pages in the document, and to generate a user interface output responsive to a set of command instructions included in the selected instruction page. In addition neither reference discloses a TMI that is responsive to direct an event to an event processor responsive to the set of command instructions included in the selected instruction page. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 9 is further allowable on this basis.

**Claim 10**

Claim 10 depends from claim 9 and further recites that the TMI is operative responsive to at least one input signal received by the computer, to select a second instruction page. The TMI is operative to cause the computer to generate a user interface output responsive to the second instruction page. The TMI is operative to direct a further event to an event processor responsive to at least one command instruction included in a second set in the second instruction page.

Neither Rivett-Carnac nor Bosak discloses or suggests an ATM with a TMI that is operative to select a second instruction page in a document responsive to a received input signal.

38

In addition neither reference discloses a TMI that is operative to generate a user interface output responsive to the selected second instruction page. In addition neither reference discloses a TMI that is operative to direct a further event to an event processor responsive to a command instruction in the selected second instruction page.

As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 10 is further allowable on this basis.

**Claim 11**

Claim 11 depends from claim 1 and further recites that the computer further comprises a display screen in operative connection with the user interface output, and wherein the user interface output is operative to cause a visible output to be produced on the display screen. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 11 is further allowable on this basis.

**Claim 24**

Amended claim 24 depends from claim 23 and further recites that the TMI software component comprises at least one subroutine operative to provide information indicative of at least one user interface output. Claim 24 further recites that the method comprises calling the subroutine through operation of the event processor responsive to the event.

Neither Rivett-Carnac nor Bosak discloses or suggests operating an automated transaction machine by calling a subroutine of a TMI through operation of an event processor responsive to an event. Further neither reference discloses that the subroutine of the TMI provides information

39

indicative of at least one user interface output. Nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 24 is further allowable on this basis.


## Claim 25

Amended claim 25 depends from claim 23 and further recites that the TMI software component comprises at least one subroutine that is operative to enable at least one element included in the user interface output. Claim 25 further recites that the method comprises calling the subroutine responsive to operation of the event processor.

Neither Rivett-Carnac nor Bosak discloses or suggests operating an automated transaction machine by calling a subroutine of a TMI responsive to operation of an event processor. Further neither reference discloses that the subroutine of the TMI is operative to enable an element included in a user interface output. Nothing in the applied art discloses or suggests these features, and it is respectfully submitted that claim 25 is further allowable on this basis.


## Claim 26

Amended claim 26 depends from claim 23 and further recites operating a transaction function device in operative connection with the computer responsive to the event processor. The transaction function device is operated responsive to the event being directed to the event processor.

Neither Rivett-Carnac nor Bosak discloses or suggests operating an automated transaction machine by operating a transaction function device responsive to an event processor being

directed an event. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 26 is further allowable on this basis.

**Claim 34**

Claim 34 depends from claim 33 and further recites (h) processing the event with the event processor responsive to the user interface. Neither Rivett-Carnac nor Bosak discloses or suggests processing an event with an event processor responsive to a user interface. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 34 is further allowable on this basis.

**Claim 35**

Claim 35 depends from claim 34 and further recites (i) performing a transaction with at least one transaction function device responsive to the event processor. Neither Rivett-Carnac nor Bosak discloses or suggests performing a transaction with a transaction function device responsive to an event processor. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 35 is further allowable on this basis.

**Claim 36**

Claim 36 depends from claim 35 and further recites that step (i) includes dispensing cash from a cash dispenser. Neither Rivett-Carnac nor Bosak discloses or suggests dispensing cash from a cash dispenser. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 36 is further allowable on this basis.

41

**Claim 37**

Claim 37 depends from claim 33 and further recites that in step (a) the user interface is further generated responsive to a style sheet.  Neither Rivett-Carnac nor Bosak discloses or suggests generating a user interface responsive to: 1) a document; 2) an input device; 3) output device; and 4) a style sheet. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 37 is further allowable on this basis.

**Claim 38**

Claim 38 depends from claim 33 and further recites that in step (a) the document includes a plurality of pages and the user interface is further generated responsive to a first one of the plurality of pages, wherein in step (f) the user interface is further modified responsive to a second one of the plurality of pages.  Neither Rivett-Carnac nor Bosak discloses or suggests a document that includes a plurality of pages.  In addition neither reference discloses generating a user interface responsive to a first page of a document, and modifying the user interface responsive to a second page of a document.  As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 38 is further allowable on this basis.

**Claim 39**

Claim 39 depends from claim 38 and further recites that the first page specifies the first event processor and the second page specifies a second event processor.   Neither Rivett-Carnac nor Bosak discloses or suggests a document that includes a plurality of pages.  In addition neither reference discloses that a first page specifies a first event processor and a second page specifies a

42

second event processor. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 39 is further allowable on this basis.

