responsive to command instructions in a document that includes XML instructions. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 5 is further allowable on this basis.

**Claim 6**

Claim 6 depends from claim 1 and recites that the machine further comprises an output device in operative connection with the user interface output, and wherein the command instructions include an action menu command instruction, and wherein the TMI is further operative responsive to the action menu command instruction to cause the user interface output generated by the computer to produce a visual representation of an action menu on the output device.

The Action asserts that it would have been obvious to one of ordinary skill at the time of the invention to have included operable action menus as part of the interfaces, as these are well known GUI techniques that end users would be comfortable with. However, the Action fails to cite a single reference which shows a document with a plurality of command instructions which include an action menu command instruction. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 6 is further allowable on this basis.

**Claim 7**

Claim 7 depends from claim 1 and further recites that the event processor includes a DLL. Although Rivett-Carnac discloses that business logic rules may be implemented as library

functions, neither Rivett-Carnac nor Bosak discloses or suggests an automated transaction function device with an event processor that includes the specific element of a DLL. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 7 is further allowable on this basis.

### Claim 8

Claim 8 depends from claim 1 and recites that the machine further comprises at least one transaction function device in operative connection with the computer. The transaction function device is selectively operative to carry out a transaction function. The event processor is further operative responsive to the event, to cause the computer to operate the transaction function device.

It is respectfully submitted that neither Rivett-Carnac nor Bosak discloses or suggests an automated transaction machine with a transaction function device. Further, neither reference discloses or suggests an automated transaction machine which includes an event processor that is operative responsive to an event, to both cause a TMI to change a user interface output and to cause a transaction function device to operate. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 8 is further allowable on this basis.

### Claim 9

Claim 9 depends from claim 1 and further recites that the instruction document includes a plurality of instruction pages. Each instruction page includes a corresponding set including at

least one command instruction. The TMI is further operative responsive to at least one command instruction in the instruction document to select a first one of the instruction pages. The TMI is operative to cause the computer to generate a user interface output responsive to a first set included in the first instruction page. Claim 9 further recites that the TMI is further operative to cause the event to be directed to the event processor, responsive to the first set included in the instruction page.

Neither Rivett-Carnac nor Bosak discloses or suggests an automated transaction machine with a document that includes a plurality of instruction pages. In addition, neither reference discloses a TMI that is responsive to a command instruction in the document to select one of the instruction pages in the document, and to generate a user interface output responsive to a set of command instructions included in the selected instruction page. In addition neither reference discloses a TMI that is responsive to direct an event to an event processor responsive to the set of command instructions included in the selected instruction page. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 9 is further allowable on this basis.


**Claim 10**

Claim 10 depends from claim 9 and further recites that the TMI is operative responsive to at least one input signal received by the computer, to select a second instruction page. The TMI is operative to cause the computer to generate a user interface output responsive to the second

instruction page. The TMI is operative to direct a further event to an event processor responsive to at least one command instruction included in a second set in the second instruction page.

Neither Rivett-Carnac nor Bosak discloses or suggests an automated transaction machine with a TMI that is operative to select a second instruction page in a document responsive to a received input signal. In addition neither reference discloses a TMI that is operative to generate a user interface output responsive to the selected second instruction page. In addition neither reference discloses a TMI that is operative to direct a further event to an event processor responsive to a command instruction in the selected second instruction page. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 10 is further allowable on this basis.

## Claim 11

Claim 11 depends from claim 1 and further recites that the computer further comprises a display screen in operative connection with the user interface output, and wherein the user interface output is operative to cause a visible output to be produced on the display screen. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 11 is further allowable on this basis.

## Claim 24

Claim 24 depends from claim 23 and further recites that the TMI software component comprises at least one subroutine operative to provide information indicative of at least one user

45

interface output. Claim 24 further recites that the method comprises calling the subroutine through operation of the event processor responsive to the event.

Neither Rivett-Carnac nor Bosak discloses or suggests operating an automated transaction machine by calling a subroutine of a TMI through operation of an event processor responsive to an event. Further, neither reference discloses that the subroutine of the TMI provides information indicative of at least one user interface output. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 24 is further allowable on this basis.

### Claim 25

Claim 25 depends from claim 23 and further recites that the TMI software component comprises at least one subroutine that is operative to enable at least one element included in the user interface output. Claim 25 further recites that the method comprises calling the subroutine responsive to operation of the event processor.

Neither Rivett-Carnac nor Bosak discloses or suggests operating an automated transaction machine by calling a subroutine of a TMI responsive to operation of an event processor. Further, neither reference discloses that the subroutine of the TMI is operative to enable an element included in a user interface output. Nothing in the applied art discloses or suggests these features, and it is respectfully submitted that claim 25 is further allowable on this basis.

**Claim 26**

Claim 26 depends from claim 23 and further recites operating a transaction function device in operative connection with the computer responsive to the event processor. The transaction function device is operated responsive to the event being directed to the event processor.

Neither Rivett-Carnac nor Bosak discloses or suggests operating an automated transaction machine by operating a transaction function device responsive to an event processor being directed an event. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 26 is further allowable on this basis.

