IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

Plaintiff

v.

JONATHAN W. DUDAS

Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 18

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

to reply to the new ground of rejection. The answer must also include the signature of a Technology Center (TC) Director or designee to indicate that he or she approves the new ground of rejection. See MPEP § 1207.03 and form paragraph 12.179.01.<

Upon receipt of the appeal case by the Board of Patent Appeals and Interferences (Board), the Board should review the application prior to assigning an appeal number to determine whether an appeal conference has been held. If the examiner's answer does not contain the appropriate indication that an appeal conference has been held (i.e., including the names of the conferees and identifying themselves as the conferees along with their initials), the Board should return the application directly to the appropriate **>TC< Director for corrective action. This return procedure by the Board should not be considered as a remand of the application. This procedure applies to all examiner's answers received by the Board on or after November 1, 2000.

Before preparing the answer, the examiner should make certain that all amendments approved for entry have in fact been * entered >in the file<. The ** Board will return to the TC any application in which approved amendments have not been entered.

*>

## 1207.02    Contents of Examiner's Answer< [R-3]

The examiner should furnish the appellant with a written statement in answer to the appellant's brief within 2 months after the receipt of the brief by the examiner.

The answer should contain a response to the allegations or arguments in the brief and should call attention to any errors in appellant's copy of the claims. If any rejection is withdrawn, the withdrawal should be clearly stated in the examiner's answer under *>subheading "Grounds of Rejection Withdrawn" in the section "Grounds of Rejection to be Reviewed on Appeal."< Grounds of rejection not *>specifically withdrawn by the examiner and not set forth< in the examiner's answer are usually treated >by the Board< as having been dropped, but may be considered by the Board if it desires to do so. The examiner should treat affidavits, declarations, or exhibits filed with ** the notice of appeal in accordance with 37 CFR *>1.116<. If an affidavit, declaration, or exhibit was

refused entry under 37 CFR *>1.116 or prohibited by 37 CFR 41.33<, the examiner should not comment on it in the examiner's answer. Likewise, it would be improper for appellant to rely on an affidavit, declaration, or exhibit, which was **>not entered<, in an appeal brief. If appellant has grounds for challenging the non-entry of an affidavit, declaration, or exhibit, he or she should file a timely petition seeking supervisory review of the non-entry. Any affidavits or declarations in the file swearing behind a *>reference< should be clearly identified by the examiner as being considered under * 37 CFR 1.131 **.

**>If a document being relied upon by the examiner in support of a rejection is in a language other than English, a translation must be obtained so that the record is clear as to the precise facts the examiner is relying upon in support of the rejection. The translation should be obtained prior to the appeal conference so that the participants of the appeal conference can consider the translation. The examiner should reference the pertinent portions of the translation at least in the grounds of rejection section of the answer. See MPEP § 706.02 for reliance upon abstracts and foreign language documents in support of a rejection.

If the brief in compliance with 37 CFR 41.37 fails to address all grounds of rejection advanced by the examiner, the examiner should identify each ground of rejection not addressed by the brief in the examiner's answer under a subheading "Grounds of Rejection Not on Review" in the section "Grounds of Rejection to be Reviewed on Appeal."<

Because of the practice of the ** Office in entering amendments after final action under justifiable circumstances for purposes of appeal, many cases coming before the Board for consideration contain claims which are not the claims treated in the examiner's final rejection. They are either entirely new claims or amended versions of the finally rejected claims or both. Where an amendment under 37 CFR 1.116 >or 41.33< would be entered for appeal purposes, the examiner must identify (in an advisory action) how one or more individual rejections set forth in the final rejection would be used to reject the added or amended claim(s). **

