IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

    Plaintiff

v.

JONATHAN W. DUDAS

    Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 21

**U.S. Patent and Trademark Office, Commerce** § 1.192

### § 1.184 [Reserved]

APPEAL TO THE BOARD OF PATENT APPEALS AND INTERFERENCES

AUTHORITY: Secs. 1.191 to 1.198 also issued under 35 U.S.C. 134.

### § 1.191 Appeal to Board of Patent Appeals and Interferences.

(a)(1) Every applicant for a patent or for reissue of a patent, and every owner of a patent involved in an *ex parte* reexamination proceeding filed under § 1.510 before November 29, 1999, any of whose claims has been twice or finally (§ 1.113) rejected, may appeal from the decision of the examiner to the Board of Patent Appeals and Interferences by filing a notice of appeal and the fee set forth in § 1.17(b) within the time period for reply provided under §§ 1.134 and 1.136 (for applications) or § 1.550(c) (for *ex parte* reexamination proceedings).

(2) Every owner of a patent involved in an *ex parte* reexamination proceeding filed under § 1.510 on or after November 29, 1999, any of whose claims has been finally (§ 1.113) rejected, may appeal from the decision of the examiner to the Board of Patent Appeals and Interferences by filing a notice of appeal and the fee set forth in § 1.17(b) within the time period for reply provided under §§ 1.134 and 1.550(c).

(3) Appeals to the Board of Patent Appeals and Interferences in *inter partes* reexamination proceedings filed under § 1.913 are controlled by §§ 1.959 through 1.981. Sections 1.191 through 1.198 are not applicable to appeals in *inter partes* reexamination proceedings filed under § 1.913.

(b) The signature requirement of § 1.33 does not apply to a notice of appeal filed under this section.

(c) An appeal when taken must be taken from the rejection of all claims under rejection which the applicant or patent owner proposes to contest. Questions relating to matters not affecting the merits of the invention may be required to be settled before an appeal can be considered.

(d) The time periods set forth in §§ 1.191 and 1.192 are subject to the provisions of § 1.136 for patent applications and § 1.550(c) for reexamination proceedings. The time periods set forth in §§ 1.193, 1.194, 1.196 and 1.197 are subject to the provisions of § 1.136(b) for patent applications or § 1.550(c) for reexamination proceedings. See § 1.304(a) for extensions of time for filing a notice of appeal to the U.S. Court of Appeals for the Federal Circuit or for commencing a civil action.

(e) Jurisdiction over the application or patent under reexamination passes to the Board of Patent Appeals and Interferences upon transmittal of the file, including all briefs and examiner's answers, to the Board. Prior to the entry of a decision on the appeal, the Director may sua sponte order the application remanded to the examiner.

(35 U.S.C. 6, Pub. L. 97-247; 15 U.S.C. 1113, 1123)

[46 FR 29183, May 29, 1981, as amended at 49 FR 555, Jan. 4, 1984; 49 FR 48453, Dec. 12, 1984; 54 FR 29552, July 13, 1989; 58 FR 54510, Oct. 22, 1993; 62 FR 53196, Oct. 10, 1997; 65 FR 76774, Dec. 7, 2000; 68 FR 71006, Dec. 22, 2003]

### § 1.192 Appellant's brief.

(a) Appellant must, within two months from the date of the notice of appeal under § 1.191 or within the time allowed for reply to the action from which the appeal was taken, if such time is later, file a brief in triplicate. The brief must be accompanied by the fee set forth in § 1.17(c) and must set forth the authorities and arguments on which appellant will rely to maintain the appeal. Any arguments or authorities not included in the brief will be refused consideration by the Board of Patent Appeals and Interferences, unless good cause is shown.

(b) On failure to file the brief, accompanied by the requisite fee, within the time allowed, the appeal shall stand dismissed.

(c) The brief shall contain the following items under appropriate headings and in the order indicated below unless the brief is filed by an applicant who is not represented by a registered practitioner:

(1) *Real party in interest.* A statement identifying the real party in interest, if the party named in the caption of the brief is not the real party in interest.

(2) *Related appeals and interferences.* A Statement identifying by number and

97

**§ 1.192**                                        **37 CFR Ch. I (7–1–04 Edition)**

filing date all other appeals or interferences known to appellant, the appellant's legal representative, or assignee which will directly affect or be directly affected by or have a bearing on the Board's decision in the pending appeal.

(3) *Status of claims.* A statement of the status of all the claims, pending or cancelled, and identifying the claims appealed.

(4) *Status of amendments.* A statement of the status of any amendment filed subsequent to final rejection.

(5) *Summary of invention.* A concise explanation of the invention defined in the claims involved in the appeal, which shall refer to the specification by page and line number, and to the drawing, if any, by reference characters.

(6) *Issues.* A concise statement of the issues presented for review.

(7) *Grouping of claims.* For each ground of rejection which appellant contests and which applies to a group of two or more claims, the Board shall select a single claim from the group and shall decide the appeal as to the ground of rejection on the basis of that claim alone unless a statement is included that the claims of the group do not stand or fall together and, in the argument under paragraph (c)(8) of this section, appellant explains why the claims of the group are believed to be separately patentable. Merely pointing out differences in what the claims cover is not an argument as to why the claims are separately patentable.

(8) *Argument.* The contentions of appellant with respect to each of the issues presented for review in paragraph (c)(6) of this section, and the basis therefor, with citations of the authorities, statutes, and parts of the record relied on. Each issue should be treated under a separate heading.

