IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 22

(B) Table of Contents page(s);
(C) Real party in interest page(s);
(D) Related appeals and interferences page(s);
(E) Status of claims page(s);
(F) Status of amendments page(s);
(G) Summary of claimed subject matter page(s);
(H) Grounds of rejection to be reviewed on appeal page(s);
(I) Argument page(s);
(J) Claims appendix page(s);
(K) Evidence appendix page(s);
(L) Related proceedings appendix page(s).

In accordance with the above, the brief must be directed to the claims and to the record of the case as they appeared at the time of the appeal, but it may, of course, withdraw from consideration on appeal any claims or issues as desired by appellant. Even if the appeal brief withdraws from consideration any claims or issues (i.e., appellant acquiesces to any rejection), the examiner must continue to make the rejection in the examiner's answer, unless an amendment obviating the rejection has been entered.

A timely filed brief will be referred to the examiner for consideration of its propriety as to the appeal issues and for preparation of an examiner's answer if the brief is proper and the application is not allowable. The examiner's answer may withdraw the rejection of claims, if appropriate. The examiner may also determine that it is necessary to reopen prosecution to enter a new ground of rejection. See MPEP § 1207.04.<

\*\*>

## 1205.03  Non-Compliant Appeal Brief and Amended Brief< [R-3]

The question of whether a brief complies with the rule is a matter within the jurisdiction of the examiner \*\*>and the Board. The examiner will review the brief to ensure that the required items of the brief are present. Both the Board and the examiner will review the brief for compliance with the content requirements of the brief (37 CFR 41.37(c)). 37 CFR 41.37(d)< provides that if a brief is filed which does not comply with all the requirements of paragraph (c), the appellant will be notified of the reasons for noncompliance. Appellant will be given \*\* 1 month or 30 days from the mailing of the notification of non-compliance, whichever is longer \*\*>to file an amended brief.<

Extensions of time may be granted under 37 CFR 1.136(a) or 1.136(b). The \*>Office< may use the form paragraphs set forth below or form PTOL-462, "Notification of \*\*>Non-Compliant Appeal Brief (37 CFR 41.37)<" to notify appellant that the appeal brief is defective. The appeal will be dismissed if the appellant does not timely file an amended brief, or files an amended brief which does not overcome all the reasons for noncompliance of which the appellant was notified.

Under 37 CFR \*>41.37(d)<, the appellant may file an amended brief to correct \*>the< deficiencies in the original brief. Moreover, if appellant disagrees with the \* holding of noncompliance, a petition under 37 CFR 1.181 >or 41.3< may be filed. >Filing a petition will not toll the time period. Appellant must timely reply to the notice or the Office communication that requires an amended brief.

In response to the Notice of Non-Compliant Appeal Brief (37 CFR 41.37) or the Office communication that requires an amended brief, appellant is required to file an amended brief that is either a complete new brief with the required corrections or a replacement section(s) as noted below:

(A) When the Office holds the brief to be defective solely due to appellant's failure to name the real party in interest as required by 37 CFR 41.37(c)(1)(i), an entire new brief need not, and should not, be filed. Rather, a paper identifying by name the real party in interest will suffice. Failure to timely respond to the Office's requirement will result in dismissal of the appeal. See MPEP § 1215.04 and § 711.02(b).

(B) When the Office holds the brief to be defective solely due to appellant's failure to provide a summary of the claimed subject matter as required by 37 CFR 41.37(c)(1)(v), an entire new brief need not, and should not, be filed. Rather, a paper providing a summary of the claimed subject matter as required by 37 CFR 41.37(c)(1)(v) will suffice. Failure to timely respond to the Office's requirement will result in dismissal of the appeal. See MPEP § 1215.04 and § 711.02(b).

The examiner should not require a corrected brief for minor non-compliance in an appeal brief (e.g., the brief has a minor error in the title of a section heading). The following are a few other examples where

the examiner may accept a brief that has minor noncompliance:

(A) If the evidence appendix and related proceedings appendix are missing, but the record is clear that there is no evidence submitted and no related proceedings listed in the related appeals and interferences section, the examiner may accept the brief and state in the examiner's answer that it is assumed that the appellant meant to include both appendixes with a statement of "NONE."

