IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

Plaintiff

v.

JONATHAN W. DUDAS

Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 23

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

rejection under 37 CFR 41.50(a), the appeal will be *sua sponte* dismissed as to the claims subject to the rejection for which the Board has remanded the proceeding. If all of the claims under appeal are subject to the rejection, the entire appeal will be dismissed. The examiner should follow the procedure set forth in MPEP § 1215 to dismiss the appeal. For example, if there is no allowed claim in the application, the application would be abandoned when the two-month time period has expired.

If only some of the claims under appeal are subject to the rejection, the dismissal of the appeal as to those claims operates as an authorization to cancel those claims and the appeal continues as to the remaining claims. The examiner must:

(1) cancel the claims subject to the rejection; and

(2) notify the appellant that the appeal as to the claims subject to the rejection is dismissed and those claims are canceled.

Examiner may use form paragraph 12.186 to dismiss the appeal as to the claims subject to the rejection and cancel the claims.

¶ *12.186 Dismissal Following A Supplemental Examiner's Answer Written in Response to a Remand for Further Consideration of a Rejection*

Appellant failed to timely respond to the supplemental examiner's answer mailed on [1] that was written in response to a remand by the Board for further consideration of a rejection mailed on [1]. Under 37 CFR 41.50(a)(2), appellant must, within two months from the date of the supplemental examiner's answer, file either: (1) a request that prosecution be reopened by filing a reply under 37 CFR 1.111; or (2) a request that the appeal be maintained by filing a reply brief under 37 CFR 41.41, to avoid sua sponte dismissal of the appeal as to the claims subject to the rejection for which the Board has remanded the proceeding. In view of appellant's failure to file a reply under 37 CFR 1.111 or a reply brief within the time period required by 37 CFR 41.50(a)(2), **the appeal as to claims [2] is dismissed, and these claims are canceled.**

Only claims [3] remain in the application. The appeal continues as to these remaining claims. The application will be forwarded to the Board after mailing of this communication.

**Examiner Note:**

1. In bracket 1, insert the mailing date of the supplemental examiner's answer.

2. In bracket 2, insert the claim numbers of the claims subject to the rejection for which the Board has remanded the proceeding.

3. In bracket 3, insert the claim numbers of the claims that are not subject to the rejection.

### III. SUPPLEMENTAL EXAMINER'S ANSWER RESPONDING TO A REMAND FOR OTHER PURPOSES THAT ARE NOT FOR FURTHER CONSIDERATION OF REJECTION

The Board may remand an application to the examiner for a reason that is not for further consideration of a rejection, such as to consider an information disclosure statement, a reply brief that raised new issues that were not considered by the examiner, an amendment, or an affidavit. See MPEP § 1211. The examiner may provide a supplemental examiner's answer in response to the remand by the Board. Appellant may respond by filing a reply brief within two months from the mailing of the supplemental answer. Appellant does not have the option to request that prosecution be reopened pursuant to 37 CFR 41.50(a) unless the remand by the Board is for further consideration of a rejection under 37 CFR 41.50(a).<

\*\*>

## 1208    Reply Briefs and Examiner's Responses to Reply Brief< [R-3]

\*\*>

*37 CFR 41.41. Reply brief.*

(a)(1)Appellant may file a reply brief to an examiner's answer within two months from the date of the examiner's answer.

(2) A reply brief shall not include any new or non-admitted amendment, or any new or non-admitted affidavit or other evidence. See § 1.116 of this title for amendments, affidavits or other evidence filed after final action but before or on the same date of filing an appeal and § 41.33 for amendments, affidavits or other evidence filed after the date of filing the appeal.

(b) A reply brief that is not in compliance with paragraph (a) of this section will not be considered. Appellant will be notified if a reply brief is not in compliance with paragraph (a) of this section.

(c) Extensions of time under § 1.136 (a) of this title for patent applications are not applicable to the time period set forth in this section. See § 1.136 (b) of this title for extensions of time to reply for patent applications and § 1.550 (c) of this title for extensions of time to reply for ex parte reexamination proceedings.

