IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 24

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

[4]

**Examiner Note:**

1. In bracket 1, insert --appeal brief--, --supplemental appeal brief--, --reply brief-- or --supplemental reply brief--.

2. In bracket 2, insert the date on which the brief was filed.

3. In bracket 3, insert --A new ground of rejection is-- or --New grounds of rejection are--.

4. In bracket 4, insert the SPE's signature. Approval of the SPE is required to reopen prosecution after an appeal. See MPEP §§ 1002.02(d) and 1208.02.

5. Use this form paragraph to reopen prosecution in order to make a new ground of rejection of claims. The Office action following a reopening of prosecution may be made final if all new grounds of rejection were either (A) necessitated by amendment or (B) based on information presented in an information disclosure statement under 37 CFR 1.97(c) where no statement under 37 CFR 1.97(e) was filed. See MPEP § 706.07(a).

<

After reopening of prosecution, appellant must exercise one of the following options to avoid abandonment of the application:

(A) file a reply under 37 CFR 1.111, if the Office action is non-final;

(B) file a reply under 37 CFR 1.113, if the Office action is final; or

(C) **>initiate a new appeal by filing a new notice of appeal under 37 CFR 41.31<.

**>If< appellant elects to continue prosecution **>and< prosecution was reopened prior to a decision on the merits by the Board of Patent Appeals and Interferences, the fee paid for the notice of appeal, appeal brief, and request for oral hearing (if applicable) will be applied to a later appeal on the same application. If>, however, the appeal fees set forth in 37 CFR 41.20 have increased since they were previously paid, applicant must pay the difference between the increased fees and the amount previously paid. If appellant elects to initiate a new appeal by filing a notice of appeal, appellant must file a complete new brief in compliance with the 37 CFR 41.37 within two months from the filing of the new notice of appeal. See MPEP § 1204.01 for more information on reinstatement of an appeal.<

**>

## 1207.05  Supplemental Examiner's Answer [R-3]

*37 CFR 41.43. Examiner's response to reply brief.*

(a)(1) After receipt of a reply brief in compliance with § 41.41, the primary examiner must acknowledge receipt and entry of the reply brief. In addition, the primary examiner may withdraw the final rejection and reopen prosecution or may furnish a supplemental examiner's answer responding to any new issue raised in the reply brief.

(2) A supplemental examiner's answer responding to a reply brief may not include a new ground of rejection.

(b) If a supplemental examiner's answer is furnished by the examiner, appellant may file another reply brief under § 41.41 to any supplemental examiner's answer within two months from the date of the supplemental examiner's answer.

*****

*37 CFR 41.50. Decisions and other actions by the Board.*

(a)(1) The Board, in its decision, may affirm or reverse the decision of the examiner in whole or in part on the grounds and on the claims specified by the examiner. The affirmance of the rejection of a claim on any of the grounds specified constitutes a general affirmance of the decision of the examiner on that claim, except as to any ground specifically reversed. The Board may also remand an application to the examiner.

(2) If a supplemental examiner's answer is written in response to a remand by the Board for further consideration of a rejection pursuant to paragraph (a)(1) of this section, the appellant must within two months from the date of the supplemental examiner's answer exercise one of the following two options to avoid sua sponte dismissal of the appeal as to the claims subject to the rejection for which the Board has remanded the proceeding:

(i) *Reopen prosecution.* Request that prosecution be reopened before the examiner by filing a reply under § 1.111 of this title with or without amendment or submission of affidavits (§§ 1.130, 1.131 or 1.132 of this title) or other evidence. Any amendment or submission of affidavits or other evidence must be relevant to the issues set forth in the remand or raised in the supplemental examiner's answer. A request that complies with this paragraph will be entered and the application or the patent under ex parte reexamination will be reconsidered by the examiner under the provisions of § 1.112 of this title. Any request that prosecution be reopened under this paragraph will be treated as a request to withdraw the appeal.

(ii) *Maintain appeal.* Request that the appeal be maintained by filing a reply brief as provided in § 41.41. If such a reply brief is accompanied by any amendment, affidavit or other evidence, it shall be treated as a request that prosecution be reopened before the examiner under paragraph (a)(2)(i) of this section.

