IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN | Case Number 1:05CV01796 JGP |
| Plaintiff | |
| v. | Judge John Garrett Penn |
| JONATHAN W. DUDAS | |
| Defendant | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 25

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

## 1212 Board Requires Appellant to Address Matter [R-3]

**\*\*>**

*37 CFR 41.50. Decisions and other actions by the Board.*

\*\*\*\*\*

(d) The Board may order appellant to additionally brief any matter that the Board considers to be of assistance in reaching a reasoned decision on the pending appeal. Appellant will be given a non-extendable time period within which to respond to such an order. Failure to timely comply with the order may result in the sua sponte dismissal of the appeal.<

\*\*\*\*\*

37 CFR \*>41.50(d)< authorizes the Board to \*\*>additionally brief< any matter deemed appropriate for a reasoned decision on the appeal. This may include, for example: (A) the applicability of particular case law that has not been previously identified as relevant to an issue in the appeal; or (B) the applicability of prior art that has not been made of record.

The rule further provides that the appellant will be given a non-extendable time period within which to respond to the requirement. Failure to respond within the time period set by the Board \*>may< result in dismissal of the appeal.

The making of a requirement under 37 CFR \*>41.50(d)< is discretionary with the Board. The authority granted in 37 CFR \*>41.50(d)< does not affect the Board's authority to remand a case to the examiner in a situation where the Board considers action by the examiner in the first instance to be necessary or desirable. See MPEP § 1211. Also, after an appellant has replied to a requirement under 37 CFR \*>41.50(d)<, a remand >by the Board< to the examiner may be \*\* appropriate >to permit the examiner to respond to the appellant's response to the Board's order<.

## 1213 Decision by Board [R-3]

**\*\*>**

*37 CFR 41.50. Decisions and other actions by the Board.*

(a)(1) The Board, in its decision, may affirm or reverse the decision of the examiner in whole or in part on the grounds and on the claims specified by the examiner. The affirmance of the rejection of a claim on any of the grounds specified constitutes a general affirmance of the decision of the examiner on that claim, except as to any ground specifically reversed. The Board may also remand an application to the examiner.

(2) If a supplemental examiner's answer is written in response to a remand by the Board for further consideration of a rejection pursuant to paragraph (a)(1) of this section, the appellant must within two months from the date of the supplemental examiner's answer exercise one of the following two options to avoid sua sponte dismissal of the appeal as to the claims subject to the rejection for which the Board has remanded the proceeding:

(i) *Reopen prosecution.* Request that prosecution be reopened before the examiner by filing a reply under § 1.111 of this title with or without amendment or submission of affidavits (§§ 1.130, 1.131 or 1.132 of this title) or other evidence. Any amendment or submission of affidavits or other evidence must be relevant to the issues set forth in the remand or raised in the supplemental examiner's answer. A request that complies with this paragraph will be entered and the application or the patent under ex parte reexamination will be reconsidered by the examiner under the provisions of § 1.112 of this title. Any request that prosecution be reopened under this paragraph will be treated as a request to withdraw the appeal.

(ii) *Maintain appeal.* Request that the appeal be maintained by filing a reply brief as provided in § 41.41. If such a reply brief is accompanied by any amendment, affidavit or other evidence, it shall be treated as a request that prosecution be reopened before the examiner under paragraph (a)(2)(i) of this section.

(b) Should the Board have knowledge of any grounds not involved in the appeal for rejecting any pending claim, it may include in its opinion a statement to that effect with its reasons for so holding, which statement constitutes a new ground of rejection of the claim. A new ground of rejection pursuant to this paragraph shall not be considered final for judicial review. When the Board makes a new ground of rejection, the appellant, within two months from the date of the decision, must exercise one of the following two options with respect to the new ground of rejection to avoid termination of the appeal as to the rejected claims:

(1) *Reopen prosecution.* Submit an appropriate amendment of the claims so rejected or new evidence relating to the claims so rejected, or both, and have the matter reconsidered by the examiner, in which event the proceeding will be remanded to the examiner. The new ground of rejection is binding upon the examiner unless an amendment or new evidence not previously of record is made which, in the opinion of the examiner, overcomes the new ground of rejection stated in the decision. Should the examiner reject the claims, appellant may again appeal to the Board pursuant to this subpart.

(2) *Request rehearing.* Request that the proceeding be reheard under § 41.52 by the Board upon the same record. The request for rehearing must address any new ground of rejection and state with particularity the points believed to have been misapprehended or overlooked in entering the new ground of rejection and also state all other grounds upon which rehearing is sought.

(c) The opinion of the Board may include an explicit statement of how a claim on appeal may be amended to overcome a specific rejection. When the opinion of the Board includes such a statement, appellant has the right to amend in conformity therewith. An amendment in conformity with such statement will overcome the specific rejection. An examiner may reject a claim so-