IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 27

If the Board's decision also includes an affirmance of the examiner's rejection, a request for rehearing of the affirmance (see MPEP § 1214.03 and MPEP § 1214.06, paragraph IV) should be filed in a separate paper to facilitate consideration.

## 1214.03  Rehearing [R-3]

\*\*>
*37 CFR 41.52. Rehearing.*

(a)(1)Appellant may file a single request for rehearing within two months of the date of the original decision of the Board. No request for rehearing from a decision on rehearing will be permitted, unless the rehearing decision so modified the original decision as to become, in effect, a new decision, and the Board states that a second request for rehearing would be permitted. The request for rehearing must state with particularity the points believed to have been misapprehended or overlooked by the Board. Arguments not raised in the briefs before the Board and evidence not previously relied upon in the brief and any reply brief(s) are not permitted in the request for rehearing except as permitted by paragraphs (a)(2) and (a)(3) of this section. When a request for rehearing is made, the Board shall render a decision on the request for rehearing. The decision on the request for rehearing is deemed to incorporate the earlier opinion reflecting its decision for appeal, except for those portions specifically withdrawn on rehearing, and is final for the purpose of judicial review, except when noted otherwise in the decision on rehearing.

(2) Upon a showing of good cause, appellant may present a new argument based upon a recent relevant decision of either the Board or a Federal Court.

(3) New arguments responding to a new ground of rejection made pursuant to § 41.50(b) are permitted.

(b) Extensions of time under § 1.136(a) of this title for patent applications are not applicable to the time period set forth in this section. See § 1.136(b) of this title for extensions of time to reply for patent applications and § 1.550(c) of this title for extensions of time to reply for ex parte reexamination proceedings.<

The term "rehearing" is used in 37 CFR \*>41.52< for consistency with the language of 35 U.S.C. 6(b). It should not be interpreted as meaning that an appellant is entitled to an oral hearing on the request for rehearing, but only to a rehearing on the written record. It is not the normal practice of the Board to grant rehearings in the sense of another oral hearing. *Ex parte Argoudelis*, 157 USPQ 437, 441 (Bd. App. 1967), *rev'd. on other grounds*, 434 F.2d 1390, 168 USPQ 99 (CCPA 1970).

37 CFR \*>41.52< provides that any request for rehearing must specifically state the points believed to have been misapprehended or overlooked in the Board's decision. Experience has shown that many requests for rehearing are nothing more than reargument of appellant's position on appeal. In response, the rule was revised to limit requests to the points of law or fact which appellant feels were overlooked or misapprehended by the Board. >Arguments not raised in the briefs before the Board and evidence not previously relied upon in the brief and any reply brief(s) are not permitted in the request for rehearing except (A) upon a showing of good cause, appellant may present a new argument based upon a recent relevant decision of either the Board or a Federal Court, and (B) new arguments responding to a new ground of rejection made pursuant to 37 CFR 41.50(b). If appellant establishes good cause for a new argument based upon a recent relevant decision of either the Board or a Federal Court, a remand by the Board to the examiner to respond to that new argument may be appropriate.<

The 2-month period provided by 37 CFR \*>41.52(a)< for filing a request for rehearing can only be extended under the provisions of 37 CFR 1.136(b) or under 37 CFR 1.550(c) if the appeal involves an *ex parte* reexamination proceeding.
\*\*

For extension of time to appeal to the Court of Appeals for the Federal Circuit or commence a civil action under 37 CFR 1.304(a), see MPEP § 1216 and § 1002.02(o).

For requests for reconsideration by the examiner, see MPEP § 1214.04.

>Should an Administrative Patent Judge (APJ) retire or otherwise become unavailable to reconsider a decision, normally another APJ will be designated as a substitute for the unavailable APJ.<

## 1214.04  Examiner Reversed [R-3]

A complete reversal of the examiner's rejection brings the case up for immediate action by the examiner. If the reversal does not place an application in condition for immediate allowance (e.g., the Board has entered a new ground of rejection under 37 CFR \*>41.50(b)<), the examiner should refer to the situations outlined in MPEP § 1214.06 for appropriate guidance.

