IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, DISMISS AND REMAND**

# OTE EXHIBIT 28

Walker & Jocke
231 South Broadway
Medina, Ohio  44256-2601
330 • 721 • 0000

iner other than the one who rejected the claims leading to the appeal. The second examiner should give full faith and credit to the prior examiner's search.

If the examiner has specific knowledge of the existence of a particular reference or references which indicate nonpatentability of any of the appealed claims as to which the examiner was reversed, he or she should submit the matter to the Technology Center (TC) Director for authorization to reopen prosecution under 37 CFR 1.198 for the purpose of entering the new rejection. See MPEP § 1002.02(c) and MPEP § 1214.07. The TC Director's approval is placed on the action reopening prosecution.

The examiner may request rehearing of the Board decision. Such a request should normally be made within 2 months of the receipt of the Board decision in the TC. The TC Director's secretary should therefore date stamp all Board decisions upon receipt in the TC.

All requests by the examiner to the Board for rehearing of a decision must be approved by the TC Director and must also be forwarded to the Office of the Deputy Commissioner for Patent Examination Policy for approval before mailing.

>The request for rehearing must state with particularity the points believed to have been misapprehended or overlooked by the Board. Arguments not raised in the answers before the Board and evidence not previously relied upon in the answers are not permitted in the request for rehearing except upon a showing of good cause, the examiner may present a new argument based upon a recent relevant decision of either the Board or a Federal Court.<

The request should set a period of **>2 months< for the appellant to file a reply.

If **>the request for rehearing is approved by< the Office of the Deputy Commissioner for Patent Examination Policy>, the TC< will mail a copy of the request for rehearing to the appellant. After the period set for appellant to file a reply (plus mailing time) has expired, the application file will be forwarded to the Board.

## 1214.05  Cancellation of Withdrawn Claims [R-3]

Where an appellant withdraws some of the appealed claims >(i.e., claims subject to a ground of rejection that the appellant did not present for review in the brief)<, and the Board reverses the examiner on the remaining appealed claims, the withdrawal is treated as an authorization to cancel the withdrawn claims. It is *necessary >for the examiner< to notify the appellant of the cancellation of the withdrawn claims. >See MPEP § 1215.03.<

## 1214.06  Examiner Sustained in Whole or in Part [R-3]

**>
*37 CFR 1.197. Return of jurisdiction from the Board of Patent Appeals and Interferences; termination of proceedings.*

(a) *Return of jurisdiction from the Board of Patent Appeals and Interferences.* Jurisdiction over an application or patent under ex parte reexamination proceeding passes to the examiner after a decision by the Board of Patent Appeals and Interferences upon transmittal of the file to the examiner, subject to appellant's right of appeal or other review, for such further action by appellant or by the examiner, as the condition of the application or patent under ex parte reexamination proceeding may require, to carry into effect the decision of the Board of Patent Appeals and Interferences.

(b) *Termination of proceedings.*

(1) Proceedings on an application are considered terminated by the dismissal of an appeal or the failure to timely file an appeal to the court or a civil action (§ 1.304) except:

(i) Where claims stand allowed in an application; or

(ii) Where the nature of the decision requires further action by the examiner.

(2) The date of termination of proceedings on an application is the date on which the appeal is dismissed or the date on which the time for appeal to the U.S. Court of Appeals for the Federal Circuit or review by civil action (§ 1.304) expires in the absence of further appeal or review. If an appeal to the U.S. Court of Appeals for the Federal Circuit or a civil action has been filed, proceedings on an application are considered terminated when the appeal or civil action is terminated. A civil action is terminated when the time to appeal the judgment expires. An appeal to the U.S. Court of Appeals for the Federal Circuit, whether from a decision of the Board or a judgment in a civil action, is terminated when the mandate is issued by the Court.<

>The practice under the situations identified in paragraphs I-III below is similar to the practice after a decision of the court outlined in MPEP § 1216.01. Examiners must be very careful that case files that come back from the Board are not overlooked because every case, except applications in which all claims stand rejected after the Board's decision, is up for action by the examiner in the event no court review has been sought. See MPEP § 1216.01 and § 1216.02 for procedure where court review is sought.<

