UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05CV-01796 (JGP) |
| | ) |
| JONATHAN W. DUDAS, | ) |
| | ) |
| Under Secretary of Commerce | ) |
| for Intellectual Property and | ) |
| Director of the United States | ) |
| Patent and Trademark Office, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION TO STAY DISCOVERY UNTIL AFTER A DECISION ON IT'S
MOTION TO EXCLUDE, OR IN THE ALTERNATIVE, DISMISS AND REMAND**

The Defendant's (PTO or Office) recently filed motions highlight the fact that discovery at this stage of the litigation would be wasteful and unnecessary.[1] The Remand Motion filed by the PTO is <u>not</u> a summary judgment motion and <u>does</u> <u>not</u> address the merits of the case. Rather, the Remand Motion focuses on the fact that Plaintiff's attorney[2] did not set forth arguments

---

[1] The PTO filed the dispositive Motion to Exclude, or in the Alternative, Dismiss and Remand (Remand Motion), a Motion to Stay Discovery Pending a Decision on the Remand Motion, and the most recently filed Motion for a Protective Order.

[2] Harold V. Putman, the named inventor of the patent application at issue, is no longer the owner of any alleged invention. Mr. Putman assigned all his rights to the alleged invention to Plaintiff Diebold, Incorporated (Diebold), a major corporation, on December 7, 1998 for $1.00. Ex. A. Plaintiff's attempt to characterize Mr. Putman as the real party in interest is misleading and irrelevant to this action. Rather, Plaintiff's attorney is using this Court to attempt to force the PTO to circumvent the statutory requirements for issuing a patent, which is applied to all patent applicants regardless of size. Moreover, any delay complained about by Diebold may be remedied through 35 U.S.C. § 154(b), which provides for extending or adjusting the patent term as a result of certain specified types of delays which may occur while an application is pending

before the Board of Patent Appeals and Interferences (Board) concerning claims 45-56, as he was expressly ordered to do by the Board. Plaintiff Diebold, a major corporation, now wishes to assert arguments concerning claims 45-56 before this Court that were withheld and never considered by the Board. Such an attempt to circumvent the administrative process should be readily discouraged by this Court. Accordingly, as explained in the PTO's Remand Motion, any arguments concerning claims 45-56 should be excluded, or in the alternative, this case should be dismissed without prejudice and remanded to the PTO for consideration of such arguments in the first instance. Contrary to Plaintiff's assertion, there is no confusion about which arguments or evidence the PTO seeks to exclude – arguments concerning claims 45-56 – and therefore, the Court should affirm the Board's findings concerning those claims.

Plaintiff's opposition focuses on the supposed need for discovery in order to respond to the Remand Motion. The PTO does not refute that discovery may be necessary at some point, however not now, as the PTO has repeatedly stated: (i) the Court recognized during the December 20, 2005 Status Hearing (Status Hearing) that the parties "won't engage . . . in discovery until the Court has ruled on the issue of remand," see Ex. B at 31 (Hearing Transcript, Dec. 20, 2005), to which the parties readily agreed; (ii) granting PTO's Remand Motion would render unnecessary or at least limit any discovery; (iii) the discovery requested by Plaintiff[3] is not necessary to respond to the PTO's Remand Motion; and (iv) the PTO does not plan to raise in

---

before the Office, including successful appellate review.

[3] Plaintiff's discovery requests include a First Set of Interrogatories, First Request For Documents, and a Rule 30(b) Deposition Notice. Plaintiff filed a subsequent Rule 30(b) Deposition Notice and then filed a Second Amended Rule 30(b)(6) Deposition Notice. A copy of Plaintiff's discovery requests are attached as Ex. C.

this action any of the new evidence discovered during an initial investigation that may be relevant to the patentability of all of Diebold's claims, rendering discovery on that issue unnecessary and irrelevant.

