IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05CV-01796 (JGP) |
| ) | |
| JONATHAN W. DUDAS, ) | |
| ) | |
| Under Secretary of Commerce ) | |
| for Intellectual Property and ) | |
| Director of the United States ) | |
| Patent and Trademark Office, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO EXCLUDE, OR
IN THE ALTERNATIVE, DISMISS AND REMAND**

Defendant ("PTO" or "Office") has clearly set forth the reasons why arguments and evidence concerning claims 45-56 should be excluded from this case. Plaintiff[1] attempts to obfuscate the simple fact that he did not properly submit these arguments to the Board of Patent Appeals and Interferences (Board) by alleging violations of rules and due process.[2] As

---

[1] Harold V. Putman, the named inventor of the patent application at issue, is no longer the owner of any alleged invention. Mr. Putman assigned all his rights to the alleged invention to Plaintiff Diebold, Incorporated (Diebold), a major corporation, on December 7, 1998 for $1.00. Exh. A. Plaintiff's attempt to characterize Mr. Putman as the real party in interest is misleading and irrelevant to this action. Rather, Plaintiff (Diebold) is using this Court to attempt to force the PTO to circumvent the statutory requirements for issuing a patent, which is applied to all patent applicants regardless of size.

[2] Plaintiff also argues that rather than a Motion to Exclude or Dismiss and Remand, this Motion should be characterized as a motion for summary judgment. Plaintiff's Opp. at 5-6. However, this Motion is consistent with this Court's January 19, 2006 Order, which states that the PTO "may file a motion for exclusion of previously unconsidered evidence or for remand on or before

explained in its opening Motion (Motion), the PTO has repeatedly offered to consider Plaintiff's arguments concerning claims 45-56 in the first instance;[3] however, Plaintiff instead seeks to waste this Court's resources to review a Board decision that never considered Plaintiff's arguments pertaining to claims 45-56 because Plaintiff did not properly present them in direct defiance of the Board's Remand Order.  Accordingly, the PTO seeks to exclude Plaintiff's arguments and evidence concerning claims 45-56.

In addition, the PTO's Motion explains that this Court may alternatively dismiss this case <u>without</u> <u>prejudice</u> and remand to the PTO for consideration of Plaintiff's arguments never before considered.  Contrary to Plaintiff's repeated assertions, the PTO is not denying Plaintiff any due process rights.  In fact, if the PTO agrees with Plaintiff, then it may reverse the rejections with respect to claims 45-56, mooting the need for judicial review as to those claims.  This is a classic case where allowing the PTO to consider Plaintiff's arguments concerning claims 45-56 in the

---

March 15, 2006." [Docket#9].  Moreover, the pending Motion is <u>not</u> a motion for summary judgment because it <u>does</u> <u>not</u> address the merits of the case.  "Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact .* * * The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Federal Civil Procedure Rule 56, Committee Advisory Notes, 1937 and 1963.  Hence, a motion for summary judgment disposes of the case and such a motion is not before this Court.  Therefore, if the Court dismisses and remands this case, the Plaintiff is free to pursue an action under § 145 after the final agency decision.

[3]  Plaintiff alleges that discussions between the parties concerning remanding the case to the PTO took place during "settlement discussions" and "that these be stricken from the Motion to Exclude." <u>See</u> Plaintiff Opp. at 25.  However, in the Joint Statement of the Parties submitted to this Court, not only did Plaintiff recite details of the "written compromise settlement proposal," but the Statement includes the PTO's offer to "Plaintiff [of] the opportunity to remand the case to the USPTO to consider new issues and arguments and potential claim amendments that Plaintiff wishes to raise in this case; however, Plaintiff refused the offer." [Docket#8 at 4-5].  Moreover, the PTO again offered to remand the case to consider Plaintiff's arguments concerning claims 45-56 during a Federal Civil Procedure Rule 26(f) conference.  Again,

first instance before the Office promotes judicial efficiency and economy.  Moreover, even if the PTO does not agree with Plaintiff's arguments concerning claims 45-56, Plaintiff may freely appeal, i.e., file another civil action, which will then contain a complete record ripe for judicial review.  The Court should not reward Plaintiff's obvious disregard of the Board's Remand Order, which required Plaintiff to file one brief that contained all arguments, by allowing Plaintiff to present to this Court arguments that were not considered by the Board.  As explained in the Motion, the law on this issue is clear that a plaintiff should not be able to use a § 145 action as a tool to circumvent the PTO's administrative process.  The PTO has been reasonable in offering to consider such arguments in the first instance.  Plaintiff has repeatedly refused.

