IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

Plaintiff

v.

JONATHAN W. DUDAS

Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

PLAINTIFF REQUESTS AN
ORAL HEARING

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Plaintiff, Harold V. Putman (the "**Inventor**")[1], opposes Defendant's Motion for a

Protective Order ("**Motion for Protective Order**"). The Inventor requests the Court to compel

discovery from Defendant, Jonathan W. Dudas, Director of the United States Patent and

---

[1]    A patent application must be prosecuted in the name of the inventor, whether or not there
is an assignment of the patent application.  35 U.S.C. § 111(a)(1) and MANUAL OF
PATENT EXAMINING PROCEDURE ("MPEP") § 1.41(a).  The Plaintiff's attorney indicated
at the Initial Status Conference that the invention was assigned to Diebold, Incorporated.
Transcript of Initial Status Conference of December 20, 2005, p. 3, l. 2-5.  However, as
the patent application must be prosecuted in the name of the inventor, this action was
correctly brought in the name of the inventor, Harold V. Putman.  The Agency's assertion
that the Inventor is attempting to mislead the Court concerning this issue is without basis.

Trademark Office (the "**Agency**").[2]  The Agency filed Defendant's Motion to Stay Discovery

Pending Determination of Defendant's Dispositive Motion, also known as Defendant's Motion

to Stay Discovery Until After a Decision on Its Motion to Exclude, Or in the Alternative,

Dismiss and Remand ("**Motion to Stay**") and the Motion for Protective Order.

The Agency has not met the requirements of the Federal Rules of Civil Procedure for a

protective order.  Further, discovery is usually presumed to be necessary in a civil action, and this

is a "civil action to obtain patent."  35 U.S.C. § 145.[3]  Discovery is necessary to determine what

Inventor's evidence and arguments the Agency contends should be excluded from the trial of this

lawsuit, and why.  Defendant's Motion to Exclude, Or in the Alternative, Dismiss and Remand

("**Motion to Exclude**") contends that the arguments of the Inventor should be excluded from

being presented in this case, but fails to specify what those arguments are or the factual basis

upon which the Agency contends those arguments should be excluded.

In addition, the Agency claims that it "may" have new evidence that it wishes to present

as a basis for denying a patent to the Inventor.  Motion to Exclude, p. 17-18.  It is not clear if the

---

2    The United States Patent and Trademark Office is an agency of the United States.  35
     U.S.C. § 1 (a).

3    Text of 35 U.S.C. § 145: Civil action to obtain patent.  An applicant dissatisfied with the
     decision of the Board of Patent Appeals and Interferences in an appeal under section
     134(a) of this title may, unless appeal has been taken to the United States Court of
     Appeals for the Federal Circuit, have remedy by civil action against the Director in the
     United States District Court for the District of Columbia if commenced within such time
     after such decision, not less than sixty days, as the Director appoints.  The court may
     adjudge that such applicant is entitled to receive a patent for his invention, as specified in
     any of his claims involved in the decision of the Board of Patent Appeals and
     Interferences, as the facts in the case may appear and such adjudication shall authorize the
     Director to issue such patent on compliance with the requirements of law.  All the
     expenses of the proceedings shall be paid by the applicant.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

2

Agency actually has such new evidence, and if so, what new evidence and grounds the Agency wants to present in order to further reject the claims in the Inventor's patent application.

Discovery is necessary to allow the Inventor to fully respond to the Motion to Exclude that includes a demand that this Court dismiss this lawsuit based on evidence that has not been shown to the Inventor.

## PROTECTIVE ORDER REQUIREMENTS NOT MET

The Agency has not argued, let alone proven, any of the grounds that would entitle the Agency to a protective order pursuant to Federal Rule of Civil Procedure 26(c). Opposition to Protective Order Exhibit 1 **(OPO Exhibit 1)**. The movant must prove that justice requires the movant to be protected from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* The Agency has neither argued nor provided any evidence that the discovery requested by the Inventor will cause annoyance, embarrassment, oppression, undue burden or undue expense.

The Inventor is requesting one deposition and responses to six interrogatories and six requests for production of documents. **OPO Exhibit 2.** Requiring the Agency to respond to such limited discovery does not subject the Agency to an undue burden or expense. This is particularly true given that the Agency is asking the Court to take away the Inventor's judicial appeal rights based on evidence that has not been produced by the Agency.

