IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

# OPO EXHIBIT 1

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 · 721 · 0000

**Rule 26. General Provisions Governing Discovery; Duty of Disclosure**

- - - - - - - - - -

(b) Discovery Scope and Limits.

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) In General.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).
(2) Limitations.

By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36. The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26©).

- - - - - - - - - -

(c) Protective Orders.

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.