IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

**OPO EXHIBIT 4**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 · 721 · 0000

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN W. DUDAS,<br><br>Defendant. | Case Number 1:05CV01796 JGP<br><br>JOINT STATEMENT OF THE PARTIES |

The parties hereto hereby submit their joint statement addressing matters set forth in the Order for Initial Scheduling Hearing dated November 23, 2005, and in accordance with Local Civil Rule 16.3 and Federal Rules of Civil Procedure, Rule 26(f). The parties conferred by telephone on December 1, 2005. Conferring on behalf of the Plaintiff were Ralph E. Jocke, Esq. and Patricia A. Walker, Esq. Conferring on behalf of the Defendant were Benton G. Peterson, Esq. and Heather F. Auyang, Esq.

1. **STATEMENT OF THE CASE**

This is a civil action brought pursuant to 35 U.S.C. § 145 by Mr. Harold V. Putman against the Honorable Jonathan W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO") to obtain a

patent. This action was brought subsequent to a decision by the Board of Patent Appeals and Interferences of the USPTO ("the Board") regarding U.S. Patent Application Serial No. 09/233,249 ("the '249 Application"). The '249 Application is directed to features of an automated transaction machine. Plaintiff contends that all right, title and interest in the Application is assigned to Diebold, Incorporated which is headquartered in North Canton, Ohio.

### Plaintiff's Position

Claims 1-56 are included in the '249 Application. A patent examiner acting on behalf of the USPTO rejected all claims. On appeal, the Board found that the patent examiner had erred in rejecting claims 12-22, 28-32 and 41-44, and reversed the rejections of those claims. The Board of Appeals sustained the patent examiner's rejections of claims 1-11, 23-27, 33-40 and 45-56.

The Plaintiff contends that all of the claims presented in the '249 Application recite patentable subject matter and that the Plaintiff is entitled to be granted a patent including all such claims.

The Plaintiff contends that Defendant's assertions regarding restrictions on the Plaintiff's ability to present evidence and arguments in this action are contrary to applicable law.

### Defendant's Position

Claims 1-56 are included in the '249 Application. The Director, acting through the USPTO, examined the '249 Application and ultimately rejected certain claims as unpatentable under 35 U.S.C. § 112, first paragraph, for failing to satisfy the written description requirement. In addition, certain claims of the '249 Application were rejected as unpatentable under 35 U.S.C. § 102 as anticipated and under 35 U.S.C. § 103 as obvious.

Defendant contends that the USPTO properly rejected the claims pending in the '249 Application because, under 35 U.S.C. § 112, the specification does not provide written description support for the claims and claims 1-56 are unpatentable under 35 U.S.C. §§ 102 and 103. Thus, Defendant contends that none of the claims presented in the '249 Application are patentable. Defendant also contends that Plaintiff's evidence must be limited to exclude any new evidence relating to issues not presented to the Board, any new evidence that was not presented to the Board because of lack of diligence by Plaintiff, and any evidence or arguments relating to issues that Plaintiff voluntarily, negligently, or intentionally chose not to present to the Board.

## II.    PENDING MOTIONS

### Plaintiff's Position

There are presently no pending motions. Plaintiff may file a motion for a secrecy order if Defendant will not agree to stipulate to such an order.

### Defendant's Position

The USPTO may file a motion to exclude evidence and/or seek a remand of this action to the USPTO for consideration of evidence that was not considered by the Board, and to make additional rejections of all claims pending in the '249 Application.

## III.   AMENDMENTS TO PLEADINGS

The parties suggest that no amendment to the pleadings be permitted after February 20, 2006 without leave of court.

IV. **ASSIGNMENT TO A MAGISTRATE JUDGE**

The parties agree that the case should not be assigned to a Magistrate Judge.

V. **POSSIBILITIES FOR SETTLING THE CASE**

<u>Plaintiff's Position</u>

The Plaintiff has presented a written compromise settlement proposal based on the following:

    i. Issuance of a patent encompassing only the subject matter that the Board indicated was allowable, and

    ii. Agreement that the Board decision has no *res judicata* or collateral estoppel effect on the Plaintiff's other patent applications currently pending before the USPTO.

The Plaintiff takes issue with the Defendant's characterization of what has been "offered" by Defendant in the nature of a settlement. Defendant has not submitted a written settlement proposal and has made statements that are contradictory with regard to settlement possibilities.

