IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN | Case Number 1:05CV01796 JGP |
| Plaintiff | |
| v. | Judge John Garrett Penn |
| JONATHAN W. DUDAS | |
| Defendant | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

**OPO EXHIBIT 7**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN

       Plaintiff

    v.

JONATHAN W. DUDAS

       Defendant

Case Number 1:05CV01796 JGP

Judge John Garrett Penn

**DECLARATION OF RALPH E. JOCKE**

Pursuant to 28 U.S.C. Section 1746 and LCvR 5.1(h), I hereby declare on personal

knowledge:

1.     I am Ralph E. Jocke, an attorney for Plaintiff, Harold V. Putman, (the "**Inventor**").

2.     The exhibits that are attached to Plaintiff's Memorandum of Points and Authorities in

Opposition to Defendant's Motion for a Protective Order are true and exact copies of the original

documents.

3.     I had no indication from the Initial Status Conference on December 20, 2005 that the

Defendant, Jonathan W. Dudas, Director of the United States Patent and Trademark Office (the

"**Agency**") was intending to request that the Court dismiss this action. The Agency only

indicated that it wanted to file a motion to request that the Court exclude some unidentified

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 · 721 · 0000

evidence from the Court's consideration and move for a temporary remand to the Agency. No dismissal of this lawsuit was mentioned at the Initial Status Conference.

4.      On January 20, 2006 the Notice of Deposition, Request for Interrogatories and Request for Production of Documents were served on the Agency. Exhibit 10.

5.      On February 7, 2006 I received a phone call from Benton G. Peterson, Assistant United States Attorney and attorney for the Agency. He requested a 30-day extension of the time to respond to the outstanding discovery on behalf of the Agency. On behalf of the Inventor I agreed to the extension of time to respond. At no time during that conversation did Mr. Peterson mention that he would like a stay of discovery, that he intended to move for a stay of discovery or that he objected to any of the discovery.

6.      On February 13, 2006 I sent the letter that is designated as OPO Exhibit 9 to Mr. Peterson, memorializing our conversation. I also sent a revised Notice of Deposition with a deposition date thirty days later than the Notice that was first served.

7.      I was not contacted again by Mr. Peterson or any other attorney for the Agency until approximately 6:45 p.m. on March 14, 2006. This was about one hour before the filing of the Defendant's Motion to Stay Discovery Pending Determination of It's Dispositive Motion (**"Motion to Stay"**). Mr. Peterson asked if I would agree to a stay of discovery, and I indicated that it would depend on what he was asking for in the motion for remand. There was no other substantive conversation during that telephone call.

8.      After business hours on March 20, 2006, Mr. Peterson again contacted me about the stay of discovery. The Motion to Stay had already been filed by the Agency. I indicated that I could not agree to the stay as it would prejudice my client. The discovery is needed to respond to the

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 - 721 - 0000

2

Agency's Motion to Exclude, Or In the Alternative, Dismiss and Remand ("**Motion to Exclude**").

9.      The Agency's disclosures responsive to the discovery that is attached to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for a Protective Order as OPO Exhibits 6 and 10, are necessary to respond to the Agency's Motion to Exclude and the Agency's request for remand. The Inventor does not have sufficient information concerning the evidence and arguments that the Agency wants to exclude from the Court's consideration, the Inventor has no information concerning the evidence that the Agency says "may be relevant" that the Agency alleges justifies the requested remand, and the Inventor has no information on the other evidence that the Agency alleges would support the rejection of claims in the Inventor's patent application for which the Patent Office's Board of Appeals and Interferences reversed all of the Agency's claim rejections. It is necessary to obtain discovery in order to fully respond to the Agency's motion.

10.     In the Joint Statement of the Parties the Agency declares that there is additional evidence that requires rejecting the claims in the patent application; however, that evidence has not been disclosed to the Court or the Inventor despite requests to do so. The information needs to be disclosed by the Agency. The Agency has failed to disclose that information pursuant to Federal Rule of Civil Procedure 26, despite the fact that I specifically requested the information in the February 13, 2006 letter. That letter is attached to the Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for a Protective Order as OPO Exhibit 9.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 - 721 - 0000

3

I declare, under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2006.

Ralph E. Jocke  DC Bar No. OH0013
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone: 330.721.0000
Facsimile: 330.722.6446
iplaw@walkerandjocke.com