IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN<br><br>Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS<br><br>Defendant | Case Number 1:05CV01796 JGP<br><br><br>Judge John Garrett Penn |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

**OPO EXHIBIT 10**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 - 721 - 0000



Ralph E. Jocke
Patent
&
Trademark Law

January 20, 2006

Benton G. Peterson, Esq.
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530

    Subject:    **Putman v. Dudas**
                    **U.S. District Court, District of Columbia**
                    **Case No. 1:05-CV-01796 JGP**

Dear Mr. Peterson:

    Enclosed is Plaintiff's Initial Disclosures in the above-referenced case.

    I have also enclosed a few discovery requests that ask your client to explain why it contends the Plaintiff's claimed invention is not patentable.

    I am willing to cooperate with you in minimizing inconvenience to your client in providing this information so that the case may proceed expeditiously. If you wish to discuss this, please give me a call.

                                          Very truly yours,

                                          Ralph E. Jocke

REJ/lch
Enclosures

    cc:    Kenneth L. Wainstein
            R. Craig Lawrence
            John M. Whealan
            Heather F. Auyang
            William LaMarca

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN, Plaintiff<br><br>v.<br><br>JONATHAN W. DUDAS, Defendant | Case Number 1:05CV01796 JGP |

### PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Harold V. Putman, hereby makes these initial disclosures to Defendant pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

### A. PERSONS WITH INFORMATION THAT SUPPORTS PLAINTIFF'S CLAIM

In addition to Plaintiff and Defendant, individuals likely to have information that Plaintiff may use to support its claim are currently known to include the assignee of Plaintiff's patent application, Diebold, Incorporated ("Diebold"), and certain of its employees.

The contact information for Diebold is as follows:

Diebold, Incorporated
5995 Mayfair Road
North Canton, Ohio 44720
Phone: (800) 456-1286

Employees of Diebold at the above address who are believed to have personal knowledge pertinent to Plaintiff's claims include Mr. Kenneth Wilson, Mr. Mark Smith, Mr. Tim Zajkowski, and Mr. James Block, whose place of business and contact information is as stated above.

## B. DOCUMENTS AND THINGS THAT SUPPORT PLAINTIFF'S CLAIMS

The Patent Office files for U.S. Patent Application Serial Nos. 60/105,800 and 09/233,249 which support Plaintiff's claims are in the possession of Defendant.

Documentation related to conception and reduction to practice of the invention at issue in this case is in the possession of Diebold. Plaintiff conceived and reduced his invention to practice prior to the filing date of his earliest patent application. Plaintiff is unable to specify at this time what documents related to conception and/or reduction to practice of the invention may be introduced in this proceeding, as that will depend on all the reasons why Defendant now contends the invention is not patentable, which Defendant has not yet disclosed.

## C. COMPUTATION OF DAMAGES

Damages are not at issue in this proceeding.

## D. INSURANCE AGREEMENTS

Insurance agreements are not pertinent to this proceeding.

## E. EXPERT TESTIMONY

The identity of persons who will present evidence in the nature of expert testimony at trial has not yet been determined, but will be provided in accordance with the requirements of the Federal Rules of Civil Procedure.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 · 721 · 0000

Respectfully submitted,

_(signature)_

Ralph E. Jocke  DC Bar No. OH0013
Patricia A. Walker  DC Bar No. OH0012
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone: 330.721.0000
Facsimile: 330.722.6446
iplaw@walkerandjocke.com

Attorneys for Plaintiff
Harold V. Putman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Initial Disclosures has been sent by regular U.S. mail to the attorneys for Defendant Jonathan W. Dudas: United States Attorney Kenneth L. Wainstein, Assistant United States Attorney R. Craig Lawrence and Assistant United States Attorney Benton G. Peterson, Judiciary Center Building, 555 4th Street, N.W., Civil Division, Washington, D.C. 20530; and Solicitor John M. Whealan and Associate Solicitors Heather F. Auyang and William LaMarca, U.S. Patent and Trademark Office, P.O. Box 15667, Arlington, VA 22215, this 20th day of January 2006.

_(signature)_

Ralph E. Jocke, Esq.
Attorney for Plaintiff
Harold V. Putman

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330-721-0000

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN, Plaintiff

v.

