UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAROLD V. PUTMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:05CV-01796 (JGP) |
| | ) |
| JONATHAN W. DUDAS, | ) |
| | ) |
| Under Secretary of Commerce | ) |
| for Intellectual Property and | ) |
| Director of the United States | ) |
| Patent and Trademark Office, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION FOR A PROTECTIVE ORDER**

In his opposition to Defendant's (PTO or Office) Motion for Protective Order, Plaintiff suggests that discovery is needed before he can adequately respond to PTO's Motion to Exclude or, In the Alternative, Dismiss and Remand (Remand Motion).  PTO submits that because the issue within the PTO's Remand Motion is straightforward and procedural --Plaintiff's attorney never properly presented arguments concerning claims 45-56 to the PTO Board of Patent Appeals and Interferences (Board)-- that no discovery is necessary for Plaintiff to respond to the Remand Motion.  Moreover, the law is clear that any arguments and evidence relating to claims 45-56 must be excluded.  See DeSeversky v. Brenner, 424 F.2d 857, 859 (D.C. Cir. 1970) (declining to hear arguments not presented to the Board); see also Hyatt v. Dudas, Civil Action No. 03-0901 (HHK), September 30, 2005 Memorandum Opinion.[1]

---

[1] The PTO has offered Plaintiff numerous opportunities to have its arguments concerning claims 45-56 considered by remanding this case to the PTO, but apparently Plaintiff would rather

A.  **The Remand Motion Is <u>Not</u> a Motion for Summary Judgment Because It Does Not Dispose of The Merits of The Case**

Plaintiff asserts that the Remand Motion filed by the PTO is "dispositive" and therefore, discovery is necessary. Although the Remand Motion may have been characterized as "dispositive," it is in fact <u>not</u> a "dispositive" motion relating to the merits of the case as contemplated by the Joint Statement of the Parties (Joint Statement) [Docket#8]. The dispositive motion contemplated in the Joint Statement is a motion for summary judgment, not the pending procedural Remand Motion. As this court is aware, a motion for summary judgment disposes of the merits of a case. In contrast, the Remand Motion pending before this Court seeks to resolve the procedural issue of whether Plaintiff should be allowed to raise arguments before the Court that it did not properly present to the Board.

Because the PTO's Remand Motion does not delve into the merits of this case, this Court correctly recognized that the parties "won't engage . . . in discovery until the Court has ruled on the issue of remand." <u>See</u> Hearing Transcript, Dec. 20, 2005, at p. 31. Moreover, this Court and PTO's counsel made clear at the Status Hearing that discovery would <u>not</u> be necessary for the Court to decide the pending Remand Motion:

> THE COURT: Well, you won't engage, as I understand it, in discovery until the Court has ruled on the issue of the remand?
> MR. PETERSON: That is correct, Your Honor.
> THE COURT: All right.

---

attempt to circumvent proper administrative review and distract this Court from ruling on the PTO's pending Remand Motion by making assertions that are simply red herrings. This Court should firmly discourage Plaintiff's actions.

Id. Notably, although Plaintiff was free to do so during the hearing, he never objected or made any indication that discovery would be necessary to resolve the PTO's pending Remand Motion. For this reason alone, Plaintiff should be precluded from now asserting discovery is necessary.

In fact, discovery is unnecessary at this time because all documents upon which the Remand Motion is based have already been produced to Plaintiff, i.e., the initial disclosures produced to Plaintiff on or around February 7, 2006. As discussed in the PTO's Reply in Support of Its Motion to Stay Discovery, all that is required for Plaintiff, whose counsel was personally involved in the proceedings before the Office, to respond to the PTO's pending Remand Motion has already been provided by the PTO. Indeed, Plaintiff points to the initial disclosures in support of its opposition. Plaintiff Opp. at 8. Plaintiff is simply wasting this Court's resources by attempting to mischaracterize the PTO's Remand Motion as a motion for summary judgment. Accordingly, as explained in the PTO's Motion to Stay Discovery, any discovery at this point would be an undue burden and simply an unnecessary waste of resources.

