*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*


HAROLD PUTMAN,                         )
                                       )
                 **Plaintiff,**        )
                                       )
        v.                             )        **Civil Action No. 05-1796 (LFO)**
                                       )
JONATHAN W. DUDAS,                     )
                                       )
        **Under Secretary of Commerce**    )
        **for Intellectual Property and**   )
        **Director of the United States**   )
        **Patent and Trademark Office,**    )
                                       )
                 **Defendant.**        )


<u>**MEMORANDUM & OPINION**</u>

**INTRODUCTION**

Plaintiff Harold Putnam tried to patent an "automatic transaction machine," commonly

known as an automatic teller machine or ATM, with the U.S. Patent & Trademark Office. When

the patent examiner rejected all fifty-six claims in his application, Plaintiff appealed to the Board of

Patent Appeals and Interferences. The Board affirmed the patent examiner in part. In doing so, the

Board concluded that Plaintiff had not properly briefed his appeal and therefore declined to consider

either his appeal brief or his reply brief. This decision to disregard Plaintiff's briefs resulted in the

Board summarily affirming the rejection of claims 45-56, which are at the center of Defendant's

**Motion to Exclude, or in the Alternative, Dismiss and Remand** [Dkt. No. 11].[1] Defendant moves

to exclude any arguments or evidence pertaining to these claims because, it argues, Plaintiff did not

---

[1]On October 4, 2007, the Calendar Committee reassigned this case from the late Judge
John Garrett Penn to Judge Louis F. Oberdorfer [Dkt. No. 25]. The Court has reviewed his draft
memorandum and opinion and entered an order to remand this matter to the Patent Office.

properly raise them in the agency.  Alternatively, Defendant asks the Court to remand the matter to

the Patent Office so it may fully consider Plaintiff's claims, including newly discovered evidence

that relates to the patent application.  For the following reasons, the Court concludes that remanding

the matter to the Patent Office to fully consider these claims is the proper recourse.

## BACKGROUND

Plaintiff[2] filed a patent application with the PTO on January 19, 1999, seeking to patent a

novel automated transaction machine, commonly known as an ATM.  The 40-claim application was

initially rejected by the patent examiner.  On August 7, 2001, Plaintiff amended his application by

both modifying some existing claims (claims 13, 20-22, 24-27, 32 and 40) and adding several new

claims (claims 41-56).  He asked the examiner to reconsider the application. Two months later, the

patent examiner rejected all 56 claims in a final action.  Plaintiff appealed to the Board of Patent

Appeals and Interferences, filing a sixty-five page appeal brief describing his invention and

addressing, in great detail, each of the fifty-six rejected claims.  He argued that claims 45-56 were

not obvious as the patent examiner had concluded.[3]   The patent examiner filed an answer in

response, reiterating his reasons for rejecting all fifty-six claims.[4]  The examiner argued that he

properly rejected claims 45-56 under 35 U.S.C. § 103(a) because they were obvious in light of an

earlier patent.  Plaintiff then filed a short reply brief, addressing arguments raised in the patent

---

[2]  Harold V. Putnam, the named inventor in this case, is no longer the owner of the
claimed invention.  Mr. Putnam assigned his rights to the invention to Diebold, Inc., on
December 7, 1998.

[3]  *See* Brief of Appellants Pursuant To 37 C.F.R. § 1.192 at 50-61.

[4]  The patent examiner also objected to Plaintiff's amended application based on 35
U.S.C. § 132 because it introduced new matter into the disclosure.

examiner's answer.  Plaintiff did not repeat every argument appearing his opening brief, but targeted

issues that emerged in the examiner's answer.

After review, the Board concluded the appeal was "not ready for a decision on the merits,"

and remanded the application to the examiner.  The Board was apparently perplexed by several

aspects of the examiner's answer.  For example, the Board noted that the examiner had rejected

Plaintiff's amended 56-claim application because it introduced new material into the disclosure.

While the examiner relied on 35 U.S.C. § 132[5] for this rejection, the Board thought this was a

mistake.  The proper basis was 35 U.S.C. § 112.[6]  *See In re Rasmussen*, 650 F.2d 1212, 1214

(C.C.P.A. 1981) ("The proper basis for rejection of a claim amended to recite elements thought to

be without support in the original disclosure, therefore, is § 112, first paragraph, not § 132.").  The

Board was similarly confused by the examiner's explanation for rejecting the amended application,

---

[5] 35 U.S.C. § 132(a) provides:

Whenever, on examination, any claim for a patent is rejected, or any objection or requirement made, the Director shall notify the applicant thereof, stating the reasons for such rejection, or objection or requirement, together with such information and references as may be useful in judging of the propriety of continuing the prosecution of his application; and if after receiving such notice, the applicant persists in his claim for a patent, with or without amendment, the application shall be reexamined. No amendment shall introduce new matter into the disclosure of the invention.