## The New Claims

Claim 41 depends from claim 21 and further recites that the event processor software is operative to specify the at least one element when calling the output indicative function of the first transaction machine interface software.

Claim 42 depends from claim 30 and recites that the machine further comprises a cash dispenser in operative connection with the computer, wherein the cash dispenser is operative to perform a function responsive to the event processor.

Claim 43 depends from claim 31 and recites that the method further comprises: d) receiving at least one input through at least one input device on the machine, wherein the input is associated with the at least one component of the output; e) performing a transaction with at least one transaction function device on the machine responsive to the input and the document.

Claim 44 depends from claim 43 and further recites that the at least one transaction function device includes a cash dispenser, wherein step (e) includes dispensing cash from the cash dispenser.

Claim 45 is an independent claim directed to an ATM. Claim 45 recites that the ATM comprises: a computer; a first input device of a first type in operative connection with the computer; and a second input device of a second type in operative connection with the computer, wherein the first type and the second type are different types of input devices. Claim 45 further recites that the ATM includes at least one output device in operative connection with the

43

computer; at least one transaction function device in operative connection with the computer; and

transaction machine interface software in operative connection with the computer. Claim 45 also

recites that the transaction machine interface software is operative to cause the computer to

access an instruction document which includes a set of command instructions that define features

of a single user interface. The transaction machine interface software is further operative to

cause the computer to output through the at least one output device, a first user interface

responsive to the set of command instructions and the first input device being enabled. The

transaction machine interface software is further operative to cause the computer to output

through the at least one output device, a second user interface responsive to the set of command

instructions and the second input device being enabled. Claim 45 further recites that the

transaction machine interface software is operative to cause the computer to operate the

transaction function device responsive to a first input through the first input device when the first

user interface is being output, and the transaction machine interface software is operative to

cause the computer to operate the transaction function device responsive to a second input

through the second input device when the second user interface is being output.

Claim 46 depends from claim 45 and further recites that the transaction function device

includes a cash dispenser.

Claim 47 is an independent claim directed to a method. Claim 47 recites: a) accessing an

instruction document with at least one ATM, wherein the instruction document includes a set of

command instructions that define features of a single user interface screen; b) presenting through

a display device on the at least one ATM responsive to the set of command instructions, a first

view of the user interface screen with elements adapted for selection using a first type of input

device; c) receiving at least one first input through a first input device of the at least one ATM that is of the first type of input device; d) operating the transaction function device of the at least one ATM responsive to receipt of the at least one first input while the first view is being presented.  Claim 47 further recites: e) presenting through a display device on the at least one ATM responsive to the set of command instructions, a second view of the user interface screen including at least one second visual element different from the first visual element and adapted for selection using a second type of input device; f) outputting the second view of the user interface screen through the at least one display device of the ATM; g) receiving at least one second input through a second input device on the at least one ATM that is of the second type; and h) operating at least one transaction function device on the at least one ATM responsive to receipt of the at least one second input while the second view is being presented.

Claim 48 depends from claim 47 and recites that in steps (d) and (g), the at least one transaction function device operated includes a cash dispenser.

Claim 49 depends from claim 48 and recites that in step (c) the first input device includes a key, and where in step (f), the second input device includes a touch screen.

Claim 50 depends from claim 49 and recites that in step (a) the instruction document includes XML tags.

Claim 51 recites computer readable media bearing instructions which are operative to cause at least one computer in the ATM to cause the ATM to carry out the method steps recited in claim 47.

Claim 52 is an independent method claim.  Claim 52 recites: a) accessing an instruction document with an ATM, wherein the instruction document includes at least two sets of XML

45

tags, which correspond to user interface elements for constructing at least two different user interface screens, wherein each set of XML tags is delineated by page tags which segregate and identify the sets of XML tags; and b) presenting a first user interface screen through at least one output device on the ATM responsive to a first set of XML tags in the instruction document, wherein the first set of XML tags is delineated by a first set of page tags.

Claim 52 further recites: c) receiving at least one first input from at least one input device on the ATM; d) presenting a second user interface screen through at least one output device on the ATM responsive to a second set of XML tags in the instruction document, wherein the second set of XML tags is delineated by a second set of page tags.

Claim 53 depends from claim 52 and recites that in step (b) the first set of XML tags specifies a first event processor, and further recites: e) calling the first event processor responsive to the at least one first input, the first user interface screen, and the first set of XML tags; and f) operating a first transaction function device on the ATM responsive to the event processor.