**Claim 34**

Claim 34 depends from claim 33 and further recites (h) processing the event with the event processor responsive to the user interface. Neither Rivett-Carnac nor Bosak discloses or suggests processing an event with an event processor responsive to a user interface, where the event was sent to the event processor responsive to a document. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 34 is further allowable on this basis.

**Claim 35**

Claim 35 depends from claim 34 and further recites (i) performing a transaction with at least one transaction function device responsive to the event processor. Neither Rivett-Carnac

47

nor Bosak discloses or suggests performing a transaction with a transaction function device responsive to an event processor. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 35 is further allowable on this basis.

**Claim 36**

Claim 36 depends from claim 35 and further recites that step (i) includes dispensing cash from a cash dispenser. Neither Rivett-Carnac nor Bosak discloses or suggests dispensing cash from a cash dispenser. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 36 is further allowable on this basis.

**Claim 37**

Claim 37 depends from claim 33 and further recites that in step (a) the user interface is further generated responsive to a style sheet. Neither Rivett-Carnac nor Bosak discloses or suggests generating a user interface of an automated transaction machine responsive to a style sheet. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 37 is further allowable on this basis.

**Claim 38**

Claim 38 depends from claim 33 and further recites that in step (a) the document includes a plurality of pages and the user interface is further generated responsive to a first one of the plurality of pages, wherein in step (f) the user interface is further modified responsive to a second

48

one of the plurality of pages.   Neither Rivett-Carnac nor Bosak discloses or suggests a document that includes a plurality of pages.  In addition neither reference discloses generating a user interface responsive to a first page of a document, and modifying the user interface responsive to a second page of a document.  As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 38 is further allowable on this basis.

**Claim 39**

Claim 39 depends from claim 38 and further recites that the first page specifies the first event processor and the second page specifies a second event processor.  As discussed previously, neither Rivett-Carnac nor Bosak discloses or suggests a document that includes a plurality of pages.  In addition neither reference discloses that a first page specifies a first event processor and a second page specifies a second event processor.  As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 39 is further allowable on this basis.

**Claim 40**

Claim 40 depends from claim 33.  Claim 40 recites computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 33.  As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 40 is further allowable on this basis.

49

#### Claim 42

Claim 42 depends from claim 30 and recites that the automated transaction machine further comprises a cash dispenser in operative connection with the computer, wherein the cash dispenser is operative to perform a function responsive to the event processor. Neither Rivett-Carnac nor Bosak discloses or suggests a cash dispenser. In addition, neither reference discloses or suggests performing a function with a cash dispenser responsive to an event processor. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 42 is further allowable on this basis.

#### Claim 44

Claim 44 depends from claim 43 and recites that the at least one transaction function device includes a cash dispenser. Neither Rivett-Carnac nor Bosak discloses or suggests a cash dispenser. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 44 is further allowable on this basis.

### Claims 45-49 and 51 Are Not Obvious Over Zeanah

In the Action claims 45-49 and 51 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Zeanah. These rejections are respectfully traversed. Appellant's response to these rejections is based on the Office's referenced interpretation of Zeanah. Thus, any change in the Office's interpretation of these references shall constitute a new ground of rejection.

50

Appellant traverses these rejections on the grounds that Appellant's claims recite features and relationships which are neither disclosed nor suggested in the cited art, and because there is no teaching, suggestion or motivation cited so as to produce Appellant's invention. The features recited in Appellant's claims patentably distinguish over the applied references.

## Claim 45

Claim 45 is an independent claim directed to an ATM. The Action alleges that with regard to Claim 45, it would have been obvious to one of ordinary skill at the time of the invention to have provided various types of input hardware such as keypads and/or touch screens to capture user information/requests. The Action further alleges that it would have been obvious to one of ordinary skill at the time of the invention to have called the event processor to generate the interface screen using the style templates specific to the selected/enabled input device. Appellant disagrees.

Claim 45 recites an ATM that comprises transaction machine interface software. The transaction machine interface software is operative to cause the computer of the ATM to access an instruction document which includes a set of command instructions. The ATM includes a transaction function device, and first and second input devices of different types. The set of command instructions defines features of a single user interface. The interface software is further operative to cause the computer to output through the at least one output device a first user interface responsive to the set of command instructions when a first input device of the

ATM is enabled and a second user interface responsive to the set of command instructions when a second input device of the ATM is enabled.

The transaction machine interface software is operative to cause the computer of the ATM to operate a transaction function device of the ATM responsive to a first input through the first input device when the first user interface is being output. Also the transaction machine interface software is operative to cause the computer to operate the transaction function device responsive to a second input through the second input device when the second user interface is being output.

As best it can be understood, Zeanah discloses a system which provides information in different formats to various types of computing devices. Zeanah does not disclose or suggest an ATM which is operative to output first and second user interfaces responsive to a common set of command instructions when first and second input devices of different types are respectively enabled. Further, Zeanah does not disclose or suggest that a transaction function device of the ATM is operated responsive to inputs from the different first and second types of input devices of the ATM when the respective user interface screens are being output.