If there is a complete and thorough development of the issues at the time of final rejection, it is possible to save time in preparing the examiner's answer required by 37 CFR **>41.39 by copying a rejection from a

prior Office action and then pasting the copied rejection into the answer. An examiner's answer should not refer, either directly or indirectly, to any prior Office action without fully restating the point relied on in the answer. Of course, if the examiner feels that some further explanation of the rejection is necessary, he or she should include it in the ground of rejection set forth in the answer. For example, if a rejected claim were amended after the final rejection by adding limitations, the examiner should address the added limitations in the ground of rejection set forth in the answer. The statement of the rejection in the answer must account for the claim as amended and the answer must also include any necessary rebuttal of arguments presented in the appellant's brief.<

**

The examiner should reevaluate his or her position in the light of the arguments presented in the brief, and should expressly withdraw any rejections not adhered to**>in the "Grounds of Rejection Withdrawn" subsection of the examiner's answer<. This should be done even though any rejection not repeated and discussed in the answer may be taken by the Board as having been withdrawn. *Ex parte Emm*, 118 USPQ 180 (Bd. App. 1957).

A new ground of rejection is ** permitted in an examiner's answer. **>See< MPEP § *>1207.03<. If **>reopening of prosecution is necessary, the< examiner must obtain approval from the supervisory patent examiner prior to reopening prosecution after an appeal. See MPEP § 1002.02(d) >and § 1207.04<.

All correspondence with the Board, whether by the examiner or the appellant, must be on the record. No unpublished decisions which are unavailable to the general public by reason of 35 U.S.C. 122(a) can be cited by the examiner or the appellant except that either the examiner or the appellant has the right to cite an unpublished decision in an application having common ownership with the application on appeal.

**

If an examiner's answer is believed to contain a new interpretation or application of the existing patent law, the examiner's answer, application file, and an explanatory memorandum should be forwarded to the TC Director for consideration. See MPEP § 1003. If approved by the TC Director, the examiner's answer should be forwarded to the Office of the Deputy Commissioner for Patent Examination Policy for final approval.

Briefs must comply with 37 CFR *>41.37<, and all examiner's answers filed in response to such briefs must comply with the guidelines set forth below.

(A) >CONTENT< REQUIREMENTS FOR EXAMINER'S ANSWER. The examiner's answer is required to include, under appropriate headings, in the order indicated, the following items:

(1) *Real Party in Interest.* A statement acknowledging **>that the brief has identified by name< the real party in * interest **.

(2) *Related Appeals and Interferences.* A statement **>identifying by application, patent, appeal or interference number all other prior and pending appeals, interferences or judicial proceedings known to the examiner which may be related to, directly affect or be directly affected by, or have a bearing on the Board's decision in the pending appeal. Copies of any decisions rendered by a court or the Board in any proceeding identified under this paragraph should be included in the *Related proceedings appendix* section.<

(3) *Status of Claims.* A statement of whether the examiner agrees or disagrees with the statement of the status of claims contained in the brief **>. If the examiner disagrees with the statement of the status of the claims contained in the brief, the examiner must set forth a correct statement of the status of all the claims in the proceeding.<

(4) *Status of Amendments >After Final<.* A statement of whether the examiner >agrees or< disagrees with the statement of the status of amendments contained in the brief and an explanation of any disagreement.

(5) *Summary of **>Claimed Subject Matter.* A statement of whether the examiner agrees or disagrees with the summary of claimed subject matter contained in the brief and an explanation of any disagreement.<

(6) **>*Grounds of Rejection to be Reviewed on Appeal.* A statement of whether the examiner agrees or disagrees with the statement of the grounds of rejection to be reviewed set forth in the brief and an explanation of any disagreement. Form paragraphs 12.154 and 12.154.01 or 12.154.02 may be used. In addition, the examiner must include the following subheadings (if appropriate):

(a) "Grounds of Rejection Withdrawn" - a listing of grounds of rejection under appeal that the examiner has withdrawn (form paragraph 12.154.05 may be used);

(b) "Grounds of Rejection Not On Review" - a listing of all grounds of rejection that have not been withdrawn and have not been presented by the appellant for review in the brief (form paragraph 12.154.011 may be used);

(c) "Non-Appealable Issues" - a listing of any non-appealable issues in the brief (form paragraph 12.154.03 may be used); and

(d) "New Grounds of Rejection" - a listing of any new grounds of rejection (prominently identified, e.g., a separate heading with all capitalized letters) that has been approved by the TC Director, or a designee. Form paragraph 12.154.04 may be used.<

*>

(7) < Claims *>Appendix<. A statement of whether the copy of the appealed claims contained in the appendix to the brief is correct and, if not, a correct copy of any incorrect claim.