(i) For each rejection under 35 U.S.C. 112, first paragraph, the argument shall specify the errors in the rejection and how the first paragraph of 35 U.S.C. 112 is complied with, including, as appropriate, how the specification and drawings, if any,

(A) Describe the subject matter defined by each of the rejected claims,

(B) Enable any person skilled in the art to make and use the subject matter defined by each of the rejected claims, and

(C) Set forth the best mode contemplated by the inventor of carrying out his or her invention.

(ii) For each rejection under 35 U.S.C. 112, second paragraph, the argument shall specify the errors in the rejection and how the claims particularly point out and distinctly claim the subject matter which applicant regards as the invention.

(iii) For each rejection under 35 U.S.C. 102, the argument shall specify the errors in the rejection and why the rejected claims are patentable under 35 U.S.C. 102, including any specific limitations in the rejected claims which are not described in the prior art relied upon in the rejection.

(iv) For each rejection under 35 U.S.C. 103, the argument shall specify the errors in the rejection and, if appropriate, the specific limitations in the rejected claims which are not described in the prior art relied on in the rejection, and shall explain how such limitations render the claimed subject matter unobvious over the prior art. If the rejection is based upon a combination of references, the argument shall explain why the references, taken as a whole, do not suggest the claimed subject matter, and shall include, as may be appropriate, an explanation of why features disclosed in one reference may not properly be combined with features disclosed in another reference. A general argument that all the limitations are not described in a single reference does not satisfy the requirements of this paragraph.

(v) For any rejection other than those referred to in paragraphs (c)(8) (i) to (iv) of this section, the argument shall specify the errors in the rejection and the specific limitations in the rejected claims, if appropriate, or other reasons, which cause the rejection to be in error.

(9) *Appendix.* An appendix containing a copy of the claims involved in the appeal.

(d) If a brief is filed which does not comply with all the requirements of paragraph (c) of this section, appellant will be notified of the reasons for noncompliance and provided with a period of one month within which to file an

**U.S. Patent and Trademark Office, Commerce**                                   **§ 1.194**

amended brief. If appellant does not file an amended brief during the one-month period, or files an amended brief which does not overcome all the reasons for non-compliance stated in the notification, the appeal will stand dismissed.

(35 U.S.C. 6, Pub. L. 97-247; 15 U.S.C. 1113, 1123)

[36 FR 5850, Mar. 30, 1971, as amended at 53 FR 23734, June 23, 1988; 58 FR 54510, Oct. 22, 1993; 60 FR 14518, Mar. 17, 1995; 62 FR 53196, Oct. 10, 1997]

### § 1.193 Examiner's answer and reply brief.

(a)(1) The primary examiner may, within such time as may be directed by the Director, furnish a written statement in answer to appellant's brief including such explanation of the invention claimed and of the references and grounds of rejection as may be necessary, supplying a copy to appellant. If the primary examiner finds that the appeal is not regular in form or does not relate to an appealable action, the primary examiner shall so state.

(2) An examiner's answer must not include a new ground of rejection, but if an amendment under § 1.116 proposes to add or amend one or more claims and appellant was advised that the amendment under § 1.116 would be entered for purposes of appeal and which individual rejection(s) set forth in the action from which the appeal was taken would be used to reject the added or amended claim(s), then the appeal brief must address the rejection(s) of the claim(s) added or amended by the amendment under § 1.116 as appellant was so advised and the examiner's answer may include the rejection(s) of the claim(s) added or amended by the amendment under § 1.116 as appellant was so advised. The filing of an amendment under § 1.116 which is entered for purposes of appeal represents appellant's consent that when so advised any appeal proceed on those claim(s) added or amended by the amendment under § 1.116 subject to any rejection set forth in the action from which the appeal was taken.

(b)(1) Appellant may file a reply brief to an examiner's answer or a supplemental examiner's answer within two months from the date of such examiner's answer or supplemental examiner's answer. See § 1.136(b) for extensions of time for filing a reply brief in a patent application and § 1.550(c) for extensions of time for filing a reply brief in a reexamination proceeding. The primary examiner must either acknowledge receipt and entry of the reply brief or withdraw the final rejection and reopen prosecution to respond to the reply brief. A supplemental examiner's answer is not permitted, unless the application has been remanded by the Board of Patent Appeals and Interferences for such purpose.

(2) Where prosecution is reopened by the primary examiner after an appeal or reply brief has been filed, appellant must exercise one of the following two options to avoid abandonment of the application:

(i) File a reply under § 1.111, if the Office action is not final, or a reply under § 1.113, if the Office action is final; or

(ii) Request reinstatement of the appeal. If reinstatement of the appeal is requested, such request must be accompanied by a supplemental appeal brief, but no new amendments, affidavits (§§ 1.130, 1.131 or 1.132) or other evidence are permitted.

[62 FR 53197, Oct. 10, 1997, as amended at 65 FR 54676, Sept. 8, 2000]

### § 1.194 Oral hearing.

(a) An oral hearing should be requested only in those circumstances in which appellant considers such a hearing necessary or desirable for a proper presentation of the appeal. An appeal decided without an oral hearing will receive the same consideration by the Board of Patent Appeals and Interferences as appeals decided after oral hearing.

(b) If appellant desires an oral hearing, appellant must file, in a separate paper, a written request for such hearing accompanied by the fee set forth in § 1.17(d) within two months from the date of the examiner's answer. If appellant requests an oral hearing and submits therewith the fee set forth in § 1.17(d), an oral argument may be presented by, or on behalf of, the primary examiner if considered desirable by either the primary examiner or the Board. See § 1.136(b) for extensions of time for requesting an oral hearing in