(B) If appellant only presents arguments for a dependent claim but not for the independent claim in a group of claims that are subject to the same ground of rejection, the examiner may accept the brief and fully explain how the limitations of the independent claim are rejected and address the appellant's arguments regarding the dependent claim in the examiner's answer.

(C) If appellant fails to include a copy of the claims involved in the appeal in the claims appendix section of the brief, the examiner may either: (1) provide a copy of the claims in the examiner's answer, or (2) object to the appeal brief and require an amended brief.<

Once the brief has been filed, a petition to suspend proceedings may be considered on its merits, but will be granted only in exceptional cases, such as where the writing of the examiner's answer would be fruitless or the proceedings would work an unusual hardship on the appellant.

For a reply brief, see MPEP § *>1208<.

**>The following forms: Form PTOL-461, "Communication Re: Appeal" (Rev. 9-04 or later) – reproduced in MPEP § 1204.01, Form PTOL-462, "Notification of Non-Compliant Appeal Brief (37 CFR 41.37)" (Rev. 9-04 or later), or Form PTOL-462R, "Notification of Non-Compliant Appeal Brief (37 CFR 41.37) in *Ex Parte* Reexamination" (Rev. 9-04 or later) or the form paragraphs below may be used concerning defects in the appeal brief.<

1205.03                           MANUAL OF PATENT EXAMINING PROCEDURE

>

| Notification of Non-Compliant Appeal Brief (37 CFR 41.37) | Application No. | Applicant(s) |
|---|---|---|
| | Examiner | Art Unit |

--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

The Appeal Brief filed on _____ is defective for failure to comply with one or more provisions of 37 CFR 41.37.

To avoid dismissal of the appeal, applicant must file an amended brief or other appropriate correction (see MPEP 1205.03) within **ONE MONTH or THIRTY DAYS** from the mailing date of this Notification, whichever is longer. **EXTENSIONS OF THIS TIME PERIOD MAY BE GRANTED UNDER 37 CFR 1.136.**

1. ☐ The brief does not contain the items required under 37 CFR 41.37(c), or the items are not under the proper heading or in the proper order.

2. ☐ The brief does not contain a statement of the status of all claims, (e.g., rejected, allowed, withdrawn, objected to, canceled), or does not identify the appealed claims (37 CFR 41.37(c)(1)(iii)).

3. ☐ At least one amendment has been filed subsequent to the final rejection, and the brief does not contain a statement of the status of each such amendment (37 CFR 41.37(c)(1)(iv)).

4. ☐ (a) The brief does not contain a concise explanation of the subject matter defined in each of the independent claims involved in the appeal, referring to the specification by page and line number and to the drawings, if any, by reference characters; and/or (b) the brief fails to: (1) identify, for each independent claim involved in the appeal and for each dependent claim argued separately, every means plus function and step plus function under 35 U.S.C. 112, sixth paragraph, and/or (2) set forth the structure, material, or acts described in the specification as corresponding to each claimed function with reference to the specification by page and line number, and to the drawings, if any, by reference characters (37 CFR 41.37(c)(1)(v)).

5. ☐ The brief does not contain a concise statement of each ground of rejection presented for review (37 CFR 41.37(c)(1)(vi))

6. ☐ The brief does not present an argument under a separate heading for each ground of rejection on appeal (37 CFR 41.37(c)(1)(vii)).

7. ☐ The brief does not contain a correct copy of the appealed claims as an appendix thereto (37 CFR 41.37(c)(1)(viii)).

8. ☐ The brief does not contain copies of the evidence submitted under 37 CFR 1.130, 1.131, or 1.132 or of any other evidence entered by the examiner **and relied upon by appellant in the appeal**, along with a statement setting forth where in the record that evidence was entered by the examiner, as an appendix thereto (37 CFR 41.37(c)(1)(ix)).

9. ☐ The brief does not contain copies of the decisions rendered by a court or the Board in the proceeding identified in the Related Appeals and Interferences section of the brief as an appendix thereto (37 CFR 41.37(c)(1)(x)).