*37 CFR 41.43. Examiner's response to reply brief.*

(a)(1)After receipt of a reply brief in compliance with § 41.41, the primary examiner must acknowledge receipt and entry of the reply brief. In addition, the primary examiner may withdraw the final rejection and reopen prosecution or may furnish a supplemental examiner's answer responding to any new issue raised in the reply brief.

(2) A supplemental examiner's answer responding to a reply brief may not include a new ground of rejection.

(b) If a supplemental examiner's answer is furnished by the examiner, appellant may file another reply brief under § 41.41 to any supplemental examiner's answer within two months from the date of the supplemental examiner's answer.

(c) Extensions of time under § 1.136(a) of this title for patent applications are not applicable to the time period set forth in this section. See § 1.136(b) of this title for extensions of time to reply for patent applications and § 1.550(c) of this title for extensions of time to reply for ex parte reexamination proceedings.

## I. REPLY BRIEF

Under 37 CFR 41.41(a)(1) and 41.43(b), appellant may file a reply brief as a matter of right within 2 months from the mailing date of the examiner's answer or supplemental examiner's answer. Extensions of time to file the reply brief may be granted pursuant to 37 CFR 1.136(b) (for patent applications) or 1.550(c) (for *ex parte* reexamination proceedings). Extensions of time under 37 CFR 1.136(a) are not permitted. The examiner may provide a supplemental examiner's answer to respond to any reply brief that raises new issues. See MPEP § 1207.05. Normally, appellant is not required to file a reply brief to respond to an examiner's answer or a supplemental examiner's answer, and if appellant does not file a reply brief within the two month period of time, the application will be forwarded to the Board for decision on the appeal. In response to the following, however, appellant is required to file either a reply brief to maintain the appeal or a reply under 37 CFR 1.111 to reopen prosecution:

(A) An examiner's answer that contains a new ground of rejection pursuant to 37 CFR 41.39 (see MPEP § 1207.03); or

(B) A supplemental examiner's answer responding to a remand by the Board for further consideration of a rejection pursuant to 37 CFR 41.50(a) (see MPEP § 1207.05). Such a supplemental examiner's answer may contain a new ground of rejection (also see MPEP § 1207.03).

If appellant requests that the appeal be maintained in response to a new ground of rejection made in an examiner's answer or a supplemental examiner's answer, the appellant must file a reply brief to address each new grounds of rejection set forth in the answer in compliance with 37 CFR 41.37(c)(1)(vii) within two months from the mailing of the answer. The reply brief should include the following items, with each item starting on a separate page, so as to follow the other requirements of a brief as set forth in 37 CFR 41.37(c):

(A) Identification page setting forth the appellant's name(s), the application number, the filing date of the application, the title of the invention, the name of the examiner, the art unit of the examiner and the title of the paper (i.e., Reply Brief);

(B) Status of claims page(s);

(C) Grounds of rejection to be reviewed on appeal page(s); and

(D) Argument page(s).

The reply brief can also be a substitute brief replacing the original brief by responding to both the new ground of rejection and all other grounds of rejection covered in the original brief. In such an instance, the reply brief must meet all the requirements of a brief as set forth in 37 CFR 41.37(c).

Any reply brief must also be in compliance with requirements set forth in 37 CFR 41.41. New or non-admitted affidavits, and/or other evidence are not permitted in a reply brief. Any new amendment must be submitted in papers separate from the reply brief, and the entry of such papers is subject to the provisions of 37 CFR 41.33. A paper that contains an amendment is not a reply brief within the meaning of 37 CFR 41.41. Such a paper will *not* be entitled to entry simply because it is characterized as a reply brief.

If a reply brief is filed in response to a supplemental examiner's answer under 37 CFR 41.50(a) that was written in response to a remand by the Board for further consideration of a rejection, any reply brief accompanied by an amendment, affidavit or other evidence will be treated as a request that prosecution be reopened before the examiner. If appellant fails to file a reply brief or a reply under 37 CFR 1.111 within two months from the mailing of the examiner's answer that contains a new ground of rejection, or a supplemental examiner's answer under 37 CFR 41.50(a), the examiner will dismiss the appeal as to the claims subject to the new ground of rejection or the rejection for which the Board has remanded the proceeding. See MPEP § 1207.03 and § 1207.05.