*****

Every supplemental examiner's answer must be approved by a Technology Center (TC) Director or

APPEAL                                                                                              1207.05

designee. The examiner may furnish a supplemental examiner's answer in response to any one of the following:

(A) *A reply brief that raises new issues.* The examiner may NOT include a new ground of rejection in the supplemental examiner's answer responding to a reply brief. See 37 CFR 41.43(a)(2). Appellant may file another reply brief in response to the supplemental examiner's answer within two months from the mailing of the supplemental answer. See MPEP § 1208.

(B) *A remand by the Board for further consideration of a rejection under 37 CFR 41.50(a).* See MPEP § 1211.01. In response to a supplemental examiner's answer that is written in response to a remand by the Board for further consideration of a rejection, appellant must either file: (1) a reply under 37 CFR 1.111 to request that prosecution be reopened; or (2) a reply brief to request that the appeal be maintained, within two months from the mailing of the supplemental examiner's answer, to avoid *sua sponte* dismissal of the appeal as to the claims subject to the rejection for which the Board has remanded the proceeding. Examiner may include a new ground of rejection in the supplemental examiner's answer responding to a remand by the Board for further consideration of a rejection. See MPEP § 1207.03.

(C) *A remand by the Board for other purposes that are not for further consideration of a rejection under 37 CFR 41.50(a).* The examiner may NOT include a new ground of rejection in the supplemental examiner's answer responding to a remand by the Board, unless the remand is for further consideration of a rejection under 37 CFR *41.50*(a) (see item B above). Appellant may file a reply brief with two months from the mailing of the supplemental answer.

I.   SUPPLEMENTAL EXAMINER'S ANSWER RESPONDING TO A REPLY BRIEF

In response to a reply brief filed in compliance with 37 CFR 41.41, the primary examiner may: (A) withdraw the final rejection and reopen prosecution (see MPEP § 1207.04); or (B) provide a supplemental examiner's answer responding to any new issue raised in the reply brief. The examiner cannot issue a supplemental examiner's answer if the reply brief raised no new issue. See MPEP § 1208 for more information on reply brief and examiner's response to reply brief. If the reply brief does raise new issues, providing a supplemental examiner's answer will avoid the need for the Board to remand the application or proceeding to the examiner to treat the new issues. Appellant does not have the option to request that prosecution be reopened in response to a supplemental examiner's answer responding to a reply brief unless appellant files a request for continued examination under 37 CFR 1.114 or a continuing application. The following are examples of new issues raised in a reply brief that would give the examiner the discretion to provide a supplemental examiner's answer:

*Example 1:* The rejection is under 35 U.S.C. 103 over A in view of B. The brief argues that element 4 of reference B cannot be combined with reference A as it would destroy the function performed by reference A. The reply brief argues that B is nonanalogous art and therefore the two references cannot be combined.

*Example 2:* Same rejection as in example 1. The brief argues only that the pump means of claim 1 is not taught in the applied prior art. The reply brief argues that the particular retaining means of claim 1 is not taught in the applied prior art.

37 CFR 41.43(a)(2) prohibits a supplemental examiner's answer responding to a reply brief from including a new ground of rejection. After the filing of a reply brief, any new ground of rejection responding to a reply brief must be by way of reopening of prosecution. See MPEP § 1207.04. The examiner's decision to withdraw the final rejection and reopen prosecution to enter a new ground of rejection requires approval from the supervisory patent examiner, which approval must be indicated in the Office action setting forth the new ground of rejection. See MPEP § 1207.04.

It should also be noted that an indication that certain rejections have been withdrawn as a result of the reply brief is not, by itself, a supplemental examiner's answer and is of course permitted. Such an indication of a change in status of claims would not give appellant the right to file another reply brief. The examiner may make the indication on form PTOL-90. An appellant who disagrees with an examiner's decision that a supplemental examiner's answer is permitted may petition for review of the decision under 37 CFR 1.181 within two months from the mailing of the supplemental examiner's answer.

**1207.05**   MANUAL OF PATENT EXAMINING PROCEDURE

The examiner may use form paragraph 12.184 in the supplemental examiner's answer to respond to a new issue raised in a reply brief.

¶ *12.184 Supplemental Examiner's Answer -No option to Reopen Prosecution*

Responsive to [1] on [2], a supplemental Examiner's Answer is set forth below: [3].