The examiner should never regard such a reversal as a challenge to make a new search to uncover other and better references. This is particularly so where the application or *ex parte* reexamination proceeding has meanwhile been transferred or assigned to an exam-

iner other than the one who rejected the claims leading to the appeal. The second examiner should give full faith and credit to the prior examiner's search.

If the examiner has specific knowledge of the existence of a particular reference or references which indicate nonpatentability of any of the appealed claims as to which the examiner was reversed, he or she should submit the matter to the Technology Center (TC) Director for authorization to reopen prosecution under 37 CFR 1.198 for the purpose of entering the new rejection. See MPEP § 1002.02(c) and MPEP § 1214.07. The TC Director's approval is placed on the action reopening prosecution.

The examiner may request rehearing of the Board decision. Such a request should normally be made within 2 months of the receipt of the Board decision in the TC. The TC Director's secretary should therefore date stamp all Board decisions upon receipt in the TC.

All requests by the examiner to the Board for rehearing of a decision must be approved by the TC Director and must also be forwarded to the Office of the Deputy Commissioner for Patent Examination Policy for approval before mailing.

>The request for rehearing must state with particularity the points believed to have been misapprehended or overlooked by the Board. Arguments not raised in the answers before the Board and evidence not previously relied upon in the answers are not permitted in the request for rehearing except upon a showing of good cause, the examiner may present a new argument based upon a recent relevant decision of either the Board or a Federal Court.<

The request should set a period of **>2 months< for the appellant to file a reply.

If **>the request for rehearing is approved by< the Office of the Deputy Commissioner for Patent Examination Policy>, the TC< will mail a copy of the request for rehearing to the appellant. After the period set for appellant to file a reply (plus mailing time) has expired, the application file will be forwarded to the Board.

## 1214.05   Cancellation of Withdrawn Claims [R-3]

Where an appellant withdraws some of the appealed claims >(i.e., claims subject to a ground of rejection that the appellant did not present for review in the brief)<, and the Board reverses the examiner on the remaining appealed claims, the withdrawal is treated as an authorization to cancel the withdrawn claims. It is *necessary >for the examiner< to notify the appellant of the cancellation of the withdrawn claims. >See MPEP § 1215.03.<

## 1214.06   Examiner Sustained in Whole or in Part [R-3]

**>
*37 CFR 1.197. Return of jurisdiction from the Board of Patent Appeals and Interferences; termination of proceedings.*

(a) *Return of jurisdiction from the Board of Patent Appeals and Interferences.* Jurisdiction over an application or patent under ex parte reexamination proceeding passes to the examiner after a decision by the Board of Patent Appeals and Interferences upon transmittal of the file to the examiner, subject to appellant's right of appeal or other review, for such further action by appellant or by the examiner, as the condition of the application or patent under ex parte reexamination proceeding may require, to carry into effect the decision of the Board of Patent Appeals and Interferences.

(b) *Termination of proceedings.*

(1) Proceedings on an application are considered terminated by the dismissal of an appeal or the failure to timely file an appeal to the court or a civil action (§ 1.304) except:

(i) Where claims stand allowed in an application; or

(ii) Where the nature of the decision requires further action by the examiner.

(2) The date of termination of proceedings on an application is the date on which the appeal is dismissed or the date on which the time for appeal to the U.S. Court of Appeals for the Federal Circuit or review by civil action (§ 1.304) expires in the absence of further appeal or review. If an appeal to the U.S. Court of Appeals for the Federal Circuit or a civil action has been filed, proceedings on an application are considered terminated when the appeal or civil action is terminated. A civil action is terminated when the time to appeal the judgment expires. An appeal to the U.S. Court of Appeals for the Federal Circuit, whether from a decision of the Board or a judgment in a civil action, is terminated when the mandate is issued by the Court.<

>The practice under the situations identified in paragraphs I-III below is similar to the practice after a decision of the court outlined in MPEP § 1216.01. Examiners must be very careful that case files that come back from the Board are not overlooked because every case, except applications in which all claims stand rejected after the Board's decision, is up for action by the examiner in the event no court review has been sought. See MPEP § 1216.01 and § 1216.02 for procedure where court review is sought.<