The time for seeking review of a decision of the Board by the Court of Appeals for the Federal Circuit or the U.S. District Court for the District of Columbia is the same for both tribunals, that is, 2 months, or 2 months with the extension provided by 37 CFR 1.304 in the event a request for rehearing is timely filed before the Board, or as extended by the *>Director<. See MPEP § 1216. When the time for seeking court review (plus 2 weeks to allow for information as to the filing of an appeal or civil action, if any, to reach the examiner) has passed without such review being sought, the examiner must take up the application for consideration. The situations which can arise will involve one or more of the following circumstances:

## I.  NO CLAIMS STAND ALLOWED

The proceedings in an application or *ex parte* reexamination proceeding are terminated as of the date of the expiration of the time for filing court action. The application is no longer considered as pending. It is to be stamped abandoned and sent to abandoned files. In an *ex parte* reexamination proceeding, a reexamination certificate should be issued under 37 CFR 1.570.

Claims indicated as allowable prior to appeal except for their dependency from rejected claims will be treated as if they were rejected. The following examples illustrate the appropriate approach to be taken by the examiner in various situations:

(A) If claims 1-2 are pending, and the Board affirms a rejection of claim 1 and claim 2 was objected to prior to appeal as being allowable except for its dependency from claim 1, the examiner should hold the application abandoned.

(B) If the Board or court affirms a rejection against an independent claim and reverses all rejections against a claim dependent thereon, ** after expiration of the period for further appeal, >the examiner< should proceed in one of two ways:

(1) Convert the dependent claim into independent form by examiner's amendment, cancel all claims in which the rejection was affirmed, and issue the application; or

(2) Set a 1-month time limit in which appellant may rewrite the dependent claim(s) in independent form. Extensions of time under 37 CFR 1.136(a) will not be permitted. If no timely reply is received, the examiner will cancel all rejected and objected to claims and issue the application with the allowed claims only.

The following *>form paragraph< may be used where appropriate:

**>

¶ *12.119.01 Examiner Sustained in Part - Requirement of Rewriting Dependent Claims (No Allowed Claim)*
The Board of Patent Appeals and Interferences affirmed the rejection(s) against independent claim(s) [1], but reversed all rejections against claim(s) [2] dependent thereon. There are no allowed claims in the application. The independent claim(s) is/are cancelled by the examiner in accordance with MPEP § 1214.06. Applicant is given a ONE MONTH TIME PERIOD from the mailing date of this letter in which to present the dependent claim(s) in independent form to avoid ABANDONMENT of the application. NO EXTENSIONS OF TIME UNDER 37 CFR 1.136(a) WILL BE GRANTED. Prosecution is otherwise closed.

**Examiner Note:**
1.  In bracket 1, enter the independent claim number(s) for which the Board affirmed the rejection(s).
2.  In bracket 2, enter the dependent claim number(s) for which the Board reversed the rejection(s).

<

## II.  CLAIMS STAND ALLOWED

The appellant is not required to file a reply. The examiner issues the application or *ex parte* reexamination certificate on the claims which stand allowed. *>For paper files, a< red-ink line should be drawn through the refused claims and the notion "Board Decision" written in the margin in red ink.

If the Board affirms a rejection of claim 1, claim 2 was objected to prior to appeal as being allowable except for its dependency from claim 1 and independent claim 3 is allowed, the examiner should cancel claims 1 and 2 and issue the application or *ex parte* reexamination certificate with claim 3 only.

>If the Board affirms a rejection against independent claim 1, reverses all rejections against dependent claim 2 and claim 3 is allowed, after expiration of the period for further appeal, the examiner should either:

(A) Convert dependent claim 2 into independent form by examiner's amendment, cancel claim 1 in which the rejection was affirmed, and issue the application with claims 2 and 3; or

(B) Set a 1-month time limit in which appellant may rewrite dependent claim 2 in independent form.