The Court recognized and the parties agreed that discovery should not commence until after this Court rules on the PTO's Remand Motion. See Ex. B at 31 (Hearing Transcript, Dec. 20, 2005). Plaintiff never contended at the Status Hearing that discovery was necessary at this premature point in order to respond to the PTO's Remand Motion, yet Plaintiff's opposition attempts to twist and misrepresent the Status Hearing to fabricate a story that the PTO represented that discovery would be necessary. Rather, at the Status Hearing, the PTO's counsel stated that discovery would probably be necessary for any summary judgment disposition motions, but not for a motion to remand. Indeed, the following concise dialogue clearly shows that the PTO thought that discovery was unnecessary until the motion to dismiss and remand was decided:

> THE COURT: Well, you won't engage, as I understand it, in discovery until the Court has ruled on the issue of the remand?
> MR. PETERSON: That is correct, Your Honor.
> THE COURT: All right.

See Ex. B at 31 (Hearing Transcript, Dec. 20, 2005). Delaying discovery until this Court rules on the PTO's Remand Motion makes sense because granting the PTO's Remand Motion may render discovery unnecessary or at least limit the issues.

Moreover, the PTO's Remand Motion purposely does not delve into the merits of the case and therefore discovery at this time is unnecessary. In fact, all the necessary information for Plaintiff to oppose the PTO's pending Remand Motion is readily available in the administrative

record, which was served as part of PTO's initial disclosure on or around February 7, 2006. Furthermore, Plaintiff's counsel was intimately involved in the proceedings before the Office and should be able to draft a response from the record.

Because Plaintiff propounded its discovery requests prior to the filing of the PTO's Remand Motion, it is clear that such discovery requests were not necessary to adequately address the issues raised in the PTO's Motion.[4]  Furthermore, Plaintiff's Interrogatories and Request For Documents seek information that is unrelated to the motion and premature, see e.g., Interrogatories Nos. 5 and 6 and Document Requests Nos. 2, 3, 4, and 5, which concern trial witnesses.  Ex. C.  Clearly, such requests are not necessary and premature at this stage. Moreover, on or around March 21, 2006, Plaintiff propounded a Second Amended Rule 30(b)(6) Deposition Notice that seeks information related to the PTO's Remand Motion, yet the date for the deposition is April 21, 2006, after Plaintiff's opposition to the Remand Order is due.[5]

Moreover, although the PTO alludes to additional evidence that may be used to reject all pending claims in the application, the PTO does not plan to raise these arguments and evidence, if any, before this Court.  Such new arguments and evidence should properly be raised before the PTO when the application is returned to the Office's jurisdiction. What is at issue is Plaintiff's dissatisfaction with the Board's decision, which affirmed the rejections of certain claims in the application, and not with claims which rejections were reversed by the Board.  Accordingly, as

---

[4]  It should be noted that Plaintiff's opposition to PTO's Remand Motion and the PTO's response to the document and interrogatory requests are presently due on the same day, March 27, 2006.

[5]  The PTO maintains that many portions of Plaintiff's discovery requests are not available in this proceeding, and the PTO intends to object.  However, this is irrelevant to the current motion, which seeks to stay all discovery until this Court rules on the Remand Motion.

the PTO explained in its Remand Motion, as to the claims which rejections were reversed by the Board, those are not before this Court.  The PTO does not believe that issues concerning the claims which rejections were reversed by the Board should be considered by this Court in the first instance, particularly because this Court's jurisdiction is limited to review of the Board's decision, i.e., review of the rejected claims.  See 35 U.S.C. §§ 134 and 145.  Accordingly, not all pending claims in the application are at issue before the Court.  To avoid piecemeal litigation, the PTO does not plan to raise in this action any new evidence discovered during an initial investigation that may be relevant to the patentability of all of Diebold's claims.  Therefore, discovery of any such additional evidence is unnecessary and irrelevant to this action.

## CONCLUSION

For the reasons set forth above, the PTO respectfully submits that discovery at this time would be inappropriate and that the Court should grant the PTO's Motion to Stay until the Court rules on the PTO's Remand Motion.

Dated: March ___, 2006.

                                        Respectfully submitted,

                                        /s/
                                        KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                        United States Attorney

                                        /s/
                                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                                        Assistant United States Attorney


/s/
BENTON G. PETERSON, WI Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7238; (202) 514-8780 (facsimile)

OF COUNSEL:
JOHN M. WHEALAN
Solicitor

HEATHER F. AUYANG
WILLIAM LAMARCA
Associate Solicitors
United States Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
(571) 272-9035