**A.      Plaintiff Has Not Provided Any Reason For His Complete Disregard Of The Board's Remand Order, And Therefore, Arguments Regarding Claims 45-56 Should Be Excluded**

Plaintiff should not now be allowed to introduce any arguments or evidence with respect to claims 45-56 because they were not properly raised before the Board.  As set forth in the PTO's Motion – yet ignored by Plaintiff – Judge Kennedy recently recognized that the "courts in the District of Columbia have established a doctrine limiting" the admission of arguments and evidence offered by the plaintiff in § 145 actions, Exh. B at 9.  Relying on the same cases cited by the PTO in its Motion, including DeSeversky v. Brenner, 424 F.2d 857 (D.C. Cir. 1970), the federal courts in the District of Columbia have refused to admit any new arguments – and evidence supporting such arguments – which were not properly raised before the Examiner or Board.  Id.  Additionally, even if related to an existing issue, "courts have excluded new evidence in Section 145 actions if it was 'available to the parties, but was withheld from the

---

Plaintiff rejected the offer.

3

Patent Office as a result of fraud, bad faith, or gross negligence,'" citing to the case law set forth above.  Id.  Accordingly, "[b]oth doctrines support 'the general policy of encouraging full disclosure to administrative tribunals.'"  Id. at 10 (citations omitted).  The court then excluded plaintiff's evidence finding that "the district court need not consider evidence negligently submitted after the end of administrative proceedings," Id. at 15 (emphasis added).

In contrast to these well-established doctrines followed by the federal courts in the District of Columbia, Plaintiff erroneously argues that the Supreme Court case Dickinson v. Zurko, 527 U.S. 150 (1999), "impliedly discredits," Opp. at 9, the authority cited by the court and the PTO concerning the admission of arguments and evidence.  Not only does Plaintiff mischaracterize the Zurko decision, it completely misses the core issue in that case.  Zurko centered around the standard of review applied to the PTO's fact findings, but did not in any way alter the well-settled doctrine of arguments and evidence admissible in a § 145 action.  Zurko at 152.  For example, Plaintiff relies on dicta found in Zurko, which are broad general statements concerning the admission of evidence in § 145 actions.  Opp. at 9.  Such a reliance is tenuous.  In fact, the more recent opinion of this Court, consistent with the dicta in Zurko, holds that evidence is admissible in § 145 action, but that there are limits.  Exh B.

Plaintiff has also cobbled together statements taken out of context to assert that the government has "admitted previously that new evidence can be offered in a trial in District Court under 35 U.S.C. § 145."  Opp. at 10-11.  For example, Plaintiff cites to a statement made by John M. Whealan, Solicitor of the PTO, Opp. at 8; 10; however, such a statement was made in an academic forum and carries little weight.  Regardless, Mr. Whealan's statement, in fact, support

4

the PTO's position that there are limits to arguments and evidence offered by plaintiffs in § 145 actions. As cited by Plaintiff, Mr. Whealan stated (emphasis added):

> You can sue us in District Court as well. Most people don't do that. It's under a section called 145. You . . . it's not certain why people do it. It delays everything. People try and put in new evidence. <u>There are rules as to what you can and cannot put in</u>, so sometimes that is a bit of a fight. I think that people sometimes do it when they haven't prosecuted the case quite as well as they wanted to.

Mr. Whealan clearly stated that there are limits to the admission of arguments and evidence in § 145 actions.[4] To accept Plaintiff's argument, which relies on <u>Zurko</u> dicta and out of context excerpts of statements from a government official, would run afoul of the recent opinion by Judge Kennedy that follows clear and well-established precedent setting limits on the admission of arguments and evidence in § 145 actions.