The Agency declares, "The PTO (the "Agency") does not refute that discovery may be necessary at some point, however not now . . ." Defendant's Reply in Support of its Motion to Stay Discovery Until After a Decision on it's [*sic*] Motion to Exclude, or in the Alternative,

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

3

Dismiss and Remand ("**Reply in Support of its Motion to Stay**"), p. 2. A desire to delay discovery is not a valid reason for the Agency to be entitled to a protective order.

The Agency has neither argued nor proven the elements required by the Federal Civil Rules to be granted a protective order. The Inventor requests discovery to enable him to learn any facts which underlie the Agency's currently unsupported assertions. Discovery is necessary so the Inventor may fully respond and rebut the Agency's contention that the Inventor's case should be dismissed and/or that his evidence and arguments should be excluded from evidence in this case.

## DISCOVERY IS ALLOWED

### Discovery Anticipated By The Parties

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Federal Rule of Civil Procedure 26(b)(1). **OPO Exhibit 1**. The parties in this lawsuit anticipated discovery before filing any dispositive motions. Mr. Peterson, an attorney for the Agency, stated at the Initial Status Conference, "I think as we contemplated in our joint statement, we had envisioned a certain amount of discovery before we would file our dispositive motions to clarify some issues through interrogatories and depositions." **OPO Exhibit 3**. Further, in the Joint Statement of the Parties (Meet and Confer Statement) filed on December 13, 2005 the parties agreed that dispositive motions would be due sixty days after the completion of discovery. **OPO Exhibit 4, p. 6**. The Joint Statement of the Parties filed on December 13, 2005 indicated that all forms of discovery were available to be used in this lawsuit. *Id. at 7.*

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330·721·0000

4

The Agency contends that the Court ordered that there would be no discovery before a

dispositive motion. Motion for Protective Order, p. 3. However that is not a correct reading of

the Transcript of the Initial Status Conference on December 20, 2005. The Court asked the

Assistant United States Attorney, the attorney for the Agency, if there would be discovery before

the issue of remand was decided, and the Assistant United States Attorney indicated that the

Agency would not need discovery. Defendant's Exhibit B, p. 31, l. 22-25. The Court indicated

that was "all right." The attorney for the Inventor was not asked if the Inventor would need

discovery and was not at the podium at the time the question was asked. However, earlier in the

Initial Status Conference the Inventor's attorney had indicated that discovery by the Inventor was

necessary due to the unspecified nature of the Agency's contentions. Defendant's Exhibit B, p.

29, l. 12-19.

### Immediate Dispositive Motion Not Anticipated

More importantly, the Court indicated that the Agency could file early motions to exclude

evidence and to remand to the Agency. At no time were those motions referred to as

"dispositive" motions. The Agency never indicated in the Initial Status Conference it was going

to ask the Court to dismiss the Inventor's properly filed Complaint in conjunction with a request

to remand to the Agency. The Agency represented to the Court that the Inventor would be

entitled to obtain discovery before a dispositive motion was filed by the Agency. **OPO**

**Exhibit 3**. On page 31 of the Transcript of the Initial Status Conference, the Assistant United

States Attorney states that he believes that there will be no discovery by the Agency before the

remand issue is decided, but on page 23 of the same Transcript he states, "[w]e had envisioned a

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330•721•0000

5

certain amount of discovery before we would file our dispositive motions to clarify some issues through interrogatories and depositions." **OPO Exhibit 3**.

The Transcript shows that at the Initial Status Conference the Agency was advocating for a temporary remand to the Agency prior to discovery, with jurisdiction being retained by the Court. Instead the Agency is now asking the Court to <u>dismiss</u> the Inventor's civil action for a patent before remanding this matter to the Agency. As explained in the Inventor's earlier brief, a dismissal in combination with the Agency's Rules would deny the Inventor any opportunity to have the decision of the Agency's Board reviewed and reversed, which decision is the basis for this civil action. Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Exclude, or in the Alternative, Dismiss and Remand ("**Opposition to Exclude**"), p. 24-26.