<u>Defendant's Position</u>

Defendant has not accepted Plaintiff's "written compromise settlement proposal" because as to item (i) the Board did not state that any claims were "allowable" because this is not within the Board's jurisdiction. Moreover, Plaintiff is seeking more than disclosed above, *e.g.*, "a commitment that there will be no reexamination proceedings initiated upon the Office's own initiative . . . ." This is contrary to USPTO long-standing practice and policy. Defendant offered Plaintiff the opportunity to remand the case to the USPTO to consider new issues and arguments

4

and potential claims amendments that Plaintiff wishes to raise in this case; however, Plaintiff refused the offer. Defendant disagrees with Plaintiff's characterization that Defendant "has made statements that are contradictory with regard to settlement possibilities." Plaintiff required a "guarantee" that a patent issue; however, issuance of a patent is predicated on compliance with the applicable statutes. At this time, Defendant contends that all claims in the '249 Application are unpatentable. Thus, Defendant does not believe that settlement is likely at this time, but is willing to reconsider settlement opportunities depending on future developments.

VI.   **WHETHER THE CASE WOULD BENEFIT FROM THE COURT'S ADR PROCEDURES**

Plaintiff's Position

The Plaintiff believes that non-binding ADR procedures may be beneficial if the ADR procedures include the direct involvement of USPTO officials with authority to agree to settlement terms which include agreement to issue a patent. Otherwise, without the involvement of officials with authority to fashion a settlement, any ADR procedures are unlikely to be productive.

Defendant's Position

Defendant believes that because of the specific nature of the case, it is unlikely that ADR would be helpful in disposing of the case. Defendant is willing to talk and willing to consider ADR in the future if there is a reasonable chance that it will be productive.

VII(a).  **CAN THE CASE BE RESOLVED ON SUMMARY JUDGMENT OR ON A MOTION TO DISMISS?**

The parties agree that it is unlikely that this case can be resolved by a motion to dismiss. The parties also agree that some or all issues may be suitable for resolution via motion for summary judgment in the future.

VII(b).  **DATES FOR FILING DISPOSITIVE MOTIONS AND/OR CROSS MOTIONS, OPPOSITIONS AND REPLIES; AND WHETHER A HEARING IS REQUESTED.**

The parties propose that dispositive motions be filed no later than sixty (60) days from the end of the discovery period;

Cross motions must be filed within thirty (30) days of service of dispositive motions;

Oppositions must be filed within thirty (30) days of service of the dispositive motion or cross motion;

Replies must be filed within fifteen (15) days of service of oppositions; and

An oral hearing is requested unless waived by both parties.

VIII. **AGREEMENT OF PARTIES CONCERNING INITIAL DISCLOSURES**

A.  The parties agree to exchange information required by Rule 26(a)(1)(A) and (B) [(C) and (D) do not apply] by January 23, 2006.

B.  The Parties will exchange copies of available relevant documents within fourteen (14) days of entry by the Court of an agreed secrecy order.

6

C.  Other Issues – USPTO Files.

Plaintiff's Position

The Plaintiff requests that the files of the USPTO for the '249 Application, filed January 19, 1999, and the related provisional application no. 60/105,800 ("the '800 Application"), filed October 27, 1998, be admitted into evidence in the proceedings pursuant to Rule 902 of the Federal Rules of Evidence.

Defendant's Position

Defendant declines to stipulate to the admissibility of the files of the USPTO at this time. Defendant does not agree to a secrecy order.

IX.  DISCOVERY CONTEMPLATED

A.  Types of Discovery

The parties agree that each shall have available the types and amounts of discovery provided for under the Federal Rules of Civil Procedure, with the exception that each party shall have the right to submit to the other no more than fifty (50) interrogatories, including subparts.

B.  Protective Order

Plaintiff's Position

The '249 and '800 Applications are required to be maintained as confidential by the USPTO pursuant to the provisions of 35 U.S.C. § 122, as the statute existed in January 1999 when the patent applications were filed. The Plaintiff will propose a secrecy order to maintain

7

the confidential status of the patent application files and information related the invention, which may be produced in discovery.

The Defendant's position to the contrary is not correct because (i) this action provides for a trial *de novo* and not judicial review of agency action, and (ii) there is nothing which relieves the USPTO of its obligations of confidentiality under 35 U.S.C. § 122 when an action of this type is filed. The authorities cited by Defendant do not support Defendant's position, and instead show that entry of a secrecy order is appropriate in this case.