JONATHAN W. DUDAS, Defendant

Case Number 1:05CV01796 JGP

### NOTICE OF DEPOSITION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant is hereby required to designate one or more officers, directors, agents or persons who will testify on Defendant's behalf with regard to the following topic:

All reasons why Defendant contends that each of the claims currently pending in U.S. Patent Application Serial No. 09/233,249 (i.e., each of claims 1-56, inclusive) do not meet the requirements for patentability pursuant to Title 35 of the United States Code.

The deposition will be held on March 22, 2006, at 10 a.m., at the offices of Jones Day, 51 Louisiana Avenue, N.W., Washington, D.C. 20001-2113.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330-721-0000

Respectfully submitted,

Ralph E. Jocke  DC Bar No. OH0013
Patricia A. Walker  DC Bar No. OH0012
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone: 330.721.0000
Facsimile: 330.722.6446
iplaw@walkerandjocke.com

Attorneys for Plaintiff
Harold V. Putman

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Deposition has been sent by regular U.S. mail to the attorneys for Defendant Jonathan W. Dudas: United States Attorney Kenneth L. Wainstein, Assistant United States Attorney R. Craig Lawrence and Assistant United States Attorney Benton G. Peterson, Judiciary Center Building, 555 4th Street, N.W., Civil Division, Washington, D.C. 20530; and Solicitor John M. Whealan and Associate Solicitors Heather F. Auyang and William LaMarca, U.S. Patent and Trademark Office, P.O. Box 15667, Arlington, VA 22215, this 20th day of January 2006.

Ralph E. Jocke, Esq.
Attorney for Plaintiff
Harold V. Putman

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN, Plaintiff

v.

JONATHAN W. DUDAS, Defendant

Case Number 1:05CV01796 JGP

### PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS TO DEFENDANT

Pursuant to the provisions of Rules 26, 34 and 37 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that Defendant produce and permit the Plaintiff to inspect and copy the following documents (or exact copies when originals are not available) in Defendant's care, custody or control and the place of production shall be the offices of Jones Day, 51 Louisiana Avenue, N.W., Washington, D.C. 20001-2113, and the date and hour of production shall be 10 a.m. on February 23, 2006.

Pursuant to Rule 26(e), this Request for Production of Documents shall be deemed continuing so as to require supplemental production as additional information is found or obtained from the time this Request for Production of Documents is served through the time of trial testimony.

### DEFINITIONS

A.   "Defendant," "you" or "your" means and refers to Jonathan W. Dudas, Director of the United States Patent and Trademark Office.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330·721·0000

B.  "Plaintiff" means and refers to Harold V. Putman.

C.  The word "document(s)" includes, but is not limited to, the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of memoranda; reports; books; manuals; instructions; financial statements or reports; price books; records; notes; letters; notices; confirmations; telegrams; receipts; pamphlets; magazines; newspapers; inventory books; prospectuses; inter-office and intra-office communications; contracts; cables; notations or memoranda of any sort of conversations, telephone calls, meetings; or other communications; bulletins; printed matters; computer printouts; teletypes; invoices; transcripts; diaries; analyses; returns; summaries; minutes; bills; accounts; estimates; projections; comparisons; messages; correspondence; press releases; circulars; reviews; opinions; offers; studies and investigations; questionnaires and surveys; worksheets; e-mails (and all drafts of preliminary versions; alterations, modifications, revisions, changes and amendments of any of the foregoing); graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records or representations of any kind (including, without limitation, CDs, DVDs, hard drives, tapes, cassettes, discs and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, CD, DVD, hard drive, phono record, film, tape, disc, videotape or other medium.

D.  "Lawsuit" means *Putman v. Dudas*, U.S. District Court for the District of Columbia Case No.1:05CV01796 JGP.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

2

## REQUEST FOR DOCUMENTS

1. Produce any and all documents (whether in paper form or in electronic or any other form) which Defendant contends establish that any claim currently included in U.S. Patent Application Serial No. 09/233,249 (i.e., each of claims 1-56, inclusive) do not satisfy the requirements for patentability under Title 35 United States Code (including, without limitation, any items identified in the Defendant's response to Interrogatory 1(c) of Plaintiff's First Set of Interrogatories to Defendant in this Lawsuit).

2. All documents pertaining to this Lawsuit that were given or provided to any person whom Defendant expects to call as witness at the trial of this Lawsuit.

3. All documents pertaining to this Lawsuit that were given or provided to any person whom Defendant expects to call as expert witness at the trial of this Lawsuit.