Furthermore, Plaintiff asserts that he has narrowed his Rule 30(b)(6) deposition notice to focus on issues raised in the Remand Motion and demands that the PTO provide a witness. Opp. at 17. However, the only persons who can provide the knowledge sought by Plaintiff are the PTO counsel directly involved in this case and accordingly such testimony is inappropriate. Moreover, because Plaintiff has all that it needs to adequately respond to the Remand Motion, i.e., the initial disclosure containing the administrative record, the need for a Rule 30(b)(6) witness is unnecessary and would be oppressive and unduly burdensome to the PTO.

Plaintiff also attempts to assert that there is uncertainty concerning what the PTO seeks to exclude. Contrary to Plaintiff's assertion, there is no confusion about which arguments or

evidence the PTO seeks to exclude. As the PTO has repeatedly pointed out, if the Court chooses not to remand this case, the PTO still seeks to exclude arguments concerning claims 45-56 and therefore, the Court should affirm the Board's findings concerning those claims. Plaintiff's attempt to circumvent the administrative process should not be rewarded by this Court.

Plaintiff further argues that there is uncertainty concerning the supposed new evidence the PTO may use to reject <u>all</u> 56 claims in Plaintiff's patent application and therefore discovery is necessary. Plaintiff Opp. at 9. However, as explained in the Remand Motion, the only issues before this Court are the rejections which were affirmed by the Board, <u>i.e.</u>, the Board affirmed the Examiner's rejection on 36 of 56 claims, and such review is based on the administrative record as it now stands. <u>See</u> 35 U.S.C. §§ 134 and 145; <u>see also</u> <u>In re Fisher</u>, 448 F.2d 1406, 1420 (CCPA 1971) (the court "pass[es] only on rejections actually made and do[es] not decree the issuance of patents. After our decision in an ex parte patent case, the Patent Office can always reopen prosecution and cite new references, in which limited sense our mandates amount to remands.").

In fact, Plaintiff's complaint acknowledges that it seeks judicial review of only the current rejections, not any potential new rejections. Plaintiff's complaint states that it is "dissatisfied with the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences . . . "and prays for the entry of judgment "[r]eversing the <u>affirmance</u> of the Examiner's <u>rejections</u> of <u>certain</u> claims in United States Patent Application No. 09/233,249 by the United States Patent and Trademark Office Board of Patent Appeals and Interferences." Plaintiff's Complaint at p. 3 (emphasis added). Hence, as stated by Plaintiff, he brought this

action because he is dissatisfied with the Board's decision, which affirmed the rejections of certain claims, i.e., 36 of the 56 claims, in the patent application based on the current rejections.

The PTO will not raise any arguments or evidence, if any exist, discovered during an initial investigation that may be relevant to the patentability of all of Plaintiff's claims. Such new arguments and evidence should properly be raised before the PTO when the application is returned to the Office's jurisdiction and not before this Court. Patent claims should not be examined in the first instance by this Court. See Star Fruits S.N.C. v. U.S., 280 F.Supp.2d 512, 516 (E.D. Va. 2003), aff'd 393 F.3d 1277 (Fed. Cir. 2005) (finding that a federal court acting as a "super patent examiner" would be "a role far beyond its proper judicial authority."); see also McKart v. U.S., 395 U.S. 185, 194 (1969). The PTO simply points to these potential new issues of patentability only to provide an additional reason why this case should be dismissed and remanded for further action before the Office.

Plaintiff alleges that since counsel for the PTO involved in this case raised doubts as to the patentability of the non-rejected claims, he now has some right to explore through discovery the specifics of any potential rejection. As the PTO as already explained, however, in this case, any such potential rejection would be made by a patent Examiner, not PTO counsel. PTO counsel has simply informed this Court and Plaintiff that there are issues regarding the patentability of the non-rejected claims that will be considered once jurisdiction returns to the PTO. Such notice provided by PTO counsel is not prohibited when a court considers a remand motion. See, e.g., In re Gould, 673 F.2d 1385, 1386 (CCPA 1982) (PTO Solicitor informing the court of potential rejection of the claims justified remand). Accordingly, discovery of any such

additional arguments or evidence is unnecessary and irrelevant to this action and would be an undue burden to the PTO.