[6] The first paragraph of 35 U.S.C. § 112 provides:

The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

noting that it was "uncertain about claims 46 and 48-51." Rather than speculate as to the examiner's

reasons for the rejection, the Board remanded the application to the examiner for clarification. The

Board ended its order with an instruction for each side. With respect to the examiner, the Board

instructed:

> [W]e remand the application to the examiner for further action not inconsistent with the views expressed herein. Any subsequent examiner's answer submitted by the examiner should be self-contained with respect to all rejections and arguments; no prior answer or Office actions should be referenced or incorporated therein.

With respect to Plaintiff, the Board instructed:

> Similarly, any subsequent brief submitted by the appellant should be self-contained with respect to all arguments. No prior briefs should be referenced or incorporated therein.

Consistent with the Board's remand instructions, the examiner filed a second answer that was

entirely self-contained and did not reference or incorporate his previous filing. Plaintiff responded

with a second reply brief. Plaintiff did not, however, adhere to the Board's instruction that his brief

"be self-contained with respect to all arguments." Plaintiff focused his second reply brief only on

the issues raised in the examiner's second answer that he considered to be new. He did not reiterate

every argument presented in his appeal brief, but incorporated them by reference.[7]

The Board affirmed the patent examiner, in part, on July 25, 2005. In keeping with its

---

[7] *See, e.g.*, Plt.'s Second Reply Brief, March 17, 2005, at 5 ("Appellant's Appeal Brief filed on October 27, 2002 is incorporated herein by reference. The [Second] Answer includes a 'Grounds of Rejection' section beginning on page 3. Except for the discussion of the new grounds of rejection of claims 45-51 . . . all of the other grounds of rejection included in this section of the Answer are substantially identical to those previously presented in the Office Action dated October 19, 2001. Appellant respectfully submits that these rejections have already been fully addressed in Appellant's Appeal Brief. Please refer to Appellant's previous arguments in the Appeal Brief regarding all the issues of record.").

remand order, the Board declined to consider arguments not included in Plaintiff's second reply

brief. The Board explained:

> In our remand, we directed the appellant that "any subsequent brief submitted
> by the appellant should be self-contained with respect to all arguments. No
> prior briefs should be referenced or incorporated therein." . . . . In accordance
> with our directions, . . . [n]either the prior Reply Brief nor the Brief of
> Appellant's was considered in deciding this appeal.

*See* July 25, 2005 Board Order at 9 n.3. Because Plaintiff did not address claims 45-56 in his second

reply brief, the Board summarily affirmed the examiner's obviousness rejections with little

discussion. *See* July 25, 2005 Board Order at 29-28 ("The appellant does not address, let alone

show, error in the explanation [of the rejection of claims 45-56]. Therefore, we affirm the

obviousness rejections of claims 45-56."). The Board cited 37 C.F.R. § 1.192(a), which governs

appeal briefs, to support its decision to rely only on Plaintiff's second reply brief. *Id*. at 28.

## DISCUSSION

Defendant's motion has two competing goals. Defendant's primary goal is to exclude all

arguments and evidence at trial pertaining to claims 45-56. Alternatively, he claims the case should

be dismissed and remanded to the PTO for a comprehensive review of these claims. Part I

summarizes the parties' arguments. Part II explains why the matter will be dismissed and remanded

to the Patent Office.

### I.

Defendant moves to exclude "any arguments or evidence with respect to claims 45-56"

because Plaintiff "failed to properly raise" these arguments before the Board of Patent Appeals and

Interferences. Def.'s Mot. at 1, 13. In the alternative, Defendant claims the "case should be

dismissed without prejudice and remanded to the PTO for consideration" of claims 45-56. *Id*. at 2.

"Because the PTO is the expert agency charged with examining patent applications," Defendant

argues that "it is more appropriate for the PTO to consider arguments and evidence in the first

instance, rather than this Court." *Id*. Defendant also asserts that it has "discovered new evidence

that could effect the patentability of all 56 of [Plaintiff's] claims." *Id*. at 17. Defendant anticipates

that this new evidence will obligate the PTO to reopen its prosecution of the patent, making the

Court's review premature, if not effectively superfluous. *Id*. at 17.