Claim 54 depends from claim 53 and recites that the first transaction function device includes a cash dispenser.

Claim 55 depends from claim 53 and recites that the second set of XML tags specifies a second event processor, and further recites: g) receiving at least one second input from the at least one input device of the ATM; h) calling the second event processor responsive to the second input, the second user interface screen and the second set of XML tags; and i) operating a second transaction function device on the ATM responsive to the second event processor.

46

Claim 56 depends from claim 52 and recites computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 52.

None of the cited references alone or in combination disclose or suggest the features and relationships that are specifically recited in these claims. As nothing in the cited art discloses nor suggests the features and relationships that are specifically recited in the claims, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Applicant's invention, it is respectfully submitted that new claims 41-56 are allowable for these reasons.

## **Fees For Additional Claims**

Please charge the fees associated with the submission of sixteen claims in excess of twenty claims ($288) and three independent claims in excess of three ($240) and any other fee due to deposit account 09-0428 (InterBold).

47

**<u>Versions with Markings to Show Changes Made</u>**

13.    (Once amended) <u>The apparatus</u> [Apparatus] including the first automated transaction machine according to claim 12, and further comprising:

a second automated transaction machine including:

a second computer of a second type different from the first type, and wherein the second computer includes at least one second output device, wherein the second output device <u>is operative</u> to provide at least one output to users of the second machine, and at least one second input device, wherein the second input device is operative to receive at least one input from users of the machine;

a second transaction function device in operative connection with the second computer, wherein the second transaction function device is operative to carry out the transaction function;

second transaction machine interface software in operative connection with the second computer;

a second instruction document substantially identical to the first instruction document, in operative connection with the second computer;

48

wherein the second computer is operative responsive to at least one second input to the second input device to cause the second transaction function device to carry out the transaction function, and wherein the second computer is further operative to generate a second output through the second output device responsive to the second input, the second transaction machine interface software and at least one command instruction in the second instruction document.

20.    (Once amended) The apparatus according to claim 12 and further comprising:

event processor software in operative connection with the first computer,[; and] wherein the event processor software is operative to cause the first transaction function device to carry out the transaction function [is carried out] responsive to an event, wherein the first transaction machine interface software is operative to generate the event [generating an event] responsive to the first input [and the event processor software causing the first transaction function device to operate responsive to the event].

21.    (Once amended) The apparatus according to claim 20 wherein the first transaction machine interface software includes at least one output indicative [instruction] function, wherein when the first input is entered, the output indicative function is operative to indicate a value associated with at least one element included in an initial output through the first output device

49

[when the first input is entered], wherein the event processor software is operative to call the output indicative function and is operative to cause the first transaction function device to operate responsive to the event and the value indicated by the output indicative function [instruction].

22.    (Once amended) The apparatus according to claim 21 wherein the event processor software responsive to the event and the output indicative [instruction] function is operative to cause the first computer to generate an event response, wherein the first transaction machine software is operative to cause the computer to generate the first output responsive to the event response.

24.    (Once amended) The method according to claim 24, wherein the TMI software component comprises at least one subroutine operative to provide information indicative of at least one user interface output, and further comprising [the step of] calling the subroutine through operation of the event processor responsive to the event.

25.    (Once amended) The method according to claim 25 wherein the TMI software component comprises at least one subroutine that is operative to enable at least one element included in the user interface output, and further comprising [the step of] calling the subroutine responsive to operation of the event processor.

50

26.    (Once amended) The method according to claim 23 and further comprising: [the step of] operating a transaction function device in operative connection with the computer responsive to the event processor, wherein the transaction function device is operated responsive to the event being directed to the event processor.

27.  (Once amended) Computer readable media bearing instructions which are operative to cause [a] at least one computer in the machine to cause the machine to carry out the method steps recited in claim 23.

32.    (Once amended) Computer readable media bearing instructions which are operative to cause [a] at least one computer in the machine to cause the machine to carry out the method steps recited in claim 31.

40.    (Once amended) Computer readable media bearing instructions which are operative to cause [a] at least one computer in the machine to cause the machine to carry out the method steps recited in claim 33.

### Conclusion

Each of Applicant's pending claims specifically recites features and relationships that are neither disclosed nor suggested in any of the applied art. Furthermore, the applied art is devoid of any such teaching, suggestion, or motivation for combining features of the applied art so as to produce Applicant's invention. Allowance of all of Applicant's pending claims is therefore respectfully requested.

The undersigned will be happy to discuss any aspect of the Application by telephone at the Examiner's convenience.

Respectfully submitted,

Ralph E. Jocke     Reg. No. 31,029
Walker & Jocke
231 South Broadway
Medina, Ohio 44256
(330) 721-0000

52