It is respectfully submitted that Zeanah does not disclose or suggest the features and relationships that are specifically recited in claim 45. As nothing in the cited art discloses or suggests the features and relationships that are specifically recited in the claim, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Appellant's invention, it is respectfully submitted that claim 45 is allowable for these

52

reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection should be withdrawn. It follows that claim 46 which depends from claim 45 is likewise allowable.

**Claim 47**

Claim 47 is an independent method claim. The Action alleges that with regard to claim 47, Zeanah teaches various user interface data capture elements such as fields, choices, etc. However, the Action does not recite where Zeanah teaches the specific steps, features, and relationships recited in the claim. Zeanah is directed to a client server arrangement where various types of remote devices (10) interface with a delivery system (12). Although Zeanah discusses that such remote devices may include an ATM, Zeanah does not disclose the method steps involving an ATM as recited in claim 47.

Claim 47 recites accessing an instruction document with an ATM. The instruction document includes a set of command instructions that define features of a single user interface screen. In addition claim 47 recites presenting through at least one display device on the at least one ATM responsive to the set of command instructions, a first view of the user interface screen including at least one first visual element adapted for selection using a first type of input device. Claim 47 also recites presenting through the at least one display device on the at least one ATM responsive to the same set of command instructions, a second view of the user interface screen including at least one second visual element different from the at least one first visual element and adapted for selection using a second type of input device. Zeanah does not disclose or suggest presenting different views of a user interface through at least one display device of an

53

ATM responsive to a common set of command instructions in a document, where the first and second views include different first and second visual elements respectively adapted for selection using different first and second types of input devices of the ATM respectively.

Claim 47 further recites operating the at least one transaction function device on the at least one ATM responsive to receipt of a first input through the first input device of the first type while the first view is being presented. Claim 47 also recites operating the at least one transaction function device on the at least one ATM responsive to receipt of a second input through the second input device of the second type while the second view is being presented. Zeanah does not disclose or suggest operating a transaction function device of an ATM responsive to input signals from different types of input devices of the ATM which are received while user interface views adapted for selection using the different types of input devices are presented through at least one display device of the ATM.

It is respectfully submitted that Zeanah does not disclose or suggest the features and relationships that are specifically recited in claim 47. As nothing in the cited art discloses or suggests the features and relationships that are specifically recited in the claim, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Appellant's invention, it is respectfully submitted that claim 47 is allowable for these reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection should be withdrawn. It follows that claims 48-51 which depend from claim 47 are likewise allowable.

54

**The Dependent Claims**

**Claim 46**

Claim 46 depends from claim 45 and further recites that the transaction function device includes a cash dispenser. Although Zeanah discloses an ATM, Zeanah does not disclose a cash dispenser of an ATM that is operated responsive to a first input from a first input device of a first type when a first user interface is being output and is operated responsive to a second input from a second input device of a different second type when a second user interface is being output. Further, Zeanah does not disclose or suggest that the two user interfaces are outputted responsive to a common set of command instructions from a document accessed by a computer of the ATM. Further, Zeanah does not disclose that the first user interface is output when the first input device of the first type is enabled in the ATM, and the second interface is output when the second input device of the second type is enabled in the ATM. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 46 is further allowable on this basis.

**Claim 48**

Claim 48 depends from claim 47 and further recites that in steps (d) and (g), the at least one transaction function device operated includes a cash dispenser. Zeanah does not disclose or suggest operating a transaction function device that includes a cash dispenser responsive to input signals from different types of input devices. Further, Zeanah does not disclose or suggest operating a cash dispenser of an ATM responsive to input signals from different types of input

55

devices of the ATM which are received while user interface views adapted for selection using the different types of input devices are presented. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 48 is further allowable on this basis.

**Claim 49**

Claim 49 depends from claim 47 and further recites that in step (d) the first input device includes a key, and where in step (f), the second input device includes a touch screen. Zeanah does not disclose or suggest presenting different first and second views of user interface screens with different first and second visual elements, where the visual element is adapted for selection using a key and the second visual element is adapted for selection with a touch screen. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 49 is further allowable on this basis.

**Claim 51**

Claim 51 depends from claim 47 and further recites computer readable media bearing instructions which are operative to cause at least one computer in the ATM to cause the ATM to carry out the method steps recited in claim 47. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 51 is further allowable on this basis.

## Claims 50, 52-56 Are Not Obvious Over Zeanah in View of Bosak

In the Action claims 50, 52-56 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Zeanah in view of Bosak. These rejections are respectfully traversed. Appellant's response to these rejections is based on the Office's referenced interpretations of Zeanah and Bosak. Thus, any change in the Office's interpretation of these references shall constitute a new ground of rejection.

As indicated previously, Appellant traverses these rejections on the grounds that Bosak is not prior art. In addition, Appellant traverses these rejections on the grounds that Appellant's claims recite steps, features and relationships which are neither disclosed nor suggested in the cited art, and because there is no teaching, suggestion or motivation cited so as to produce Appellant's invention. The features recited in Appellant's claims patentably distinguish over the applied references.