**>

(8) Evidence Relied Upon<. A listing of the **>evidence< relied on >(e.g., patents, publications, admitted prior art)<, and, in the case of nonpatent references, the relevant page or pages.

*>

(9) < Grounds of Rejection. For each ground of rejection **>maintained by the examiner and each new ground of rejection (if any), an explanation of the ground of rejection.<

(a) For each rejection under 35 U.S.C. 112, first paragraph, the examiner's answer, **>must< explain how the first paragraph of 35 U.S.C. 112 is not complied with, including, as appropriate, how the specification and drawings, if any,

(i) do not describe the subject matter defined by each of the rejected claims,

(ii) would not enable any person skilled in the art to make and use the subject matter defined by each of the rejected claims without undue experimentation **>including a consideration of the undue experimentation factors set forth in MPEP § 2164.01(a), and

(iii) < do not set forth the best mode contemplated by the appellant of carrying out his or her invention.

(b) For each rejection under 35 U.S.C. 112, second paragraph, the examiner's answer **>must< explain how the claims do not particularly point out and distinctly claim the subject matter which applicant regards as the invention.

(c) For each rejection under 35 U.S.C. 102, the examiner's answer **>must< explain why the rejected claims are anticipated or not patentable under 35 U.S.C. 102, pointing out where all of the specific limitations recited in the rejected claims are found in the prior art relied upon in the rejection.

(d) For each rejection under 35 U.S.C. 103, the examiner's answer **>must<:

(i) state the ground of rejection and point out where each of the specific limitations recited in the rejected claims is found in the prior art relied on in the rejection,

(ii) identify **>the differences< between the rejected claims and the prior art relied on >(i.e., the primary reference)<, and

(iii) explain **>why it would have been obvious at the time the invention was made to a person of ordinary skill in the art to have modified the primary reference to arrive at the claimed subject matter.<

(e) For each rejection under 35 U.S.C. 102 or 103 where there are questions as to how limitations in the claims correspond to features in the prior art even after the examiner complies with the requirements of paragraphs (c) and (d) of this section, the examiner **>must< compare at least one of the rejected claims feature by feature with the prior art relied on in the rejection. The comparison *>must< align the language of the claim side-by-side with a reference to the specific page, line number, drawing reference number, and quotation from the prior art, as appropriate.

(f) For each rejection, other than those referred to in paragraphs (a) to (e) of this section, the examiner's answer **>must< specifically explain the basis for the particular rejection.

**1207.02**                     MANUAL OF PATENT EXAMINING PROCEDURE

>
(g)  The examiner must prominently identify (e.g., a separate heading with all capitalized letters) any new ground of rejection that has been approved by the TC Director or designee.<
*>
(10)< *Response to Argument.* A statement of whether the examiner disagrees with each of the contentions of appellant in the brief with respect to the issues presented and an explanation of the reasons for disagreement with any such contention. **>The examiner must use headings and subheadings paralleling the headings and subheadings utilized in the appellant's brief.

(11) *Related Proceedings Appendix.* Copies of any decisions rendered by a court or the Board in any proceeding identified by the examiner in the "Related Appeals and Interferences" section of the answer.<

(B) FORM PARAGRAPHS. A form suitable for the examiner's answer is as follows:

**>

¶ *12.149 Examiner's Answer Cover Sheet*
BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES
Application Number: [1]
Filing Date: [2]
Appellant(s): [3]

_____
[4]
For Appellant
EXAMINER'S ANSWER
This is in response to the appeal brief filed [5] appealing from the Office action mailed [6].