10. ☐ Other (including any explanation in support of the above items):

U.S. Patent and Trademark Office
PTOL-462 (Rev. 7-05)                    Notification of Non-Compliant Appeal Brief (37 CFR 41.37)            Part of Paper No.

APPEAL                                                                                                        1205.03

| Notification of Non-Compliant Appeal Brief (37 CFR 41.37) in Ex Parte Reexamination | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | Examiner | Art Unit | |

--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

The Appeal Brief filed on _____ is defective for failure to comply with one or more provisions of 37 CFR 41.37(c).

Patent owner is given a TIME PERIOD of ONE MONTH or THIRTY DAYS, whichever is longer, from the mailing date of this Notification for filing an amended brief or other appropriate correction of the Appeal brief (see MPEP 1205.03). If an amended brief or other appropriate correction (see MPEP 1205.03) is not timely submitted, the appeal will be dismissed as of the expiration of the period for reply to this Notification. Extensions of this time period may be obtained only under 37 CFR 1.550(c).

1. ☐ The brief does not contain the items required under 37 CFR 41.37(c), or the items are not under the proper heading or in the proper order.

2. ☐ The brief does not contain a statement of the status of all claims (e.g., rejected, allowed or confirmed, withdrawn, objected to, canceled), or does not identify the appealed claims (37 CFR 41.37(c)(1)(iii)).

3. ☐ At least one amendment has been filed subsequent to the final rejection, and the brief does not contain a statement of the status of each such amendment (37 CFR 41.37(c)(1)(iv)).

4. ☐ The brief does not comply with 37 CFR 41.37(c)(1)(v) it that it fails to (1) contain a concise explanation of the subject matter defined in each of the independent claims involved in the appeal, referring to the specification by page and line number and to the drawings, if any, by reference characters; (2) identify, for each independent claim involved in the appeal and for each dependent claim argued separately, every means plus function and step plus function under 35 U.S.C. 112, sixth paragraph, and/or (3) set forth the structure, material, or acts described in the specification as corresponding to each claimed function with reference to the specification by page and line number, and to the drawings, if any, by reference characters.

5. ☐ The brief does not contain a concise statement of each ground of rejection presented for review (37 CFR 41.37(c)(1)(vi)).

6. ☐ The brief does not present an argument under a separate heading for each ground of rejection on appeal (37 CFR 41.37(c)(1)(vii)).

7. ☐ The brief does not contain a correct copy of the appealed claims as an appendix thereto (37 CFR 41.37(c)(1)(viii)).

8. ☐ The brief does not contain, as an appendix thereto (37 CFR 41.37(c)(1)(ix)), copies of the evidence submitted under 37 CFR 1.130, 131, or 1.132 or of any other evidence entered by the examiner **and relied upon by appellant in the appeal**, along with a statement setting forth where in the record that evidence was entered by the examiner.

9. ☐ The brief does not contain, as an appendix thereto (37 CFR 41.37(c)(1)(x)), copies of the decisions rendered by a court or the Board in the proceeding identified in the Related Appeals and Interferences section of the brief.

10. ☐ Other (including any explanation in support of the above items):
    _____

* If this is a merged proceeding, one copy must be added for each reexamination in addition to the first reexamination.

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-462R (Rev. 07-05)    Notification of Non-Compliant Appeal Brief (37 CFR 41.37) in *Ex Parte* Reexamination    Part of Paper No.

**\*\*>**

¶ *12.109.01 Appeal Dismissed - Allowed Claims, Formal Matters Remaining*

In view of applicant's failure to file a brief within the time prescribed by 37 CFR 41.37(a)(1), the appeal stands dismissed and the proceedings as to the rejected claims are considered terminated. See 37 CFR 1.197(b).

This application will be passed to issue on allowed claim [1] provided the following formal matters are corrected. Prosecution is otherwise closed.

[2]

Applicant is required to make the necessary corrections within a shortened statutory period set to expire ONE MONTH or THIRTY DAYS, whichever is longer, from the mailing date of this letter. Extensions of time may be granted under 37 CFR 1.136

**Examiner Note:**
1. This form paragraph should only be used if the formal matters cannot be handled by examiner's amendment. See MPEP § 1215.04.
2. In bracket 2, insert a description of the formal matters to be corrected.
3. Claims which have been indicated as containing allowable subject matter but are objected to as being dependent upon a rejected claim are to be considered as if they were rejected. See MPEP § 1215.04.