**1209**                                  MANUAL OF PATENT EXAMINING PROCEDURE

## II. EXAMINER'S RESPONSE TO A REPLY BRIEF

If a reply brief is not in compliance with 37 CFR 41.41, the examiner must notify appellant that the reply brief has not been considered and the reason for non-compliance. The examiner may use form paragraph 12.182 on Form PTOL-90 to notify the appellant.

¶ *12.182 Reply Brief Not Considered*

The reply brief filed on [1] has not been considered because it is not in compliance with 37 CFR 41.41(a). The reply brief [2].

**Examiner Note:**
1. In bracket 1, insert the date on which the reply brief was filed.
2. In bracket 2, insert the reasoning. For example, insert "was not filed within the non-extendable time period set in 37 CFR 41.41(a)(1)" or insert "included a new or non-admitted amendment or new or non-admitted affidavit or other evidence".
3. Use this form paragraph to notify the appellant under 37 CFR 41.41(b) that a reply brief is not being considered because it is not in compliance with 37 CFR 41.41(a).

If a reply brief is filed in compliance with 37 CFR 41.41, the primary examiner must acknowledge receipt and entry of the reply brief. The examiner may use form paragraph 12.181 on Form PTOL-90 to provide the acknowledgment.

¶ *12.181 Acknowledgment of Reply Brief*

The reply brief filed [1] has been entered and considered. The application has been forwarded to the Board of Patent Appeals and Interferences for decision on the appeal.

**Examiner Note:**
1. In bracket 1, insert the date on which the reply brief was filed.
2. Use this form paragraph to notify the appellant under 37 CFR 41.43(a)(1) that a reply brief has been received and entered.
3. This form paragraph is to be printed on a blank page for attachment to a PTOL-90 or PTO-90C.
4. Include form paragraph 12.184 after this paragraph to include a supplemental examiner's answer under 37 CFR 41.43(a)(1) responding to any new issue raised in the reply brief.

In addition, the examiner may:

(A) Withdraw the final rejection and reopen prosecution to respond to the reply brief (see MPEP § 1207.04); or

(B) Furnish a supplemental examiner's answer responding to any new issue raised in the reply brief (see MPEP § 1207.05).

Any supplemental examiner's answer responding to a new issue raised in a reply brief must be approved by the Technology Center (TC) Director or designee. 37 CFR 41.43(a)(2) prohibits a supplemental examiner's answer responding to a reply brief from including a new ground of rejection. After the filing of a reply brief, any new ground of rejection responding to a reply brief must be by way of reopening of prosecution. See MPEP § 1207.04. The examiner's decision to withdraw the final rejection and reopen prosecution to enter a new ground of rejection requires approval from the supervisory patent examiner, which approval must be indicated in the Office action setting forth the new ground of rejection. See MPEP § 1207.04.

In response to the supplemental examiner's answer, the appellant may file another reply brief under 37 CFR 41.41 within 2 months from the mailing of the supplemental examiner's answer. The two month time period for reply is not extendable under 37 CFR 1.136(a), but is extendable under 37 CFR 1.136(b) for patent applications and 37 CFR 1.550(c) for *ex parte* reexamination proceedings. Appellant cannot request that prosecution be reopened pursuant to 37 CFR 41.39(b) or 41.50(a) at that time.

The acknowledgment of receipt and entry of a reply brief under 37 CFR 41.41 is an indication by the examiner that no further response by the examiner is deemed necessary. It should also be noted that an indication that certain rejections have been withdrawn as a result of the reply brief is not, by itself, a supplemental examiner's answer and is permitted. Such an indication of a change in status of claims would not give appellant the right to file another reply brief. The examiner may make the indication on form PTOL-90.<

## 1209  Oral Hearing [R-3]

**>

*37 CFR 41.47. Oral hearing.*

(a) An oral hearing should be requested only in those circumstances in which appellant considers such a hearing necessary or desirable for a proper presentation of the appeal. An appeal decided on the briefs without an oral hearing will receive the same consideration by the Board as appeals decided after an oral hearing.

(b) If appellant desires an oral hearing, appellant must file, as a separate paper captioned "REQUEST FOR ORAL HEARING," a written request for such hearing accompanied by the fee