Appellant may file another reply brief in compliance with 37 CFR 41.41 within two months of the date of mailing of this supplemental examiner's answer. Extensions of time under 37 CFR 1.136(a) are not applicable to this two month time period. See 37 CFR 41.43(b)-(c).

**A Technology Center Director or designee has approved this supplemental examiner's answer by signing below:**

**[4]**

**Examiner Note:**

1. In bracket 1, insert the reason the supplemental examiner's answer is being prepared, e.g.," the remand under 37 CFR 41.50(a)(1) for reasons other than for further consideration of a rejection", or "the reply brief under 37 CFR 41.41 filed".

2. In bracket 2, insert the date of remand or the date the reply brief was filed.

3. In bracket 3, provide the supplemental examiner's answer (e.g., pursuant to 37 CFR 41.43(a), without raising any new grounds of rejection.

4. In bracket 4, insert the TC Director's or designee's signature. A TC Director or designee must approve every supplemental examiner's answer.

## II. SUPPLEMENTAL EXAMINER'S ANSWER RESPONDING TO A REMAND FOR FURTHER CONSIDERATION OF REJECTION

The examiner may provide a supplemental examiner's answer in response to a remand by the Board for further consideration of a rejection under 37 CFR 41.50(a). Appellant must respond to such supplemental examiner's answer and has the option to request that prosecution be reopened. A supplemental examiner's answer written in response to a remand by the Board for further consideration of a rejection pursuant to 37 CFR 41.50(a)(1) may set forth a new ground of rejection. Any new ground of rejection made in such a supplemental examiner's answer must comply with the requirements set forth in MPEP § 1207.03. The examiner may use form paragraph 12.185 in preparing the supplemental examiner's answer responding a remand by the Board for further consideration of a rejection.

¶ *12.185 Supplemental Examiner's Answer - On Remand FOR FURTHER CONSIDERATION OF A REJECTION*

Pursuant to the remand under 37 CFR 41.50(a)(1) by the Board of Patent Appeals and Interferences on [1] **for further consideration of a rejection**, a supplemental Examiner's Answer under 37 CFR 41.50(a)(2) is set forth below: **[2]**.

The appellant must within **TWO MONTHS** from the date of the supplemental examiner's answer exercise one of the following two options to avoid sua sponte dismissal of the appeal as to the claims subject to the rejection for which the Board has remanded the proceeding:

(1) **Reopen prosecution.** Request that prosecution be reopened before the examiner by filing a reply under 37 CFR 1.111 with or without amendment, affidavit, or other evidence. Any amendment, affidavit, or other evidence must be relevant to the issues set forth in the remand or raised in the supplemental examiner's answer. Any request that prosecution be reopened will be treated as a request to withdraw the appeal. See 37 CFR 41.50(a)(2)(i).

(2) **Maintain appeal.** Request that the appeal be maintained by filing a reply brief as set forth in 37 CFR 41.41. If such a reply brief is accompanied by any amendment, affidavit or other evidence, it shall be treated as a request that prosecution be reopened under 37 CFR 41.50(a)(2)(i). See 37 CFR 41.50(a)(2)(ii).

Extensions of time under 37 CFR 1.136(a) are not applicable to the **TWO MONTH** time period set forth above. See 37 CFR 1.136(b) for extensions of time to reply for patent applications and 37 CFR 1.550(c) for extensions of time to reply for ex parte reexamination proceedings.

**A Technology Center Director or designee has approved this supplemental examiner's answer by signing below:**

**[3]**

**Examiner Note:**

1. In bracket 1, insert the date of the remand.
2. In bracket 2, provide reasons supporting the rejections set forth in the supplemental Examiner's Answer.
3. In bracket 3, insert the TC Director's or designee's signature. A TC Director or designee must approve every supplemental examiner's answer.