Extensions of time under 37 CFR 1.136(a) will not be permitted. If no timely reply is received, the examiner will cancel claims 1 and 2 and issue the application with allowed claim 3 only.

The following form paragraph may be used where appropriate:<

>

¶ *12.119.02 Examiner Sustained in Part - Requirement of Rewriting Dependent Claims (At Least One Allowed Claim)*

The Board of Patent Appeals and Interferences affirmed the rejection(s) against independent claim(s) [1], but reversed all rejections against claim(s) [2] dependent thereon. The independent claim(s) is/are cancelled by the examiner in accordance with MPEP § 1214.06. Applicant is given a ONE MONTH TIME PERIOD from the mailing date of this letter in which to present the dependent claim(s) in independent form. NO EXTENSIONS OF TIME UNDER 37 CFR 1.136(a) WILL BE GRANTED. Failure to comply will result in cancellation of the dependent claims and the application will be allowed with claim(s) [3]. Prosecution is otherwise closed.

**Examiner Note:**
1. In bracket 1, enter the independent claim number(s) for which the Board affirmed the rejection(s).
2. In bracket 2, enter the dependent claim number(s) for which the Board reversed the rejection(s).
3. In bracket 3, enter the claim number(s) of the allowed claims.

<

If uncorrected matters of form which cannot be handled without written correspondence remain in the application, the examiner should take appropriate action but prosecution is otherwise closed. ** A letter such as that set forth in form paragraph *>12.120< is suggested:

**>

¶ *12.120 Period For Seeking Court Review Has Lapsed*

The period under 37 CFR 1.304 for seeking court review of the decision by the Board of Patent Appeals and Interferences rendered [1] has expired and no further action has been taken by appellant. The proceedings as to the rejected claims are considered terminated; see 37 CFR 1.197(b).

The application will be passed to issue on allowed claim [2] provided the following formal matters are promptly corrected: [3]. Prosecution is otherwise closed.

Applicant is required to make the necessary corrections addressing the outstanding formal matters within a shortened statutory period set to expire ONE MONTH or THIRTY DAYS, whichever is longer, from the mailing date of this letter. Extensions of time may be granted under 37 CFR 1.136.

**Examiner Note:**
1. In bracket 1, enter the date of the decision.
2. In bracket 2, identify the allowed claims.
3. In bracket 3, identify the formal matters that need correction.

<

### III. CLAIMS REQUIRE ACTION

If the decision of the Board is an affirmance in part and includes a reversal of a rejection that brings certain claims up for action on the merits, such as a decision reversing the rejection of generic claims in an application or *ex parte* reexamination proceeding containing claims to nonelected species not previously acted upon, the examiner will take up the application or reexamination proceeding for appropriate action on the matters thus brought up. However, the application or reexamination proceeding is not considered open to further prosecution except as to such matters.

### IV. 37 CFR *>41.50(b)< REJECTION

Where the Board makes a new rejection under 37 CFR *>41.50(b)< and no action is taken with reference thereto by appellant within 2 months, the examiner should proceed in the manner indicated in paragraphs I-III of this section as appropriate. See MPEP § 1214.01.

If the Board affirms the examiner's rejection, but also enters a new ground of rejection under 37 CFR *>41.50(b)<, the subsequent procedure depends upon the action taken by the appellant with respect to the 37 CFR *>41.50(b)< rejection.

(A) If the appellant elects to proceed before the examiner with regard to the new rejection (see MPEP § 1214.01, paragraph I) the Board's affirmance will be treated as nonfinal, and no request for rehearing of the affirmance need be filed at that time. Prosecution before the examiner of the 37 CFR *>41.50(b)< rejection can incidentally result in overcoming the affirmed rejection even though the affirmed rejection is not open to further prosecution. Therefore, it is possible for the application to be allowed as a result of the limited prosecution before the examiner of the 37 CFR *>41.50(b)< rejection. If an application becomes allowed, it should not be returned to the Board. Likewise, if an application is abandoned for any reason, it should not be returned to the Board. If the rejection under 37 CFR *>41.50(b)< is not overcome, the