Here, Plaintiff failed to follow a specific requirement in the Board's Remand Order and it has not provided any reason for his failure. The Board's Remand Order expressly required that any subsequent briefs filed should contain <u>all</u> arguments, as opposed to referencing earlier arguments.[5] Although the Examiner readily complied with the Remand Order, Plaintiff did <u>not</u>.

---

[4] Plaintiff also cites to the <u>Zurko</u> oral argument for the proposition that the PTO "admitted to the United States Supreme Court during argument that new evidence is properly admitted in a § 145 action." Opp. at 10. However, Defendant does not dispute that new evidence can be admitted if properly before the court, but in this instance, Plaintiff's evidence was not presented properly before the Board and therefore this evidence is not properly before this Court.

[5] The Board's Remand Order states, in relevant part:

> Any subsequent examiner's answer submitted by the examiner should be self-contained with respect to all rejections and arguments; no prior answer or Office actions should be referenced or incorporated therein. Similarly, any subsequent briefs submitted by the appellants should be

5

Plaintiff asserts that references to its opening Appeal Brief "were necessary to counter improper characterizations made about the Appeal Brief by the Examiner in his second Answer" and "clarified which new issues the Inventor was responding to in the Second Reply Brief as opposed to issues previously addressed in the Appeal Brief." Opp. at 17.  Plaintiff mischaracterizes references to its own Appeal Brief.  Rather, the second Reply Brief stated, e.g., "[p]lease refer to Appellant's previous arguments in the Appeal Brief regarding all issues of record," Exh. C at 5, and "Appellant stands steadfastly to the positions stated in his Brief.  These positions are not repeated herein for the sake of brevity . . . . "  Id. at 16.  See also Exh. C at 11; 14.  In direct defiance of the Board's Remand Order, such broad statements did not inform the Board which specific arguments Plaintiff sought review.

Moreover, Plaintiff attempts to show that arguments concerning claims 45-56 were properly presented, but each attempt falls short.  For example, Plaintiff states that many of the claims, apparently including claims 45-56, were discussed in the second Reply Brief, Opp. at 12, but notably provides no specific cite within the second Reply Brief for support.  That is because the second Reply Brief does not specifically address the rejections of claims 45-56.

Plaintiff also asserts that arguments and evidence concerning claims 45-56 are "in the record of the Agency."  Opp. at 12.  However, the assertion that arguments and evidence are somewhere "in the record" is not the equivalent of properly submitted such arguments and evidence to the Board.  Plaintiff's assertion is analogous to, e.g., asking a court in deciding a motion for judgment as a matter of law to search through the trial record to discern the

---

self-contained with respect to all arguments.  No prior briefs should be referenced or incorporated therein.  Exh. D at 3.

6

arguments and evidence the movant seeks a decision. This is an unreasonable proposition. Requiring the parties, i.e., the Examiner and Plaintiff, to file *one* "self-contained" brief "with respect to all arguments" and not to reference or incorporate prior briefs, Exh. D at 3, is more than reasonable. The Board must be permitted to control the briefing in an orderly fashion. Furthermore, in spite of the Plaintiff's "shotgun" approach, it cannot point to any rule that prohibits the Board from ordering such a requirement.[6]

Contrary to Plaintiff's assertions, arguments and evidence must be properly submitted to the Board for consideration and the Board has discretion not to consider arguments not properly presented. See 37 CFR § 41.37 (c)(vii) ("Any arguments or authorities not included in the brief or a reply brief filed pursuant to § 41.41, will be refused consideration by the Board, unless good cause is shown."). Here, the Board's Remand Order required Plaintiff to file all arguments in a single consolidated brief. Plaintiff failed to comply and therefore the Board properly did not considered arguments not presented concerning claims 45-56. The PTO does not assert that Plaintiff was in violation of any specific rule, but simply that it blatantly failed to follow the Board's Remand Order. Hence, arguments concerning claims 45-56 should be excluded.