The Agency filed the Motion to Exclude that included a request for the Court to dismiss this action and remand this matter to the Agency. The Agency's Motion is a dispositive motion, not a temporary remand to the Agency, because it requests that this civil action for a patent be dismissed. Even if the dismissal of this action is without prejudice, the Inventor will lose his right to a review of the claims in his patent application that the Agency's Board had rejected. The Agency has Rules specifically directed to this issue. MPEP 1214.04. Opposition to Exclude, Exhibit 27. The Agency cannot review the rejections of 36 claims in the Inventor's patent application that were sustained by the Agency's Board. The final decision of the Agency's Board cannot be overturned by further proceedings in the Agency. MPEP 1214.06. Opposition to Exclude, Exhibit 28. A dismissal of this case, with or without prejudice, and a remand to the Agency would mean the final rejection of 36 claims in the Inventor's patent application. The

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

6

rejection of 36 claims would be dispositive, would not represent a temporary remand to the

Agency, and was not contemplated at the time of the Initial Status Conference.

The Agency has filed a dispositive motion while refusing to give the Inventor any

discovery on the facts which the Agency contends support its contentions. This was not what was

contemplated at the Initial Status Conference. The Inventor respectfully submits that he is

entitled to discovery and an opportunity to challenge and rebut the Agency's contentions before a

motion to dismiss or other dispositive motion by the Agency is considered.

## Evidence Supporting Remand Not Revealed

The Agency's general request at the Initial Status Conference for the exclusion of

evidence and a remand to the Agency did not specify what evidence the Agency did not want the

Court to consider or on what grounds there should be a remand. The Inventor's attorney

indicated at the Initial Status Conference that discovery was necessary as it was not clear what

issues the Agency was raising. Defendant's Exhibit B, p. 29, l. 12-19. The Inventor still does not

know what those issues are, as the Agency has not presented any actual evidence in support of the

Agency's contentions.

The Agency states in its Motion to Exclude that it wants to exclude evidence and

arguments supporting claims 45-56 in Inventor's patent application. Motion to Exclude, p. 13.

However, the Agency proposes that the Court exclude "Plaintiff's arguments and evidence that

were not properly submitted to the PTO Board." Proposed Order with Motion to Exclude. The

Agency's proposed Order is much broader than just the evidence and arguments supporting

claims 45-56. It is not clear what the Agency wants to exclude from consideration in this Court.

Secondly, the Agency contends that the evidence and arguments supporting claims 45-56 were not in the record of the Agency. However, the evidence and arguments supporting claims 45-56 were in the record of the Agency. Claims 45-56 were presented and argued by the Inventor before the Agency in the:

1) First Response of August 7, 2001 (Opposition to Exclude, Exhibit 10, p. 43-47);

2) Appeal Brief of February 27, 2002 (Opposition to Exclude, Exhibit 11, p. 7-12 and 50-63);

3) First Reply Brief of May 20, 2002 (Opposition to Exclude, Exhibit 12, p. 2-4 and 10-12); and

4) Second Reply Brief of March 17, 2005 (Opposition to Exclude, Exhibit 13, p. 5-10).

Unlike the *Hyatt v. Rogan* case frequently cited by the Agency, the evidence in this case was submitted to the Agency. No. 03-0901 (D.D.C. Sept. 30, 2005), *Motion for Reconsideration pending*.

It is not clear why the Agency is contending that the evidence and arguments in support of claims 45-56 is not in the record of the Agency. The Agency wants to exclude evidence and arguments concerning claims 45-56, but it is not clear what that encompasses, due to the inability of the Agency to point to the evidence and arguments or be more specific.

The Inventor needs discovery to have the Agency identify the evidence that the Agency believes should not be considered and to have the Agency disclose the facts on which it relies for its position that this lawfully commenced civil action should not proceed to trial before this Court.

In addition, the Agency supports its request to remand to the Agency in its Motion to Exclude on a bare assertion that the Agency "may" have new evidence and reasons to reject the Inventor's patent claims. No evidence by way of affidavit or declaration has been presented by the Agency to show that there is any <u>actual</u> new evidence to support this assertion. The Inventor in his Opposition to Exclude has shown that the Agency's request for remand should be denied for that reason. The Inventor should also have the opportunity to find out what actual evidence the Agency has (if any) and to supplement this opposition before the Court issues its decision concerning remand or exclusion of evidence. The Inventor asks the Court to deny the Agency's Motion for Protective Order and grant him this opportunity.