Defendant's Position

Defendant does not agree that a secrecy order is appropriate. Defendant contends that court proceedings are not subject to 35 U.S.C. § 122 and once the patent applicant, such as Plaintiff, files an action seeking judicial review of an Agency action, the administrative records become available to the public, as in all other court proceedings. *See In re Mosher*, 199 USPQ 82, 83-84 (CCPA 1978) (Sections 141-144, "being part of Chapter 13 of Title 35, governing review of PTO decisions, are neither restricted nor controlled by the provisions of § 122, a part of Chapter 11 of Title 35 governing applications for patent within the PTO"); *see also* 28 C.F.R. § 50.9.

Defendant disagrees that this action, filed under 35 U.S.C. § 145, is a trial *de novo* and is, in fact, a suit to set aside the Board decision, and as such, deference is owed to the USPTO's fact findings. In essence, this action is a hybrid action that limits the new arguments and evidence that Plaintiff may attempt to admit.

    C.    Date for Completion of Discovery

Unless the proceedings are extended by virtue of the parties' participation in the

8

Court's ADR procedures, the parties propose that discovery be completed by March 30, 2007.

### X. DATES FOR EXCHANGE OF EXPERT WITNESS REPORTS

The Plaintiff's expert reports due by October 15, 2006.

The Defendant's expert reports due by December 15, 2006.

### XI. BIFURCATION

At this point, neither party anticipates the need for bifurcation of either discovery or trial.

### XII. SUGGESTED DATE FOR PRETRIAL CONFERENCE

The parties request that the Court establish a date for a pretrial conference after ruling on disposition of any dispositive motions.

### XIII. SETTING OF TRIAL DATE

The parties request that the Court set a trial date at the time of the pretrial conference.

Case 1:05-cv-01796-JGP    Document 8-1    Filed 12/13/2005    Page 10 of 11

Respectfully submitted,

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| /s/ R. a. Wall | (See Next Page) |
| Ralph E. Jocke | KENNETH L. WAINSTEIN, D.C. Bar |
| DC Bar No. OH0013 | #451058 |
| Patricia A. Walker | United States Attorney |
| DC Bar No. OH0012 | |
| Walker & Jocke | R. CRAIG LAWRENCE, D.C. Bar |
| 231 South Broadway | #171538 |
| Medina, Ohio 44256-2601 | Assistant United States Attorney |
| Telephone: 330.721.0000 | |
| Facsimile: 330.722.6446 | BENTON G. PETERSON, WI. Bar |
| iplaw@walkerandjocke.com | #1029849 |
| | Assistant United States Attorney |
| Attorneys for Plaintiff | Judiciary Center Building |
| Harold V. Putman | 555 4th Street, N.W. – Civil Division |
| | Washington, D.C. 20530 |
| | (202) 514-7238;(202) 514-8780 (Facsimile) |

Benton.Peterson@usdoj.gov

Of Counsel:

John M. Whealan
Solicitor

Heather F. Auyang
William LaMarca
Associate Solicitors

U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
571-272-9035

Attorneys for Defendant
Jonathan W. Dudas

FROM U. S. ATTTORNEY'S OFFICE          (TUE)12. 13' 05 15:20/ST. 15:20/NO. 4861391601 P  2

Respectfully submitted,

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| | KENNETH L. WAINSTEIN, D.C. Bar #451058 <br> United States Attorney |
| Ralph E. Jocke <br> DC Bar No. OH0013 <br> Patricia A. Walker <br> DC Bar No. OH0012 <br> Walker & Jocke <br> 231 South Broadway <br> Medina, Ohio 44256-2601 <br> Telephone: 330.721.0000 <br> Facsimile: 330.722.6446 <br> iplaw@walkerandjocke.com | R. CRAIG LAWRENCE, D.C. Bar #171538 <br> Assistant United States Attorney |
| Attorneys for Plaintiff <br> Harold V. Putman | BENTON G. PETERSON, WI. Bar #1029849 <br> Assistant United States Attorney <br> Judiciary Center Building <br> 555 4th Street, N.W. – Civil Division <br> Washington, D.C. 20530 <br> (202) 514-7238;(202) 514-8780 (Facsimile) <br><br> Benton.Peterson@usdoj.gov <br><br> Of Counsel: <br><br> John M. Whealan <br> Solicitor <br><br> Heather F. Auyang <br> William LaMarca <br> Associate Solicitors <br><br> U.S. Patent and Trademark Office <br> P.O. Box 15667 <br> Arlington, VA 22215 <br> 571-272-9035 <br><br> Attorneys for Defendant <br> Jonathan W. Dudas |