4. All reports pertaining to this Lawsuit of any expert that the Defendant expects to call as an expert witness at the trial of this Lawsuit.

5. All documents that the person(s) whom Defendant expects to call as an expert witness at the trial of this Lawsuit, relied upon to formulate his or her opinion(s) pertaining to this Lawsuit.

6. All exhibits Defendant expects to introduce at the trial of this Lawsuit.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330-721-0000

Respectfully submitted,

_____
Ralph E. Jocke  DC Bar No. OH0013
Patricia A. Walker  DC Bar No. OH0012
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone: 330.721.0000
Facsimile: 330.722.6446
iplaw@walkerandjocke.com

Attorneys for Plaintiff
Harold V. Putman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's First Request for Documents to Defendant has been sent by regular U.S. mail to the attorneys for Defendant Jonathan W. Dudas: United States Attorney Kenneth L. Wainstein, Assistant United States Attorney R. Craig Lawrence and Assistant United States Attorney Benton G. Peterson, Judiciary Center Building, 555 4th Street, N.W., Civil Division, Washington, D.C. 20530; and Solicitor John M. Whealan and Associate Solicitors Heather F. Auyang and William LaMarca, U.S. Patent and Trademark Office, P.O. Box 15667, Arlington, VA 22215, this 20th day of January 2006.

_____
Ralph E. Jocke, Esq.
Attorney for Plaintiff
Harold V. Putman

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HAROLD V. PUTMAN, Plaintiff

v.

JONATHAN W. DUDAS, Defendant

Case Number 1:05CV01796 JGP

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

### INSTRUCTIONS

1. Pursuant to Rules 26, 33 and 37 of the Federal Rules of Civil Procedure and orders in this lawsuit, the following Interrogatories must be answered separately and fully, in writing and under oath, within thirty (30) days after service hereof.

2. Pursuant to Rule 26(e) these Interrogatories shall be deemed continuing so as to require supplemental answers as additional information is found or obtained from the time the Interrogatories are served through the time of trial testimony.

3. To the extent Defendant deems all or part of any Interrogatory contained herein objectionable, Defendant shall state the part of the Interrogatory to which objection is made, the specific grounds for the objection, the legal basis for the objection with citation to legal authority for the objection, and shall identify all natural persons having knowledge of the facts upon which the objection is based. In the event that Defendant objects to discovery of less than all of the information sought by any Interrogatory contained herein, Defendant shall fully respond to those parts of the Interrogatory to which no objection has been made, and each Interrogatory contained

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

herein shall be deemed severable for this purpose.

4. If any information is withheld under the claim of privilege, furnish a list identifying all such information for which the privilege is claimed, together with the following information: the subject matter(s) of the information; the basis on which the asserted privilege is claimed; and the Interrogatory in which the withheld information is requested.

5. Whenever an Interrogatory calls for information with respect to each one of a particular type or matter of which more than one exists, separately list, set forth or identify each instance of the matter referred to therein and provide for each instance all of the information as to each said matter called for immediately thereunder.

6. Should Defendant's answer to any Interrogatory make reference to any document annexed by Defendant as a part thereof or should Defendant provide one or more documents in lieu of Defendant's answer to any Interrogatory, specify such document and the particular page and paragraph(s) of the document(s) to which Defendant's answer refers.

7. Where an Interrogatory requests the identity of a document or writing, this includes such documents and writings within the custody, possession and control of the Defendant and its agents, including, but not limited to, Defendant's counsel, advisors and/or experts.

8. If Defendant knows of any communication or information but cannot give, either in whole or in part, the specific information called for by a particular Interrogatory to the extent required, give the information which Defendant has on the subject.

9. Whenever an answer to any Interrogatory or any part thereof is based upon information or belief, identify the source and basis of such information or belief.

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330-721-0000

## DEFINITIONS

A. "Defendant," "you" or "your" means and refers to Jonathan W. Dudas, Director of the United States Patent and Trademark Office.