**B.    Plaintiff Would Not Be Deprived Of Any Due Process Rights If This Court Dismisses This Case Without Prejudice And Remands To The PTO**

Contrary to Plaintiff's repeated assertions, if the Court remands this case to the PTO, Plaintiff will not be denied any due process rights. If dissatisfied with the Board decision on remand, Plaintiff will have the opportunity to appeal any Board decision to the Federal Circuit or district court. 35 U.S.C. §§ 141 and 145.[2]  As the PTO explained in its Remand Motion, any dismissal and remand by this Court would be "without prejudice." See PTO Motion at 1.

Plaintiff mistakenly asserts that the PTO cannot reconsider rejections affirmed by the Board. However, there is no rule, and Plaintiff has not pointed to one, that prohibits the PTO from reconsidering rejections affirmed by the Board. This is, in fact, exactly what the PTO has offered the Plaintiff. Moreover, once jurisdiction is returned to the PTO, Plaintiff can submit any arguments and evidence as he wishes and even amend his claims. If the PTO agrees with Plaintiff, it may reverse the rejections with respect to claims 45-56, rendering judicial review unnecessary as to those claims. Hence, a remand of this case would avoid wasting this Court's resources. See, e.g., Pavel v. Lehman, Civ. Action No. 96-CV-00238 at 5-6 (D.D.C. August 17, 1998) (§ 145 case dismissed and remanded to address prior art references not previously

---

[2] Plaintiff appears to imply that the PTO is somehow acting in bad faith by supposedly attempting to deprive Plaintiff of its due process rights or to discovery. This implication is unfounded and "[u]nder the well-settled presumption of administrative regularity, courts assume administrative officials 'to be men [and women] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'" Louisiana Ass'n of Independent Producers v. F.E.R.C., 958 F.2d 1101, 1119 (D.C. Cir. 1992) (quoting Withrow v. Larkin, 421 U.S. 35, 55 (1975)).

considered because "courts should not be deprived of any assistance which might be gained from the expertise of the . . . patent office") (quoting Montecatini Edison, SPA v. Ziegler, 486 F.2d 1279, 1283 (D.C. Cir. 1973) (quoting Radio Corp. of Am. v. Philco Corp., 201 F.Supp. 135 (E.D. Pa. 1961), aff'd 309 F.2d 397 (3d Cir. 1962)).

As explained in the pending Remand Motion, the law is clear that there is strong policy against allowing a party to evade proper administrative procedure and review – that is what Plaintiff has attempted to do in this case – by ignoring the Board's Order pertaining to the proper submission of arguments by both the Examiner and Plaintiff. See Remand Motion at 10-12. Plaintiff simply refused to follow the Board's Remand Order. The Board's Order was reasonable in that it permitted the Board to control the briefing in an orderly fashion. Furthermore, Plaintiff cannot point to any rule that prohibits the Board from ordering such a requirement. Plaintiff should not be allowed to circumvent the administrative process by raising arguments before this Court that it did not properly raise below especially when the PTO has offered to consider such arguments in the first instance.[3]

Because the pending Remand Motion deals with procedural aspects of this case, and not the merits, and because Plaintiff has all that it needs to adequately respond to the Remand Motion, discovery is unnecessary at this time.

---

[3] As the PTO explained in its Remand Motion, Plaintiff never sought reconsideration or review of the Board's Remand Order below and therefore should not be permitted to argue this position now. If Plaintiff was dissatisfied with the Board's decision, Plaintiff could have moved for reconsideration under 37 CFR § 41.52, or petition under 37 CFR §§ 1.182, 1.183, or 41.3, i.e., ask the Board or the Director to consider arguments it referenced from earlier pleadings. This Court should not reward the Plaintiff for failing properly submit arguments and evidence to the Board. See PTO Remand Motion at 7-8.

## CONCLUSION

For the reasons set forth above, the PTO respectfully submits that discovery at this time would be inappropriate and that the Court should grant the PTO's Motion for a Protective Order.

Dated: April 14, 2006.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
BENTON G. PETERSON, WI Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7238; (202) 514-8780 (facsimile)

OF COUNSEL:
JOHN M. WHEALAN
Solicitor

HEATHER F. AUYANG
WILLIAM LAMARCA
Associate Solicitors
United States Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
(571) 272-9035