In opposition, Plaintiff claims that the motion to exclude should be denied because both the

"Inventor and the Agency are allowed to put in new evidence and new arguments in this civil

action." Plt.'s Opp'n at 9.[8] Plaintiff argues further that evidence pertaining to claims 45-56 is not

new, because "[c]laims 45-56 were argued and evidence was presented concerning [these] claims"

at the agency level. *Id*. at 12. Plaintiff addressed these claims in both his appeal brief and reply

brief. The Board simply refused to consider them. To the extent the Board failed to consider his

arguments regarding claims 45-56, Plaintiff believes this was error.

Plaintiff opposes the motion to dismiss for several reasons. First, Plaintiff argues the motion

is "procedurally improper" because "the Agency does not state any grounds for dismissal under

Federal Rule of Civil Procedure 12, the only Federal Rule concerning motions to dismiss." *Id*. at

5.[9] Second, Plaintiff argues that he will be "harmed" "if the matter is remanded to the Agency"

---

[8] Plaintiff also "requests the opportunity to obtain discovery from the Agency," so that he can adequately respond to the motion to exclude. *See* Plt.'s Opp'n at 6. He claims that he "does not know the exact nature of the evidence that the Agency seeks to exclude," which is "necessary to allow the [Plaintiff] to fully respond to the Agency's Motion." *Id*.

[9] Because Defendant's motion references "matters outside of the pleadings," Plaintiff argues that it "must be considered a motion for summary judgement." Plt.'s Opp'n at 5. The Court disagrees. Courts have, in the past, considered whether to dismiss and remand section 145 cases, outside of Federal Rule of Civil Procedure 56, based on the administrative record and

because a remand would effectively deprive him of his right to appeal the PTO's decision and would

likely further delay a patent application that has now been pending for eight years. *Id*. at 23. He also

asserts that a remand would give the PTO an opportunity "to change the record," as evidence

"introduced by the Agency at the agency level" is given "greater weight" than evidence introduced

in a § 145 proceeding. *Id*. at 24, 26.

## II.

There are two issues before the Court. The first issue is whether Plaintiff's failure to address

claims 45-56 in his second reply brief, filed in the appeal before the Board of Patent Appeals and

Interferences, necessarily precludes him from presenting any arguments or evidence regarding those

claims in a 35 U.S.C. § 145 action. If it does not, the Court must decide whether the patent

application should nonetheless be remanded to the PTO for consideration of these claims in the first

instance. For the following reasons, the Court concludes that a remand, returning the application to

the agency for consideration of claims 45-56, is appropriate.

A patent applicant may challenge a decision of the Board by either appealing directly to the

United States Court of Appeals for the Federal Circuit, by way of 35 U.S.C. § 141, or by filing a civil

action to obtain a patent in the United States District Court for the District of Columbia, by way of

35 U.S.C. § 145. *Mazzari v. Rogan*, 323 F.3d 1000, 1003 (Fed. Cir. 2003). Plaintiff chose the latter

route; this is a civil action to obtain a patent. Section 145 provides in relevant part: "An applicant

dissatisfied with the decision of the Board of Patent Appeals and Interferences . . . may . . . have

remedy by civil action against the Director in the United States District Court for the District of

---

newly discovered evidence. *C.f. Standard Havens v. Manbeck*, 1994 U.S. Dist. LEXIS 21051
(D.D.C. 1994) (granting motion to dismiss and motion to remand to the Patent Office).

Columbia . . . The court may adjudge that such applicant is entitled to receive a patent for his

invention, as specified in any of his claims involved in the decision of the Board of Patent Appeals

and Interferences, as the facts in the case may appear . . ." 35 U.S.C. § 145 (2007). The Court "has

the power to set aside any ruling refusing a patent." *Mazzari*, 323 F.3d at 1004 (citing *Hoover Co.*

*v. Coe*, 325 U.S. 79, 85, 65 S. Ct. 955, 958 (1945)).