### Claim 52

Claim 52 is an independent claim directed to a method. Claim 52 recites accessing an XML document with an ATM. The Action admits that Zeanah does not teach XML. However, the Action alleges that it would have been obvious to one of ordinary skill at the time of the invention to have employed XML document instructions/tags/programming to carry out the software elements of Zeanah. The Action alleges that this would enable Zeanah to take advantage of the machine/OS independent nature of XML programming. Appellant disagrees.

57

Neither Bosak nor Zeanah disclose or suggest that an ATM use an instruction document with XML tags. The Action fails to show that any portion of Bosak or Zeanah includes a motivation, teaching or suggestion to use an XML instruction document in an ATM as recited in the claims. As discussed previously, the teaching, suggestion or motivation to combine the features in prior art references must be clearly and particularly identified in such prior art to support a rejection on the basis of obviousness. It is not sufficient to offer a broad range of sources and make conclusory statements. *In re Dembiczak*, 50 USPQ2d 1614, 1617 (Fed. Cir. 1999).

The Action further alleges it would have been obvious to one of ordinary skill at the time of the invention to have provided code sections/pages/modules/documents in XML to render each type of screen required. The Action alleges that it is well known and would have been obvious to one of ordinary skill at the time of the invention to have delineated such programming code with delineating tags. Appellant disagrees.

Claim 52 specifically recites accessing with an ATM an XML document which includes at least two sets of XML tags. The two sets of XML tags correspond to user interface elements for constructing at least two different user interface screens. Each set of XML tags is delineated by page tags which segregate and identify the sets of XML tags. Zeanah and Bosak do not disclose or suggest these features. In addition, the Action has failed to cite any other prior art reference which shows an ATM that accesses an XML document with these features.

In addition Claim 52 recites presenting a first user interface screen through at least one output device on the ATM responsive to the first set of XML tags in the instruction document.

58

Claim 52 also recites receiving at least one first input through at least one input device on the ATM and presenting a second user interface screen through at least one output device on the ATM responsive to the second set of XML tags in the instruction document. The first set of XML tags is delineated by a first set of page tags and the second set of XML tags is delineated by a second set of page tags. Neither Zeanah nor Bosak discloses an ATM which operates in this manner. Neither reference discloses XML instructions for constructing different user interface screens which are delineated by page tags.

It is respectfully submitted that Zeanah in view of Bosak does not disclose or suggest the features and relationships that are specifically recited in claim 52. As nothing in the cited art discloses or suggests the features and relationships that are specifically recited in the claim, and because there is no teaching, suggestion or motivation cited for combining features of the cited references so as to produce Appellant's invention, it is respectfully submitted that claim 52 is allowable for these reasons. Therefore, it is respectfully submitted that the 35 U.S.C. § 103(a) rejection should be withdrawn. It follows that claims 53-56 which depend from claim 52 are likewise allowable.

## The Dependent Claims

### Claim 50

Claim 50 depends from claim 48 and further recites that the instruction document includes XML tags. Neither Zeanah nor Bosak disclose operating a cash dispenser of an ATM

59

responsive to input signals from different types of input devices of the ATM which are received while user interface views adapted for selection using the different types of input devices are presented. Further, neither reference discloses that such user interface views are presented through at least one display device on the at least one ATM responsive to a set of command instructions in a document that includes XML tags. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 50 is further allowable on this basis.

**Claim 53**

Claim 53 depends from claim 52 and further recites that in step (b) the first set of XML tags specifies a first event processor, and further recites: e) calling the first event processor responsive to the at least one first input, the first user interface screen, and the first set of XML tags; and f) operating a first transaction function device on the ATM responsive to the event processor.

As discussed previously, neither Zeanah nor Bosak discloses or suggests XML tags in a document which specifies an event processor. In addition, neither reference discloses or suggests calling an event processor which is specified by the XML tags responsive to an input, a user interface screen, and the XML tags. Further, neither reference discloses or suggests operating a transaction function device of an ATM responsive to the event processor. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 53 is further allowable on this basis.

60

**Claim 54**

Claim 54 depends from claim 53 and recites that the first transaction function device includes a cash dispenser. Neither Zeanah nor Bosak discloses or suggests operating a cash dispenser responsive to an event processor specified by XML tags in a document. As nothing in the applied art discloses or suggests this feature, it is respectfully submitted that claim 54 is further allowable on this basis.

**Claim 55**

Claim 55 depends from claim 53 and recites that the second set of XML tags specifies a second event processor, and further recites: g) receiving at least one second input from the at least one input device of the ATM; h) calling the second event processor responsive to the second input, the second user interface screen and the second set of XML tags; and i) operating a second transaction function device on the ATM responsive to the second event processor.

Neither Zeanah nor Bosak discloses or suggests two sets of XML tags which are delineated by page tags and which specify a first and second event processor respectfully. Further, neither reference discloses or suggests calling the second event processor specified and operating a second transaction function device of an ATM responsive to the second event processor. As nothing in the applied art discloses or suggests these features, it is respectfully submitted that claim 55 is further allowable on this basis.

61

### 35 U.S.C. § 132, Objection

In the Action, claims 45 and 47 were objected to pursuant to 35 U.S.C. § 132. This objection is respectfully traversed. It is respectfully submitted that claims 45 and 47 do not introduce new matter into the disclosure of the invention. Each of these claims is supported by the original specification and original claims.