**Examiner Note:**
1.  This form paragraph is printed with the USPTO letterhead.
2.  In bracket 1, insert the application number of the appealed application.
3.  In bracket 2, insert the filing date of the appealed application.
4.  In bracket 3, insert the name(s) of the appellant.
5.  In bracket 4, insert the name of the registered representative of the appellant.
6.  In bracket 5, indicate the date on which the brief was filed, and also indicate if any supplemental appeal brief was filed, as well as the date on which the supplemental appeal brief was filed.
7.  In bracket 6, indicate the date on which the Office action being appealed was mailed.
8.  Form paragraphs 12.149 to 12.179.01, as appropriate, should be used if the appeal brief was filed on or after September 13, 2004.

¶ *12.150.01 Real Party in Interest*
    *(1) Real Party in Interest*
    A statement identifying by name the real party in interest is contained in the brief.

**Examiner Note:**
    A statement identifying by name the real party in interest is required even if the party named in the caption of the brief is the real party in interest. See 37 CFR 41.37(c)(1)(i). Form PTOL-462, PTOL-462R, or form paragraphs 12.169-12.178 may be used, as applicable, to require a corrected appeal brief if the appeal brief is not in compliance with 37 CFR 41.37.

¶ *12.150.04 Related Appeals and Interferences*
    *(2) Related Appeals and Interferences*

**Examiner Note:**
    Follow this form paragraph with form paragraph 12.150.05 or 12.150.06.

¶ *12.150.05 Identification of the Related Appeals and Interferences*
    The following are the related appeals, interferences, and judicial proceedings known to the examiner which may be related to, directly affect or be directly affected by or have a bearing on the Board's decision in the pending appeal:

**Examiner Note:**
1.  Follow this form paragraph with an identification by application, patent, appeal or interference number of all other prior and pending appeals, interferences or judicial proceedings known to the examiner which may be related to, directly affect or be directly affected by or have a bearing on the Board's decision in the pending appeal.
2.  Include a copy of all court and Board decisions identified in this section in a related proceeding(s) appendix using form paragraphs 12.162 and 12.162.02.

¶    *12.150.06 No Related Appeals and Interferences Identified*
    The examiner is not aware of any related appeals, interferences, or judicial proceedings which will directly affect or be directly affected by or have a bearing on the Board's decision in the pending appeal.

¶ *12.151 Status of Claims*
    *(3) Status of Claims*

**Examiner Note:**
    Follow this form paragraph with one or more of form paragraphs 12.151.01 to 12.151.10.

¶ *12.151.01 Agreement With Statement of Status of Claims*
    The statement of the status of claims contained in the brief is correct.

APPEAL

¶ *12.151.02 Disagreement With Statement of Status of Claims*

The statement of the status of claims contained in the brief is incorrect. A correct statement of the status of the claims is as follows:.

**Examiner Note:**

1. Indicate the area of disagreement and the reasons for the disagreement.

2. One or more form paragraphs 12.151.03 to 12.151.10 must follow this paragraph.

¶ *12.151.03 Claims on Appeal*

This appeal involves claim [1].

**Examiner Note:**

1. In bracket 1, all the claims still on appeal should be specified. Do not list claims which are no longer rejected.

2. Also use form paragraphs 12.151.04 to 12.151.10 when appropriate to clarify the status of the claims on appeal that were incorrectly listed in the brief.

¶ *12.151.04 Status of Claims on Appeal - Substituted*

Claim [1] been substituted for the finally rejected claims.

**Examiner Note:**

All substituted claims on appeal must be identified if the brief incorrectly lists any substituted claims. In bracket 1, insert the claim number(s) corresponding to the substitute claims, followed by --has-- or --have--, as appropriate.

¶ *12.151.05 Status of Claims on Appeal - Amended*

Claim [1] been amended subsequent to the final rejection.

**Examiner Note:**

All claims amended after final rejection must be identified if the brief incorrectly lists any claims amended after final rejection. In bracket 1, identify the claim number(s) corresponding to the claim(s) which have been amended, followed by --has-- or --have--, as appropriate.