¶ *12.110 Extension To File Brief - Granted*

The request for an extension of time under 37 CFR 1.136(b) for filing the appeal brief under 37 CFR 41.37 filed on [1] has been **approved** for [2].

**Examiner Note:**
1. In bracket 2, insert the amount of time the extension of time has been approved for.
2. This form paragraph should only be used when 37 CFR 1.136(a) is not available or has been exhausted, such as in litigation reissues or when appellant requests to reopen prosecution or file a reply brief as set forth in 37 CFR 41.39(b) and 41.50(a)(2).

¶ *12.111 Extension To File Brief - Denied*

The request for an extension of time under 37 CFR 1.136(b) for filing the appeal brief under 37 CFR 41.37 filed on [1] has been **disapproved** because no sufficient cause for the extension has been shown.

**Examiner Note:**
This form paragraph should only be used when 37 CFR 1.136(a) is not available or has been exhausted, such as in litigation reissues or when appellant requests to reopen prosecution or file a reply brief as set forth in 37 CFR 41.39(b) and 41.50(a)(2).

¶ *12.112 Brief Defective - Unsigned*

The appeal brief filed on [1] is defective because it is unsigned. 37 CFR 1.33. A ratification properly signed is required.

To avoid dismissal of the appeal, appellant must ratify the appeal brief within ONE MONTH or THIRTY DAYS from the mailing of this communication, whichever is longer. Extensions of time may be granted under 37 CFR 1.136.

¶ *12.116 Brief Unacceptable - Fee Unpaid*

The appeal brief filed on [1] is unacceptable because the fee required under 37 CFR 41.20(b)(2) was not timely filed within two months from the date of filing the notice of appeal as set forth in 37 CFR 41.37(a)(1).

The appeal will be dismissed unless appellant obtains an extension of time under 37 CFR 1.136(a) and files the required appeal brief fee. The date on which the brief, the fee for filing the brief, the petition under 37 CFR 1.136(a), and the extension fee under 37 CFR 1.17(a) are filed will be the date of the reply and also the date for determining the period of extension and the corresponding amount of the fee. In no case may an appellant obtain an extension for more than FIVE MONTHS under 37 CFR 1.136(a) beyond the TWO MONTH period for filing the appeal brief.

¶ *12.117 Brief Unacceptable - Not Timely Filed*

The appeal brief filed on [1] is unacceptable because it was not timely filed within two months from the date of filing the notice of appeal as set forth in 37 CFR 41.37(a)(1).

The appeal will be dismissed unless appellant obtains an extension of time under 37 CFR 1.136(a). The date on which the appeal brief, the fee for filing the brief, the petition under 37 CFR 1.136(a), and the extension fee under 37 CFR 1.17(a) are filed will be the date of the reply and also the date for determining the period of extension and the corresponding amount of the fee. In no case may an appellant obtain an extension for more than FIVE MONTHS under 37 CFR 1.136(a) beyond the TWO MONTH period for filing the appeal brief.

**Examiner Note:**
Use the 37 CFR 1.8 or 1.10 date, if applicable, instead of the 37 CFR 1.6 date of receipt to determine the date the appeal brief was filed with the Office.

**<**

Form paragraph \*>12.169<, followed by one or more of \*>form< paragraphs \*\*>12.170-12.178< may be used for noting noncompliance with 37 CFR \*>41.37(c)<.
**\*\*>**

¶ *12.169 Heading for Notice Under 37 CFR 41.37(c)*

NOTIFICATION OF NON-COMPLIANCE WITH THE REQUIREMENTS OF 37 CFR 41.37(c)

**Examiner Note:**
Use form PTOL-90 and follow with one or more of form paragraphs 12.170 to 12.177 and conclude with form paragraph 12.178.