### A. *Appellant's Reply*

If a supplemental examiner's answer is written in response to a remand by the Board for further consideration of a rejection pursuant to 37 CFR 41.50(a)(1), the appellant must exercise one of the following two options to avoid *sua sponte* dismissal of the appeal as to the claims subject to the rejection for which the Board has remanded the proceeding:

(i) *Reopen prosecution.* Request that prosecution be reopened before the examiner by filing a reply under 37 CFR 1.111 with or without amendment or submission of affidavits (37 CFR 1.130, 1.131 or 1.132) or other evidence. Any amendment or submission of affidavits or other evidence must be relevant to

the issues set forth in the remand or raised in the supplemental examiner's answer. A request that complies with 37 CFR 41.50(a)(2)(i) will be entered and the application or the patent under *ex parte* reexamination will be reconsidered by the examiner under the provisions of 37 CFR 1.112. Any request that prosecution be reopened under 37 CFR 41.50(a)(2)(i) will be treated as a request to withdraw the appeal.

(ii) *Maintain appeal.* Request that the appeal be maintained by filing a reply brief as provided in 37 CFR 41.41. If such a reply brief is accompanied by any amendment, affidavit or other evidence, it shall be treated as a request that prosecution be reopened before the examiner under 37 CFR 41.50(a)(2)(i).

The two month time period for reply is not extendable under 37 CFR 1.136(a), but is extendable under 37 CFR 1.136(b) for patent applications and 37 CFR 1.550(c) for *ex parte* reexamination proceedings.

1. **Request That Prosecution Be Reopened by Filing a Reply**

If appellant requests that prosecution be reopened, the appellant must file a reply that addresses each ground of rejection set forth in the supplemental examiner's answer in compliance with 37 CFR 1.111 within two months from the mailing of the supplemental examiner's answer. The reply may also include amendments, evidence, and/or arguments directed to claims not subject to the ground of rejection set forth in the supplemental answer or other rejections. If there is after-final amendment (or affidavit or other evidence) that was not entered, appellant may include such amendment in the reply to the supplemental examiner's answer.

If the reply is not fully responsive to the ground of rejection set forth in the supplemental examiner's answer, but the reply is *bona fide*, the examiner should provide a 30-day or 1 month time period, whichever is longer, for appellant to complete the reply pursuant to 37 CFR 1.135(c). If the reply is not *bona fide* (e.g., does not address the ground of rejection) and the two-month time period has expired, the examiner must *sua sponte* dismiss the appeal as to the claims subject to the rejection for which the Board has remanded the case.

Once appellant files a reply in compliance with 37 CFR 1.111 in response to a supplemental examiner's answer responding to a remand by the Board for further consideration of a rejection under 37 CFR 41.50(a), the examiner must reopen prosecution by entering and considering the reply. Examiner may make the next Office action final unless the examiner introduces a new ground of rejection that is neither necessitated by the applicant's amendment of the claims nor based on information submitted in an information disclosure statement filed during the period set forth in 37 CFR 1.97(c) with the fee set forth in 37 CFR 1.17(p). See MPEP § 706.07(a).

2. **Request That the Appeal Be Maintained by Filing a Reply Brief**

If appellant requests that the appeal be maintained, the appellant must file a reply brief to address each grounds of rejection set forth in the supplemental examiner's answer in compliance with 37 CFR 41.37(c)(1)(vii) within two months from the mailing of the supplemental answer. The reply brief must also be in compliance with requirements set forth in 37 CFR 41.41 (e.g., it cannot include any new amendment or affidavit). If the reply brief is accompanied by an amendment, affidavit or other evidence, it will be treated as a request that prosecution be reopened before the examiner.

The examiner may provide another supplemental examiner's answer (with TC Director or designee approval) to respond to any new issue raised in the reply brief. The supplemental examiner's answer responding to a reply brief cannot include any new grounds of rejection. See MPEP § 1207.05. In response to the supplemental examiner's answer, the appellant may file another reply brief under 37 CFR 41.41 within 2 months from the mailing of the supplemental examiner's answer. The two month time period for reply is not extendable under 37 CFR 1.136(a), but is extendable under 37 CFR 1.136(b) for patent applications and 37 CFR 1.550(c) for *ex parte* reexamination proceedings. Appellant cannot request that prosecution be reopened pursuant to 37 CFR 41.50(a) at that time.