applicant (or patent owner in an *ex parte* reexamination proceeding) can file a second appeal (as discussed below). Such appeal must be limited to the 37 CFR *>41.50(b)< rejection and may not include the affirmed rejection. If an application does not become allowed or abandoned as discussed above, once prosecution of the claims which were rejected under 37 CFR *>41.50(b)< is terminated before the examiner, the application file must be returned to the Board so that a decision making the original affirmance final can be entered. Similarly, the file of any *ex parte* reexamination proceeding including rejections affirmed by the Board but made nonfinal for purposes of judicial review must be returned to the Board so that the affirmance can be made final by the Board. The time for filing a request for rehearing on the affirmance or seeking court review runs from the date of the decision by the Board making the original affirmance final. See MPEP § 1214.03 and § 1216.

(B) If the appellant elects to request rehearing of the new rejection (see MPEP § 1214.01, paragraph II), the request for rehearing of the new rejection and of the affirmance must be filed within 2 months from the date of the Board's decision.

**

## 1214.07   Reopening of Prosecution [R-3]

**>

*37 CFR 1.198.   Reopening after a final decision of the Board of Patent Appeals and Interferences.*

When a decision by the Board of Patent Appeals and Interferences on appeal has become final for judicial review, prosecution of the proceeding before the primary examiner will not be reopened or reconsidered by the primary examiner except under the provisions of § 1.114 or § 41.50 of this title without the written authority of the Director, and then only for the consideration of matters not already adjudicated, sufficient cause being shown.<

Sometimes an amendment is filed after the Board's decision which does not carry into effect any recommendation made by the Board and which presents a new or amended claim or claims. In view of the fact that * prosecution is closed, the appellant is not entitled to have such amendment entered as a matter of right. However, if the amendment is submitted with a request for continued examination (RCE) under 37 CFR 1.114 and the fee set forth in 37 CFR 1.17(e), * prosecution of the application will be reopened and the amendment will be entered. See MPEP § 706.07(h), paragraph XI. Note that the RCE practice under 37 CFR 1.114 does not apply to utility or plant patent applications filed before June 8, 1995 or to design applications. See 37 CFR 1.114(d) and MPEP § 706.07(h), paragraph I. If the amendment obviously places an application in condition for allowance, regardless of whether the amendment is filed with an RCE, the primary examiner should recommend that the amendment be *>entered<, and with the concurrence of the supervisory patent examiner, the amendment will be entered. Note MPEP § 1002.02(d).

Where the amendment cannot be entered, the examiner should write to the appellant indicating that the amendment cannot be entered and stating the reason why. The refusal may not be arbitrary or capricious.

Form paragraph *>12.119< should be used:
**>

¶ *12.119 Amendment After Board Decision, Entry Refused*
  The amendment filed [1] after a decision by the Board of Patent Appeals and Interferences is not entered because prosecution is closed and the proposed amendment was not suggested in an explicit statement by the Board under 37 CFR 41.50(c). As provided in 37 CFR 1.198, prosecution of the proceeding before the primary examiner will not be reopened or reconsidered by the primary examiner after a final decision of the Board except under the provisions of 37 CFR 1.114 (request for continued examination) or 37 CFR 41.50 without the written authority of the Director, and then only for the consideration of matters not already adjudicated, sufficient cause being shown.

**Examiner Note:**
1.   In bracket 1, insert the date the amendment was filed.
2.   This form paragraph is not to be used where a 37 CFR 41.50(b) rejection has been made by the Board of Patent Appeals and Interferences.

<

In the event that claims stand allowed in the application under the conditions set forth in MPEP § 1214.06, paragraph II, the application should be passed to issue.

Petitions under 37 CFR 1.198 to reopen or reconsider prosecution of a case after decision by the Board, where no court action has been filed, are decided by the Technology Center Director, MPEP § 1002.02(c).

The *>Director of the USPTO< also entertains petitions under 37 CFR 1.198 to reopen certain cases in which an appellant has sought review under 35 U.S.C. 141 or 145. This procedure is restricted to cases which