Moreover, Plaintiff never sought reconsideration or review of the Board's Remand Order below and therefore should not be permitted to argue this position now. See In re Watts, 354 F.3d 1362, 1367-68 (Fed. Cir. 2004) (declining to hear arguments not presented to the Board). If Plaintiff was dissatisfied with the Board's decision, Plaintiff could have moved for reconsideration under 37 CFR § 41.52, or petition under 37 CFR §§ 1.182, 1.183, or 41.3, i.e.,

---

[6] Plaintiff submits the declaration of Daniel D. Wasil, Opp. Exh. 20, to criticize the Board's Remand Order. Opp. at 17. This declaration should carry little weight as Mr. Wasil is employed by Plaintiff's counsel's law firm and is an attorney of record for the application at issue.

ask the Board or the Director to consider arguments it referenced from earlier pleadings.[7] This is simply another attempt by Plaintiff to circumvent the administrative process by raising arguments before this Court that it did not properly raise below. Because the correct inquiry is whether Plaintiff complied with the Board's Remand Order and because Plaintiff failed to do so, arguments concerning claims 45-56 should be excluded.

**B.     Plaintiff Would Not Be Harmed Or Deprived Of Any Due Process Rights If The Court Dismisses This Case Without Prejudice And Remands To The PTO**

Rather than excluding Plaintiff's arguments concerning claims 45-56, the Court may dismiss without prejudice and remand this case to the PTO so that the arguments concerning claims 45-56 are considered in the first instance. Because the PTO is the expert agency charged with examining patent applications, it is more appropriate for the PTO to consider arguments and evidence in the first instance, rather than the court acting as a "super patent examiner."[8] See Star Fruits, 280 F.Supp.2d at 516; see also McKart v. U.S., 395 U.S. 185, 194 (1969). Moreover, allowing the PTO to consider Plaintiff's arguments in the first instance would promote judicial

---

[7] Plaintiff asserts that a petition for rehearing under 37 CFR § 41.52 is "not a prerequisite to an appeal to this Court" and that such a request would have "delayed for many months" judicial review. Plaintiff Opp. at 7, n.4. In fact, a rehearing could have arguably conserved time. Plaintiff also asserts that 37 CFR § 1.181controls both §§ 1.182 and 1.183, and "states that if the matter is one an inventor can appeal to court, then the matter is not petitionable." Id. This is incorrect. Petitions under §§ 1.182 and 1.183 were readily available to Plaintiff and would have arguably been a more sensible route than filing a § 145 action.

[8] Plaintiff asserts that the Board has found certain claims patentable. Opp. at 4; 17, fn. 6. However, a reversal of a rejection by the Board or by this Court is not a finding of patentability. Only the PTO can issue a patent and re-open prosecution after judicial review. In re Gould, 673 F.2d 1385, 1386 (CCPA 1982). However, after Plaintiff's application returns to the PTO, the Office must ensure that the patent application complies with the required statutory provisions. See In re Alappat, 33 F.3d 1526, 1535 (Fed. Cir. 1994) (*en banc*).

efficiency because if the PTO agrees with Plaintiff's arguments, there would be no need for judicial review as to those claims. And even if the PTO does not agree, the record will then be properly complete for this Court to ultimately review.

Plaintiff states that it "can only lose or stay the same in an Agency remand." Opp. at 3. This is simply untrue. For example, Plaintiff mistakenly asserts that the PTO cannot reconsider rejections affirmed by the Board. Opp at 3, 24-26. However, there is no rule, and Plaintiff has not pointed to one, that prohibits the PTO from reconsidering rejections affirmed by the Board. This is, in fact, exactly what the PTO has offered the Plaintiff. Moreover, before the PTO, Plaintiff can submit any arguments and evidence as it wishes and even amend its claims. If the PTO agrees with Plaintiff, it may reverse the rejections with respect to claims 45-56, rendering judicial review unnecessary as to those claims. This would reduce the time before the PTO may issue a patent or prepare the case for judicial review and would put to rest Plaintiff's unsubstantiated arguments of harm.[9]  Opp. at 24.