## Discovery Allowed Before Summary Judgment

The Agency's Motion to Exclude requests dismissal of this action and if granted it would deny the Inventor any opportunity to obtain the relief sought in this action. Opposition to Exclude, p. 24-26. The Agency's Motion to Exclude that requested the dismissal of the Inventor's Complaint included documents other than the pleadings. Therefore, under the Civil Rules the Motion to Exclude is to be treated as a motion for summary judgment. Federal Rule of Civil Procedure 12(b). As such the Agency's Motion is a motion for summary judgment.

The Federal Rules of Civil Procedure allow discovery prior to a motion for summary judgment. Federal Rule of Civil Procedure 56(f). **OPO Exhibit 5**. Under Federal Rule of Civil Procedure 56(f) discovery is allowed to determine what additional documentation would be

helpful for the Inventor to defeat the dismissal of his Complaint. The Civil Rules allow discovery at this time.

### THE AGENCY'S CITATIONS DO NOT SUPPORT PROTECTIVE ORDER

The decisions cited by the Agency in support of the Motion for Protective Order are not persuasive. None relate to civil actions for a patent under 35 U.S.C. § 145 like the present case. They involve a defamation action [*Herbert v. Landon*, 441 U.S. 153 (1979)], a union election [*Brennan v. Local Union 639*, 494 F.2d 1092 (D.C. Cir. 1974)], the District of Columbia Financial Responsibility and Management Assistance Authority [*Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1 (D.D.C. 2001)], a products liability case [*O'Brien v. Avco Corp.*, 309 F. Supp. 703 (S.D.N.Y. 1969)], Department of Energy orders [*Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278 (D. Del. 1979)], liability of a municipality for riot damages [*Westminster Investing Corp. v. G. C. Murphy Co.*, 434 F.2d 521 (D.C. Cir. 1970)] and patent infringement [*Western Electric Co. v. Piezo Tech*, 860 F.2d 428 (Fed. Cir. 1988)]. None of the cases cited by the Agency relates to a civil action to obtain a patent.

The decision in *Herbert v. Landon* supports the Inventor's right to discovery. 441 U.S. *at 177*. The United States Supreme Court states, "The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Id.* citing *Schlagenhauf v. Holder*, 379 U.S. 104, 114-115 (1964) and *Hickman v. Taylor*, 379 U.S. 495, 501, 507 (1947).

10

The United States Supreme Court further stated that discovery must be relevant and the court must protect a party from "annoyance, embarrassment, oppression or undue burden or expense." 441 U.S. *at 177*. The Agency has not shown that the discovery requested by the Inventor is not relevant, nor that the Agency somehow needs protection from "annoyance, embarrassment, oppression or undue burden or expense."

The Inventor has shown that the discovery requested from the Agency is relevant as it relates to: 1) Inventor's evidence and arguments that the Agency wants to exclude from consideration by the Court in this case; 2) the claims in the Inventor's patent application that the Agency contends are not patentable and why; and 3) the identity of "may be relevant" evidence that the Agency contends is a basis to remand to the Agency in its Motion to Exclude.

The Agency has not proven that it satisfies the requirements of Federal Rule of Civil Procedure 26(c) for being granted a protective order. The Agency has not proven that the Agency will be annoyed, embarrassed, oppressed or sustain an undue burden or expense if the limited discovery requested by the Inventor is responded to by the Agency. The Inventor has only presented one notice of deposition, six interrogatories and six requests for production of documents. **OPO Exhibit 2**.

Two other cases cited by the Agency support the Inventor's right to discovery. Both *Chavous* and *Coastal States Gas Corp.* declare that ordinarily a trial court should not stay discovery which is necessary to gather facts in order to defend against a motion to dismiss. *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. *at 3* and *Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. *at 282*. The Inventor

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

11

is requesting discovery that is necessary to defend against the Agency's motion to dismiss. **OPO Exhibit 7**.

Unlike the situation in this lawsuit, in *Chavous* there was no contention that discovery was necessary to respond to a dispositive motion. 201 F.R.D. *at 3*. The party that wanted the discovery in *Chavous* had filed a motion for summary judgement contending that there was no dispute as to any material fact. *Id.* In contrast, in *Coastal States Gas Corp.* the Court allowed discovery before a motion to dismiss was considered. *Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. *at 283*.