B. "Plaintiff" means and refers to Harold V. Putman.

C. "Identify" or "identified" is defined as its usual dictionary meaning.

D. The word "document(s)" includes, but is not limited to, the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of memoranda; reports; books; manuals; instructions; financial statements or reports; price books; records; notes; letters; notices; confirmations; telegrams; receipts; pamphlets; magazines; newspapers; inventory books; prospectuses; inter-office and intra-office communications; contracts; cables; notations or memoranda of any sort of conversations, telephone calls, meetings; or other communications; bulletins; printed matters; computer printouts; teletypes; invoices; transcripts; diaries; analyses; returns; summaries; minutes; bills; accounts; estimates; projections; comparisons; messages; correspondence; press releases; circulars; reviews; opinions; offers; studies and investigations; questionnaires and surveys; worksheets; e-mails (and all drafts of preliminary versions; alterations, modifications, revisions, changes and amendments of any of the foregoing); graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records or representations of any kind (including, without limitation, CD's, DVDs, hard drives, tapes, cassettes, discs and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, CD, DVD, hard drive,

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330-721-0000

3

phono record, film, tape, disc, videotape or other medium.

E.     "Lawsuit" means *Putman v. Dudas*, U.S. District Court for the District of Columbia Case No. 1:05CV01796 JGP.

## INTERROGATORIES

1:     Identify by name and address the person who is answering these Interrogatories, and state his or her relationship to the Defendant.

**ANSWER:**




2:     Identify by name and address all persons (including all natural and legal persons) consulted for the purpose of obtaining information in connection with answering these Interrogatories.

**ANSWER:**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 - 721 - 0000

4

3. For each currently included claim in U.S. Patent Application Serial No. 09/233,249 (i.e. each of claims 1-56, inclusive):

a) state all reasons Defendant contends that the particular claim does not satisfy the requirements for patentability under Title 35 United States Code, and

b) state each statutory subsection of Title 35 United States Code, and (if applicable) any regulation in Title 37 Code of Federal Regulations, upon which Defendant bases any contention that each claim does not satisfy the requirements for patentability under Title 35 United States Code, and

c) identify each printed publication, patent, patent application or other document (including any form of printed or electronic document) upon which Defendant bases any contention that each particular claim does not satisfy the requirements for patentability under Title 35 United States Code.

**ANSWER:**

4. Identify each person (including each natural and legal person) known to Defendant to have knowledge of facts which, Defendant contends, show that any currently included claim in U.S. Patent Application Serial No. 09/233,249 (i.e. claims 1-56 inclusive) does not satisfy the

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

5

requirements for patentability under Title 35, United States Code, and for each person identified state:

    a)    his or her full name

    b)    current employer

    c)    residence address

    d)    summary of facts known which show any such claim does not satisfy the requirements for patentability.

**ANSWER:**

5.    With respect to each person whom the Defendant expects to call as a witness at trial, for each person identified state:

    a)    his or her full name

    b)    current employer

    c)    residence address

    d)    summary of facts known which show any claim in U.S. Patent Application Serial No. 09/233,249 (i.e. claims 1-56 inclusive) does not satisfy the requirements for patentability.

**ANSWER:**

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

6. With respect to each person whom the Defendant expects to call as an expert witness at trial, for each person identified state:

    a) his or her full name

    b) current employer

    c) residence address

    d) the subject matter on which the expert witness is expected to testify

    e) the substance of the facts and opinions to which the expert witness is expected to testify

    f) a summary of the grounds for each opinion, and

    g) the identity of all documents referred to or relied upon to form or support each opinion of the expert.

**ANSWER:**

Respectfully submitted,

Ralph E. Jocke  DC Bar No. OH0013
Patricia A. Walker  DC Bar No. OH0012
Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
Telephone: 330.721.0000
Facsimile: 330.722.6446
iplaw@walkerandjocke.com

Attorneys for Plaintiff
Harold V. Putman

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's First Set of Interrogatories to Defendant has been sent by regular U.S. mail to the attorneys for Defendant Jonathan W. Dudas: United States Attorney Kenneth L. Wainstein, Assistant United States Attorney R. Craig Lawrence and Assistant United States Attorney Benton G. Peterson, Judiciary Center Building, 555 4th Street, N.W. - Civil Division, Washington, D.C. 20530; and Solicitor John M. Whealan and Associate Solicitors Heather F. Auyang and William LaMarca, U.S. Patent and Trademark Office, P.O. Box 15667, Arlington, VA 22215, this 20th day of January 2006.

Ralph E. Jocke, Esq.
Attorney for Plaintiff
Harold V. Putman

Walker & Jocke
231 South Broadway
Medina, Ohio 44256-2601
330 • 721 • 0000

8