A section 145 action is unique. It is neither an appeal nor a trial, but a hybrid of the two. *See*

*Monsanto Co. v. Kamp*, 269 F. Supp. 818, 822 (D.D.C. 1967). The "thrust" of the action "is that the

decision of the board is erroneous on the facts, the law, or both." *Fregeau v. Mossinghoff*, 776 F.2d

1034, 1037 (Fed. Cir. 1985). It is not a conventional appeal because the Court is not confined to the

administrative record. While the "administrative record of the Patent Office forms the nucleus of

the evidence before the District Court," *Monsanto*, 269 F. Supp. at 822, the applicant is able "to

present additional evidence or argue the previous evidence afresh," *Mazzari*, 323 F.3d at 1004. On

the other hand, the action is not a genuine trial *de novo* because there are limits on the evidence and

issues the applicant may present to the Court. *See Monsanto*, 269 F. Supp. at 822 ("There is a

limitation on the admissibility of supplementary evidence."). The applicant may not introduce "new

issues, at least in the absence of some reason of justice put forward for failure to present the issue

to the Patent Office." *De Seversky v. Brenner*, 137 U.S. App. D.C. 369, 370, 424 F.2d 857, 858

(D.C. Cir. 1970). The Court may only consider new evidence "if it supplements issues raised

previously before the PTO." *MacKay v. Quigg*, 641 F. Supp. 567, 569 (D.D.C. 1986). The action

"is in essence a suit *to set aside* the final decision of the board, like the bill in equity from which it

was derived." *Fregeau*, 776 F.2d at 1037.

It is precisely because of the unique, hybrid character of a section 145 action that a remand

is appropriate. The Board's decision forms "the jurisdictional base" for Plaintiff's action. *Fregeau*, 776 F.2d at 1037. The Court is not free to examine all evidence and issues that touch upon the patent application. While the Court may act as factfinder in a limited sense, for new or supplemental evidence, *Mazzari*, *supra*, the Court must "abstain from consideration of an issue that has not been presented to the Patent Office." *De Seversky*, 137 U.S. App. D.C. at 371, 424 F.2d at 859. This is why "it is important for district courts in § 145 proceedings to have a well developed administrative record." *Hyatt*, 393 F. Supp. 2d at 12 (citing *Mazzari*, 323 F.3d at 1005). Otherwise, the Court is left to wrestle with issues and evidence that did not receive the "Patent Office['s] expertise in the first instance[,] [which] may either obviate the need for judicial consideration, or illuminate the issues and facilitate the court's disposition." *De Seversky*, 137 U.S. App. D.C. at 371, 424 F.2d at 859. This is also why remand is a useful and common tool when a court finds itself with "an inadequate record." *Hyatt*, 393 F. Supp. 2d at 13 ("Courts have repeatedly found remands to the PTO appropriate in § 145 and other patent adjudication cases.") (listing cases). *E.g.*, *In re Beaver*, 893 F.2d 329 (Fed. Cir. 1989).

In this case, the Board intentionally withheld consideration of Plaintiff's arguments regarding the obviousness of claims 45-56. Plaintiff filed three separate briefs with the Board during his appeal. Both his appeal brief and his first reply brief addressed these claims and were fully compliant with the Board's rules of practice. *See* 37 C.F.R. §§ 41.37, 41.41.[10] The Board remanded the application to the examiner – not because of anything the Plaintiff had done (or failed to do) – but, rather, because it was perplexed by the examiner's answer and suspected that examiner had cited

---

[10] 37 C.F.R. § 41.37 was added to incorporate the requirements of former rule 192. 37 C.F.R. 41.41 replaced former rule 193(b). *See* 69 Fed. Reg. 49960, 49962-64 (Aug. 12, 2004); *see also supra* note 1.

to the wrong U.S. Code section.  Plaintiff appears to have misunderstood the Board's directive in its remand order that "any subsequent brief submitted . . . should be self-contained with respect to all arguments."  Plaintiff mistakenly thought that the reply brief should be self-contained with respect to any *new* arguments.  He then incorporated by reference his earlier appeal brief, in direct violation of the Board's instruction.  This pleading misstep lead the Board to gloss over claims 45-56.  As a result, the Court lacks an adequate record to consider the merit of these claims.

In light of the inadequacy of the administrative record, the Court has two options.  It may either proceed with the § 145 action, potentially limiting Plaintiff's ability to present evidence or arguments for claims 45-56, or remand the matter to the agency.  The decision of "whether or not to remand depends on the balancing of the equities, including judicial economy and fairness to the parties."  *Standard Havens v. Manbeck*, 1994 U.S. Dist. LEXIS 21051, *6 (D.D.C. 1994) (footnote omitted) (remanding case to Patent Office in light of new prior art reference). On balancing the equities, remand is the equitable choice here.