Claims 45 and 47 are similar to claim 17 of the original claims which indirectly depends from claims 12 and 13. Like claim 17, claims 45 and 47 recite at least one output or display device associated with a first input device of a first type and a second input device of a second type different than the first type. Like claim 17, claims 45 and 47 further recite that a first user interface is output through the at least one first output device responsive to a set of command instructions; and a second user interface is output through the at least one output device responsive to the set of command instructions. In addition, as with claim 17, claims 45 and 47 recite that at least one transaction function device is operative responsive to a first input from the first input device; and the at least one transaction function device is operative responsive to a second input from the second input device. Further, as disclosed in the Specification, claim 45 recites that the first user interface is output when the first input device of the first type is enabled; and the second user interface is output when the second input device of the second type is enabled. Also as disclosed in the Specification, claim 47 recites that the first user interface screen includes at least one first visual element adapted for selection using the first type of input device, and the second user interface screen includes at least one second visual element adapted for selection using the second type of input device.

62

Support for these features and relationships is found in the Specification, for example at page 19, line 17 to page 20, lines 3. Here the Specification discloses that embodiments of the present invention enables the use of substantially identical instruction documents to control the interfaces and devices of ATMs with different types of input devices such as function keys, keys in keypads or keyboards, touch screens or audio inputs. In addition Figure 9 shows an example of two different views 1591, 1592 of a user interface which are produced responsive to a common set of instructions 262 and responsive to different corresponding devices in ATMs. It is respectfully submitted that claims 44 and 47 are supported by the original specification and satisfy the requirement of 35 U.S.C. § 132.

### 35 U.S.C. § 112, Second Paragraph, Rejection

In the Action, claims 21, 22, and 41 were rejected pursuant to 35 U.S.C. § 112, second paragraph. This rejection is respectfully traversed. It is respectfully submitted that each of these claims particularly points out and distinctly claims the subject matter which Appellant regards as the invention.

In the Action, it was asserted that claims 21 and 22 could not be fully understood due to the nature of the phrases "the output indicative instruction is operative to indicate a value associated with at least one element" and "cause the first transaction function device to operate responsive to the event and the value". The Action also asserted that page 18 lines 5-8 of the Specification describes enabling/disabling interface elements, not causing the function device (cash dispenser) to operative responsive to a value.

63

It is respectfully submitted that claims 21 and 22 were previously amended to replace "output indicative instruction" with "the output indicative function". Therefore, the basis for the assertion in the Action that claims 21 and 22 are indefinite is not consistent with the current wording of the claims.

As disclosed in Figure 12, and page 19, lines 1-2, "when the TMI sends the event processor 16 the event for a user interface action concerning a dispense of sheets, the event processor can execute the instructions necessary to have a sheet dispenser device controller 361 operate the sheet dispenser 301". As disclosed on page 17, lines 22-23 "the event processor may need additional information about the user interface currently being generated by the computer before it can properly evaluate an event." On page 18, lines 5-6, the Specification specifically discloses that "the event processor can use the TMI API to get and set values in the user interface." In Figure 6; page 11, lines 10-11; and page 18, lines 2-3, the Specification discloses a get interface element value subroutine 281. This "get" subroutine 281 is a function of the TMI API that can be called by event processors to retrieve values entered into the user interface.

In claims 21 and 22, the recited element of an "output indicative function" corresponds to the TMI API function such as the "get" subroutine 281. It is respectfully submitted that the wording used in each of these claims particularly points out and distinctly claims the subject matter which Appellant regards as the invention. It is respectfully submitted that claims 21, 22 and 41 satisfy the requirements of 35 U.S.C. § 112, second paragraph.

## FEES FOR THIS SUBMISSION

Please charge the fee due upon the filing of this Brief and any other fees that may be due, to the Deposit Account No. 09-0428 of InterBold.

## CONCLUSION

As explained above, each of the claims specifically recites features, relationships, and steps that are neither disclosed nor suggested in any of the applied art. Furthermore, the applied art is devoid of any such teaching, suggestion, or motivation for combining features of the applied art so as to produce Appellant's invention. For these reasons it is respectfully submitted that all the pending claims are allowable.

Respectfully submitted,

Ralph E. Jocke                Reg. No. 31,029
WALKER & JOCKE
231 South Broadway
Medina, Ohio 44256
(330) 721-0000

65

# APPENDIX

CLAIMS

1.  An automated transaction machine comprising:

>   a computer operative to generate a user interface output and to receive a plurality of input signals;

>   at least one event processor software component in operative connection with the computer;

>   a transaction machine interface (TMI) software component in operative connection with the computer;

>   a document in operative connection with the computer, wherein the document includes a plurality of command instructions, wherein:

>>  the TMI is operative responsive to the command instructions in the document to cause the computer to generate a user interface output;

•

the TMI is further operative responsive to the user interface output and at least

one input signal received by the computer to cause an event to be generated;

the TMI is further operative responsive to at least one of the command

instructions to cause the event to be directed to an event processor; and

the event processor is operative responsive to the event to selectively cause the

TMI to cause a change in the user interface output generated by the computer.