¶ *12.151.07 Claims Allowed*

Claim [1] allowed.

**Examiner Note:**

All allowed claims must be identified if the brief incorrectly lists any allowed claims.

¶ *12.151.08 Claims Objected To*

Claim [1] objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

**Examiner Note:**

All objected to claims must be identified if the brief incorrectly lists any claims objected to.

¶ *12.151.09 Claims Withdrawn From Consideration*

Claim [1] withdrawn from consideration as not directed to the elected [2].

**Examiner Note:**

All withdrawn claims must be identified if the brief incorrectly lists any withdrawn claims.

¶ *12.151.10 Claims Canceled*

Claim [1] been canceled.

**Examiner Note:**

All canceled claims must be identified if the brief incorrectly lists any canceled claims.

¶ *12.152 Status of Amendments After Final*
   *(4) Status of Amendments After Final*

**Examiner Note:**

Identify status of all amendments submitted after final rejection. Use one or more of form paragraphs 12.152.01 to 12.152.05, if appropriate.

¶ *12.152.01 Agreement With Appellant's Statement of the Status of Amendments After Final*

The appellant's statement of the status of amendments after final rejection contained in the brief is correct.

¶ *12.152.02 Disagreement With Appellant's Statement of the Status of Amendments After Final*

The appellant's statement of the status of amendments after final rejection contained in the brief is incorrect.

**Examiner Note:**

One or more of form paragraphs 12.152.03 to 12.152.05 must follow this form paragraph to explain the reasons for disagreeing with appellant's statement of the status of the amendments.

¶ *12.152.03 Amendment After Final Entered*

The amendment after final rejection filed on [1] has been entered.

**Examiner Note:**

1. In bracket 1, insert the filing date of any entered after final amendment.

2. Use this form paragraph for each after final amendment which has been entered.

¶ *12.152.04 Amendment After Final Not Entered*

The amendment after final rejection filed on [1] has not been entered.

**Examiner Note:**

1. In bracket 1, insert the date of any after final amendment denied entry.

2. Use this form paragraph for each after final amendment which has been denied entry.

¶ *12.152.05 No Amendments After Final*

No amendment after final has been filed.

Rev. 3, August 2005

¶ *12.153 Summary of Claimed Subject Matter*
    *(5) Summary of Claimed Subject Matter*

**Examiner Note:**

    Follow this form paragraph with either of form paragraphs 12.153.01 or 12.153.02.

¶ *12.153.01 Agreement With the Summary of Claimed Subject Matter*

    The summary of claimed subject matter contained in the brief is correct.

¶ *12.153.02 Disagreement With the Summary of Claimed Subject Matter*

    The summary of claimed subject matter contained in the brief is deficient. 37 CFR 41.37(c)(1)(v) requires the summary of claimed subject matter to include: (1) a concise explanation of the subject matter defined in each of the independent claims involved in the appeal, referring to the specification by page and line number, and to the drawing, if any, by reference characters and (2) for each independent claim involved in the appeal and for each dependent claim argued separately, every means plus function and step plus function as permitted by 35 U.S.C. 112, sixth paragraph, must be identified and the structure, material, or acts described in the specification as corresponding to each claimed function must be set forth with reference to the specification by page and line number, and to the drawing, if any, by reference characters. The brief is deficient because [1].

**Examiner Note:**

    1. In bracket 1, explain the deficiency of the appellant's summary of the claimed subject matter. Include a correction if necessary for a clear understanding of the claimed invention.

    2. Form PTOL-462, PTOL-462R, or form paragraphs 12.169-12.178 may be used, as applicable, to require a corrected appeal brief if the appeal brief is not in compliance with 37 CFR 41.37. Note that an appellant who is not represented by a registered practitioner is not required to provide a concise explanation of the subject matter under 37 CFR 41.37(c)(1)(v). See the introductory paragraph of 37 CFR 41.37(c)(1).