¶ *12.170 Missing Section Headings*

The brief does not contain the items of the brief required by 37 CFR 41.37(c)(1) under the appropriate headings and/or in the order indicated. [1]

APPEAL 1205.03

**Examiner Note:**
In bracket 1, insert an indication of the missing headings or errors in the order of items.

¶ *12.170.01 Defect in Statement of Real Party in Interest*
The brief does not contain a statement under an appropriate heading identifying by name the real party in interest as required by 37 CFR 41.37(c)(1)(i).

**Examiner Note:**
A statement identifying by name the real party in interest is required, even if the party named in the caption of the brief is the real party in interest.

¶ *12.170.02 Defect in Statement of Related Appeals and Interferences*
The brief does not contain a section under an appropriate heading identifying the related appeals, interferences, and judicial proceedings which may be related to, directly affect or be directly affected by or have a bearing on the Board's decision in the pending appeal as required by 37 CFR 41.37 (c)(1)(ii).

¶ *12.171 Defect in Statement of Status of Claims*
The brief does not contain a statement of the status of all the claims, e.g., rejected, allowed or confirmed, withdrawn, objected to, or canceled, and identification of the claims being appealed as required by 37 CFR 41.37(c)(1)(iii). [1]

**Examiner Note:**
In bracket 1, insert an indication of the missing claim status information.

¶ *12.172 Defect in Statement of Status of Amendment Filed After Final Rejection*
The brief does not contain a statement of the status of an amendment filed subsequent to the final rejection as required by 37 CFR 41.37(c)(1)(iv). [1]

**Examiner Note:**
In bracket 1, insert an identification of the amendment for which the status is missing.

¶ *12.173 Defect in Summary of Claimed Subject Matter*
The brief does not contain a concise explanation of the subject matter defined in each of the independent claims involved in the appeal, referring to the specification by page and line number, and to the drawing, if any, by reference characters; and/or does not identify the structure, material, or acts described in the specification as corresponding to each claimed function for every means plus function and step plus function for each independent claim involved in the appeal and for each dependent claim argued separately by reference to the specification by page and line number, and to the drawing, if any, by reference characters, as required by 37 CFR 41.37(c)(1)(v).[1]

**Examiner Note:**
1. In bracket 1, insert an indication of the missing explanation.
2. An appellant who is not represented by a registered practitioner is not required to provide a concise explanation of the subject matter under 37 CFR 41.37(c)(1)(v). See the introductory paragraph of 37 CFR 41.37(c)(1).

¶ *12.174 Defect in Statement of the Grounds of Rejection to be Reviewed on Appeal*
The brief does not contain a concise statement of each ground of rejection presented for review as required by 37 CFR 41.37(c)(1)(vi). [1]

**Examiner Note:**
1. In bracket 1, insert an indication of the missing concise statement of the issues presented for review.
2. An appellant who is not represented by a registered practitioner is not required to provide a concise statement of each ground of rejection presented for review under 37 CFR 41.37(c)(1)(vi). See the introductory paragraph of 37 CFR 41.37(c)(1).

¶ *12.176 Defect in the Arguments of the Appellant*
The brief does not contain arguments of the appellant with respect to each ground of rejection presented for review, and the basis therefor, with citations of the statutes, regulations, authorities, and parts of the record relied on as required by 37 CFR 41.37(c)(1)(vii).

**Examiner Note:**
This form paragraph may be followed by form paragraph 12.176.01.

¶ *12.176.01 Separate Heading for Each Ground of Rejection*
Each ground of rejection must be treated under a separate heading. For each ground of rejection applying to two or more claims, the claims may be argued separately or as a group. Any claim argued separately should be placed under a subheading identifying the claim by number. A statement which merely points out what a claim recites will not be considered an argument for separate patentability of the claim. See 37 CFR 41.37(c)(1)(vii).

¶ *12.177 No Copy of Appealed Claims in Appendix*
The brief does not contain a copy of the claims involved in the appeal in an appendix.

¶ *12.178 Period For Reply Under 37 CFR 41.37(d)*
Appellant is required to comply with provisions of 37 CFR 41.37(c). To avoid dismissal of the appeal, Appellant must comply with the provisions of 37 CFR 41.37(c) within ONE MONTH or THIRTY DAYS, whichever is longer, from the mailing of this communication. Extensions of time may be granted under 37 CFR 1.136.