**B.   Failure To Reply to a Supplemental Examiner's Answer Under 37 CFR 41.50(a)**

If appellant fails to timely file a reply under 37 CFR 1.111 or a reply brief in response to a supplemental examiner's answer that was written in response to a remand by the Board for further consideration of a

rejection under 37 CFR 41.50(a), the appeal will be *sua sponte* dismissed as to the claims subject to the rejection for which the Board has remanded the proceeding. If all of the claims under appeal are subject to the rejection, the entire appeal will be dismissed. The examiner should follow the procedure set forth in MPEP § 1215 to dismiss the appeal. For example, if there is no allowed claim in the application, the application would be abandoned when the two-month time period has expired.

If only some of the claims under appeal are subject to the rejection, the dismissal of the appeal as to those claims operates as an authorization to cancel those claims and the appeal continues as to the remaining claims. The examiner must:

(1) cancel the claims subject to the rejection; and

(2) notify the appellant that the appeal as to the claims subject to the rejection is dismissed and those claims are canceled.

Examiner may use form paragraph 12.186 to dismiss the appeal as to the claims subject to the rejection and cancel the claims.

¶ 12.186 *Dismissal Following A Supplemental Examiner's Answer Written in Response to a Remand for Further Consideration of a Rejection*

Appellant failed to timely respond to the supplemental examiner's answer mailed on [1] that was written in response to a remand by the Board for further consideration of a rejection mailed on [1]. Under 37 CFR 41.50(a)(2), appellant must, within two months from the date of the supplemental examiner's answer, file either: (1) a request that prosecution be reopened by filing a reply under 37 CFR 1.111; or (2) a request that the appeal be maintained by filing a reply brief under 37 CFR 41.41, to avoid sua sponte dismissal of the appeal as to the claims subject to the rejection for which the Board has remanded the proceeding. In view of appellant's failure to file a reply under 37 CFR 1.111 or a reply brief within the time period required by 37 CFR 41.50(a)(2), **the appeal as to claims [2] is dismissed, and these claims are canceled**.

Only claims [3] remain in the application. The appeal continues as to these remaining claims. The application will be forwarded to the Board after mailing of this communication.

**Examiner Note:**

1. In bracket 1, insert the mailing date of the supplemental examiner's answer.

2. In bracket 2, insert the claim numbers of the claims subject to the rejection for which the Board has remanded the proceeding.

3. In bracket 3, insert the claim numbers of the claims that are not subject to the rejection.

III. **SUPPLEMENTAL EXAMINER'S ANSWER RESPONDING TO A REMAND FOR OTHER PURPOSES THAT ARE NOT FOR FURTHER CONSIDERATION OF REJECTION**

The Board may remand an application to the examiner for a reason that is not for further consideration of a rejection, such as to consider an information disclosure statement, a reply brief that raised new issues that were not considered by the examiner, an amendment, or an affidavit. See MPEP § 1211. The examiner may provide a supplemental examiner's answer in response to the remand by the Board. Appellant may respond by filing a reply brief within two months from the mailing of the supplemental answer. Appellant does not have the option to request that prosecution be reopened pursuant to 37 CFR 41.50(a) unless the remand by the Board is for further consideration of a rejection under 37 CFR 41.50(a).<

\*\*>

## 1208  Reply Briefs and Examiner's Responses to Reply Brief< [R-3]

\*\*>

*37 CFR 41.41. Reply brief.*

(a)(1) Appellant may file a reply brief to an examiner's answer within two months from the date of the examiner's answer.

(2) A reply brief shall not include any new or non-admitted amendment, or any new or non admitted affidavit or other evidence. See § 1.116 of this title for amendments, affidavits or other evidence filed after final action but before or on the same date of filing an appeal and § 41.33 for amendments, affidavits or other evidence filed after the date of filing the appeal.

(b) A reply brief that is not in compliance with paragraph (a) of this section will not be considered. Appellant will be notified if a reply brief is not in compliance with paragraph (a) of this section.

(c) Extensions of time under § 1.136 (a) of this title for patent applications are not applicable to the time period set forth in this section. See § 1.136 (b) of this title for extensions of time to reply for patent applications and § 1.550 (c) of this title for extensions of time to reply for ex parte reexamination proceedings.

*37 CFR 41.43. Examiner's response to reply brief.*

(a)(1) After receipt of a reply brief in compliance with § 41.41, the primary examiner must acknowledge receipt and entry of the reply brief. In addition, the primary examiner may withdraw the final rejection and reopen prosecution or may furnish a supplemental examiner's answer responding to any new issue raised in the reply brief.