Plaintiff also asserts that its due process rights would be violated if it were not allowed to move forward in this case. Opp at 9. However, Plaintiff will have every opportunity to pursue an appeal under 35 U.S.C. §§ 145 or 141 if, after remand, it is dissatisfied with the Board decision. The PTO is not asserting that Plaintiff may never receive judicial review of a Board decision, but that the most efficient approach in this case is for the Board to consider arguments that were not properly presented before Plaintiff seeks judicial review. Accordingly, dismissal

---

[9] Moreover, any delay complained about by Plaintiff, Opp. at 27, may be remedied through 35 U.S.C. § 154(b), which provides for extending or adjusting the patent term as a result of certain specified types of delays which may occur while an application is pending before the Office, including successful appellate review. Plaintiff also makes unsupported assertions that the "technology will no longer be state of the art after the long delay." Id. This statement assumes

9

and remand will not violate Plaintiff's due process rights.

**C.    Discovery Is Not Necessary for Plaintiff to Respond to this Motion**

As discussed in the PTO's Reply In Support Of Its Motion To Stay Discovery Until After a Decision of this Motion, discovery is not necessary to respond to the PTO's Motion.  First, the PTO's Motion purposely does not delve into the merits of the case and therefore discovery at this time is unnecessary.  Moreover, there is no confusion as to which arguments and evidence the PTO seeks to exclude -- as repeatedly stated -- the PTO moves to exclude arguments and evidence concerning claims 45-56.  Hence, all that is required of Plaintiff, whose counsel was personally involved in the proceedings before the Office, to adequately respond to the PTO's Motion is readily available in the administrative record, which was served as part of PTO's initial disclosure on or around February 7, 2006.

Second, the PTO does not plan to raise in this action any of the potential new evidence discovered during an initial investigation that may be relevant to the patentability of all of Plaintiff's claims, rendering discovery on that issue unnecessary and irrelevant.  Such potential new arguments and evidence should properly be raised during examination before the PTO when the application is returned to the Office's jurisdiction.  Patent claims should not be examined in the first instance before this Court.  What is at issue is Plaintiff's dissatisfaction with the Board's decision, which affirmed the rejections of certain claims in the application, and not with claims which rejections were reversed by the Board.  Accordingly, as the PTO explained in its Motion, as to the claims which rejections were reversed by the Board, those are not at issue in this action

---

that there is patentable subject matter.

10

because this Court's jurisdiction is limited to review of the Board's decision, i.e., review of the rejected claims.  See 35 U.S.C. § 134 and 145.

Hence, because not all pending claims in the application are at issue before the Court, the PTO seeks to avoid piecemeal action and does not plan to raise in this case any potential new evidence discovered during an initial investigation that may be relevant to the patentability of all of Plaintiff's claims.  The PTO points to these potential new issues of patentability only to provide an additional reason why this case should be dismissed and remanded for further action before the Office.  Therefore, discovery of any such additional evidence is unnecessary and irrelevant to this case.  Accordingly, the PTO respectfully submits that discovery at this time would be inappropriate.

## CONCLUSION

To avoid wasting the Court's and parties' resources, the PTO seeks to exclude Plaintiff's arguments relating to claims 45-56, or in the alternative, dismiss without prejudice and remand so that the PTO may properly consider such arguments and evidence in the first instance.

Respectfully Submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney



_____

|  |  |
|---|---|
| | BENTON G. PETERSON, WI Bar # 1029849 |
| | Assistant United States Attorney |
| | Judiciary Center Building |
| Of Counsel: | 555 4th Street, N.W. – Civil Division |
| | Washington, D.C.  20530 |
| JOHN M. WHEALAN | (202) 514-7238; (202) 514-8780 (facsimile) |
| Solicitor | Benton.Peterson@usdoj.gov |
| HEATHER F. AUYANG | |
| WILLIAM LAMARCA | |
| Associate Solicitors | |
| U.S. Patent and Trademark Office | |
| P.O. Box 15667 | |
| Arlington, VA  22215 | |
| (571) 272-9035 | |