In *Chavous* the Court stated that it could be an abuse of discretion for a court to stay discovery where the party opposing a motion for summary judgement needs to develop additional facts. *Id. at 8*. The Inventor submits that the decision in *Chavous* supports his claim that he is entitled to discovery pertinent to opposing the Agency's dispositive motion.

The *O'Brien* case, that was cited by the Agency, can be distinguished from this case. 309 F. Supp. 703. In *O'Brien* a notice of appeal to the Court of Appeals had been filed prior to the request for production of documents being served on the opposing party. *Id.* at 704. The discovery requests in this matter were served during the pendency of the case, not after a notice of appeal.

Even in *Westminster Investing Corp.*, a case cited by the Agency, there was some discovery before the dispositive motion, even though the discovery process was not completed. *Westminster Investing Corp. v. G. C. Murphy Co.*, 434 F.2d *at 526*. The Inventor respectfully

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

12

submits that the case law supports the Inventor's position that discovery should be allowed before the Agency's dispositive motion is decided.

## IMMEDIATE DISCOVERY IS NECESSARY

The Agency does not clearly state what evidence and arguments of the Inventor the Agency seeks to exclude. Starting on page 13 of the Motion to Exclude the Agency states that it wants to exclude arguments related to the Inventor's claims 45-56 in his patent application. However, the proposed Order presented to the Court with the Motion to Exclude requests the Court to exclude "Plaintiff's arguments and evidence that were not properly submitted to the PTO Board." The Inventor cannot adequately defend against the Motion to Exclude if he does not know what evidence is sought to be excluded. The proposed Order is much broader than the Agency's statements in its briefs. Discovery is necessary to determine the specific evidence and arguments that the Agency contends this Court should not consider.

The Inventor's right to present evidence and arguments in support of his cause is essential to providing due process and a fair trial. To exclude evidence and arguments without giving the Inventor a fair chance to understand and contest the Agency's assertions, and to specifically rebut them, would be fundamentally unfair.

Discovery is also necessary to determine the Agency's alleged new grounds for the rejection of claims in the Inventor's patent application. On pages 15, 20, and 30 of the Transcript of the Initial Status Conference, the Agency indicated that it wanted to enter new rejections against the claims in the patent application of the Inventor. **OPO Exhibit 8.** The Agency wants

to reject claims that the Agency's Board has held satisfy the requirements for patentability. No specific information has been revealed concerning the new rejections of the Inventor's claims. In order to combat those rejections, the Inventor needs information as to why the Agency contends the claims previously held to be patentable are now to be rejected.

Despite the Agency stating in the Joint Statement of the Parties that it has additional rejections, it has not presented that information to the Inventor. **OPO Exhibit 4, p. 3 and Exhibit 7**. The Inventor's attorney requested the information on the alleged additional rejections on February 13, 2006. **OPO Exhibit 9**. The Agency has not replied to that request. **OPO Exhibit 7**. The Agency is stonewalling discovery.

The Agency cites as a reason for remand to the Agency that there "may be relevant" new evidence to reject additional claims in the Inventor's patent application. Motion to Exclude, p. 17-18. Despite asserting that one of the grounds for remand is the additional evidence, the Agency does not describe the additional evidence nor make even a solid assertion that it in fact actually has such additional evidence. In an amended Notice of Deposition, the Inventor has requested the information concerning the "may be relevant" new evidence. **OPO Exhibit 6**. Discovery is needed to determine if the Agency has any actual new evidence and the asserted basis as to why there should be a remand. The Inventor should not be forced to defend his right to pursue his cause on the basis of vague and unsupported assertions by the Agency.

Despite the contentions of the Agency in its Answer to the Complaint and at the Initial Status Conference that the Agency wants to reject all of the claims in the Inventor's patent application, the Agency is now contending that it will not bring those allegations in this Court.

Reply in Support of its Motion to Stay, p. 5. The unidentified "may be relevant" evidence that is alluded to by the Agency on pages 17-18 of the Motion to Exclude as a basis for the need to remand will not be presented in this Court, but only presented in the Agency upon remand. The Inventor will not be able to confront the reason for the requested remand if the Inventor is not allowed discovery before the dismissal of his Complaint and the remand to the Agency.