Judicial economy is best served by a remand.  Plaintiff's application contained fifty-six claims.  Both Plaintiff and the patent examiner exerted considerable effort to analyze the merit of each claim, including three rounds of briefing before the Board.  Despite this careful back-and-forth vetting of Plaintiff's claims, the Board did not fully consider claims 45-56.  The administrative record is therefore lacking a key ingredient, the Board's analysis of obviousness.  Were the Court to proceed without this analysis, the administrative record would not be the "evidentiary nucleus" of the action with respect to these claims, *Fregeau*, 776 F.2d at 1037; nor would the Court be guided entirely by "Patent Office expertise."  *De Seversky*, 137 U.S. App. D.C. at 371, 424 F.2d at 859.  It is better for the Court to consider these complex claims after the Board has applied its expertise.

Remand is particularly appropriate here because the PTO claims that it has discovered new evidence bearing on Plaintiff's application, which will require it to reopen the prosecution. Def.'s Mot. at 2. If the PTO were to reopen the matter, it would lead to parallel proceedings for the same patent – one in this Court and one at the PTO. Parallel proceedings have been described as a "waste of judicial resources." *See ExxonMobil Chemical Patents Inc., et al. v. Nicholas Godici*, Civ. Act. No. 01-377 (Feb. 12, 2002) (memorandum opinion remanding section 145 action to the Patent Office "to obtain its technical assistance in evaluating newly-discovered prior art"). "Concurrent proceedings in this Court would serve no purpose: the disputed patent claims may well be narrowed, and the Commissioner's ultimate decision on the patentability of remaining claims would be subject to judicial review." *See Boeing Co. v. Quigg*, 1987 U.S. Dist. LEXIS 2290, *2 (D.D.C. 1987). The Court can avoid this potential waste by remanding the matter to the agency.

Fairness also suggests that the matter should be remanded. As described above, Plaintiff adhered to the general rules of practice before the Board. *See* 37 C.F.R. §§ 1.192, 1.193. He did, however, run afoul of Board's cautionary instruction in the remand order, which instructed him that his second reply brief should be completely "self-contained." Reviewing the language of this instruction, the Court agrees with Plaintiff that it was somewhat ambiguous and open to several reasonable interpretations. A reasonable litigant could have interpreted the instruction, as Plaintiff did, to mean that the second reply brief had to be fully contained with respect to the arguments made in that brief, not all arguments which had already been raised and briefed on appeal. The Board's remand order did not expressly state, for example, that Plaintiff had to repeat every argument made in his earlier briefs or they would be waived. Given this ambiguity, it seems fair for Plaintiff's

arguments to receive the Board's consideration.[11] *See De Seversky*, 137 U.S. App. D.C. at 371, 424

F.2d at 859 ("[T]he doctrine of exhaustion of administrative remedies, a doctrine that is applicable

to actions brought to overturn determinations of the Patent Office . . . . requires courts to abstain

from consideration of an issue that has not been presented to the Patent Office . . . .") (citation

omitted).

While the Court agrees that a portion of the Board's instruction was arguably ambiguous,

Plaintiff also failed to adhere to a portion of the instruction that was not ambiguous. Specifically,

the Board instructed Plaintiff that no "prior briefs should be referenced or incorporated" in a

subsequent filing. Plaintiff did just that. He referenced the arguments made in his appeal brief,

incorporating them by reference in his second reply. *See supra* note 6. It would be unfair for the

Court to reward Plaintiff for his mistake. That is, it would be unfair to allow him to present this

evidence in a § 145 proceeding after he failed to follow the Board's order. This would effectively

allow him to circumvent the Board's review and would, as Defendant suggests, undercut the Board's

authority to set reasonable briefing requirements.

Not only is remand more economical and fair, it is more appealing than Defendant's

suggestion that the Court exclude all arguments regarding claims 45-56. As noted above, Defendant

asks the Court to exclude any arguments and evidence regarding claims 45-56 because Plaintiff

failed to address these claims in his second reply brief. While it is true that "new issues" are

precluded from trial, "at least in the absence of some reason of justice put forward for failure to

---

[11] The Board relied on 37 C.F.R. § 1.192(a) in refusing to consider arguments that were not addressed in the second reply brief. This appears to be a mistake. Section 1.192(a) sets forth the requirements for filing an appeal brief. A separate section applies to replies. Nothing in § 1.192(a) suggests that arguments in an appeal brief must be repeated in a reply or they are waived.

present the issue," *De Seversky*, 137 U.S. App. D.C. at 370, 424 F.2d at 858, claims 45-56 are not

new.  Plaintiff included these claims in his patent application, which both the examiner and the

Board reviewed.  Both Plaintiff and the patent examiner argued the claims in their respective filings.