2.  The automated transaction machine according to claim 1, wherein the event processor

is operative responsive to the event to generate an event response; and the TMI is operative

responsive to the event response to cause the change in the user interface output generated by the

computer.

3.  The automated transaction machine according to claim 1, wherein the TMI includes a

plurality of subroutines which are operative to modify the user interface output, and wherein the

event processor is operative to selectively call at least one of the subroutines responsive to the

event.

2

4. The automated transaction machine according to claim 1, and further comprising a style sheet in operative connection with the computer, wherein the TMI is further operative to cause the computer to generate the user interface output responsive to the style sheet.

5. The automated transaction machine according to claim 1, wherein the command instructions include an XML instruction.

6. The automated transaction machine according to claim 1, and further comprising an output device in operative connection with the user interface output, and wherein the command instructions include an action menu command instruction, and wherein the TMI is further operative responsive to the action menu command instruction to cause the user interface output generated by the computer to produce a visual representation of an action menu on the output device.

7. The automated transaction machine according to claim 1, wherein the event processor includes a DLL.

8. The automated transaction machine according to claim 1, further comprising at least one transaction function device in operative connection with the computer, wherein the transaction function device is selectively operative to carry out a transaction function, and

3

wherein the event processor is further operative responsive to the event to cause the computer to operate the transaction function device.

9.  The automated transaction machine according to claim 1, wherein:

the instruction document includes a plurality of instruction pages, wherein each instruction page includes a corresponding set including at least one command instruction;

the TMI is further operative responsive to at least one command instruction in the instruction document to select a first one of the instruction pages, wherein the TMI is operative to cause the computer to generate a user interface output responsive to a first set included in the first instruction page; and

the TMI is further operative to cause the event to be directed to the event processor responsive to the first set included in the instruction page.

10.  The automated transaction machine according to claim 9, wherein the TMI is operative responsive to at least one input signal received by the computer to select a second instruction page, wherein the TMI is operative to cause the computer to generate a user interface output responsive to the second instruction page, and wherein the TMI is operative to direct a

4

further event to an event processor responsive to at least one command instruction included in a second set in the second instruction page.

11. The automated transaction machine according to claim 1 wherein the computer further comprises a display screen in operative connection with the user interface output and wherein the user interface output is operative to cause a visible output to be produced on the display screen.

12. A first automated transaction machine apparatus including:

a first computer of a first type, wherein the first computer includes at least one first output device, wherein the first output device is operative to provide at least one output to users of the first machine, and at least one first input device, wherein the first input device is operative to receive at least one input from users of the machine;

a first transaction function device in operative connection with the first computer, wherein the first transaction function device is operative to carry out a transaction function;

first transaction machine interface software in operative connection with the first computer;

5

a first instruction document in operative connection with the first computer, wherein the first instruction document includes at least one command instruction:

wherein the first computer is operative responsive to at least one first input to the first input device to cause the first transaction function device to carry out the transaction function, and wherein the first computer is further operative to generate a first output through the first output device responsive to the first input, the first transaction machine interface software and at least one command instruction in the first instruction document.

13.    The apparatus including the first automated transaction machine according to claim 12, and further comprising:

a second automated transaction machine including:

a second computer of a second type different from the first type, and wherein the second computer includes at least one second output device, wherein the second output device is operative to provide at least one output to users of the second machine, and at least one second input device, wherein the second input device is operative to receive at least one input from users of the machine;

6

a second transaction function device in operative connection with the second computer, wherein the second transaction function device is operative to carry out the transaction function;

second transaction machine interface software in operative connection with the second computer;

a second instruction document substantially identical to the first instruction document, in operative connection with the second computer;

wherein the second computer is operative responsive to at least one second input to the second input device to cause the second transaction function device to carry out the transaction function, and wherein the second computer is further operative to generate a second output through the second output device responsive to the second input, the second transaction machine interface software and at least one command instruction in the second instruction document.

14.     The apparatus according to claim 13 wherein the first computer of the first type differs from the second computer of the second type in that the first output device comprises a different type of output device than the second output device.

15.     The apparatus according to claim 13 wherein the first computer of the first type differs from second computer of the second type in that the first computer includes a different type of operating system than the second computer.

16.     The apparatus according to claim 13 wherein the first computer of the first type differs from the second computer of the second type in that the first computer is operative to cause the first transaction function device to carry out the transaction function responsive to a first input that is different than the second input that is operative to cause the second computer to cause the second transaction function device to carry out the transaction function.

17.     The apparatus according to claim 13 wherein the first computer of the first type differs from the second computer of the second type in that the first input device comprises a different type of input device than the second input device.

18.     The apparatus according to claim 14 wherein the first output device includes a character based display device and the second output device includes a graphical display device.

19.     The apparatus according to claim 17 wherein the first input device includes a key and the second input device includes a touch screen.

8

20.     The apparatus according to claim 12 and further comprising:

event processor software in operative connection with the first computer, wherein the event processor software is operative to cause the first transaction function device to carry out the transaction function responsive to an event, wherein the first transaction machine interface software is operative to generate the event responsive to the first input.