¶ *12.154 Grounds of Rejection to be Reviewed on Appeal*
    *(6) Grounds of Rejection to be Reviewed on Appeal*

**Examiner Note:**

    1.    This form paragraph may be followed with one or more of form paragraphs 12.154.01 to 12.154.05.

    2.    Use form paragraph 12.154.04 to introduce any new grounds of rejection.

    3.    Form PTOL-462, PTOL-462R, or form paragraphs 12.169-12.178 may be used, as applicable, to require a corrected appeal brief if the appeal brief is not in compliance with 37 CFR 41.37. Note that an appellant who is not represented by a registered practitioner is not required to provide a concise explanation of the grounds of rejection to be reviewed on appeal under 37 CFR 41.37(c)(1)(vi). See the introductory paragraph of 37 CFR 41.37(c)(1).

¶ *12.154.01 Agreement With Appellant's Statement of the Grounds of Rejection*

    The appellant's statement of the grounds of rejection to be reviewed on appeal is correct.

**Examiner Note:**

    Follow this form paragraph with form paragraph 12.154.011 if there are grounds of rejection that have not been withdrawn and that have not been presented for review in appellant's brief.

¶ *12.154.02 Disagreement With Appellant's Statement of the Grounds of Rejection*

    The appellant's statement of the grounds of rejection to be reviewed on appeal is substantially correct. The changes are as follows: [1]

**Examiner Note:**

    In bracket 1, explain the changes with respect to the appellant's statement of the grounds of rejection in the brief including:

    (i) an identification of any grounds of rejection that were stated incorrectly (e.g., using form paragraph 12.154.05);

    (ii) an identification of any grounds of rejection which the examiner is withdrawing because they are no longer applicable (e.g., using form paragraph 12.154.05); and

    (iii) any new grounds of rejection (e.g., using form paragraph 12.154.04).

¶ *12.154.03 Non-Appealable Issue in Brief*

    Appellant's brief presents arguments relating to [1]. This issue relates to petitionable subject matter under 37 CFR 1.181 and not to appealable subject matter. See MPEP § 1002 and § 1201.

¶ *12.154.04 New Grounds of Rejection - Heading*

        **NEW GROUNDS OF REJECTION**

    [1]

**Examiner Note:**

    1. Any new ground(s) of rejection in the examiner's answer must be prominently identified (e.g., using this form paragraph) in the following sections of the answer:

    *(6) Grounds of Rejection to be Reviewed on Appeal* (form paragraph 12.154)    use this form paragraph in section *(6)* of the answer to provide a concise statement of each new ground of rejection presented for review in bracket 1; and

    *(9) Grounds of Rejection* (form paragraph 12.159) – use this form paragraph in section *(9)* of the answer to set forth the new grounds of rejection.

    2. Conclude an examiner's answer raising new grounds of rejection with form paragraph 12.179.01: (1) to notify applicant of the response period and options following the new grounds of rejection; and (2) to include the required approval of the TC Director or his/her designee.

¶ *12.154.05 Withdrawn Rejections*
    **WITHDRAWN REJECTIONS**

The following grounds of rejection are not presented for review on appeal because they have been withdrawn by the examiner. [1].

**Examiner Note:**
In bracket 1, insert the grounds of rejection that have been withdrawn.

¶ *12.154.011  Grounds of Rejection Not on Review*
**GROUNDS OF REJECTION NOT ON REVIEW**

The following grounds of rejection have not been withdrawn by the examiner, but they are not under review on appeal because they have not been presented for review in the appellant's brief. [1].

**Examiner Note:**
In bracket 1, insert the grounds of rejection that have not been withdrawn by the examiner but were not presented for review in appellant's brief.

¶ *12.156  Claims Appendix*
*(7) Claims Appendix*

**Examiner Note:**
Follow this form paragraph with form paragraph 12.156.01, 12.156.02 or 12.156.03.

¶ *12.156.01  Copy of the Appealed Claims in Appendix Is Correct*
The copy of the appealed claims contained in the Appendix to the brief is correct.