**Examiner Note:**
1. This form paragraph should not be used in an *ex parte* reexamination proceeding. Use form PTOL-462R instead.
2. This form paragraph should appear at the end of a Notification of Non-Compliance with 37 CFR 41.37(c) drafted using form paragraphs 12.169-12.177.

3. The brief can no longer be filed within the time period for reply to the action from which the appeal was taken.

<

**>

## 1206 Amendments and Affidavits or Other Evidence< Filed With or After Appeal [R-3]

**>

*37 CFR 41.33. Amendments and affidavits or other evidence after appeal.*

(a) Amendments filed after the date of filing an appeal pursuant to § 41.31(a)(1) through (a)(3) and prior to the date a brief is filed pursuant to § 41.37 may be admitted as provided in § 1.116 of this title.

(b) Amendments filed on or after the date of filing a brief pursuant to § 41.37 may be admitted:

(1) To cancel claims, where such cancellation does not affect the scope of any other pending claim in the proceeding, or

(2) To rewrite dependent claims into independent form.

(c) All other amendments filed after the date of filing an appeal pursuant to § 41.31(a)(1) through (a)(3) will not be admitted except as permitted by §§ 41.39(b)(1), 41.50(a)(2)(i), 41.50(b)(1) and 41.50(c).

(d)(1) An affidavit or other evidence filed after the date of filing an appeal pursuant to § 41.31(a)(1) through (a)(3) and prior to the date of filing a brief pursuant to § 41.37 may be admitted if the examiner determines that the affidavit or other evidence overcomes all rejections under appeal and that a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented has been made.

(2) All other affidavits or other evidence filed after the date of filing an appeal pursuant to § 41.31(a)(1) through (a)(3) will not be admitted except as permitted by §§ 41.39(b)(1), 41.50(a)(2)(i) and 41.50(b)(1).

### I. AMENDMENTS

A new amendment must be submitted in a separate paper. Entry of a new amendment in an application on appeal is not a matter of right. The entry of an amendment (which may not include a new affidavit, declaration, exhibit or other evidence) submitted in an application on appeal is governed by 37 CFR 41.33, not 37 CFR 1.116.

Amendments filed after the filing of a notice of appeal, but prior to the date of filing a brief, may be admitted only to:

(A) cancel claims;

(B) comply with any requirement of form expressly set forth in a previous action;

(C) present rejected claims in better form for consideration on appeal; or

(D) amend the specification or claims upon a showing of good and sufficient reasons why the amendment is necessary and was not earlier presented. See 37 CFR 41.33(a).

If the examiner denies the entry of such an amendment, the examiner should use form PTOL-303, "Advisory Action Before the Filing of an Appeal Brief," to notify the applicant of the non-entry and the reason for non-entry.

Amendments filed **on or after** the date of filing a brief pursuant to 37 CFR 41.37 may be admitted only to:

(A) cancel claims, where such cancellation does not affect the scope of any other pending claim in the proceeding; or

(B) rewrite dependent claims into independent form.

Rewriting dependent claims into independent form as permitted under 37 CFR 41.33(a)(2) includes the following situations:

(A) rewriting a dependent claim in independent form by adding thereto the limitations of the parent claim(s); and

(B) rewriting an independent claim to incorporate therein all the subject matter of a dependent claim, canceling the dependent claim and in conjunction therewith changing the dependency of claims which had depended from the dependent claim being canceled to the amended independent claim that incorporates therein all the subject matter of the now canceled dependent claim.

If the examiner denies entry of an amendment filed on or after the date of filing a brief, the examiner should use form PTOL-304, "Advisory Action After the Filing of an Appeal Brief," to notify the applicant of the non-entry and the reason for non-entry.

Examiners must respond to all amendments filed after appeal has been taken and prior to termination of the appeal. If the examiner indicates (in the advisory action) that an amendment would be entered, it is imperative for the examiner to also state (in the same advisory action) how the individual rejection(s) set forth in the final Office action will be impacted by the entry of the amendment except where an amendment