The Inventor also wishes to point out that the Agency's position that the Agency need not present evidence to this Court is directly contrary to the express language of 35 U.S.C. § 145 which is the basis for this action. All evidence that the Agency has for the denial of a patent to the Inventor is to be presented in the Court proceedings. The statute provides in pertinent part:

> The court may adjudge that such applicant is entitled to receive a patent for his invention, *as specified in any of his claims involved in the decision of the Board of Appeals and Interferences*, as the facts in the case may appear...(emphasis added).

All of the claims in the Inventor's patent application were reviewed by and ruled upon by the Agency's Board. For that reason all of the Inventor's pending patent claims were "involved in the decision" and the patentability of all such claims is now properly to be decided by this Court. Also, the Agency did not timely object to the jurisdiction of this Court to consider all claims in the Inventor's patent application. The Agency's Answer to the Complaint failed to assert that this Court did not have such jurisdiction. **OPO Exhibit 11.**

The Agency's position that it should be permitted to withhold evidence that is properly discoverable and directly relevant to matters before the Court in this action is legally untenable.

The Inventor contends that the Agency's positions are contrary to law and that the Inventor should be allowed discovery.

## DISCOVERY IS WORTHWHILE

The Inventor has no patent rights until his patent is issued. Patent protection for an issued patent filed after June 8, 1995 and before May 29, 2000 generally lasts twenty (20) years from the date of the filing of the patent application.[4] 35 U.S.C. § 154. Over seven years of possible patent protection for this Inventor has potentially disappeared due to Agency delay. Discovery at this time would speed up the process by clarifying the issues. It would also speed the process of issuing a patent to the Inventor that has the scope to which he is legally entitled. The Agency has already had more than seven years to present rejections against the Inventor's patent application. A remand to the Agency may also have the effect of denying the Inventor any rights. The invention relates to fast moving automated teller machine (ATM) technology. With a few more years of the Agency delay the invention will be obsolete before the patent issues. It is a matter of due process that the Inventor receive the information necessary to rebut the arguments of the Agency so the present court action may proceed.

Even if the Court ultimately grants a remand to the Agency, discovery before the remand would clarify the issues and decrease the lengthy time that the patent application will be pending

---

4    The Inventor's patent application was filed on January 19, 1999. Sometimes the term of the patent protection can be extended by petition to the Agency, however that is rare for a patent application filed before May 29, 2000. 35 U.S.C. § 154. It is questionable whether a patent issued on the Inventor's patent application would qualify for such extension of its term.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

16

again in the Agency. If the Court denies the Agency's request for remand, immediate discovery

would move the case along to its conclusion. The Court has already set the timetable for

discovery to conclude. Discovery is a useful tool to narrow and clarify the contested issues so the

matter can be finally resolved at a trial.

**LIMITED REQUESTS FOR DISCOVERY ARE PROPER**

      The Inventor has tailored his discovery to address the specific need for information to

oppose the Motion to Exclude. The Second Amended Notice of Deposition superceded the

earlier notices of deposition and specifically requested information concerning: the evidence the

Agency wants to exclude from this Court's consideration (topic 1); the evidence that the Agency

contends "may be relevant" to deny the claims in the Inventor's patent application that is being

used as justification for the Agency's request for remand (topic 2); the "arguments and evidence

that were not properly submitted to the PTO Board" (a quote from the proposed Order that was

submitted with the Motion to Exclude) (topic 3); and all of the evidence supporting the reasons

the Agency contends that the claims in the patent application are not patentable (topic 4). **OPO**

**Exhibit 6**. The Second Amended Notice of Deposition was specially tailored to obtain the

evidence that is needed to fully respond to the Agency's request to exclude evidence or dismiss

the lawsuit and remand to the Agency. The deposition date was set as April 21, 2006 to give the

Agency time to prepare.

      The Agency further contends that the Inventor is not allowed to at any time obtain some

of the discovery that the Inventor seeks. The Agency cites *Western Electric Co.. v. Piezo Tech.*

for the proposition that the Inventor cannot obtain a deposition from an officer, director, managing agent or other person on behalf of the Agency concerning the reasons for rejection of claims in a patent application. 860 F.2d 428 (Fed. Cir. 1988). Motion to Stay, p. 5. However, that case actually supports the Inventor's request to take a deposition under Federal Rule of Civil Procedure 30(b)(6). *Id. at 432*. The Federal Circuit Court of Appeals states, "The courts have held, however, that patent examiners may be deposed if the questions are limited to factual matters." *Id*. The Inventor is trying to obtain information concerning the evidence that the Agency has found or wants to exclude. This is a factual inquiry. The Inventor has not asked to depose a patent examiner, only a person who can speak for the Agency.