The Board noted in its decision that the obviousness of the claims was an issue in the case.  In short,

these are not "new issues" that would be excluded at trial.  *See Beaver*, 893 F.2d at 330 ("The public

responsibility of the Patent and Trademark Office requires attentive performance of all aspects of

the patent examination function[,]. . . [including] the duty of examining the claims contained in the

patent application . . . .").  Supplemental evidence regarding these claims would also be admissible

at trial.  *See Monsanto Co.*, 269 F. Supp. at 822.

Plaintiff has posited three reasons why remand is inappropriate, none of which are

convincing.  The Court will examine each argument in turn.  First, Plaintiff asserts, citing no case

law, that his due process rights will be violated if his application is remanded to the PTO.  The crux

of his argument is that if the case is remanded to the PTO he will "not receive an independent review

of the Agency's decision."  Plt.'s Opp'n at 3; *see also id* at 25 ("It is important to have an effective

court review in this matter.  If this lawsuit is dismissed the Inventor's rejected claims will never be

reviewed again . . .").  This argument fails because Plaintiff is free after remand to challenge the

agency's decision via 35 U.S.C. § 145 or § 141.  Nothing will prevent him from challenging claims

rejected by the agency in federal court at a later date.  In any event, "[t]he essence of due process is

the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him

and opportunity to meet it.'"  *Mathews v. Eldridge*, 424 U.S. 319, 348, 96 S. Ct. 893, 909 (U.S.

1976) (quoting *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 171-72, 71 S. Ct.

624, 649 (1951)).  By remanding to the PTO, the Court is giving Plaintiff another opportunity to

present his claims to the agency, claims that were initially rejected.  He is getting more process, not

less.

Second, Plaintiff asserts that he needs to take discovery to adequately respond to Defendant's

motion because he "does not know the exact nature of the evidence that the Agency seeks to

exclude," which is "necessary to allow the [Plaintiff] to fully respond to the Agency's Motion."

Plt.'s Opp'n at 6.  This argument is misplaced.  Defendant is seeking to exclude *all* evidence that

relates to claims 45-56.  It is not necessary for Plaintiff to know the specific evidence to respond to

the motion.  And because it is the Defendant that is seeking to preclude Plaintiff's evidence, Plaintiff

does not need discovery to learn what this evidence is – it is already in his possession.  As for the

newly discovered evidence the Defendant will present to the agency, the Court does not see why

discovery of this material is necessary for Plaintiff to adequately respond to the motion.  Defendant's

motion raises, above all, legal questions regarding agency procedure and review.  Knowing what

evidence Defendant may introduce at a later proceeding does not bear on any issues at hand.  The

Court sees no reasons to delay the disposition of this motion for nonessential discovery.

Third, Plaintiff asserts that he will be "harmed" if the case is remanded to the agency because

it will allow the Agency to change the administrative record.  Plt.'s Opp'n at 23.  Plaintiff notes that

evidence introduced at the "agency level . . . is given greater deference [on appeal] than a decision

of the court based on the same evidence."  *Id*. at 26.  This is harmful, he reasons, because the PTO

"can only deny [his] claims . . . [and] cannot reverse . . . rejected claims."  *Id*. at 28.  As he sees it,

a remand can only "harm the Inventor" and "benefit the Agency."  *Id*.  The flaw in this argument is

that the agency's review is not limited to claims that were allowed.  *See* Def.'s Reply Br. at 9.

Indeed, Defendant is proposing to do exactly what Plaintiff asserts is not possible – it wants the

agency to reconsider claims 45-56, which were all rejected. Plaintiff's concern that remand can only harm his application is therefore not justified. Even if this statement was accurate, Defendant has stated that if the case is not remanded it will nevertheless reopen prosecution to introduce the newly discovered evidence. Whether the case is remanded or not, it is the PTO – not the Court – that will be the first to review the evidence and, if appropriate, issue a patent.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted in part. The action is dismissed without prejudice and remanded to the PTO for further consideration of the patent application. A separate order accompanies this opinion.

**DATE: March 28, 2008**

**LOUIS F. OBERDORFER**
**United States District Judge**