21.     The apparatus according to claim 20 wherein the first transaction machine interface software includes at least one output indicative function, wherein when the first input is entered, the output indicative function is operative to indicate a value associated with at least one element included in an initial output through the first output device, wherein the event processor software is operative to call the output indicative function and is operative to cause the first transaction function device to operate responsive to the event and the value indicated by the output indicative function.

22.     The apparatus according to claim 21 wherein the event processor software responsive to the event and the output indicative function is operative to cause the first computer

9

to generate an event response, wherein the first transaction machine software is operative to cause the computer to generate the first output responsive to the event response.

23.  A method for operating an automated transaction machine comprising the steps of:

(a)     reading an instruction document accessible to a computer with a TMI software component in operative connection with the computer, wherein the instruction document includes a plurality of command instructions;

(b)     controlling a user interface output from the computer through operation of the TMI software component responsive to the command instructions;

(c)     receiving an input through an input device operatively connected with the computer;

(d)     generating an event through operation of the TMI software component responsive to the input to the input device and the user interface being output from the computer;

10

(e)    selectively directing the event through operation of the TMI software component to an event processor in operative connection with the computer, responsive to the command instructions;

(f)    generating an event response through operation of the event processor responsive to the event;

(g)    modifying the user interface output from the computer through operation of the TMI software component responsive to the event response.

24.   The method according to claim 24, wherein the TMI software component comprises at least one subroutine operative to provide information indicative of at least one user interface output, and further comprising calling the subroutine through operation of the event processor responsive to the event.

25.   The method according to claim 25 wherein the TMI software component comprises at least one subroutine that is operative to enable at least one element included in the user interface output, and further comprising calling the subroutine responsive to operation of the event processor.

11

26.    The method according to claim 23 and further comprising: operating a transaction function device in operative connection with the computer responsive to the event processor, wherein the transaction function device is operated responsive to the event being directed to the event processor.

27.    Computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 23.

28.    An automated transaction machine comprising:

at least one computer and at least one visual output device in operative connection with the computer in the automated transaction machine, whereby the visual output device is operative to provide outputs to users of the machine;

a plurality of documents in operative connection with the computer, wherein the computer is operative responsive to at least one of the documents to cause at least one visual output to be produced by the visual output device; and

12

at least one style sheet in operative connection with the computer, wherein at least one visual feature of the at least one visual output is produced responsive to the at least one style sheet.

29.    The automated transaction machine according to claim 28 further comprising at least one input device in operative connection with the computer, wherein the at least one visual feature of the at least one visual output is further produced responsive to the visual output device and the input device.

30.    The automated transaction machine according to claim 29 further comprising at least one event processor, wherein the at least one visual feature of the at least one visual output is further produced responsive to the event processor.

31.    A method of operating an automated transaction machine comprising:

    a)    operating a computer in the machine to receive at least one document;

    b)    operating the computer to receive data in at least one style sheet; and

    c)    providing an output through at least one visual output device on the machine responsive to operation of the computer, wherein at least one component of the

13

output is produced responsive to the document and at least one visual attribute of

the component is produced responsive to the style sheet.

32.    Computer readable media bearing instructions which are operative to cause at

least one computer in the machine to cause the machine to carry out the method steps recited in

claim 31.

33.    A method of operating an automated transaction machine comprising:

a)    generating a user interface responsive to at least one document, at least one input

device, and at least one output device;

b)    outputting the user interface through the output device;

c)    receiving an input from the input device;

d)    generating an event responsive to the input and the user interface;

e)    sending the event to a first event processor responsive to the document;

f)    modifying the user interface responsive to the event processor; and

14

g)     outputting the modified user interface through the output device.

34.     The method according to claim 33 further comprising:

h)     processing the event with the event processor responsive to the user interface.

35.     The method according to claim 34 further comprising:

i)     performing a transaction with at least one transaction function device responsive to the event processor.

36.     The method according to claim 35, wherein step (i) includes dispensing cash from a cash dispenser.

37.     The method according to claim 33, wherein in step (a) the user interface is further generated responsive to a style sheet.

38.     The method according to claim 33, wherein in step (a) the document includes a plurality of pages and the user interface is further generated responsive to a first one of the plurality of pages, wherein in step (f) the user interface is further modified responsive to a second one of the plurality of pages.

39.    The method according to claim 38, wherein the first page specifies the first event processor and the second page specifies a second event processor.

40.    Computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 33.

41.    The apparatus according to claim 21 wherein the event processor software is operative to specify the at least one element when calling the output indicative function of the first transaction machine interface software.

42.    The automated transaction machine according to claim 30, further comprising a cash dispenser in operative connection with the computer, wherein the cash dispenser is operative to perform a function responsive to the event processor.

43.    The method according to claim 31, further comprising:

d)    receiving at least one input through at least one input device on the machine, wherein the input is associated with the at least one component of the output;

16

e)      performing a transaction with at least one transaction function device on the

machine responsive to the input and the document.

44.  The method according to claim 43, wherein the at least one transaction function

device includes a cash dispenser, wherein step (e) includes dispensing cash from the cash

dispenser.