¶ *12.156.02  Copy of the Appealed Claims in Appendix Is Substantially Correct*
A substantially correct copy of appealed claim [1] appears on page [2] of the Appendix to the appellant's brief. The minor errors are as follows: [3]

**Examiner Note:**
1. In bracket 1, indicate the claim or claims with small errors.
2. In bracket 3, indicate the nature of the errors.

¶ *12.156.03  Copy of the Appealed Claims in Appendix Contain Substantial Errors*
Claim [1] contain(s) substantial errors as presented in the Appendix to the brief. Accordingly, claim [2] correctly written in the Appendix to the Examiner's Answer.

**Examiner Note:**
1. Appellant should include a correct copy of all appealed claims in the Appendix to the brief. See 37 CFR 41.37(c)(1)(viii).
2. Attach a correct copy of any incorrect claims as an Appendix to the Examiner's Answer and if the application is still a paper file, draw a diagonal line in pencil through the incorrect claim in the Appendix of the appellant's appeal brief.
3. Rather than using this form paragraph, if the errors in the claim(s) are significant, appellant should be required to submit a corrected brief using form PTOL-462, PTOL-462R, or form paragraphs 12.169-12.178, as applicable. Where the brief includes

arguments directed toward the errors, a corrected brief should always be required.

¶ *12.157 Evidence Relied Upon*
*(8) Evidence Relied Upon*

**Examiner Note:**
Follow this form paragraph with either form paragraph 12.157.01 or 12.157.02.

¶ *12.157.01 No Evidence Relied Upon*
No evidence is relied upon by the examiner in the rejection of the claims under appeal.

¶ *12.157.02 Listing of Evidence Relied Upon*
The following is a listing of the evidence (e.g., patents, publications, Official Notice, and admitted prior art) relied upon in the rejection of claims under appeal.

**Examiner Note:**
1. Use the following format for providing information on each reference cited:
    Number Name Date
2. The following are example formats for listing reference citations:
    2,717,847  VERAIN    9-1955
    1,345,890  MUTHER (Fed. Rep. of Germany) 7-1963
    (Figure 2 labeled as Prior Art in this document)
3. See MPEP § 707.05(e) for additional examples.

¶ *12.159 Grounds of Rejection*
*(9) Grounds of Rejection*
The following ground(s) of rejection are applicable to the appealed claims.

**Examiner Note:**
1. Explain each ground of rejection maintained by the examiner as provided below:
    (i) For each rejection under 35 U.S.C. 112, first paragraph, the Examiner's Answer shall explain how the first paragraph of 35 U.S.C. 112 is not complied with, including, as appropriate, how the specification and drawings, if any, (a) do not describe the subject matter defined by each of the rejected claims, (b) would not enable any person skilled in the art to make and use the subject matter defined by each of the rejected claims, and (c) do not set forth the best mode contemplated by the appellant of carrying out his/her invention.
    (ii) For each rejection under 35 U.S.C. 112, second paragraph, the Examiner's Answer shall explain how the claims do not particularly point out and distinctly claim the subject matter which appellant regards as the invention.
    (iii) For each rejection under 35 U.S.C. 102, the Examiner's Answer shall explain why the rejected claims are anticipated or not patentable under 35 U.S.C. 102, pointing out where all of the specific limitations recited in the rejected claims are found in the prior art relied upon in the rejection.
    (iv) For each rejection under 35 U.S.C. 103, the Examiner's Answer shall state the ground of rejection and point out where each of the specific limitations recited in the rejected claims is

found in the prior art relied upon in the rejection, shall identify the differences between the rejected claims and the prior art relied on (i.e., the primary reference) and shall explain why it would have been obvious at the time the invention was made to a person of ordinary skill in the art to have modified the primary reference to arrive at the claimed subject matter

(v) For each rejection under 35 U.S.C. 102 or 103 where there may be questions as to how limitations in the claims correspond to features in the prior art, the examiner, in addition to the requirements of (ii), (iii) and (iv) above, should compare at least one of the rejected claims feature by feature with the prior art relied on in the rejection. The comparison shall align the language of the claim side by side with a reference to the specific page, line number, drawing reference number and quotation from the prior art, as appropriate.