This lawsuit also can be distinguished from *Western Electric* as the Agency is a party to this case and no specific person was asked to be deposed. The Agency can choose the person with knowledge to speak for the Agency. The Agency cannot assert the existence of facts and make contentions in litigation and then refuse to provide the discoverable evidence related to those facts and contentions.

The Inventor asks for discovery directly relevant to matters at issue. It is appropriate and proper that the Inventor learn the evidence that the Agency wants to exclude, the "may be relevant" new evidence that supports the Motion for Remand, and the evidence and arguments for additional rejections of claims in the patent application. The limited discovery of only one deposition, six interrogatories and six requests for production of documents is targeted to obtain the necessary information without any extraneous requests or undue burden to the Agency. **OPO Exhibit 2**.

**AGENCY IS ESTOPPED FROM DENYING DISCOVERY**

The Inventor served the discovery on January 20, 2006. **OPO Exhibit 10**. The attorney for the Agency requested that the Agency receive an additional thirty (30) days to respond to the discovery. **OPO Exhibit 7**. The Agency did not object to the discovery or indicate that discovery was not allowed in this case. *Id*. The first mention of a possible stay of discovery came about an hour before the Agency filed its Motion to Stay and 53 days after the discovery had been served. *Id*. The first objection to the discovery came in the Motion to Stay. The Agency should be estopped from denying discovery.

The Agency should have objected to discovery or requested a stay when discovery was served or should have raised the issue in the telephone call in which the Agency requested additional time to respond to the discovery. Had the Agency objected or requested a stay, the Inventor could have brought the matter to the attention of the Court immediately by filing a motion to compel.

The Agency should not be allowed to engage in representations that they will provide discovery, and then ambush the Inventor with contentions and assertions that the Inventor has had no opportunity to understand or challenge. For these reasons the Agency should be held to be estopped from seeking to stay the Inventor's pending discovery.

**CONCLUSION**

The Inventor requests the Court to allow immediate discovery so that Inventor may learn: the identity of the evidence and arguments that the Agency wishes to exclude in this lawsuit; the identity of the "may be relevant" new evidence (if it exists) that allegedly supports the Agency's request for remand; and the basis for new rejections of claims in the patent application. The

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

19

Agency argues in its Answer that all the Inventor's patent claims should be denied; however, it refuses to disclose the evidence to support its position in the Court. The Agency should be required to produce the information to the Inventor on all of the rejections of the patent claims that the Agency intends to assert. This Court has jurisdiction over all the claims in the patent application, and can determine all issues related to the scope of patent protection to which the Inventor is entitled.

It is important for the Inventor to have the information the Agency seeks to withhold to be able to oppose the Motion to Exclude. The Agency is asking in the Motion to Exclude to have this case dismissed, which will deny the Inventor any opportunity to be granted a patent that includes the claims the Agency has denied. It is important that the Inventor have the evidence that the Agency contends supports the dismissal of this case, so he can rebut it. The Inventor respectfully requests the Court to deny Defendant's Motion for Protective Order as well as the Agency's previously filed Motion to Stay. The Inventor further respectfully requests that the Court compel the Agency to substantively respond to the Inventor's pending discovery.

PLAINTIFF RESPECTFULLY REQUESTS AN ORAL HEARING.

Respectfully submitted,

/s  Ralph E. Jocke
Ralph E. Jocke  DC Bar No. OH0013
Patricia A. Walker  DC Bar No. OH0012
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone: 330.721.0000
Facsimile: 330.722.6446
iplaw@walkerandjocke.com
Attorneys for Plaintiff
Harold V. Putman

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330•721•0000

20

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2006, I electronically filed the foregoing, a proposed order and incorporated exhibits with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Benton G. Peterson
Assistant United States Attorney
Email Benton.Peterson@usdoj.gov

/s Ralph E. Jocke
Ralph E. Jocke
Walker & Jocke

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000