45.  An ATM comprising:

a computer;

a first input device of a first type in operative connection with the computer;

a second input device of a second type in operative connection with the computer,

wherein the first type and the second type are different types of input devices.

at least one output device in operative connection with the computer;

at least one transaction function device in operative connection with the computer;

17

transaction machine interface software in operative connection with the computer,
wherein the interface software is operative to cause the computer to access an instruction
document which includes a set of command instructions that define features of a single
user interface, wherein the interface software is further operative to cause the computer to
output through the at least one output device a first user interface responsive to the set of
command instructions when the first input device is enabled, wherein the transaction
machine interface software is further operative to cause the computer to output through
the at least one output device a second user interface responsive to the set of command
instructions when the second input device is enabled, and wherein the transaction
machine interface software is operative to cause the computer to operate the transaction
function device responsive to a first input through the first input device when the first
user interface is being output, and wherein the transaction machine interface software is
operative to cause the computer to operate the transaction function device responsive to a
second input through the second input device when the second user interface is being
output.

46.  The ATM according to claim 45, wherein the transaction function device includes a
cash dispenser.

47.  A method comprising:

18

a)    accessing an instruction document with at least one ATM, wherein the instruction document includes a set of command instructions that define features of a single user interface screen;

b)    presenting through at least one display device on the at least one ATM responsive to the set of command instructions a first view of the user interface screen including at least one first visual element adapted for selection using a first type of input device;

c)    receiving at least one first input through a first input device on the at least one ATM that is of the first type;

d)    operating at least one transaction function device on the at least one ATM responsive to receipt of the at least one first input while the first view is being presented;

e)    presenting through the at least one display device on the at least one ATM responsive to the set of command instructions a second view of the user interface screen including at least one second visual element different from the at least one first visual element and adapted for selection using a second type of input device;

f)    receiving at least one second input through a second input device on the at least one ATM that is of the second type; and

g)    operating the at least one transaction function device on the at least one ATM responsive to receipt of the at least one second input while the second view is being presented.

19

48. The method according to claim 47, wherein in steps (d) and (g), the at least one transaction function device operated includes a cash dispenser.

49. The method according to claim 48, wherein in step (d) the first input device includes a key, and where in step (f), the second input device includes a touch screen.

50. The method according to claim 49, wherein in step (a) the instruction document includes XML tags.

51. Computer readable media bearing instructions which are operative to cause at least one computer in the ATM to cause the ATM to carry out the method steps recited in claim 47.

52. A method comprising:

    a)    accessing an instruction document with an ATM, wherein the instruction document includes at least two sets of XML tags, which correspond to user interface elements for constructing at least two different user interface screens, wherein each set of XML tags is delineated by page tags which segregate and identify the sets of XML tags;

b)      presenting a first user interface screen through at least one output device on the

ATM responsive to a first set of XML tags in the instruction document, wherein

the first set of XML tags is delineated by a first set of page tags;

c)      receiving at least one first input through at least one input device on the ATM;

d)      presenting a second user interface screen through at least one output device on the

ATM responsive to a second set of XML tags in the instruction document,

wherein the second set of XML tags is delineated by a second set of page tags.

53. The method according to claim 52, wherein in step (b) the first set of XML tags

specifies a first event processor, and further comprising:

e)      calling the first event processor responsive to the at least one first input, the first

user interface screen, and the first set of XML tags; and

f)      operating a first transaction function device on the ATM responsive to the event

processor.

54. The method according to claim 53, wherein the first transaction function device

includes a cash dispenser.

21

55. The method according to claim 53, wherein the second set of XML tags specifies a second event processor, and further comprising:

g)    receiving at least one second input from the at least one input device of the ATM;

h)    calling the second event processor responsive to the second input, the second user interface screen and the second set of XML tags; and

i)    operating a second transaction function device on the ATM responsive to the second event processor.

56.    Computer readable media bearing instructions which are operative to cause at least one computer in the machine to cause the machine to carry out the method steps recited in claim 52.

# Index of /pub/sun-info/standards/xml/why

| Name | Last modified | Size | Description |
|------|---------------|------|-------------|
| Parent Directory | 24-May-1999 11:51 | - | |
| 4myths.htm | 28-Jan-1999 23:11 | 15k | |
| xmlapps.961117.htm | 12-Sep-1997 13:27 | 29k | |
| xmlapps.htm | 10-Mar-1997 21:04 | 30k | |
| xmlapps.htm.zip | 11-Mar-1997 00:23 | 11k | |
| xmlapps.html | 10-Mar-1997 21:04 | 30k | |
| xmlapps.ps | 10-Mar-1997 21:12 | 430k | |
| xmlapps.ps.zip | 11-Mar-1997 00:23 | 52k | |
| xmlapps.rtf | 10-Mar-1997 21:13 | 49k | |
| xmlapps.rtf.zip | 11-Mar-1997 00:23 | 13k | |
| xmlapps.zip | 11-Mar-1997 00:21 | 76k | |

*Apache/1.3.19 Server at www.ibiblio.org Port 80*

*DATE CREATED IS AFTER FILING DATE OF APPLICATION* [handwritten note]

1 of 1                                                                          10/29/01 9:56 AM