(vi) For each rejection, other than those referred to in paragraphs (i) to (v) for this section, the Examiner's Answer shall specifically explain the basis for the particular rejection.

2. If there are any new grounds of rejection, use form paragraph 12.154.04 to provide a prominent heading and use form paragraph 12.179.01 instead of form paragraph 12.179 to conclude the examiner's answer.

¶ *12.161 Response to Argument*
   *(10) Response to Argument*

**Examiner Note:**

1. If an issue raised by appellant was fully responded to under the "Grounds of Rejection to be Reviewed on Appeal" portion, no additional response is required here.

2. If an issue has been raised by appellant that was not fully responded to under "Grounds of Rejection to be Reviewed on Appeal," a full response must be provided after this form paragraph.

¶ *12.162 Related Proceeding(s) Appendix*
   *(11) Related Proceeding(s) Appendix*

**Examiner Note:**

Follow this form paragraph with either form paragraph 12.162.01 or 12.162.02.

¶ *12.162.01 No Related Proceeding Identified*

No decision rendered by a court or the Board is identified by the examiner in the Related Appeals and Interferences section of this examiner's answer.

¶ *12.162.02 Copies Related to Proceeding*

Copies of the court or Board decision(s) identified in the Related Appeals and Interferences section of this examiner's answer are provided herein.

¶ *12.179 Conclusion to Examiner's Answer, No New Grounds of Rejection*

For the above reasons, it is believed that the rejections should be sustained.

Respectfully submitted,
[1]
Conferees:

[2]
[3]

**Examiner Note:**

1. In bracket 1, insert initials of the examiner and the date.

2. In bracket 2, insert names of the conferees. The conferees must also place their initials next to their names.

3. In bracket 3, insert correspondence address of record.

4. If the examiner's answer includes a new ground of rejection, use form paragraph 12.179.01 instead of this form paragraph.

¶ *12.179.01 Conclusion to Examiner's Answer Raising New Grounds of Rejection*

For the above reasons, it is believed that the rejections should be sustained.

This examiner's answer contains a new ground of rejection set forth in section (9) above. Accordingly, appellant must within **TWO MONTHS** from the date of this answer exercise one of the following two options to avoid sua sponte dismissal of the appeal as to the claims subject to the new ground of rejection:

(1) **Reopen prosecution.** Request that prosecution be reopened before the primary examiner by filing a reply under 37 CFR 1.111 with or without amendment, affidavit or other evidence. Any amendment, affidavit or other evidence must be relevant to the new grounds of rejection. A request that complies with 37 CFR 41.39(b)(1) will be entered and considered. Any request that prosecution be reopened will be treated as a request to withdraw the appeal.

(2) **Maintain appeal.** Request that the appeal be maintained by filing a reply brief as set forth in 37 CFR 41.41. Such a reply brief must address each new ground of rejection as set forth in 37 CFR 41.37(c)(1)(vii) and should be in compliance with the other requirements of 37 CFR 41.37(c). If a reply brief filed pursuant to 37 CFR 41.39(b)(2) is accompanied by any amendment, affidavit or other evidence, it shall be treated as a request that prosecution be reopened before the primary examiner under 37 CFR 41.39(b)(1).

Extensions of time under 37 CFR 1.136(a) are not applicable to the TWO MONTH time period set forth above. See 37 CFR 1.136(b) for extensions of time to reply for patent applications and 37 CFR 1.550(c) for extensions of time to reply for ex parte reexamination proceedings.

Respectfully submitted,
[1]
**A Technology Center Director or designee must personally approve the new ground(s) of rejection set forth in section (9) above by signing below:**
[2]
Conferees:
[3]
[4]

**Examiner Note:**

1. In bracket 1, insert initials of the examiner and the date.

2. In bracket 2, insert TC Director's or designee's signature. All new grounds of rejection must be approved by a TC Director or designee.